IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                  :
                                        :
INTEL CORP. MICROPROCESSOR              : MDL Docket No. 05-1717-JJF
ANTITRUST LITIGATION                    :

**MEMORANDUM ORDER**

Pending before the Court are two competing Motions for appointment as interim class counsel and liaison counsel and for consolidation of the seventy-two pending purchaser antitrust cases against Intel Corporation ("Intel"). One group, calling itself the CFHS Firms, requests the Court to appoint four firms as co-interim class counsel: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; The Furth Firm LLP; Hagens Berman Sobol & Shapiro LLP; and Saveri & Saveri, Inc.. The CFHS Firms also request that the Court appoint Prickett, Jones & Elliott as interim liaison counsel. The other group, calling itself the National Plaintiffs Group, is comprised of the named plaintiffs in eight of the pending purchaser antitrust cases. The National Plaintiffs Group requests the Court to appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel and Biggs and Battaglia as interim liaison counsel. For the reasons discussed, the Court will appoint the CFHS Firms as interim class counsel and Prickett, Jones & Elliott as interim liaison counsel.

Under Federal Rule of Civil Procedure 23, a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class

action." Fed. R. Civ. P. 23(g)(2)(A). "If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(C). In deciding whom to appoint as class counsel, the Court must consider: the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). In addition, the Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(C)(ii). The most common approach to the selection of class counsel is private ordering, in which plaintiffs' counsel agree on which of them should serve as class counsel. Manual for Complex Litigation (Fourth), § 21.272 (2004). This is also the approach recommended by the Third Circuit Task Force on the Selection of Class Counsel. See Final Report of the Third Circuit Task Force on the Selection of Class Counsel, 18 (2002)(available at http://www.ca3.uscourt.gov/attorney_information_and_forms.htm.) (hereinafter "Task Force Report").

After reviewing the submissions of the National Plaintiffs Group and the CFHS Firms, the Court is satisfied that both

proposed interim class counsel have sufficient expertise and experience to effectively represent the interests of the putative class. The Court selects the CFHS Firms for two reasons. First, the CFHS Firms are closer to being the choice of the private ordering process favored by most courts and the Third Circuit Task Force. There are currently 72 purchaser antitrust cases against Intel pending before this Court, with 111 named Plaintiffs. The CFHS Firms has the support of 73 of those Plaintiffs in 59 cases, while the National Plaintiffs Group is comprised of 32 Plaintiffs in 8 cases. Second, the CFHS Firms appear to be capable of drawing upon a greater pool of resources than the National Plaintiffs Group. This could prove to be especially beneficial in a large and complex case such as this. See Task Force Report at 96 (noting that courts "should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms").

    The choice of four firms as co-interim class counsel raises the danger that services will be duplicative and fees unnecessarily increased. To alleviate that danger, the Court notes that it will not approve any award of fees or expenses that reflects duplication, inefficiency, or the costs of coordinating the efforts of the firms involved in the representation.

Moreover, the Court reserves the right to alter the class counsel structure if it discovers substantial duplication of effort or finds that the litigation is being unduly delayed due to the presence of multiple counsel.  With those warnings in mind, the Court concludes that the benefits of multiple class counsel in this case outweigh the dangers of inefficient representation and increased costs.

The Court's appointment of the CFHS Firms as interim class counsel does not indicate approval of the *in camera* fee proposal submitted by the CFHS Firms in response to the Court's Order dated January 10, 2006 (D.I. 18).  In making its selection of interim class counsel, the Court gave minimal consideration to the fee proposals submitted by the National Plaintiffs Group and the CFHS Firms.  The Court intends to award fees based on a percentage of any recovery to be determined at the close of the case.  The Court will discuss the process for awarding fees in more detail at the initial conference in this matter.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Pursuant to Federal Rule of Civil Procedure 42, and consistent with the November 8, 2005 Order of the Judicial Panel on Multidistrict Litigation (D.I. 1), all purchaser antitrust actions pending in this Court against Intel Corporation and all related actions later filed in or transferred to this Court are

consolidated for pretrial purposes. All such actions now pending in this Court are listed in Schedule A, attached hereto;

    2. Civil Action No. 05-485-JJF shall be the lead case. All documents filed in this consolidated action shall be placed in the file of Civil Action No. 05-485-JJF;

    3. The caption of the consolidated purchaser antitrust actions henceforth shall be:

```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

IN RE:                            :
                                  :
INTEL CORP. MICROPROCESSOR        : MDL Docket No. 05-1717-JJF
ANTITRUST LITIGATION              :
                                  :
_____:_____
                                  :
PHIL PAUL, on behalf of himself   :
and all others similarly          :
situated,                         :
                                  :
          Plaintiffs,             : Civil Action No. 05-485-JJF
                                  :
     v.                           :       CONSOLIDATED ACTION
                                  :
INTEL CORPORATION,                :
                                  :
          Defendant.              :
```

    4. The National Plaintiffs Group's Motion For Consolidation And Appointment Of Interim Class Counsel And Liaison Counsel (D.I. 23) is **DENIED**;

    5. The Motion By Cohen Milstein Hausfeld & Toll, The Furth Firm, Hagens Berman Sobol, and Saveri & Saveri For Appointment As Interim Class Counsel (D.I. 20) is **GRANTED**;

6. The firms of Cohen Milstein Hausfeld & Toll, The Furth Firm, Hagens Berman Sobol, and Saveri & Saveri are appointed Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(2)(A);

7. Interim Class Counsel shall be generally responsible for coordinating the activities of Plaintiffs during pretrial proceedings and, on behalf of Plaintiffs and other members of the proposed class shall:

(a) determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

(b) direct and execute on behalf of Plaintiffs, all pleadings and other filings with the Court;

(c) direct the briefing and argument of all motions on behalf of Plaintiffs;

(d) coordinate discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26;

(e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) accept, on behalf of all Plaintiffs, service of papers by Defendant, other than those filed through the ECF system, and distribute them to Plaintiffs' counsel as appropriate;

(g) conduct settlement negotiations on behalf of

Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

       (h) maintain adequate time and disbursement records covering services as interim class counsel;

       (i) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

       (j) perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court;

      7.   The firm of Prickett, Jones & Elliott is appointed interim Liaison Counsel;

      8.   Interim liaison counsel shall be responsible for maintaining and distributing an up-to-date service list, distributing to all Plaintiffs' counsel Court Orders, pleadings, and other documents in the centralized actions, and performing assignments as requested by interim class counsel;

      9.   Interim class counsel shall file a Consolidated Class Action Complaint no later than **Friday, April 28, 2006**;

      10.   The Court will conduct an initial conference in this matter on **Thursday, May 4, 2006, at 3:00 p.m.** in Courtroom No. 4B on the 4th floor, Boggs Federal Building, Wilmington.

11.  The Court will issue an agenda for the initial conference. The parties shall submit, by **Friday, April 28, 2006**, any suggestions for matters to be included on the agenda.


April 18, 2006                                   /s/ Joseph J. Farnan, Jr.
    DATE                                    UNITED STATES DISTRICT JUDGE