IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE INTEL CORP. MICROPROCESSOR LITIGATION** | MDL Docket No. 05-1717-JJF |

This Pleading Pertains to:

| | |
|---|---|
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>   vs.<br><br>INTEL CORPORATION,<br><br>              Defendant. | Case No. 05-485-JJF |

**THE NATIONAL PLAINTIFFS GROUP'S MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE THEIR CONSOLIDATED COMPLAINT**

The plaintiffs comprising the National Plaintiffs Group,[1] by their counsel, respectfully submit this memorandum in support of their Motion for Leave to File Their Consolidated Complaint (the "Leave Motion"). The Leave Motion was necessitated by the refusal of Court-appointed Interim Class Counsel to include the plaintiffs comprising the National Plaintiffs' Group in their consolidated complaint, filed with the Court on April 28, 2006 (Document No. 59), along with the claims those plaintiffs have asserted.

Interim Class Counsel's unilateral decision to drop the plaintiffs comprising the National Plaintiffs Group and their claims from their consolidated pleading directly contravenes the purpose and intent of Rule 23(g) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or

---

[1] A list of the plaintiffs comprising the National Plaintiffs Group and the captions of their pending actions are set forth in Footnote 1 to the National Plaintiff Group's Motion for Leave to File Their Consolidated Complaint, filed contemporaneously herewith.

"Rule ___"); Fed. R. Civ. P. 21, which mandates that parties may not be dropped from an action without court order granting a motion requesting such relief; the Rules of Procedure of the Judicial Panel on Multidistrict Litigation; and this Court's April 18, 2006 Memorandum Order,

These actions were transferred to this Court following proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"). All claims originally brought in this District and in other Districts were assigned to this Court by the JPML.[2] Nevertheless, without motion or permission of this Court, Interim Class Counsel has filed a consolidated complaint, with one of its purposes being to dismiss certain plaintiffs and their claims without the consent of those parties or Court Order permitting them to do so.

In its April 18, 2006 Memorandum Order appointing interim class counsel here, the Court – after, *inter alia*, voicing its concerns about the inefficiencies and potential for abuse inherent in multi-firm leadership structures – ordered that all purchaser antitrust actions pending against Intel in the District of Delaware be consolidated and that interim class counsel was charged with, *inter alia*, overseeing all of those actions for the benefit of the plaintiffs named therein.

The Court's Memorandum Order is consistent with Rule 23(g)'s mandate that Interim Class Counsel is required to "fairly and adequately represent the interests of the class." Rule 23(g)(1)(B). The scope of this obligation is confirmed by the Advisory Committee Notes to Rule 23, which state, in pertinent part, that "[w]hether or not formally designated interim counsel, an

---

[2] Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation confirms the JPML's expectation that the plaintiffs and claims asserted in transferred actions are to proceed unabated in the transferee court, mandating that "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred" – which presupposes the continued pendency of those transferred actions and claims in the transferee court.

attorney who acts on behalf of the class before certification ***must act in the best interests of the class as a whole***." (emphasis added).

Interim Class Counsel here, however, have failed to comply with their obligations to protect and represent the interests and claims of all plaintiffs in the consolidated actions, thereby necessitating the National Plaintiffs Group's Leave Motion. Specifically, rather than represent the interests and claims of all plaintiffs in the consolidated actions, Interim Class Counsel unilaterally expelled the plaintiffs comprising the National Plaintiffs Group from the consolidated action and refused to include their state law claims and proposed state law classes in their consolidated complaint – despite being specifically instructed by counsel for the National Plaintiffs Group that they were not authorized to do so.[3]

In an effort to respect the Court's interim class counsel ruling and to work within the parameters thereof, the National Plaintiffs Group – at Interim Class Counsel's request and invitation – reviewed a draft version of Interim Class Counsel's consolidated complaint and returned detailed comments and proposed revisions designed to preserve Interim Class Counsel's proffered theory of the case, while pleading alternative state class claims to confront and overcome the serious standing problems the National Plaintiffs Group believes continues to plague Interim Class Counsel's pleadings.[4] Interim Class Counsel rejected the National

---

[3] In an effort to present this issue to the Court in a streamlined manner, the National Plaintiffs Group has not appended to this memorandum the emailed correspondence between Fred Taylor Isquith of Wolf Haldenstein Adler Freeman & Herz, an attorney representing the National Plaintiffs Group, and Steve Berman of Hagens Berman LLP, one of the firms comprising Interim Class Counsel here. Should the Court wish to review that email correspondence, counsel for the National Plaintiffs Group is ready, willing, and able to proffer it to the Court.

[4] While this is neither the time nor the place to debate the merits of the claims presented to the Court by Interim Class Counsel in their consolidated complaint, one of the defects that may permeate that consolidated complaint is that the plaintiffs named in that pleading may not have standing to prosecute those claims. As the National Plaintiffs Group explained in its earlier filings before the Court, while the National Plaintiffs Group asserts claims on behalf of putative class members of separately-pleaded state classes, from states permitting indirect purchaser litigation, under the statutes of those states in which the

3

Plaintiffs Group's suggestions and unilaterally – without motion or Court Order[5] – expelled the plaintiffs comprising the National Plaintiffs Group, as well as all of their claims, from the consolidated action.  By abandoning their duties and improperly and without authorization discarding parties and claims from the consolidated action, Interim Class Counsel have left the plaintiffs comprising the National Plaintiffs Group with no alternative other than to seek relief from the Court to enable them to protect their interests and preserve their claims and the claims of the 24 individual state law classes they respectively seek to represent – and which are in no way protected or included by Interim Class Counsel in their consolidated pleading.

## CONCLUSION

For all of the foregoing reasons, the plaintiffs comprising the National Plaintiffs Group respectfully request that the Court grant their motion and grant them leave to file their Consolidated Complaint.

**DATED:**  May 2, 2006               **BIGGS AND BATTAGLIA**

  /s/ Robert D. Goldberg
Robert D. Goldberg (ID #631)
921 North Orange Street
P.O. Box 1489
Wilmington, Delaware  19899
Telephone:  (302) 655-9677
Facsimile:  (302) 655-7924

*Proposed Liaison Counsel for the
National Plaintiffs Group*

---

representative plaintiffs reside, Interim Class Counsel asserts claims on behalf of nationwide classes under statutes in states where the representative plaintiffs do not reside, did not purchase their Intel-equipped computers, did not suffer antitrust or other injury – and, in many instances, on behalf of plaintiffs from states that prohibit indirect purchaser actions.

[5] Indeed, Fed. R. Civ. P. 21 states, in pertinent part, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  It is inarguable that no such motion practice or Court order has occurred here.  Correspondingly, in their consolidated complaint, Interim Class Counsel appears to have added three additional plaintiffs – Elizabeth Bruderle Baran, Rob Marshall, dba Marshall Realty, and Francis H. Slattery IV – without leave of court permitting them to do so, thereby violating Fed. R. Civ. P. 19 as well.

        WOLF HALDENSTEIN ADLER
          FREEMAN & HERZ LLP
        Fred Taylor Isquith
        270 Madison Avenue
        New York, New York  10016
        Telephone:  (212) 545-4600
        Facsimile:   (212) 545-4653

        WOLF HALDENSTEIN ADLER
          FREEMAN & HERZ LLC
        Mary Jane Edelstein Fait
        Adam J. Levitt
        55 West Monroe Street, Suite 1111
        Chicago, Illinois  60603
        Telephone:  (312) 984-0000
        Facsimile:   (312) 984-0001

        WOLF HALDENSTEIN ADLER
          FREEMAN & HERZ LLP
        Francis M. Gregorek
        Betsy C. Manifold
        Francis A. Bottini, Jr.
        Rachele R. Rickert
        750 B Street, Suite 2770
        San Diego, California  92101
        Telephone:  (619) 239-4599
        Facsimile:   (619) 234-4599

        *Counsel for the National Plaintiffs Group*

Ann Lugbill
2406 Auburn Avenue
Cincinnati, Ohio  45219
Tel:  (513) 784-1280
Fax:  (513) 784-1449
*Counsel for Mary Reeder*

Brandon N. Voelker
28 West 5th Street
Covington, Kentucky  41011
Tel:  (859) 491-5551
Fax:  (859) 491-0187
*Counsel for Mary Reeder*

Gene Summerlin
OGBORN, SUMMERLIN
 & OGBORN, PC
210 Windsor Place
330 South Tenth Street

5

Lincoln, Nebraska  68508
Tel:  (402) 434-8040
Fax:  (402) 434-8044
***Counsel for JWRE, Inc., Chrystal Moeller, and Caresse Harms***

Robert J. Sharkey
VANDERVOORT, CHRIST
  & FISHER, PC
Fifth Third Bank Building, Suite 312
67 West Michigan Avenue
Battle Creek, Michigan  49017
Tel:  (269) 965-7000
Fax:  (269) 965-0646
***Counsel for Robert J. Rainwater***

Richard A. Lockridge
Robert K. Shelquist
LOCKRIDGE GRINDAL
  NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota  55401
Tel:  (612) 339-6900
Fax:  (612) 339-0981
***Counsel for Kathy Ann Chapman,***
***Nancy Bjork, Ron Terranova, and Carl Yamaguchi***

Noah Golden-Krasner
LAW OFFICES OF NOAH
  GOLDEN-KRASNER
354 West Main Street
Madison, Wisconsin  53703
Tel:  (608) 441-8924
Fax:  (608) 442-9494
***Counsel for Sonia Yaco***

Tim Semelroth
RICCOLO & SEMELROTH, PC
425 Second St. SE, Ste 1140
Cedar Rapids, Iowa  52401
Tel:  (319) 365-9200
Fax:  (319) 365-1114
***Counsel for Ryan James Volden***

Robert J. Rubin, PA
RUBIN & STROUT, PA
480 West Street

Rockport, Maine  04856
Tel:  (207) 236-8260
Fax:  (207) 236-4981
**Counsel for Melissa Goeke**

Charles F. Speer
Donnamarie Landsberg
SPEER LAW FIRM, PC
104 W. 9th Street, Suite 305
Kansas City, Missouri  64105
Tel: (816) 472-3560
Fax:  (816) 421-2150
**Counsel for Jeff Vaught**

Dennis J. Johnson
JOHNSON & PERKINSON
1690 Williston Road
South Burlington, Vermont  05403
Tel:  (802) 862-0030
Fax:  (802) 862-0060
***Counsel for Ficor Acquisition Co., LLC,
dba Mills & Greer Sporting Goods***

Peter G. Gruber
PETER G. GRUBER, P.A.
One Datran Center, Suite 910
9100 South Dadeland Boulevard
Miami, Florida  33156
Tel:  (305) 670-1010
Fax:  (305) 670-0228
***Counsel for Maria Pilar Salgado***

Nancy Freeman Gans
MOULTON & GANS, P.C.
33 Broad Street, Suite 1100
Boston, Massachusetts  02109
Tel:  (617) 369-7979
Fax:  (617) 369-7980
***Counsel for Paula Nardella***

Richard J.R. Raleigh Jr.
WILMER & LEE, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama  35801
Tel:  (256) 533-0202
Fax:  (256) 533-0302
***Counsel for Nancy Wolfe***

Jayne Goldstein
MAGER & GOLDSTEIN LLP
2825 University Drive, Suite 350
Coral Springs, Florida  33065
Tel:  (954) 341-0844
Fax:  (954) 341-0855
***Counsel for Leslie March, Virginia Deering,
and Giacobbe-Fritz Fine Art LLC***

Carol A. Mager
MAGER & GOLDSTEIN LLP
One Liberty Place, 21st Floor
Philadelphia, Pennsylvania  19103
Tel:  (215) 640-3280
Fax:  (215) 640-3281
***Counsel for Leslie March, Virginia Deering,
and Giacobbe-Fritz Fine Art LLC***

Van Bunch
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, PC
57 Carriage Hill
Signal Mountain, Tennessee  37377
Tel:  (423) 886-9736
***Counsel for Tom Hobbs***

Barry C. Blackburn
THE BLACKBURN LAW FIRM, PLLC
6933 Crumpler Boulevard, Suite B
P.O. Box 70
Olive Branch, Mississippi
Tel:  (662) 895-6116
Fax:  (662) 895-6121
***Counsel for Bill Richards***

Greg McEwen
THE MCEWEN LAW FIRM, P.L.L.C.
5850 Blackshire Path
Inver Grove Heights, Minnesota  55076
Tel:  (651) 224-3833
Fax: (651) 223-5790
***Counsel for Ron Terranova***

Jerold T. Matayoshi
FUKUNAGA MATAYOSHI HERSHEY
 & CHING, LLP
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, Hawaii  96813
Tel:  (808) 533-4300
Fax:  (808) 531-7585
***Counsel for Carl Yamaguchi***

Patrick J. Murphy
MURPHY, SMALL & ASSOCIATES
1100 East Bridger Avenue
Las Vegas, Nevada  89101
Tel:  (702) 259-4600
Fax:  (702) 259-4748
*Counsel for Ron Terranova*

David Pastor
GILMAN AND PASTOR, L.L.P
60 State Street, 37th Floor
Boston, Massachusetts  02109
Tel:  (617) 742-9700
Fax:   (617) 742-9701

*Counsel for David Kurzman*

9420