**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | : : : : : : : : : : : : : : : : : | C.A. No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | : : : | MDL. No. 1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | : : : : : : : : : : : | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**OBJECTIONS OF THIRD-PARTY EGENERA, INC.
TO STIPULATED CONFIDENTIALITY AGREEMENT
AND [PROPOSED] PROTECTIVE ORDER**

Third-party, Egenera, Inc. ("Egenera"), hereby objects, in part, to the Stipulated

Confidentiality Agreement and [Proposed] Protective Order ("Proposed Protective Order").

Plaintiffs, Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd.

(together, "AMD"), served Egenera with a subpoena in October, 2005 (the "AMD

Subpoena"), calling for the production of thousands of pages of highly sensitive commercial

information over a period of six years, including *inter alia*, Egenera's product roadmaps,

technical studies of microprocessor performance, purchasing and sales volumes, revenues,

costs and profits.

Egenera, a Delaware corporation headquartered in Marlborough, Massachusetts,

manufacturers computer servers for use by commercial and government customers, utilizing

both AMD and Intel microprocessors in its servers. Egenera is a relatively new entrant to the

server industry, having been founded in March, 2000.

The AMD Subpoena has and will impose significant disruption and cost on Egenera by

calling for the production of core business records, including those electronically stored, from

the beginning of the company's history. Counsel for Intel Corporation ("Intel") has informed

Egenera that it also intends to serve a subpoena on Egenera in the coming weeks. Egenera

anticipates that all or nearly all of the materials it will produce will require confidential

treatment. The Proposed Protective Order fails to provide adequate protection for Egenera's

highly sensitive competitive information in important respects as identified herein.

## OBJECTIONS

### Definition of "Confidential Discovery Material" (Paragraphs R and S)

#### Objections and Comments

Egenera agrees that the categories of information identified in Paragraphs R(1) through R(15) are appropriately identified as Confidential Discovery Material. Egenera objects, however, to certain categories as being too narrowly defined, to the extent such definitions could be interpreted to exclude similar types of material which should be treated as confidential. Egenera further objects that the Proposed Protective Order requires parties to make separate proof of confidentiality for certain categories of confidential materials, if disclosure is sought more than 24 months after their preparation. *See* Paragraph S.

Egenera objects that Paragraph R(10), purporting to protect trade secrets, is insufficient to protect Egenera's trade secrets, to the extent that it requires a showing that the trade secret "derives independent economic value." The scope of the Protective Order should be broad enough to encompass the definition of a trade secret under all applicable laws. For example, Massachusetts extends trade secret protection to any formula, pattern, device or compilation of information which allows its holder "to obtain an advantage over competitors who do not know or use it." *J.T. Healy & Son, Inc. v. James A. Murphy & Son, Inc.*, 357 Mass. 728, 736 (Mass. 1970). There is no required showing of "independent economic value."

Egenera also objects to Paragraph R(14), which purports to protect the security of computer databases and networks, because it is limited to protecting only "non-public" or confidential networks, databases or other sources of information. Third-Parties have an

interest in protecting against the disclosure of information which could jeopardize the security of their "public" internet sites as well.

Egenera objects to Paragraph S to the extent that it requires Third-Parties to re-establish the confidential status of certain categories of Confidential Discovery Materials that are more than 24 months old. Egenera disagrees that these categories of Confidential Discovery Materials become commercially stale by virtue of the passage of 24 months. For example, sales and marketing strategies, business plans, product roadmaps, projections, customer lists, and strategic plans are all likely to have competitive significance beyond the 24 month time period. Third-parties should not be put to the additional burden and cost of proving the ongoing confidentiality of any of the highly-sensitive categories of information listed in Paragraphs R(1) – R(8). Any such presumption of loss of confidential status is arbitrary.

### Proposed Modification

Egenera requests that the Proposed Protective Order be modified as follows:

(1)     by adding the following subpart to Paragraph R(10): "or (iii) that satisfies the definition of trade secret provided by any applicable law.";

(2)     by revising Paragraph R(14) to include "any information the disclosure of which could jeopardize the security of public or private internet sites;" and

(3)     by limiting the application of Paragraph S to Confidential Discovery Materials produced by a *Party*, but providing that the confidential status of Third-Party Confidential Discovery Materials in categories R(1) through R(8) may be challenged by a Party making a Disclosure Request, pursuant to Paragraph 16, on the ground that they are no longer qualified for protection due to the passage of time, with the Party making the Disclosure Request bearing the burden of proof that the material no longer satisfies the standard of R(16).

## Definition of "Non-Public" Documents and Information (Paragraph U)

### Objections and Comments

Egenera objects to the definition of "non-public" contained in Paragraph U as ambiguous and unreasonably narrow. Paragraph U identifies three criteria for establishing that Discovery Material is "non-public." The requirement of subpart (a), that the Discovery Materials be "maintain[ed] internally as 'confidential,'" is vague, ambiguous and unduly restrictive. Materials which are "confidential" as to third-parties but are utilized in Egenera's day-to-day operations may not be, and often are not, marked or otherwise officially designated as "confidential." The only relevant consideration in determining whether materials are "non-public" is whether they are kept confidential vis-à-vis third parties.

### Proposed Modification

Egenera requests that subpart (a) of Paragraph U be stricken.

## Terms and Conditions of Protective Order (Paragraph 1)

### Objections and Comments

Egenera objects that the Proposed Protective Order purports to permit the Parties to use Third-Party Discovery Material for purposes other than the litigation. Paragraph 1 allows non-confidential Discovery Materials or Discovery Material that has lost its confidential status to "be used for any purpose," including commercial purposes of the Parties. The sole purpose of the Protective Order is to establish procedures for the proper use of Discovery Material in the subject actions, and the Protective Order should be clear that it does not grant any right to use or otherwise authorize the use of Discovery Material for any other purpose, regardless of the confidentiality status of the Discovery Materials. The subpoena power is not intended to

provide litigants with commercial advantage, and third-parties have a heightened interest in being protected from even incidental commercial disadvantage as a result of compliance with a subpoena.

### Proposed Modification

Egenera requests that it be made clear that the Parties are not authorized to use *any* "Discovery Material" produced by a Third-Party, regardless of its confidential status, other than for purposes of the litigation and in conformity with the provisions of the Protective Order and that the production of Discovery Material by a Third-Party does not grant any license to use any intellectual property of a Third-Party, whether in the form of a copyright, trademark, patent, trade secret or otherwise.

### Access to Confidential Discovery Material (Paragraphs 6, 20, 21, 22 and J)

#### Objections and Comments

Egenera objects that the Proposed Protective Order allows disclosure of its Discovery Material beyond this Court's jurisdiction and in matters in which Egenera has not been and is not expected to be subject to third-party discovery.

The Proposed Protective Order allows for the *automatic* production by AMD and Intel to the courts, experts and counsel for any party in *any* of the named actions (the AMD Litigation, the Class Litigation, the California Class Litigation and the Japan Litigation). Egenera has been subpoenaed only in the AMD Litigation, and has not submitted to the jurisdiction of the California or the Japanese courts. Such extra-jurisdictional and extra-territorial disclosure is beyond the Court's authority to order.

Moreover, Egenera's Discovery Material will be relevant only to the AMD Litigation. The Class Litigation concerns only personal computers, and the California Class Litigation similarly has identified only private individuals as class representatives. Egenera does not manufacture computers for personal use and does not anticipate that its documents will be discoverable in the class-action cases presently pending. Nor is Egenera within the scope of the Japan Litigation, which concerns other named computer manufacturers. Egenera does not expect to be subject to subpoenas in any of the matters, other than the AMD Litigation.

Egenera further objects to the process for disclosing Confidential Discovery Materials to In-House Litigation Counsel provided in Paragraph 6(c), to the extent that it does not require the Parties to provide notice to Third-Parties of those In-House Litigation Counsel receiving the Third Party's Confidential Discovery Material. Instead, Paragraph 6(c) requires the Parties to notify only *each other* of those In-House Litigation Counsel receiving Confidential Discovery Materials. Third-parties should be granted the same rights of notification as the Parties, particularly since the Proposed Protective Order provides limitations on the practice of In-House Litigation Counsel receiving Confidential Discovery Material. *See* Paragraphs J and 8. In order to enforce those limitations, Third-Parties must be provided the names of such In-House Litigation Counsel.

### Proposed Modification

Egenera requests the Proposed Protective Order be modified with respect to permitted access to Confidential Discovery Materials as follows:

(1) by limiting the disclosure of Third-Party Confidential Discovery Materials to persons identified in Paragraphs 6(a) through 6(g), with responsibilities for the action in which the Third-Party was subpoenaed, unless the Third-Party consents in writing to disclosure in other actions; and

- 7 -

(2)    by requiring Parties to identify to Third-Parties those In-House Litigation Counsel receiving Third-Party Confidential Discovery Materials.

## Acknowledgements and Disclosure to Witnesses and Others (Paragraphs 6, 7 and 10)

### Objections and Comments

Egenera objects to the scope and procedure for disclosing Confidential Discovery Material to individuals or witnesses (other than Outside and In-House Litigation Counsel, Experts and the Court) who are not within the control of the Third-Party producing the Confidential Discovery Material. Paragraphs 6(f) and 6(g) allow the Parties to disclose Confidential Discovery Materials to the following individuals: (1) "former employees of the Producing Party [testifying at deposition] . .. [who are] reasonably and in good faith believ[ed] to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties;" (2) the original source of the information; (3) addressees, copyees; and (4) "other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties." Disclosure is allowed to those identified in items (2) through (4) above, *regardless of whether they are testifying at a deposition*. Egenera objects to the disclosure to any such individual unless they are testifying at deposition.

Egenera further objects that these paragraphs allow disclosure – without prior notice to Egenera – to individuals not employed by or otherwise under the control of Egenera who are neither authors, addresees or copyees of the material being disclosed. Paragraphs 6(f) and 6(g) allow the Parties, without providing the Producing Third-Party notice or an opportunity to object, to make a *unilateral* decision that the witness or individual may have been "the original

- 8 -

source of the information" or may have "received the *information* or document or . . . become familiar with its contents." *See* Paragraphs 6(f) and 6(g) (emphasis added). As such, Egenera's Confidential Discovery Material may be disclosed to an employee of one of Egenera's competitors or to one of its customers, based solely on Counsel's personal assessment of the likelihood that the individual is familiar with the *information* contained in a confidential document – all without offering Egenera any opportunity to object. Egenera should be provided notice of disclosure to its competitors and its customers and should have the opportunity to seek a protective order preventing such disclosure. Egenera, therefore, proposes that Third Parties be given notice and an opportunity to prevent disclosure of their Confidential Discovery Material to any of the individuals identified in Paragraphs 6(f) and 6(g) who are not authors, addressees or copyees or who are not within the Third Party's control, excepting employees, directors, agents or Rule 30(b)(6) designees of AMD or Intel.

The procedure for insuring *compliance* with the Protective Order by individuals identified in Paragraphs 6(f) and 6(g) is also flawed. First, the Proposed Protective Order does not expressly require these individuals to sign the Acknowledgement of Protective Order ("Acknowledgement") prior to receiving Confidential Discovery Materials. Paragraph 10 provides only that "counsel shall *request* the witness to execute" an Acknowledgement. Paragraph 10 (emphasis added). *Execution* should be a prerequisite to disclosure. Second, Counsel making a disclosure pursuant to Paragraph 10 should be required to designate the deposition testimony relating to the Confidential Discovery Materials as "Confidential" in accordance with Paragraph 5. This is critical to protecting Third-Parties who may not be present at the deposition. Third, the Proposed Protective Order does not require Parties making a disclosure to provide Third-Parties with copies of the executed Acknowledgement.

Paragraph 7 expressly provides that "[t]he Acknowledgements will not be exchanged." Third-Parties are entitled to know the scope of individuals having access to this sensitive information, in order to enforce their rights under the Protective Order, and should receive copies of the executed Acknowledgements.

### Proposed Modification

Egenera requests that Paragraphs 6, 7 and 10 be modified as follows:

(1)    that disclosure pursuant to Paragraph 6(g) be limited to disclosure during the depositions of the identified individuals;

(2)    that disclosure of Third-Party Confidential Discovery Material made pursuant to Paragraphs 6(f) and 6(g), other than disclosure to authors, addressees, copyees, or current employees, directors, agents, Rule 30(b)(6) designees of the Producing Third-Party or of AMD or Intel, may only be made upon 10 days advance written notice to the Third-Party and that the Third-Party may seek a protective order to prevent such disclosure;

(3)    that Paragraph 10 be revised to require that Counsel making a disclosure pursuant to its terms shall designate the deposition testimony relating to the Confidential Discovery Materials as "Confidential," in accordance with Paragraph 5 of the Protective Order;

(4)    that Paragraph 10 be revised to require that Counsel seeking to make disclosure, pursuant to its terms, obtain an executed Acknowledgement prior to disclosing Confidential Discovery Materials; and

(5)    that Paragraph 7 be revised to require the Parties to provide to Third-Parties copies of any Acknowledgement, executed pursuant to Paragraph 10, pertaining to the disclosure of that Third-Party's Confidential Discovery Material.

## Limitation on Practice of Counsel Receiving Confidential Discovery Materials (Paragraphs J and 8)

### Objections and Comments

The Proposed Protective Order provides limitations on the ability of Outside Counsel and In-House Litigation Counsel receiving Confidential Discovery Materials to render legal advice on matters, outside the litigation, in which the confidential information might be used.

Egenera does not object to the prescribed time periods but proposes that a minimum time period be provided for, in the event of settlements which truncate the anticipated period of limitation on practice.

### Proposed Modification

Egenera requests that the Court modify Paragraphs J and 8 to provide that the limitations on practice provided therein be in effect for a period of three years from the date of entry of the Protective Order or for the time period otherwise provided therein, whichever is longer.

## Reservation of Third Parties' Rights to Object to Discovery (Paragraphs 2, 15 and 20)

### Objections and Comments

Egenera objects that the Proposed Protective Order fails to reserve rights of Third-Parties to object to discovery requests.  Paragraph 2 and 20 reserve such rights of the Parties to object to discovery, but do not reserve corresponding rights for Third-Parties.

### Proposed Modification

Egenera requests that Paragraph 15 be modified to provide as follows:

Nothing in this Order nor the act of production of Discovery Materials pursuant to its terms shall be deemed to limit the right of a Third-Party to object to or otherwise to resist discovery propounded in the AMD Litigation, the Class Litigation, the California Class Litigation, the Japan Litigation or in any other proceeding, whether or not relating to or arising out of the same subject matter.

## Designation Requests (Paragraph 16)

### Objections and Comments

Egenera objects to the procedures for Designation Requests to the extent that the time frames provided are unreasonably short. Paragraphs 16 (a), (b) and (e) allow only 10 days for the Producing Party subject to a Designation Request: (1) to respond to a request to remove confidentiality designations from documents; (2) to file a motion for a protective order; and (3) to re-mark Confidential Discovery Materials that have lost their designation by agreement or ruling of the Court. This time period is infeasible and unduly burdensome for third-parties, who are not litigants and are not on notice generally as to the conduct of the litigation. Responding to a request to a remove a confidentiality designation is a distraction from business and requires time beyond that allowed in the Proposed Protective Order.

### Proposed Modification

Egenera requests that the time frames provided in Paragraphs 16(a), 16(b) and 16(e) be amended as to Third-Parties, allowing Third-Parties to respond within twenty days.

## Discovery Requested or Provided in Other Proceedings (Paragraphs 17 and 19)

### Objections and Comments

Egenera objects to the provisions of Paragraphs 17 and 19 regarding the treatment of Discovery Material requested or provided in other proceedings because they fail to sufficiently protect the rights of Third-Parties. Egenera objects further that the reference to the "Producing Party" in Paragraph 17 is ambiguous and inconsistent with its intended purpose.

Paragraph 17 allows only AMD or Intel to designate as "Confidential" Discovery

Materials received by another Party or Class Party through sources other than AMD or Intel,

in the event that the material has not already been properly marked "Confidential." Third-

parties should be granted the same right.

Paragraph 19 similarly provides for notice to Parties only, in the event that Confidential

Discovery Material is requested or subpoenaed in another action or investigation, so that the

Parties may assert their rights to seek appropriate protection. The Protective Order should

extend this right to Third-Parties.

### Proposed Modification

Egenera requests that Paragraphs 17 and 19 be modified as follows:

(1)    that the first sentence of Paragraph 17 be revised to read: "In the event that any
Party or Class Party gains access to Discovery Material of another Party or Third Party . . .";

(2)    that the references in Paragraph 17 to the "Producing Party" be replaced with
references to the "Originating Party;" and

(3)    that the first sentence of Paragraph 19 be revised to read: "If another court or
any U.S., state or foreign governmental agency should request, subpoena, or order the
production of Confidential Discovery Materials from any Party that have been produced by any
other Party or Third Party. . .."

## Discovery of Materials Subject to Confidentiality Agreements (Paragraph 18)

### Objections and Comments

Egenera objects to Paragraph 18 to the extent that it may be interpreted to impose

obligations on Egenera beyond the scope of its confidentiality agreements with other entities.

Paragraph 18 requires that the Producing Party provide written notification of production to the

Originating Party with whom the Producing Party has a confidentiality agreement or

obligation, regardless of the provisions or nature of any such agreement or obligation.

- 13 -

Egenera requests that Paragraph 18 provide, alternatively, that a Producing Party may seek permission to produce the confidential materials consistent with the terms of its agreement with or obligation to the Originating Party, or otherwise to provide written notice as provided in Paragraph 18.

Egenera also requests clarification as to the ongoing application of the Stipulation and Order Re Waiver of Contractual Non-Disclosure Provisions (the "NDA Stipulation"), concerning disclosure by Third-Parties of the Parties' Confidential Discovery Materials subject to non-disclosure agreements ("NDAs"). The Stipulation, currently in effect, waives the Parties' rights under their respective NDAs with Third-Parties, allowing the production of such materials in the AMD Litigation without *requiring* Third-Parties to seek permission from or to provide written notice to AMD or Intel. Paragraph 18 imposes different requirements than does the Stipulation. Egenera seeks clarification from the Parties or the Court as to the correct procedure for production of the Parties' Confidential Discovery Materials subject to an NDA.

### Proposed Modification

Egenera requests that Paragraph 18 be modified as follows:

(1)     that the second sentence of this paragraph be amended to read: "Instead, the Party, Class Party or Third Party from whom discovery is sought shall comply with the procedures of its confidentiality agreement or arrangement with the Originating Party in order to obtain permission to produce the Confidential Discovery Material, and if permission is not so obtained, shall promptly notify the "Originating Party" in writing of the required disclosure.;" and

(2)     to clarify whether Producing Parties must comply with the procedures of Paragraph 18 when producing Confidential Discovery Materials of the Parties' that are subject to an NDA or other form of confidentiality agreement.

## Duties Upon Conclusion of Litigation (Paragraphs 26 and 28)

### Objections and Comments

Egenera does not object to the duties imposed by the Proposed Protective Order as to

the return of Confidential Discovery Materials upon conclusion of the named actions.

However, Egenera proposes that the Protective Order be clarified by defining the term

"conclusion of the litigation." Egenera further proposes that the Court's continuing

jurisdiction to enforce the Protective Order be made express.

### Proposed Modification

Egenera requests that Paragraphs 26 and 28 be modified as follows:

(1)    that Paragraph 26 be revised to provide: "The conclusion of any of the above
matters shall be deemed to have occurred, in the case of entry of judgment, at the expiration of
the time to notice an appeal; and, in the case of settlement, at the time a stipulation of dismissal
or judgment of dismissal is entered with parties waiving rights to appeal;" and

(2)    that Paragraph 28 be revised to provide: "This Court shall retain jurisdiction
after the conclusion of any of the above matters to enforce the terms of this Stipulated
Confidentiality Agreement and Protective Order."

## Inadvertent Production or Failure to Mark as Confidential (Paragraphs 4, 5 and 31)

### Objections and Comments

Egenera proposes that the Protective Order provide a remedy for inadvertent failure to

mark Confidential Discovery Materials pursuant to the terms of the Protective Order. Given

the enormous volume of documents expected to be produced in these cases, Producing Parties

may inadvertently fail to properly mark Confidential Discovery Materials as required by

Paragraphs 4 and 5. Egenera requests that a remedy be provided for such inadvertent failure

to mark Confidential Discovery Materials.

- 15 -

Proposed Modification

      Egenera request that Paragraph 31 be modified to provide as follows:

      In the event that a Producing Party discovers that it has failed to mark
Confidential Discovery Material as required by Paragraphs 4 and 5, it may
notify in writing the Receiving Party within a reasonable time of such
discovery. The Receiving Party shall return all copies of such material to
the Producing Party to allow the materials to be appropriately marked, and
the failure to mark such Confidential Discovery Materials shall not be
deemed to be a waiver of the confidential status of the materials.

## CONCLUSION

      Egenera respectfully requests that the Court modify the Proposed Protective Order as

requested herein so that its confidential commercial information may be adequately protected.

                BOUCHARD MARGULES & FRIEDLANDER, P.A.

OF COUNSEL:

Kathryn K. Conde
Sarah P. Kelly
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel: 617.439.2000
Fax: 617.310.9000

/s/ Dominick T. Gattuso
David Margules  (Bar No. 2554)
dmargules@bmf-law.com
Dominick T. Gattuso  (Bar No. 3630)
dgattuso@bmf-law.com
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:  (302) 573-3508
Fax:  (302) 573-3501

*Attorneys for Third Party Egenera, Inc.*

Dated: May 19, 2006

1527971.2