# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

KELLY K. PIERCE
612-349-0139
KKPierce@rkmc.com

May 19, 2006

**VIA E-MAIL AND FEDERAL EXPRESS**

Hon. Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.* (C.A. No. 05-441-JJF)
*In re Intel Corp. Microprocessor Antitrust Litigation* (MDL No. 1717-JJF)
*Paul v. Intel Corp.* (C.A. No. 05-485-JJF)
Our File No.: 011082.2327

Dear Judge Farnan:

As a corporate Third Party currently under subpoena in the above litigation, Best Buy Company, Inc. ("Best Buy") appreciates this Court's invitation to comment on and object to portions of the Stipulated Confidentiality Agreement and Proposed Protective Order ("Proposed Order"). For its part, Best Buy submits the following comments and objections to the Proposed Order:

1. Paragraph R should include as "Confidential Discovery Material" any information contained in the minutes of a Producing Party's Board of Directors or any committees of such Boards of Directors.

2. Paragraph R(7) should include as "Confidential Discovery Material" all non-public negotiations with customers relating to the purchase or sale of products containing microprocessors.

3. Paragraph S is too vague, as it does not sufficiently describe the method for calculation of time when a document in category R(1) through R(8) contains more than one date. For such documents, Best Buy suggests that a document be considered "dated" as of the latest date shown on the document itself.

4. Paragraph T is too vague and overbroad, as it does not sufficiently identify what actions constitute the provision of "any description" of the contents of any "Discovery Material."

Hon. Joseph J. Farnan, Jr.
May 19, 2006
Page 2

Similarly, the Paragraph does not sufficiently describe the actions constituting "in any way revealing the contents of any 'Discovery Material.'" In addition, the Paragraph does not identify those parties to whom the production, provision, or sharing of "Discovery Material" constitutes a "Disclosure." Accordingly, Best Buy suggests that Paragraph T be re-written as follows:

> "Disclose" means producing any "Discovery Material" directly to any person or entity not a Party to this Order or providing any description of the substance or contents of any "Discovery Material" to any person or entity not a Party to this Order. A Producing Party's description of any "Discovery Material" that only generally describes any "Discovery Material," but does not disclose its substance or contents, is not included within this Order's definition of "Disclose."

5.    Paragraph 3 is too vague, as it does not sufficiently describe the protection given a Producing Party's "Confidential Discovery Material" after that material is subject to a Designation Request by a Receiving Party under Paragraph 16. Accordingly, Best Buy suggests that the last sentence of Paragraph 3 be re-written as follows:

> This designation shall control unless and until a Designation Request is made by a Receiving Party under Paragraph 16(a), and unless and until one of the following occurs: (1) the Producing Party, in responding to such a Designation Request, agrees to the disclosure of such Discovery Material under Paragraph 16(a); or (2) the Court orders that such Discovery Material shall not be treated as Confidential Discovery Material.

6.    The Proposed Order makes reference to both "days" and "court days." *See, e.g.*, Paragraphs 5; 11(b); 16(a); 16(e). Best Buy suggests that the Proposed Order be re-written with reference to only type of "day."

7.    Paragraph 5 is too vague, as it does not specifically indicate that a Producing Party may designate as "Confidential Discovery Material" any portion of a transcript of any witness in this litigation containing such Producing Party's Confidential Discovery Material. Accordingly, Best Buy suggests that the first portion of Paragraph 5 be re-written as follows:

> If any portion of a deposition includes a Producing Party's Confidential Discovery Material, such Producing Party may designate that portion as Confidential Discovery Material by instructing the Court Reporter recording the testimony to designate that portion of the transcript as "CONFIDENTIAL" . . .

8.    Paragraph 6(c) should provide that the Two In-House Litigation Counsel must also be identified to Third Parties that Produce Confidential Discovery Material.

9.    Paragraph 6(f) does not define "Opposing Party," and it is unclear whether or why that term should have a different meaning than "Receiving Party," as the latter term is used in the Paragraph.

MP3 20180644.1

Hon. Joseph J. Farnan, Jr.
May 19, 2006
Page 3

10. Paragraph 12 does not define what uses constitute the "permitted uses" allowing the copying or reproduction of a Producing Party's Confidential Discovery Material.

11. Paragraphs 16(a) and 16(e) do not allow sufficient time for a Producing Party to act following either (1) a Receiving Party's Designation Request under Paragraph 16(a), or (2) the agreement or Court order that certain Discovery Material is not Confidential Discovery Material under Paragraph 16(e). Accordingly, Best Buy suggests that portions of Paragraphs 16(a) and 16(e) be re-written as follows:

> 16(a): . . . Except in the case of a massive Designation Request as to which a prompt reply would be impractical, within twenty (20) days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material.

> 16(e): . . . within twenty (20) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

12. Paragraph 16(b) places too heavy a burden on Producing Parties who have designated material as Confidential Discovery Material. Best Buy suggests that it should be Receiving Parties who should make written application to the Court to de-designate material designated by a Producing Party as Confidential Discovery Material. Accordingly, Best Buy suggests that Paragraph 16(b) be re-written as follows:

> Court Determination: If the Receiving Party disagrees with a Producing Party's designation of material as Confidential Discovery Material, it may make written application to the Court challenging the designation of that material and seeking appropriate relief from the Court.

Best Buy further notes that to the extent that any of the above comments and objections are not incorporated into the Proposed Order eventually agreed to by AMD, Intel, and Interim Liaison Counsel and that entered by this Court, Best Buy reserves its right to enter into a separate Protective Order with the parties, as currently contemplated by the Proposed Order. Best Buy also reserves its right to object to or resist any discovery efforts (including any third party subpoenas) directed to it in the above litigation on any grounds, including both substantive and procedural grounds.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Kelly K. Pierce

KKP/blw

MP3 20180644.1

Hon. Joseph J. Farnan, Jr.
May 19, 2006
Page 4

cc: Thomas R. Harris, V.P. & Associate General Counsel
Maria L. Koss, Corporate Counsel
Anne M. Lockner

MP3 20180644.1