IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC.<br>and<br>AMD INTERNATIONAL SALES &<br>  SERVICES, LTD.,<br><br>      Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION<br>and<br>INTEL KABUSHIKI KAISHA,<br><br>      Defendants. | Case Number: 05-441-JJF<br>United States District Court,<br>District of Delaware |
| IN RE INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself<br>And all other similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION<br><br>      Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**OBJECTIONS AND COMMENTS OF CIRCUIT CITY STORES, INC.
TO PROPOSED PROTECTIVE ORDER**

Pursuant to the May 1, 2006 Notice issued by the Court, Circuit City Stores, Inc. ("Circuit City"), by counsel, hereby sets forth its objections and comments to the Proposed Protective Order stipulated to by Plaintiffs Advanced Micro Devices, Inc. and AMD

1

International Sales & Service, Inc. (jointly "AMD"), Defendants Intel Corporation and Intel Kabushiki Kaisha (jointly "Intel"), and Interim Class Counsel for the plaintiffs in the class actions in MDL No. 1717 ("MDL Class Actions").

Circuit City, which is not a party to this litigation, objects to several provisions of the Proposed Protective Order because they do not sufficiently protect the confidentiality of its trade secrets and highly confidential and proprietary commercial information. Circuit City is a retail customer of both AMD and Intel, and has entered into confidential contractual arrangements with each. Thus, the confidential and proprietary terms of Circuit City's contractual arrangements with Intel should not be disclosed to AMD, and vice versa. If such confidential information is disclosed to inappropriate businesspersons at AMD and Intel, Circuit City will be harmed. Likewise, Circuit City is a competitor of many other retailers which purchase from AMD and/or Intel and will participate as parties or be subpoenaed for discovery in this action. These competing retailers should not have access to the terms of Circuit City's contractual arrangements with AMD and Intel.

Unfortunately, the Proposed Protective Order does not clearly and sufficiently protect the confidentiality of Circuit City's trade secrets and proprietary information. Circuit City submits that the Proposed Protective Order should be revised to prevent inappropriate disclosures of its contractual terms or arrangements to the Parties as well as to competing retailers. Furthermore, Circuit City's customer identification information should be protected from disclosure because of confidentiality and privacy considerations. Accordingly, Circuit City submits that the Proposed Protective Order should be modified as follows to address its confidentiality concerns:

1. Circuit City objects to Definition J ("In-House Litigation Counsel") on the basis that it is incomplete and does not afford Circuit City sufficient protection from the disclosure of its trade secrets and highly confidential and proprietary commercial information. Circuit City

submits that its confidential information should not be disclosed to In-House Litigation Counsel if they are involved in the development of contract terms or negotiations with customers. Accordingly, Circuit City suggests that Definition J should be amended as follows:

> "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the AMD Litigation, the Class Litigation, the Japan Litigation or any Competition investigation and who shall not from the date of entry of this Protective Order through a period of one year following the conclusion of any of the aforementioned, be engaged in: (a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor or chipset manufacturing; (c) the filing or prosecution of patent applications, *or (d) the formulation of contract terms or negotiations with customers.*

(Emphasis added).

    2.    Circuit City objects to Definition R ("Confidential Discovery Information), subsection 4 on the basis that it is incomplete and does not afford Circuit City sufficient protection from the disclosure of its trade secrets and highly confidential and proprietary commercial information. Circuit City suggests Definition R, subsection 4 should be amended as follows:

> Non-public contracts which by their terms are required to be maintained in confidence *and non-public information relating to the contractual terms or arrangements entered into by the Parties with customers.*

(Emphasis added). The purpose of this change is to make it clear that the Protective Order applies to the contractual terms or arrangements entered into by AMD and Intel with Circuit City and other retailers.

    3.    Circuit City objects to Definition R ("Confidential Discovery Information), subsection 6 and its relationship to Definition S to the extent Circuit City's non-public information regarding the identity of its customers, dated or prepared more than 2 years ago, are treated as presumptively non-confidential. However, the information that Circuit City maintains regarding the identity of its customers is non-public, confidential, and subject to privacy law

3

protections, regardless of its date of preparation. To resolve this problem, Circuit City suggests that Definition R, subsection 6 be amended to read, "Non-public customer lists of the Parties," and that a new subsection be added as subsection 17 that provides, "Non-public customer lists maintained by retailers."

Circuit City submits that the revisions suggested above are reasonable and consistent with the other confidentiality protections contained in the Proposed Protective Order.

Dated: May 19, 2006                                     Respectfully submitted,

                                            By:    /s/ *Brian J. Chapman, Esq*
                                                   David C. Malatesta, Jr. (No.: 3755)
                                                   Brian J. Chapman (No.: 4231)
                                                   **Kent & McBride, P.C.**
                                                   1105 Market Street, Suite 500
                                                   Wilmington, Delaware 19801
                                                   Phone: 302-777-5477
                                                   Local Counsel for Circuit City Stores, Inc.

                                                   - and -

                                                   Howard Feller, Esq.
                                                   Kanika Blue Capel, Esq.
                                                   **McGuireWoods LLP**
                                                   One James Center
                                                   901 E. Cary Street
                                                   Richmond, VA 23219
                                                   Phone: 804-775-1000
                                                   Fax: 804-775-1061
                                                   Counsel for Circuit City Stores, Inc.