# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | Civil Action No. 05-441-JJF |
| Plaintiffs, | |
| vs. | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | |
| Defendants. | |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |

| | |
|---|---|
| PHIL PAUL, on behalf of himself and all other similarly situated, | Civil Action No. 05-485-JJF |
| Plaintiffs, | CONSOLIDATED ACTION |
| vs. | |
| INTEL CORPORATION, | |
| Defendant. | |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 1550(b)) | J.C.C.P. No. 4443 |
| INTEL X86 MICROPROCESSOR CASES | |

**REVISED
STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED]
PROTECTIVE ORDER**

**WHEREAS**, plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd. and their subsidiaries, on the one hand, and defendants Intel Corporation and Intel Kabushiki Kaisha and their subsidiaries, on the other, compete in the development, manufacture and sale of microprocessors; and

**WHEREAS**, a number of third parties, many of whom are competitors in, *inter alia*, the manufacture and sale of computer systems, will be the subject of document and deposition discovery in these actions; and

**WHEREAS**, the preparation for trial of these actions may require the discovery and use of documents and other information which constitute or contain commercial or technical trade secrets, or other confidential information the disclosure of which would be competitively harmful to the producing party; and

**WHEREAS**, both party and third-party discovery will also be made available to various state and federal consumer plaintiffs who have filed putative class actions against the defendants and who have agreed to subscribe to this stipulation and order; and

**WHEREAS**, the parties anticipate that this case will involve the production of hundreds of millions of pages of documents among and between actual and potential competitors and their customers; and

**WHEREAS**, the parties agree that their interests, the interests of the customers of the corporate parties and of other non-parties that may be requested to provide discovery, and the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment;

**NOW THEREFORE,** the parties in the above-captioned cases, by and through their respective counsel, hereby stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, subject to approval and entry by the Court, that the following Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall govern the handling of all Discovery Material during the pendency of these litigations, as hereafter defined.

## DEFINITIONS

A.    The "AMD Litigation" means the litigation captioned *Advanced Micro Devices, Inc. et al. v. Intel Corporation et al.*, Civil Action No. 05-441-JLF, filed in the United States District Court for the District of Delaware, and all subsequent appellate or other review proceedings related thereto.

B.    The "Japan Litigation" means the litigations captioned *AMD Japan K.K. v. Intel K.K.*, Case No. Heisei 17 (Wa) No. 13151 (Tokyo Dist. Ct., 6/30/05), and *AMD Japan K.K. v. Intel K.K.*, Case No. Heisei 17 (Wa) No. 4 (Tokyo High Court, 6/30/05), and all subsequent appellate or other review proceedings related thereto.

C.    The "Class Litigation" means the various actions filed by or on behalf of putative classes of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to this Court by the Judicial Panel on Multidistrict Litigation under Docket No. 1717, together with all such actions originally filed in this Court.  When used to refer to proceedings in which Confidential Discovery Material subject to this order may be used, "Class Litigation" shall also include certain follow-on matters filed in various state courts asserting claims substantially the same as those asserted in the class actions comprising the MDL.

D.    The "California Class Litigation" means the actions filed by or on behalf of a putative California class of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to the Honorable Jack Komar of the Santa Clara County Superior Court by the Judicial Council for the State of California under JCCP 4443, together with such actions originally filed in that Court. These actions include: *Melkonians v. Intel Corp.*, Santa Clara County Superior Court Case No. 1-05-CV-045077; *Macias v. Intel Corp.*,

3

formerly in the Los Angeles County Superior Court Case No. BC336897; *Toronto v. Intel Corp.,* formerly in the San Diego County Superior Court Case No. GIC850053; *Gross v. Intel Corp.*, Santa Clara County Superior Court Case No. 1-05-CV-053490; *Wangler v. Intel Corp.*, formerly in the Los Angeles County Superior Court Case No. BC340460; *Pishvaee v. Intel Corp.*, Santa Clara Superior Court Case No. 1-05-CV-053300; and any action that subsequently is made part of JCCP 4443.

E.      "Competition Investigation" means any investigation commenced by a duly authorized federal, state or foreign governmental competition or antitrust agency into the conduct of a Party prior to, or during the pendency of the AMD Litigation.

F.      "Intel" means defendants Intel Corporation and Intel Kabushiki Kaisha, together with their respective direct and indirect subsidiaries.

G.      "AMD" means plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd., together with their respective direct and indirect subsidiaries.

H.      "Party" means Intel or AMD.  "Class Party" means any named plaintiff in the Class Litigation.  "Parties" means Intel, AMD and all Class Parties.

I.      "Outside Counsel" means the law firm(s) that are counsel of record for the Parties in the AMD Litigation, the Japan Litigation, the Class Litigation, and the California Class Litigation, and counsel for a Party in connection with any Competition Investigation, including their associated attorneys, and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Outside Counsel.

J.      "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the AMD Litigation, the

4

Class Litigation, the Japan Litigation, the California Class Litigation or any Competition Investigation and who shall not from the date of entry of this Protective Order through a period of one (1) year following the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later, be engaged in: (a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor, or chipset manufacturing, (c) the filing or prosecution of patent applications, (d) the review or negotiation of any contract with a Producing Party related to the sale or marketing of microprocessors, (e) counseling in connection with PC or server manufacturing or operating system or software design or development, and (f) the licensing of Microsoft software or technology.

K.     "Japan Counsel" means the outside law firm(s) that are counsel of record for AMD or Intel in the Japan Litigation, including their associated attorneys and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Japan Counsel.

L.     "Producing Party" means a Party, Class Party or Third Party that produced or intends to produce Discovery Material in the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation. "Receiving Party" means any Party or Class Party furnished Discovery Material in the AMD Litigation, the Japan Litigation, the Class Litigation or the California Class Litigation.

M.     "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to the AMD Litigation, the Japan Litigation, the Class Litigation or the California Class Litigation.

N.     "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Outside Counsel.

5

O.    "Japan Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Japan Counsel in the Japan Litigation.

P.    "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  Without limiting the generality of the foregoing, "document" includes the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such documents.  "Document" also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data compilations from which information can be obtained, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original.

Q.    "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether paper or electronic and whether generated or received by the party possessing them), including those produced pursuant to compulsory process or voluntarily in lieu thereof.

R.    "Confidential Discovery Material" means any Discovery Material consisting of or containing information falling into any of the following categories:

1.    Non-public pricing information;

6

2.  Non-public sales and marketing strategies, business plans and tactics, including product roadmaps and planned product introductions;

3.  Non-public data concerning sales, revenues, profits, margin and variances;

4.  Non-public contracts which by their terms are required to be maintained in confidence;

5.  Non-public sales budgets, forecasts, and projections;

6.  Non-public customer lists;

7.  Non-public negotiations relating to the purchase or sale of microprocessors, chipsets, PCs, servers, operating systems, software licensing agreements or any other product manufactured or sold by a Producing Party;

8.  Non-public strategic plans;

9.  Non-public data concerning costs, capacity and ROI or other similar benchmarks;

10. Any invention, formula, pattern, compilation, program device, product design, method, technique, or process, and information relating to the same, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

11. Non-public information that concerns microprocessor, chipset, PC or server manufacturing, or operating system and software design and development, including capital expenditure plans, yields, capacity, costs, utilization, process and scale;

12. Non-public business or market research, whether acquired or generated internally;

13.     Confidential personnel information whether contained in HR records or otherwise;

14.     Information the disclosure of which could jeopardize the security of public or private Internet sites, confidential databases, networks or other sources of non-public information;

15.     Non-public financial information the public disclosure of which is prohibited by law or regulation or which could jeopardize the integrity of public trading of the Producing Party's securities;

16.     Other information or documents the disclosure of which the Producing Party can demonstrate would cause it serious and specific harm.

S.     In order to address potential issues relating to the passage of time on the continued confidentiality of documents, the parties agree that, except with respect to materials the disclosure of which would raise consumer privacy issues, for documents in categories R(1) though R(8) dated or prepared more than 24 months prior to a Designation Request under paragraph 16, the Producing Party must also satisfy the standard contained in paragraph R(16) for the documents to be maintained as confidential. For purposes of this paragraph, undated materials or materials or deposition testimony relating to an indeterminate time period shall be deemed dated as of the date of their production or the date of the deposition.

T.     "Disclose" means producing any "Discovery Material" directly and providing any description of its contents or in any way revealing the contents of any "Discovery Material."

U.     "Non-public" documents and information are those (a) that the Producing Party maintains internally as confidential, (b) that are not disclosed to third-parties except under written agreements requiring that they be maintained in confidence, pursuant to a course of dealing whereby such communications are maintained in confidence, or under compulsory

8

process or involuntary seizure, and (c) that the disclosure of which could damage the Producing Party competitively.

V.    Time periods prescribed by this order shall be computed in accord with Federal Rule of Civil Procedure 6(a).

## **TERMS AND CONDITIONS OF PROTECTIVE ORDER**

1.    Except as set forth in this Protective Order, Confidential Discovery Material, or information derived therefrom, shall be used solely by the Parties for purposes of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media.  Confidential Discovery Material that loses that designation, either by agreement of the Parties or the challenge process set out in Paragraph 16, may be used for any lawful purpose, unless such use is restricted by agreement or by the Court.

2.    Nothing in this Protective Order shall be deemed to grant or create discovery rights to any Party, Class Party or Third Party in the AMD Litigation, the Japan Litigation, the Class Litigation or the California Class Litigation in any other proceeding relating to or arising out of the subject-matter thereof, nor shall the Parties' agreement to this Protective Order constitute a waiver of any rights to resist any discovery efforts that may be initiated in any other proceeding whether or not relating to or arising out of the same subject-matter.

Confidential Discovery Material

3.    Solely for the purposes of the efficient and timely production of documents, and to avoid the need for a detailed and expensive confidentiality examination of millions of Documents the disclosure of which is not likely to become an issue, a Producing Party may initially designate as "Confidential Discovery Material" any Non-public Discovery Material.

This designation shall control unless and until a Designation Request is made by a Receiving Party under Paragraph 16.

4.      Such a designation shall be made at the time of production by marking documents or other tangible Discovery Material by placing on or affixing, physically or electronically, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL - MDL 1717/JCCP 4443." Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as Confidential Discovery Material shall suffice to require Confidential treatment.

5.      To facilitate discovery, all deposition testimony will be presumed to constitute, and all transcripts shall be treated as, Confidential Discovery Material, unless and until a Designation Request is made by a Receiving Party under Paragraph 16. Accordingly, no deponent may refuse to answer a deposition question on the ground that the answer would disclose confidential information or information subject to a non-disclosure agreement. Should a Receiving Party wish to disclose any deposition testimony to a person other than as permitted by Paragraph 6, it shall first make a Designation Request under the provisions of Paragraph 16. Such a request shall be made to the Party or Non-Party it reasonably concludes has the right to protect the information. The provisions of Paragraph 16 shall thereafter apply.

<u>Access to Confidential Discovery Material</u>

6.      Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a)      Outside Counsel;

(b)      Experts/Consultants, subject to the provisions and limitations set forth in Paragraph 11 herein;

(c)      Two In-House Litigation Counsel identified to the Producing Party;

10

(d)    The Court and other court personnel of any court having jurisdiction over any proceedings involving the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation.  However, with regard to documents used in the proceedings in Japan, Confidential Discovery Materials produced in the AMD Litigation, the Class Litigation, or the California Class Litigation may only be used if the Japan court institutes procedures to protect the confidentiality of the information at a level of protection comparable to that provided in this Order.  The Parties shall cooperate reasonably in seeking such protection.  The procedures to effectuate this provision shall be those the Japan Court deems appropriate;

(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Protective Order" attached hereto;

(f)    During the deposition of any current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, a Receiving Party may show the Producing Party's witness any document produced by the Producing Party; and it may show to any former employee of the Producing Party any document the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10;

(g)    The author of a document containing Confidential Discovery Material or the original source of the information, as well as addressees, copyees or other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10;

(h)    Japan Counsel and Japan Experts/Consultants, subject to the provisions and limitations set forth herein; and

(i)    Any individual specifically retained for the preparation and dissemination of class notices and/or the administration and/or settlement of class plaintiffs' claims.

7.    Any person under the Control of a Party Disclosing Confidential Discovery Material who is shown or given access to Confidential Discovery Material will execute or agree to the terms of the "Acknowledgement of Protective Order" set forth and attached hereto.  The Acknowledgements will not be exchanged, but will be maintained and made available to the Court upon the Court's request.

11

8.    Any attorney (including In-House Litigation Counsel) for any Party or Class Party who receives any technical document designated Confidential Discovery Material by a Producing Party other than his or her client shall not participate in the preparation or prosecution of any patent application or patent license relating to any aspect of microprocessors, chipsets, PCs, operating systems, software or servers discussed in any such technical document, from the time of receipt of such information through and including one (1) year following the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later.

9.    Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  In no event shall Confidential Discovery Material be stored at any business premises of the Receiving Party, or be made accessible electronically to employees of the Receiving Party, except that In-House Litigation Counsel may view, but not store, Confidential Discovery Material at his or her normal workplace by electronically and remotely accessing a Receiving Party's electronic document repository.  In-House Litigation Counsel must implement and document reasonable precautions to prevent unauthorized persons from accessing or otherwise viewing Confidential Discovery Material.

10.    Upon disclosing Confidential Discovery Material pursuant to paragraphs 6(f) or 6(g), other than to a current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, counsel shall inform the witness of the existence of this Order, the confidential status of the information disclosed, and the restriction that the information not be further disseminated or used for any purpose other than the litigation; and counsel shall request the  witness to execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto. A Party or Class Party shall not disclose Confidential Discovery Material to a witness over whom the Party or Class Party has control until the witness has executed and agreed to the terms of the Acknowledgement of Protective Order.  No copies of Confidential Discovery Material

shall be provided to the witness other than for purposes of the deposition examination without the written consent of the Producing Party. No Confidential Discovery Material shall be shown to a former employee of a Party employed by the opposing Party, except pursuant to separate written agreement.

11.    Before any Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant (or Japan Expert/Consultant), such person must execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto, and shall:

(a)    maintain such Confidential Discovery Material in a manner calculated to prevent its public disclosure;

(b)    return such Confidential Discovery Material to counsel for the Party or Class Party that retained such Expert/Consultant within ninety (90) days of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the expert retain documents beyond the period set out in paragraph 26 herein;

(c)    not disclose such Confidential Discovery Material to anyone, or use such Confidential Discovery Material, except as permitted by the Protective Order;

(d)    submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

(e)    use such Confidential Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party or Class Party to the AMD Litigation, the Japan Litigation or the Class Litigation, including providing testimony in any such proceeding.

Except with the consent of the Producing Party, however, Confidential Discovery Material shall not be disclosed to an expert or consultant who at the time of the intended disclosure is an officer or employee of a Party.

12.    Confidential Discovery Material shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for permitted uses, and

all such copies or reproductions shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not itself preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

13.    This Protective Order shall not apply to the disclosure or use by a Producing Party or its counsel of such Producing Party's Confidential Discovery Material.

14.    The Parties agree to meet and confer prior to the filing of final exhibit lists to evaluate, on a document by document basis, which of the proposed exhibits require confidential treatment for purposes of trial. The confidentiality legend may be redacted by the Producing Party prior to trial for any use of the material at trial by any Party or Class Party. The Parties further agree to meet and confer with any Third Party whose documents will or may be used at trial concerning their appropriate treatment and to afford such Third Parties sufficient advance notice of any such use such that they can move to have the materials received under seal. Should any material furnished by a Third Party and received under seal be the subject of a motion to unseal, the Parties shall give sufficient notice to the Third Party so that it may oppose the motion.

Third Parties

15.    Any Third Party that produces documents or provides testimony in the AMD Litigation, the Class Litigation or the California Class Litigation, either voluntarily or by compulsory process, shall have the full benefits and protections of this Protective Order and may designate documents or deposition testimony as Confidential Discovery Material in the manner, and subject to the same protections, set forth above. Nothing in this Order shall be construed to allow any Third Party to obtain access to any Confidential Discovery Material produced by any Party, Class Party, or other Third Party.

Designation Requests and Resolving Disputed Designations

16.    The parties anticipate designating all Non-public Discovery Material as Confidential Discovery Material under Paragraph 3.  Should a Receiving Party wish to disclose any such material to a person other than as permitted by Paragraph 6, it shall make a written Designation Request to the Producing Party, as set forth below:

(a)    Designation Request: The Receiving Party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Material it intends to disclose and a representation that the material is probative of one or more material facts in this litigation.  A Designation Request will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the Discovery Material is entitled to be treated as Confidential Discovery Materials under Paragraph R.  Except in the case of a Designation Request for more than 250 documents or more than 250 pages of deposition testimony, within ten (10) days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material.  If a Designation Request entails more than 250 documents or more than 250 pages of deposition testimony, the Requesting Party and the Producing Party shall meet and confer, in good faith, to establish a reasonable timeframe for designation and response.

(b)    Court Determination:  If the Receiving Party disagrees with a Producing Party's designation of material as Confidential Discovery Material, it shall provide to the Producing Party a written objection.  Thereafter, the Producing Party may make written application to the Court for protective treatment.

15

Except in the case of disputes involving massive numbers of documents, the application will be made within twenty (20) days of receiving the Receiving Party's written objection to the designation. If the Producing Party fails to make such timely application, the Producing Party's designation will be void.

(c) In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R. No presumption or weight will attach to the initial designation of Discovery Material as Confidential Discovery Material.

(d) Pending a ruling, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Protective Order.

(e) With respect to Discovery Material the Parties agree does not constitute Confidential Discovery Material, or as to which the Producing Party does not file a timely application, or which the Court orders not to be treated as Confidential Discovery Material, within ten (10) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

(f) Nothing in this Protective Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Material that is found to no longer constitute Confidential Discovery Material.

<u>Disclosure Requested or Provided in Other Proceedings</u>

17.     In the event that any Party or Class Party gains access to Discovery Material of the other Party or a Third Party from another Producing Party or a U.S., state, or foreign

16

governmental agency or court, that has not been designated as Confidential Discovery Material, the Receiving Party shall promptly notify, in writing, the party whose documents are implicated. The party whose documents are implicated shall be entitled, and shall be given a reasonable opportunity (not to exceed thirty (30) days following notice) prior to any non-confidential disclosure or use of such materials, to designate, as appropriate, such materials as Confidential Discovery Material pursuant to the terms of this Protective Order. Such designation shall be subject to the terms set forth in Paragraph 16. If any such Discovery Material has already been produced and designated as Confidential Discovery Material pursuant to the terms of this Order, then such material shall at all times be governed by the terms of this Protective Order even though also received from a Third Party or a U.S., state or foreign governmental agency or court. Designation Requests regarding the Discovery Material described in this paragraph shall be made directly to the party whose documents are implicated, rather than the Third Party or U.S., state, or foreign governmental agency or court from whom the Receiving Party received the Discovery Material. This paragraph shall not govern the use in connection with the Japanese Litigation of materials produced in that Litigation, which instead will be controlled by the Japanese court.

18.    Except as provided in this paragraph, a Party, Class Party or Third Party who is otherwise required in the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation to disclose or produce documents shall not delay or refuse to do so on grounds that such documents contain information of another party (other than AMD and Intel) which is subject to obligations of confidentiality in favor of that party ("Originating Party"). Instead, the Party, Class Party or Third Party from whom discovery is sought shall promptly notify the "Originating Party" in writing of the required disclosure. The Originating Party shall be given a reasonable opportunity (not to exceed thirty (30) days from the date of notice), prior to any production or disclosure of any such Discovery Material, to object to the production and until those objections are resolved, the Discovery Material will not be produced. In the event

17

that such Discovery Material is produced, the Discovery Material produced shall be deemed Confidential Discovery Material pursuant to Paragraph 3 and shall be marked by the Producing Party in accordance with the requirements of Paragraph 4.

19. The production of documents designated as Confidential Discovery Material pursuant to this Protective Order by a Third Party in the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation shall not constitute a violation of the confidentiality provisions of any nondisclosure agreement ("NDA") between any party and AMD or Intel. However such Third Party may consult, in a timely fashion, with AMD and/or Intel about the nature of the materials to be produced in advance of their production for the purpose of ensuring that the confidential materials are adequately protected from public disclosure.

20. If another court or any U.S., state or foreign governmental agency should request, subpoena, or order the production of Confidential Discovery Materials from any Party that have been produced by any other Party or Third Party, the Party receiving such a request shall promptly notify the Producing Party in writing. Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the Party receiving the request shall not produce the material in dispute so long as it may lawfully refuse.

<u>Provisions Related to the Japan Litigation</u>

21. To the extent that discovery properly conducted and permitted in the AMD Litigation, the Class Litigation, or the California Class Litigation is relevant to the issues pending in the Japan Litigation, the Receiving Party may, subject to the terms and limitations of this Protective Order, disclose the Confidential Discovery Material to its Japan Counsel and Japan Experts/Consultants. Nothing herein shall be deemed to create an independent discovery right for purposes of the Japan Litigation, nor limit the rights of a Party or Class Party to object to

18

discovery propounded in the AMD Litigation, the Class Litigation, the Japan Litigation, or the California Class Litigation.

22.    In the event that any Confidential Discovery Material is also made available for use in the Japan Litigation (as contemplated by this Order), the material shall remain subject to all terms of this Protective Order and the Party desiring to use or file papers containing such information shall identify it to the appropriate Japanese Court as Confidential so that the provisions of Paragraph 6(d) can be appropriately implemented.

23.    Prior to accessing Confidential Discovery Material (other than Discovery Material produced in the Japanese Litigation), Japan Counsel and Japan Experts/Consultants shall separately execute a copy of the Acknowledgment of Protective Order attached hereto, binding each of them to the terms set forth therein and in this Protective Order.  Such Japan Counsel and Japan Experts/Consultants agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of having the terms of the Protective Order enforced.

<u>Filing Confidential Discovery Material with the Court</u>

24.    In the event that any Confidential Discovery Material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the Party or Class Party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that such papers shall be furnished to the Court and Outside Counsel of the Parties.  A Party or Class Party submitting Confidential Discovery Material to the Santa Clara Superior Court in the California Class Litigation under seal shall comply with the requirements of California Rule of Court 243.2.

19

25.     Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of this Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

26.     Parties shall produce and file redacted versions of any papers in the District Court actions in accordance with the "Administrative Procedures Governing Filing and Service by Electronic Means" as issued by the United States District Court for the District of Delaware, such that there is no disclosure of any Confidential Discovery Material, or in accord with the rules of the Santa Clara Superior Court in the case of Confidential Discovery Material filed with that Court.

<u>Duties Upon Conclusion of Litigation</u>

27.    Within one hundred twenty (120) days of the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later, counsel for any Party or Class Party that has received Discovery Material shall return to the Producing Party, or destroy, all originals and copies of all documents and all notes, memoranda, or other papers containing Confidential Discovery Material, including any and all Confidential Discovery Material disseminated pursuant to the terms of this Protective Order.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product prepared or received in connection with the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, even if such materials contain protected material.  Any such archival copies that contain or constitute protected material shall remain subject to this Order.

28.    Counsel of record shall certify their compliance with the terms of this paragraph and, not more than one hundred and twenty (120) days after the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever comes later, shall deliver the same to counsel for the Producing Party.

29.    The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Discovery Material by any Party, Class Party, counsel, or expert witness shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, and the California Class Litigation.

<u>Remedies for Non-Compliance</u>

30.    The Parties agree that any disclosure of Confidential Discovery Material contrary to the terms of this Order by a Party or Class Party or anyone acting on its, his or her behalf

constitutes a violation of the Order remediable by the Court, regardless of where the disclosure occurs. However, the Santa Clara, California Superior Court shall have enforcement responsibility for any impermissible disclosure by plaintiffs, plaintiffs' witnesses, plaintiffs' counsel and employees, or any other person given access to Confidential Discovery Material by the plaintiffs in the California Class Litigation.

31.    Nothing contained in this Protective Order shall diminish any attorney-client privilege or attorney work product claim, or obligate any person to provide any discovery to which it asserts objections. Entry of the foregoing Protective Order is without prejudice to the right of the Parties or any Third Party, for good cause shown, to move for modification of this Protective Order, or to apply for other protective orders unrelated to the confidentiality of Discovery Material.

Inadvertent Production.

32.    In the event that a Producing Party discovers that it has failed to mark Confidential Discovery Material as required by Paragraphs 4 and 5, it may notify in writing the Receiving Party within a reasonable time of such discovery. So long as the unmarked Discovery Material has not already been disclosed to persons other than as permitted by Paragraph 6 such that it has entered the public domain, the failure to mark such Confidential Discovery Materials shall not be deemed to be a waiver of the confidential status of the materials, and the Receiving Party shall return all copies of such material to the Producing Party to allow the materials to be appropriately marked.

33.    The production or disclosure of any Discovery Material made after the entry of this Protective Order, which disclosure a Producing Party claims was inadvertent and should not have been produced or disclosed because of a privilege, will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed.

22

Dated: _____       **POTTER ANDERSON & CORROON LLP**

By:      _____

Richard L. Horwitz (#2246)
rhorwitz@potteranderson.com
W. Harding Drane, Jr. (#1023)
wdrane@potteranderson.com
1313 North Market Street
P.O. Box 951
Wilmington, DE  198999-0951
(302) 984-6027
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____       **GIBSON, DUNN & CRUTCHER LLP**

By:      _____

Daniel S. Floyd
DFloyd@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____       **HOWREY LLP**

By:      _____

Darren B. Bernhard
BernhardD@howrey.com
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 383-6774
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____          **RICHARDS, LAYTON & FINGER, P.A.**


By:     _____
        Frederick L. Cottrell, III (#2555)
        cottrell@rlf.com
        Richards, Layton & Finger
        One Rodney Square
        920 North King Street
        P.O. Box 551
        Wilmington, DE  19899
        (302) 651-7700
        Attorneys For Advanced Micro Devices,
        Inc. And AMD International Sales &
        Service, Ltd.


Dated: _____          **O'MELVENY & MYERS LLP**

By:     _____
        Charles B. Diamond
        cdiamond@omm.com
        1999 Avenue of the Stars
        7th Floor
        Los Angeles, CA 90067-6035
        (310) 553-6700
        Attorneys for Advanced Micro Devices, Inc.
        And AMD International Sales & Service,
        Ltd.

24

Dated: _____          INTERIM CLASS COUNSEL

**PRICKETT JONES & ELLIOTT, P.A.**

By:     _____
              James L. Holzman (#663)
              jlholzman@prickett.com
              J. Clayton Athey (#4378)
              jcathey@prickett.com
              Eric M. Andersen (#4376)
              emanderson@prickett.com
              1310 King Street
              P.O.Box 1328
              Wilmington, DE  19899
              (302) 888-6509
              Attorneys for Co-Lead and Interim Counsel
              for Plaintiffs

**COHEN, MILSTEIN, HAUSFELD & TOLL PLLC**

By:     _____
              Michael D. Hausfeld
              mhausfeld@cmht.com
              Daniel A. Small
              dsmall@cmht.com
              Brent W. Landau
              blandau@cmht.com
              Allyson B. Baker
              abaker@cmht.com
              1100 New York Avenue, NW
              Suite 500, West Tower
              Washington, DC  20005
              Attorneys for Co-Lead and Interim Counsel
              for Plaintiffs

**THE FURTH FIRM, LLP**

By: _____
     Michael P. Lehmann
     mplehmann@furth.com
     Thomas P. Dove
     tdove@furth.com
     Alex C. Turan
     aturan@furth.com
     225 Bush Street, 15th Floor
     San Francisco, CA  94104
     Attorneys for Co-Lead and Interim Counsel
     for Plaintiffs

**HAGENS BERMAN SOBOL SHAPIRO, LLP**

By: _____
     Steve W. Berman
     steve@hbsslaw.com
     Anthony Shapiro
     tony@hbsslaw.com
     Craig R. Spiegel
     craig@hbsslaw.com
     1301 Fifth Avenue
     Suite 2900
     Seattle, WA  98101
     Attorneys for Co-Lead and Interim Counsel
     for Plaintiffs

**SAVERI & SAVERI, INC.**

By: _____
     Guido Saveri
     guido@saveri.com
     R.Alexander Saveri
     rick@saveri.com
     111 Pine Street, Suite 1700
     San Francisco, CA  94111
     Attorneys for Co-Lead and Interim Counsel
     for Plaintiffs

26

Dated: _____          **ALEXANDER HAWES & AUDET, LLP**

By: _____

Michael McShane
152 North 3rd Street
Suite 600
San Jose, CA  95112
(408) 289-1776

IT IS SO ORDERED THIS _____ day of _____, 2006.

_____
United States District Judge

27

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | Civil Action No. 05-441-JJF |
| Plaintiffs, | |
| vs. | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | |
| Defendants. | |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No.1717-JJF |

| | |
|---|---|
| PHIL PAUL, on behalf of himself and all other similarly situated, | Civil Action No. 05-485-JJF |
| Plaintiffs, | |
| vs. | CONSOLIDATED ACTION |
| INTEL CORPORATION, | |
| Defendant. | |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 1550(b)) | J.C.C.P. No. 4443 |
| INTEL X86 MICROPROCESSOR CASES | |

RLF1-3019920-1

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, am a _____(employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1.    I have read the Protective Order entered in the action captioned above, understand the terms thereof, and agree to be bound by such terms;

2.    I will make only such copies or notes as are required to enable me to render assistance in connection with the matters for which I am engaged;

3.    I will not disclose Confidential Discovery Materials to any person not expressly entitled to receive it under the terms of the Protective Order;

4.    I will not use Confidential Discovery Materials for any purpose other than that authorized by the Protective Order; and

5.    I agree to submit to the jurisdiction of the United States District Court for the District of Delaware/Superior Court of the State of California, County of Santa Clara, for the sole purpose of having the terms of the Protective Order enforced.

Dated: _____

Signature:_____

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | Civil Action No. 05-441-JJF |
| Plaintiffs, | |
| vs. | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | |
| Defendants. | |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No.05-1717-JJF |

**JAPAN COUNSEL AND JAPAN EXPERT/CONSULTANT
ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, _____, am a _____(employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1.     I have read the Protective Order entered in the action captioned above by the United States District Court for the District of Delaware, understand the terms thereof, and agree to be bound by such terms;

2.     I will make only such copies or notes as are required to enable me to render assistance in connection with the matters for which I am engaged;

3.     I will not disclose Confidential Discovery Material to any person not expressly entitled to receive it under the terms of the Protective Order;

4.     I will not use Confidential Discovery Material for any purpose other than that authorized by the Protective Order; and

5.     I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the sole purpose of having the terms of the Protective Order enforced.

Dated: _____

Signature:_____