**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION, | ) ) ) | MDL No. 05-1717-JJF |
| This document relates to: | ) ) ) | |
| MARVIN D. CHANCE, JR. , on behalf of himself and all others similarly situated, | ) ) ) | C. A. No. 06-265-JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| INTEL CORPORATION, *et al.,* | ) ) | |
| Defendants. | ) | |

**DEFENDANT INTEL CORPORATION'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO RECONSIDER**

Defendant Intel Corporation ("Intel") respectfully submits its opposition to plaintiff Marvin D. Chance, Jr.'s ("Chance") motion that the Court reconsider its May 22, 2006 Opinion denying Chance's Motion to Remand.[1]  Chance's motion is a thinly veiled attempt to relitigate arguments that the Court has already considered and rejected. Chance does not, and cannot, meet the narrow circumstances under which the Third Circuit holds reconsideration may be appropriate.  He simply asks the Court to "rethink a decision already made."  *Awala v. Anderson*, C. A. No. 05-917-KAJ, 2006 WL 694768, at *1 (D. Del. Mar. 16, 2006) (Ex. A hereto).

---

[1]   Defendant Intel Kabushiki Kaisha ("IJKK") has not been properly served and thus is not subject to the personal jurisdiction of this Court.  IJKK was not a party to the original removal and, therefore, this filing reflects solely the position of Intel.

## I.    PRELIMINARY STATEMENT

Chance commenced this action in Kansas state court on behalf of all persons or entities in eighteen Kansas counties ("Class Counties") that bought a computer or other device containing an Intel microprocessor in the past four years, alleging that Intel violated the Kansas Antitrust Act, KAN. CODE ANN. § 50-101, *et seq*., in a manner that (in some unspecified way) raised the price paid for every one of those devices.  (First Amended Petition ("Petition") ¶¶ 32, 39-42).  Chance seeks "full consideration" damages under the Kansas Antitrust Act as well as the costs of suit, including reasonable attorney's fees.  (*See id.*, Prayer for Relief ¶¶ 3 & 5).

Intel timely removed the *Chance* action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA") because it is a class action in which the class population exceeds 100 members, diversity exists between at least one plaintiff (Mr. Chance, a Kansas resident) and Intel, and the alleged claims facially involve an aggregate amount in controversy, including the requested statutory attorney's fees, greater than $5,000,000.  28 U.S.C. §§ 1332(d)(2), 1332(5)(b).  In support of its removal petition, Intel presented a conservative,[2] fact-based estimate of the amount in controversy, based on U.S. Census data and other publicly available business records.  Intel estimated that

---

[2]    As Intel has repeatedly noted, this estimate of the amount in controversy understates the actual amount in controversy because it (1) does not include computers purchased by businesses (even though such businesses are included within the class that Chance seeks to represent), (2) relies solely on the sales price for desktop computers, even though notebook computers have historically been priced higher, and (3) includes no attorney's fees, even though such fees can be included in the aggregate value under CAFA.  (*See* D.I. 35 ("Remand Opposition"), Ex. A ¶ 11).

the amount put in controversy by Chance's claim was nearly four times the $5,000,000

threshold required under CAFA.  (*See* D.I. 35 ("Remand Opposition"), Ex. A ¶ 11).

    Chance filed a Motion to Remand limited to the issue of whether his case meets

CAFA's $5,000,000 amount in controversy requirement.  Specifically, Chance:  (1)

argued that Intel's estimate contained a "fatal flaw" because it assumed that the Class

Counties are homogenous with the entire state population; (2) criticized Intel's reliance

on his own allegations about Intel's market share; and (3) faulted Intel for relying on the

purchase price of PCs, instead of the cost of the Intel microprocessors, notwithstanding

Chance's explicit Prayer for Relief.  (D.I. 33 ("Remand Motion") at 11).  Nowhere in his

Remand Motion (or in any other pleading) did Chance ever present an affirmative, fact-

based estimate to support his position on the amount in controversy.

    On May 22, 2006, the Court properly denied Chance's request for remand,

crediting Intel's evidence that Chance's claim satisfied CAFA's jurisdictional

requirements and finding that Chance did not prove  the contrary to a "legal certainty."

(05-1717, D.I. 100 ("Op.") at 4).

## II.     PLAINTIFF FAILS TO SATISFY THE THIRD CIRCUIT'S STRICT STANDARD FOR MOTIONS FOR RECONSIDERATION

    The purpose of a motion for reconsideration is to "correct manifest errors of law

or fact or to present newly discovered evidence."  *Max's Seafood Café by Lou-Ann, Inc.

v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted).  To succeed on a

reconsideration motion, the moving party must show that at least one of the following

criteria applies: (1) a change in the controlling law; (2) availability of new evidence not

available when the Court made its decision; or (3) need to correct a clear error of law or

fact or to prevent manifest injustice.  *Id*.  As this Court recently held, motions for

reconsideration "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *Corning Inc. v. SRU Biosystems*, 2006 U.S. Dist LEXIS 1896, at *3 (D. Del. Jan. 20, 2006) (Farnan, J.) (Ex. B hereto). Chance fails to meet this rigorous standard.

First, Chance misinterprets the Court's statement in its May 22, 2006 Opinion that "Plaintiffs have criticized Defendants' calculations, but have not offered their own evidence, calculations, or estimates of the amount in controversy." (Op. at 4). Chance suggests that the Court committed a "clear error" because Chance did not just "criticize" Intel's methodology for estimating the amount in controversy, but "directly disputed with evidence" Intel's estimate. (*See* 05-1717, D.I. 128 ("Reconsideration Brief") at 1). But Chance's "evidence" does not affirmatively quantify an estimate of the amount in controversy. Rather that "evidence" was used solely in an effort to undermine Intel's estimate. (*See* Remand Motion at 10-12). As the Court held, "once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." (Op. at 4). Thus, the Court has already held that this "evidence" did not meet that standard.

The remainder of Chance's Motion is a similar rehash of his original arguments. For example, Chance argues that the Court erred because "Defendant presented no evidence about the overpriced 'Intel inside' of computers, but only about the value of computers themselves." (Reconsideration Brief 1-2). This exact argument is found on page 12 of Chance's Remand Motion, and it still fails on its merits – as the Court's Opinion implicitly recognizes – because a plain reading of the Plaintiff's Petition shows that Chance seeks the "full consideration" each class member paid for the product they

actually purchased – a PC containing an Intel microprocessor – which was the exact measure that Intel used in its estimate.  Chance also reasserts that the Court erred by accepting Intel's efforts to allocate the total computer sales in Kansas to the Class Counties.  (Reconsideration Brief at 2).  Again, Chance made this exact argument previously (Remand Motion at 10-11), and the Court has considered and rejected it, finding that "Defendants' evidence and calculations [are] sufficient to carry their burden to set out the amount in controversy."  (Op. at 4).[3]

---

[3]    Chance has not responded to the Intel's arguments that (1) the demographics that he claims makes the Class Counties "different" were self-selected, and ignored characteristics in those counties that would suggest above average computer purchases and (2) even crediting these self-selected demographic differences in full is not sufficient to reduce the amount in controversy below the CAFA jurisdictional threshold.  (*See* Remand Opposition at 11-12).

**III.     CONCLUSION**

Chance's Motion offers no newly discovered evidence, nor does it show that the Court committed a "clear error."  Rather, Chance simply faults the Court for its ruling – exactly the sort of reargument that is inappropriate in a Motion to Reconsider.  Thus, the Court should deny the Motion.

Respectfully Submitted,


OF COUNSEL:                                    POTTER, ANDERSON & CORROON LLP

David M. Balabanian
Christopher B. Hockett                         By:   _/s/ Richard L. Horwitz_____
Nora C. Cregan                                       Richard A. Horwitz (#2246)
BINGHAM McCUTCHEN LLP                                 W. Harding Drane, Jr. (#1623)
Three Embarcadero Center                              Hercules Plaza, 6th Floor
San Francisco, CA  94111-4067                         1313 North Market Street
Telephone:  (415) 393-2000                            Wilmington, DE 19801
Facsimile:  (415) 393-2286                            Telephone: (302) 984-6000
                                                      Facsimile:  (302) 658-1192
                                                      rhorwitz@potteranderson.com
Richard A. Ripley                                     wdrane@potteranderson.com
Gregory F. Wells
BINGHAM McCUTCHEN LLP                           Attorneys for Defendant
2020 K Street, N.W.                            INTEL CORPORATION
Washington, DC  20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001


Dated:  June 13, 2006

736313

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, Richard L. Horwitz, hereby certify that on June 13, 2006, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

James L. Holzman (#663)
J. Clayton Athey (#4378)
Eric M. Andersen (#4376)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on June 13, 2006, I have Electronically Mailed the documents

to the following non-registered participants in the manner indicated:

| | |
|---|---|
| Rex A. Sharp | Michael D. Hausfeld |
| Barbara C. Frankland | Daniel A. Small |
| Gunderson, Sharp & Walke, L.L.P. | Brent W. Landau |
| 4121 W. 83rd Street, Suite 256 | Allyson B. Baker |
| Prairie Village, KS 66208 | COHEN, MILSTEIN, HAUSFELD |
| rsharp@midwest-law.com | & TOLL , P.L.L.C. |
| bfrankland@midwest-law.com | 1100 New York Avenue, N.W. |
| | Suite 500, West Tower |
| | Washington, D.C.  20005 |
| | mhausfeld@cmht.com |
| | dsmall@cmht.com |
| | blandau@cmht.com |
| | abaker@cmht.com |

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

By:  /s/ *Richard L. Horwitz*
         Richard L. Horwitz (#2246)
         W. Harding Drane, Jr. (#1023)
         POTTER ANDERSON & CORROON LLP
         Hercules Plaza, 6th Floor
         1313 N. Market Street
         P.O. Box 951
         Wilmington, DE 19899-0951
         (302) 984-6000
         rhorwitz@potteranderson.com
         wdrane@potteranderson.com

728761