# EXHIBIT A

Westlaw.

Slip Copy
Slip Copy, 2006 WL 694768 (D.Del.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gbeke Michael AWALA, Plaintiff,
v.
U.S. Marshal ANDERSON, et al., Defendants.
**No. Civ. 05-917-KAJ.**

March 16, 2006.

Gbeke Awala, Philadelphia, PA, pro se.

*MEMORANDUM ORDER*
JORDAN, J.

### I. INTRODUCTION

*1 Plaintiff Gbeke Michael Awala ("Awala"), is a *pro se* litigant who is currently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania. At the time he filed his complaint (D.I.1), Awala was incarcerated at the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed this action pursuant to 42 U.S.C. § 1983 and was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 because in the past he has filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. (D.I.2.) On January 20, 2006, he was ordered to pay the $250 filing fee within thirty days or the complaint would be dismissed. *Id.* Rather than pay the filing fee, Awala moves for reconsideration of the "three strikes" order and also moves for summary judgment. (D.I.3, 4.)

### II. STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for Awala to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F.Supp. at 1241 (D.Del.1990) (citations omitted); *See also* D. Del. LR 7.1.5.

### III. DISCUSSION

Awala brings an excessive force claim against the defendants. The alleged excessive force occurred on December 22, 2005, when Awala was transported from the Salem County Correctional Facility in Woodstown, New Jersey to the U.S. District Court in Wilmington, Delaware. Awala is now housed at the Federal Detention Center in Philadelphia, Pennsylvania. Awala argues that he should be permitted to proceed *in forma pauperis* because he is in "imminent danger of serious physical injury." He argues that according to medical records he "received treatment on numerous parts of his human body, whether visible or invisible, medication where prescribed for treatment, and those medication cannot be recommended if there was no imminent need for treatment upon which the plaintiffs health was in danger." (D.I.3, para.(b).) Awala argues that the foregoing creates an exception to the "three strikes" rule, and as a result he should be allowed to proceed *in forma pauperis.*

*2 A plaintiff may not file another civil action *in forma* pauperis while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir.2001). This means that "imminent danger" is measured at the time the complaint is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                           Page 2
Slip Copy, 2006 WL 694768 (D.Del.)
**(Cite as: Slip Copy)**

filed, not at the time of the alleged incident. *Abdul-Akbar v. McKelvie,* 239 F.3d at 311.

Awala does not argue there was an intervening change in the controlling law or the availability of new evidence that was not available when I issued my order. Rather, he appears to argue there is a need to correct a clear error of law or fact. The alleged excessive force occurred on December 22, 2005, when Awala was being transferred from one facility to another and then returned to the Salem County Correctional Facility in Woodstown, New Jersey. Awala filed his complaint on December 23, 2005. The allegations in the complaint do not indicate that Awala was in "imminent danger" at the time he filed the complaint. Indeed, the alleged "imminent danger" occurred during the December 22, 2005, transport, not on December 23, 2005, when the complaint was filed.

Awala simply does not agree with the order I entered on January 20, 2006. The law has not changed and there is no new evidence. Most important, after reviewing the complaint and Awala's pending motion, I find there is no need to correct a clear error of law or fact or to prevent manifest injustice. Indeed, I took great care to review the allegations in the complaint. Awala has not demonstrated any of the grounds necessary to warrant reconsideration, and therefore, his motion will be denied.

IV. MOTION FOR SUMMARY JUDGMENT

Awala also filed a motion for summary judgment. (D.I.4.) The motion is frivolous and does not merit comment or consideration by the Court. Therefore, I will deny the motion.

V. CONCLUSION

IT IS HEREBY ORDERED that:

1. The motion for reconsideration (D.I.3) is DENIED.

2. The motion for summary judgment (D.I.4) is DENIED.

3. Awala is given an additional thirty (30) days from the date of this order to pay the $250.00 filing fee. If he does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

D.Del.,2006.
Awala v. Anderson
Slip Copy, 2006 WL 694768 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:05cv00917 (Docket) (Dec. 28, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

LEXSEE 2006 US DIST. LEXIS 1896

CORNING INCORPORATED, et al., Plaintiffs, v. SRU BIOSYSTEMS, et al., Defendants.

Civil Action No. 03-633-JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2006 U.S. Dist. LEXIS 1896*

**January 20, 2006, Decided**

**SUBSEQUENT HISTORY:** Findings of fact/conclusions of law at *Corning Inc. v. SRU Biosystems, 2006 U.S. Dist. LEXIS 9197 (D. Del., Mar. 7, 2006)*

**PRIOR HISTORY:** *Corning Inc. v. SRU Biosystems, 400 F. Supp. 2d 653, 2005 U.S. Dist. LEXIS 27752 (D. Del., 2005)*

**COUNSEL:** [*1] Richard L. Horwitz, Esquire, and David E. Moore, Esquire, of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware. Of Counsel: Larry L. Shatzer, Esquire, Andrew E. Rawlins, Esquire, Kenneth E. Krosin, Esquire, and George C. Best, Esquire, of FOLEY & LARDNER, Washington, D.C. Attorneys for Plaintiffs.

Steven J. Balick, Esquire, and John G. Day, Esquire, of ASHBY & GEDDES, Wilmington, Delaware. Of Counsel: John J. McDonnell, Esquire, Daniel A. Boehnen, Esquire, Matthew J. Sampson, Esquire, Richard A. Machonkin, Esquire, Patrick G. Gattari, Esquire, of McDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois. Attorneys for Defendants.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** JOSEPH J. FARNAN, JR.

**OPINION:**

### MEMORANDUM OPINION

**Farnan, District Judge.**

Pending before the Court is a Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I. 299) filed by Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC (collectively, "SRU"). Corning Incorporated and Artificial Sensing Instruments ASI AG (collectively, "Corning") have filed an Opposition to SRU's request. For the reasons discussed, the [*2] Court will deny SRU's Request For Reconsideration.

### I. THE PARTIES' CONTENTIONS

By its Motion, SRU requests the Court to reconsider its November 15, 2005 decision on three grounds. Specifically, SRU contends that (1) the Court overlooked testimony of Corning's own witness in concluding that the *'843 patent* was not invalid for lack of written description; (2) the Court erroneously excluded the *'248 patent* which SRU maintains is relevant to this action; and (3) the Court should consider whether the *'843 patent* is invalid as indefinite as a result of an intervening development in the law, i.e. the Federal Circuit's recent decision in *IPXL Holdings, L.L.C v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005)*.

In response, Corning contends that the Court should deny reargument, because SRU restates arguments that have already been made by SRU in its prior submissions and rejected by the Court. Corning also contends SRU's request to reconsider the Court's exclusion of the *'248 patent* is untimely. As for the Federal Circuit's recent decision in IPXL, Corning contends that SRU waived any argument related to indefiniteness by failing to raise an indefinite argument [*3] at any point prior to the instant Request For Reconsideration.

### II. STANDARD OF REVIEW

A motion for reconsideration under Delaware Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered ordered is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to *Federal Rule of Civil Procedure 59(e)*. n1 *In re DaimlerChrysler AG Securities Litigation, 200 F. Supp. 2d 439, 441 (D. Del. 2002)* (citations

omitted). The purpose of a motion for reconsideration filed pursuant to *Rule 59(e)* is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)*. Motions for reargument or reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991)*; *Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)*. Thus, a court may only grant reconsideration if there [*4] is: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood, 176 F.3d at 677*. With this standard in mind, the Court will address SRU's Request For Reconsideration.

n1 Because SRU's motion is made under Del. L.R. 7.1.5, Corning couches its discussion of the standard of review solely in terms of that which is required for reargument. Reargument, like reconsideration, is granted sparingly, but the grounds justifying reargument differ slightly from that which is required for reconsideration. Specifically, reargument is only appropriate where: (1) the court has patently misunderstood a party, (2) the court has made an error not of reasoning, but of apprehension, and (3) the court has made a decision outside the scope of the issues presented to the court by the parties.

Though brought under Del. L.R. 7.1.5, the Court believes SRU is seeking reconsideration as evidenced both by the relief it requests and its use of the term "reconsideration" throughout its briefing. However, under either the standard for reargument or the standard for reconsideration, the Court concludes that SRU is not entitled to relief.

[*5]

## III. DISCUSSION

A. Whether SRU Is Entitled To Reconsideration Of The Court's Decision To Exclude The '248 Patent

SRU requests the Court to reconsider its decision excluding from evidence the *'248 patent*. SRU contends that the *'248 patent* is a continuation of the *'843 patent*, and thus, relevant to demonstrate that the *'843 patent* fails to satisfy the written description requirement.

SRU raised these arguments previously, and they have already been considered by the Court. In addition, the Court's decision excluding the *'248 patent* from evidence was issued on September 27, 2005, with a Memorandum Opinion explaining the Court's decision on October 5, 2005. Thus, SRU was required to raise any motion to reconsider or reargue that decision by October 20, 2005, at the latest. Accordingly, the Court declines to grant reconsideration of its decision to exclude the *'248 patent*.

B. Whether SRU Is Entitled To Reconsideration Of The Court's Decision That SRU Failed To Establish Invalidity Of The '843 Patent Based On Lack Of Written Description

SRU also requests reconsideration of the Court's decision regarding the invalidity of the *'843 patent* based on the lack of written [*6] description. SRU contends that one of ordinary skill in the art would know that the evanescent field can actually extend into the sample more than one wavelength. SRU contends that the testimony of Corning's Dr. Pollock supports its position, and therefore, the Court erred in concluding that the specification teaches that the evanescent wave penetrates less than one wavelength into the sample and that the chemo-responsive layer within the evanescent field must therefore be less than one wavelength thick.

SRU's arguments concerning the written description requirement have already been raised in its previous briefing and considered by the Court. SRU has not demonstrated that reconsideration of these arguments is warranted.

In a letter requesting oral argument on its request for reconsideration, SRU contends that Corning has changed its position regarding what the *'843 patent* discloses. Specifically, SRU contends that Corning has "now admitted that the *'843 patent* discloses that 'the thickness of the chemo-responsive layer can be more than the evanescent filed.'" (D.I. 312) (citing D.I. 306 at 9). However, it appears to the Court that Corning has always recognized that the *'843 patent* [*7] describes other sensors, such as sensors that work on absorption principles, and that in those types of sensors the thickness of the chemo-responsive layer can be more than the thickness of the evanescent field. D.I. 279 at 25-26; D.I. 275 at PFF 436. However, Corning has also argued that in sensors using adsorption principles, the chemo-responsive layer must be less than the evanescent field, and the Court's discussion of this issue is in the context of an adsorption layer. As such, the Court is not persuaded that it overlooked SRU's arguments or the testimony of Dr. Pollock as it pertains to this issue, and therefore, the Court is not persuaded that reconsideration of the Court's written description decision is warranted.

C. Whether SRU Is Entitled To Reconsideration In Light Of The Federal Circuit's Decision In IPXL Holdings, L.L.C. Relating To Indefiniteness

SRU also contends that reconsideration is appropriate so that the Court can consider whether the *'843 patent* is invalid for indefiniteness in light of the Federal Circuit's recent decision in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). In IPXL, the Federal Circuit concluded [*8] that an invention is invalid for indefiniteness if it is a combination of two statutory classes of the invention. However, SRU did not raise an indefiniteness defense in response to Corning's Interrogatories requesting SRU's defenses, in the Joint Proposed Pretrial Order, at trial or in any of its original post-trial submissions. Although SRU contends that the IPXL decision was reached by the Federal Circuit as a matter of first impression, the Court notes that this type of indefiniteness argument was available to SRU well before the trial in this case, despite the lack of available Federal Circuit precedent on point. Specifically, the U.S. Patent & Trademark Office concluded in a published decision fifteen years ago that a patent claim is invalid if it is a combination of two statutory classes of invention. See *Ex parte Lyell*, 17 U.S.P.Q.2d 1548, 1552 (Bd. Pat. App. & Inter. 1990). Further, the United States District Court for the Eastern District of Virginia reached the same conclusion in the IPXL case more than a year ago and before the trial in this case. In addition, SRU has not offered any reasons for its failure to pursue this argument earlier. Accordingly, [*9] the Court concludes that SRU's argument related to indefiniteness has been waived, and therefore, it is not the proper subject of a motion for reargument. See e.g., *Davis v. Mountaire Farms. Inc.*, 2005 U.S. Dist. LEXIS 15375, 2005 WL 180054, *1 (D. Del. Jul. 29, 2005) (declining to address newly raised argument and recognizing that such an argument is "not properly the subject of a motion for reargument").

**CONCLUSION**

For the reasons discussed, the Court will deny SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order.

An appropriate Order will be entered.

**ORDER**

At Wilmington, this 20 day of January 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that SRU's Request For Reconsideration Of November 15, 2005 Memorandum Opinion And Order (D.I. 299) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE