IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTEL CORP. MICROPROCESSOR | ) | MDL Docket No. 05-1717-JJF |
| ANTITRUST LITIGATION | ) | |
| | ) | |
| PHIL PAUL, on behalf of himself | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-485-JJF |
| | ) | |
| v. | ) | CONSOLIDATED ACTION |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CHANCE'S OPENING BRIEF**
**IN SUPPORT OF MOTION TO RECONSIDER**

Plaintiff realizes that a reconsideration motion is rarely successful. However, it is important here because the Court indicated that it did not have to reach the central issues in the case--who has the burden to prove subject matter jurisdiction or how heavy that burden of proof is--because Defendant submitted evidence of jurisdiction, and Plaintiff did not. Perhaps, the Court did not have the entire file in the Chance case; but, in fact, Plaintiff did not just "criticize" the methodology of class-wide damage calculation by Defendant, but directly disputed with evidence the amount of damages.[1] In particular, Defendant presented no evidence about the overpriced "Intel inside" of computers, but only about the value of *computers* themselves – which are not at issue in this case so that

---

[1] Notably, the Wiles case was decided with the Chance case, and, unlike in Chance, it does not appear that any evidence or Affidavit was offered in Wiles.

1

the amount of *computers* purchased is irrelevant. In other words, Defendants presented *no* evidence about the amount in controversy *in this case about the price of Intel chips.*[2]

As for the disputed facts, Plaintiff used the identical method and evidence as Defendants and submitted an affidavit from counsel, the same as Defendants (if such can be considered evidence), that the *state-wide* usage rate used by Defendants to calculate its class-wide damages was wrong, and that Plaintiff's evidence in that regard was correct. *See,* Civ. Action No. 06-265, D.I. 33, *Motion to Remand And Brief In Support,* at p. 11, and Attachment #1 *Affidavit of Rex Sharp.* The federal district court in Kansas would know precisely the demographic differences throughout the State of Kansas, but since this case has been transferred to this Court, it must rely on the evidence presented by Plaintiff (and coincidently by Defendants) that shows this demographic difference in the relevant counties. Defendants' evidence was based on *state-wide averages* as evidence for the Southwest Kansas counties and the *evidence* presented by Plaintiff showed those averages did not apply to the specific Southwest Kansas counties at issue. Therefore, the evidence of usage relied on by Defendant is not only disputed by the evidence of Plaintiff, but is proven incorrect.

Because the Court overlooked the evidence of Plaintiffs, the Court is urged to reconsider its remand denial with respect to the <u>Chance v. Intel, Civil Action No. 06-265-JJF</u> case.

---

[2] The Court is correct that Plaintiff, which has not had the opportunity to conduct discovery and does not have the available information like Defendant about the prices of its Intel chips, has also presented no evidence, only allegations, about "Intel inside" value, but it is not Plaintiff's burden.

2

Respectfully Submitted,

\s\ Rex A. Sharp
Rex A. Sharp #12350
Barbara C. Frankland #14198
Gunderson, Sharp & Walke, L.L.P.
4121 W. 83rd St., Ste. 256
Prairie Village, KS 66208
913-901-0500
913-901-0419 Fax
rsharp@midwest-law.com
bfrankland@midwest-law.com

**Certificate of Service**

    I, Rex Sharp, do hereby certify that on the 5th day of June, 2006, I served a true and correct copy of the above and foregoing through the Notice of Electronic Filing for parties and counsel who are Filing Users:

| | |
|---|---|
| Tim J. Moore<br>Robert W. Coykendall<br>MORRIS LAING<br>Old Town Square<br>300 North Mead, Suite 200<br>Wichita, Kansas 67202 | Courtesy Copy by mail to:<br><br>Peter T. Dalleo<br>Clerk of the Court<br>USDC for the District of Delaware<br>J. Caleb Boggs Federal Building<br>844 North King Street |
| David M. Balabanian<br>Christopher B. Hockett<br>Joy K. Fuyuno<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067 | Lockbox 18<br>Wilmington, DE 19801 |

Richard A. Ripley
Gregory F. Wells
BINGHAM McCUTCHEN LLP
120 20TH Street, NW, Suite 800
Washington, DC 20036

Attorneys for Defendants

                                                \s\ Rex Sharp