**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTEL CORP. MICROPROCESSOR ) | MDL Docket No. 05-1717-JJF |
| ANTITRUST LITIGATION ) | |
| ) | |
| PHIL PAUL, on behalf of himself ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 05-485-JJF |
| ) | |
| v. ) | CONSOLIDATED ACTION |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF CHANCE'S REPLY BRIEF
IN SUPPORT OF MOTION TO RECONSIDER**

Plaintiff's Motion is a proper motion for reconsideration. First, Defendant tries to suggest the Plaintiff is merely rehashing its previous argument. To the contrary, Plaintiff Chance makes clear that it presented <u>evidence</u>, which this Court apparently overlooked in considering two motions for remand together, when the other one remand motion in the <u>Wiles</u> case did not present evidence. Second, even if the Motion to Reconsider did not fit squarely within the reconsideration criteria set forth by the Third Circuit, the Court could consider the Motion anyway as it goes to subject matter jurisdiction which can never be waived and can be raised at any time by any party, or even the Court on its own Motion.

Defendant Intel stated in its Opposition to Motion to Reconsider, p. 2, that it presented a "fact-based estimate of the amount in controversy, based on U.S. Census data and other publicly available business records." Plaintiff Chance did the same, presenting

1

its own "fact-based estimate of the amount in controversy, based on the *same* U.S. Census data".  If the Court considers, as it stated, that Defendant submitted *evidence*, then Plaintiff did too.  The Court must weigh and determine which evidence is more compelling.

The Competing Evidence Before the Court on the Amount in Controversy:

Attached is a chart showing what evidence was submitted by both parties.  Although there are some mathematical errors and some over estimation due to the demographics that Intel did not know existed in Southwest Kansas, the critical evidence (if it is that) is the last multiplier based on an "assumption" made by Defendants.  "Assuming, only for purposes of estimating the amount in controversy, that the alleged class was entitled to recover that measure of damages, then the aggregate value of Plaintiff's claim exceeds $5 million if the average price paid for the estimated 41,847 computers in question was greater than $120."  Wells Aff. Paragraph, 10.[1]  With this "assumption"—not evidence, Wells then reaches the $5 million threshold by using the final multiplier as the entire cost of the computer.  But no fact suggests that is proper, and no law does either.

The "facts" are that Plaintiff alleges antitrust monopoly conduct illegally and artificially raising the price of Intel Microprocessors—not computers which Intel does not manufacturer. Many consumers are *direct* purchaser of computers, and the case by definition is for *indirect* purchasers of the Intel Microprocessor inside the computer.

---

[1] Intel knows the average value of its Microprocessors during the Class Period, but it must not exceed the $120 threshold amount or Intel would not have gone off on the wild tangent about the average price of computers.  If Intel had the burden to prove jurisdiction, it failed by stonewalling the average price of its microprocessors.

2

If jurisdiction was based on Plaintiff's allegations, not on facts, then Plaintiff's allegations that the Class-wide damages would not exceed $5 million should end the inquiry. Second, if there was any doubt, Plaintiff ended that doubt when Plaintiff's Counsel verified in an Affidavit that Plaintiff and the putative Class only sought recovery for the full consideration value of the monopoly product—the Intel Microprocessor only, not for the computer.  Sharp Aff. Paragraph 9.  Finally, if there still is some doubt, the doubts must be resolved in favor or remand.

Next, Intel understandably does not ask, and the Court does not find, that K.S.A. 50-115 even permits recovery of the entire product price into which a price fixed or monopoly overpriced component has been incorporated.  The undersigned has been counsel in most of the Kansas antitrust class actions, and none of them have permitted that. Not surprisingly, Intel cites no cases for its strained logic, and does not even suggest how the statute could be read that way.

K.S.A. 50-115 provides that the antitrust damages are for the "full consideration or sum paid" but only for the product "controlled in price" by defendant.  Plaintiff alleged that Intel controlled the price (unfairly) of microprocessors, not of computers.

If this Court finds—for the first time--*as a matter of law* that Plaintiff is entitled to recover the entire value of the computer into which the monopoly over-priced Intel chip is incorporated, then, and only then, would Intel's damage estimate in excess of $5 million be possible.  Intel knows it has no facts and has no law to support its bizarre theory that the value of entire computers should be used to calculate class-wide damages, but Intel also knows this it the critical issue so it claims the Court "implicitly" decided the issue:  "[T]he Court's Opinion implicitly recognizes--because a plain reading of

Plaintiff's Petition shows that Chance seeks the "full consideration" each class member paid for the product they actually purchased--a PC containing an Intel microprocessor--which was the exact measure that Intel used in its estimate." Defendant's Opposition to Motion to Reconsider, pp. 4-5. The MDL, Plaintiff's Petition, and all litigation involving this case make clear that what is in dispute is overpricing of the Intel microprocessor chip, not computers or other products into which those chips are incorporated. Intel's removal is not based on facts proven or law, only fiction.

    The Court should reconsider the <u>evidence</u>, determine whose burden of proof it is to prove or disprove subject matter jurisdiction, determine in weighing the evidence whether that burden of proof has been met, and make any *express* findings of law necessary to reach that conclusion. The case should be remanded.

<div style="margin-left:50%">

Respectfully Submitted,

\s\ Rex A. Sharp_____
Rex A. Sharp #12350
Barbara C. Frankland #14198
Gunderson, Sharp & Walke, L.L.P.
4121 W. 83rd St., Ste. 256
Prairie Village, KS 66208
913-901-0500
913-901-0419 Fax
rsharp@midwest-law.com
bfrankland@midwest-law.com

</div>

4

## Certificate of Service

I, Rex Sharp, do hereby certify that on the 20th day of June, 2006, I served a true and correct copy of the above and foregoing through the Notice of Electronic Filing for parties and counsel who are Filing Users:

| | |
|---|---|
| Tim J. Moore<br>Robert W. Coykendall<br>MORRIS LAING<br>Old Town Square<br>300 North Mead, Suite 200<br>Wichita, Kansas 67202 | Courtesy Copy by mail to:<br><br>Peter T. Dalleo<br>Clerk of the Court<br>USDC for the District of Delaware<br>J. Caleb Boggs Federal Building<br>844 North King Street |
| David M. Balabanian<br>Christopher B. Hockett<br>Joy K. Fuyuno<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067 | Lockbox 18<br>Wilmington, DE 19801 |
| Richard A. Ripley<br>Gregory F. Wells<br>BINGHAM McCUTCHEN LLP<br>120 20TH Street, NW, Suite 800<br>Washington, DC 20036 | |

Attorneys for Defendants

\s\ Rex Sharp