IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | ) ) ) | MDL Docket No. 05-1717-JJF |
| ──────────────────────────── | ) | |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICE LTD,<br>a Delaware corporation,, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-441-JJF |
| v. | ) ) | |
| INTEL CORPORATION, a Delaware<br>corporation, and INTEL KABUSHIKI KAISHA,<br>a Japanese corporation, | ) ) ) ) | |
| Defendants. | ) ) | |
| ──────────────────────────── | ) ) | |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-485-JJF |
| v. | ) ) | CONSOLIDATED ACTION |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) | |

**STIPULATION AND PROPOSED ORDER ON PROCEDURES FOR THE HANDLING
OF DISCOVERY DISPUTES BEFORE SPECIAL MASTER**

WHEREAS, by ORDER dated April 27, 2006, Vincent Poppiti was appointed as

Special Master in Civil Action No. 05-441-JJF; and

WHEREAS, by ORDER dated May 11, 2006, Vincent Poppiti was appointed as

Special Master in MDL Docket No. 05-1717-JJF and Consolidated Civil Action No. 05-485-JJF;

and

WHEREAS, the Special Master was authorized to hear, resolve, and rule on all disputes regarding discovery and to establish procedures for handling such disputes; and

WHEREAS, it is in the interest of all parties to streamline the discovery process and to facilitate the efficient and expeditious resolution of discovery disputes;

NOW THEREFORE, this __ day of May, 2006, it is HEREBY ORDERED that the following procedures shall govern the handling of discovery disputes:

1.    Any party wishing to raise a discovery dispute shall serve a letter brief on the Special Master, on all parties, and on any third parties involved in the dispute. The moving party shall include in the subject matter line of its letter brief a DM number (*D*iscovery *M*atter number), which shall be assigned in sequential order (and supplied and/or verified, if necessary, by calling the office of the Special Master), and which responding parties shall also include on their submissions. The letter brief shall not exceed four (4) pages, single-spaced, unless the Special Master permits otherwise. Opposition letter briefs shall be served no later than five (5) days following service of the letter application and shall not exceed four (4) pages, single-spaced, unless the Special Master permits otherwise. Reply letter briefs shall be served no later than two (2) days following service of the opposition letter brief and shall not exceed two (2) pages, single-spaced, unless the Special Master permits otherwise. All letter briefs shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the basis for the party's position. These page limits do not apply to attachments or exhibits. To the extent practicable, counsel should attempt to minimize the submission of voluminous attachments and exhibits. All prior filings shall be referenced in the letter brief by their Docket Number, and insofar as practicable and necessary, each party shall attach to its briefs all referenced filings and copies of the key decisions relied upon (other than those already submitted to the Special Master in connection with that discovery dispute).

2.    Letter briefs shall be served on the Special Master by both (1) e-mail and (2) either by hand or overnight mail, at the discretion of the serving party. Any party communicating with the Special Master by e-mail shall copy opposing parties, and, where

2

applicable, relevant third parties. All papers served on the Special Master also shall be filed with the Court within two (2) days of service on the Special Master.

3.      Pursuant to L.R. 7.1.1, any party wishing to bring a discovery dispute before the Special Master must first meet and confer with counsel for the appropriate parties. Each party submitting a letter brief must certify pursuant to L.R. 7.1.1 in that letter brief that the relevant parties previously have conferred in good faith in an effort to resolve the dispute being put before the Special Master.

4.      All references to "days" in these procedures shall refer to business days. Where the last day of a briefing period falls on a Saturday, Sunday, or legal holiday, the period shall run until the next day that is not one of the aforementioned days. No additional days shall be added to the time periods prescribed in paragraph 1 as a result of service by overnight mail or e-mail, notwithstanding the provisions of Rule 6 of the Federal Rules of Civil Procedure regarding service by means other than hand delivery.

5.      At the sole discretion of the Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be (1) heard by telephone conference, (2) ruled upon without oral argument, or (3) heard at a specially scheduled In-Person Conference to be held in the J. Caleb Boggs Federal Building or at an alternate location approved by the Special Master. With the Special Master's permission, telephonic appearances shall be permitted for those counsel who cannot appear in person.

6.      If a party believes that circumstances require a discovery dispute to be resolved more quickly than contemplated under paragraph 1 of this agreement, a party may request expedited resolution of the issue in its initial letter brief. The Special Master may, at his discretion, shorten the time periods set forth in paragraph 1 in order to resolve a particular discovery dispute on an expedited basis.

7.      If a dispute arises during the course of a deposition, any party may contact the Special Master during or immediately after the deposition in order to seek his immediate intervention in or resolution of a dispute concerning matters covered by Federal Rules of Civil

3

Procedure 30(d) (3) and (4). Substantive disputes involving events at depositions shall be resolved on the papers, unless the parties otherwise agree with respect to a specific dispute.

8. In resolving the dispute, the Special Master shall enter an Order that sets forth his ruling and explains the reasons for it in sufficient detail for the Court to be able to evaluate and review the ruling. This Order may be delivered orally on the record before a court reporter. In appropriate cases, the Special Master may request the prevailing party to prepare a proposed Statement of Decision, describing the nature of the dispute, the Special Master's decision and the basis for it, which the prevailing party shall circulate to all parties to the dispute for their approval as to form. The Proposed Statement of Decision, and any objections to its form, shall be filed not later than two days following the request, unless the Special Master permits otherwise. Any action on the Special Master's Order shall be adopted without further action from the Court, unless a Party files objections or moves to modify under Federal Rule of Civil Procedure 53.

9. At the request of any party to a discovery dispute before the Special Master, hearings shall be transcribed by a court reporter arranged for by that party, but the costs shall be borne equally by all parties ordering transcripts.

10. These procedures may be modified from time to time by order of the Special Master, as approved by the Court.

RLF1-3029059-1

| | | |
|---|---|---|
| Jesse A. Finkelstein (#1090)<br>finkelstein@rlf.com<br>Frederick L. Cottrell, III (#2555)<br>cottrell@rlf.com<br>Chad M. Shandler (#3796)<br>shandler@rlf.com<br>Steven J. Fineman (#4025)<br>fineman@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br><br>Chuck Diamond<br>Linda Smith<br>Mark Samuels<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br><br>*Counsel for Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd.* | Richard L. Horwitz (#2246)<br>rhorwitz@potteranderson.com<br>W. Harding Drane, Jr. (#1023)<br>wdrane@potteranderson.com<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br><br>Robert E. Cooper<br>Daniel S. Floyd<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>Peter E. Moll<br>Darren B. Bernhard<br>Howrey, LLP<br>1299 Pennsylvania Ave. N.W.<br>Washington, DC 20004<br><br>*Attorneys for Intel Corporation and Intel Kabushiki Kaisha* | James L. Holzman (#663)<br>jlholzman@prickett.com<br>J. Clayton Athey (#4378)<br>jcathey@prickettt.com<br>Prickett Jones & Elliott, PA<br>1310 King Street<br>P. O. Box 1328<br>Wilmington, DE  19899<br><br>*Interim Liaison Counsel and Attorneys for Phil Paul, on behalf of himself and all others similarly situated* |

SO APPROVED this _____ day of _____, 2006.



_____
Vincent J. Poppiti
Special Master

SO ORDERED this _____ day of _____, 2006



_____
Joseph J. Farnan, Jr.
United States District Court Judge