IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR | : MDL DOCKET NO. 05-1717-JJF |
| ANTITRUST LITIGATION | : |
| | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 05-485-JJF |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendant. | : |

Rex A. Sharp, Esquire and Barbara C. Frankland, Esquire of GUNDERSON, SHARP & WALKE, L.L.P., Prairie Village, Kansas.
Attorneys for Plaintiff Marvin D. Chance, Jr..

Richard A. Horwitz, Esquire and W. Harding Drane, Jr., Esquire of POTTER, ANDERSON & CORROON LLP, Wilmington, Delaware.
<u>Of Counsel</u>: David M. Balabanian, Esquire, Christopher B. Hockett Esquire, and Nora C. Cregan, Esquire of BINGHAM McCUTCHEN LLP, San Francisco, California and Richard A. Ripley, Esquire and Gregory F. Wells, Esquire of BINGHAM McCUTCHEN LLP, Washington, D.C..
Attorneys for Defendant.

<u>MEMORANDUM OPINION</u>

June 26, 2006
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Plaintiff Chance's Motion To Reconsider (D.I. 125). By his Motion, Plaintiff Marvin D. Chance requests the Court to reconsider its Order (D.I. 101) denying Plaintiff's Motion To Remand (C.A. No. 06-265-JJF, D.I. 33). For the reasons that follow, the Court will deny the Motion.

## BACKGROUND

Chance's action is one of a number of antitrust class action complaints against Defendant Intel Corporation ("Intel") that have been consolidated before this Court by the Judicial Panel on Multidistrict Litigation. Plaintiff initially filed the Motion to Remand in the United States District Court for the District of Kansas on November 2, 2005, after Intel filed a Notice of Removal. When the case was transferred to the District of Delaware, this Court entered an Order dated May 23, 2006, denying the Motion to Remand.

In the Memorandum Opinion (D.I. 100) accompanying its May 23, 2006 Order, the Court held that Intel had carried its burden of proving that federal jurisdiction exists regardless of whether the Class Action Fairness Act shifted to plaintiffs the burden of proving jurisdiction. (Id. at 3.) The Court relied on Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005), which held that "[o]nce the proponent of jurisdiction has set out the

1

amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." Id. at 448-49. The Court then concluded that the evidence proffered by Intel was sufficient to carry its burden of setting out the amount in controversy, and that the evidence and argument offered by Chance in response did not serve to establish to a legal certainty that the amount in controversy was less than the statutorily required $5,000,000. (D.I. 100 at 4.) The Court found that while Chance attempted to cast doubt on Intel's calculations, Chance did not offer his own quantification of the amount in controversy other than the assertion that it is below the statutory threshold. (Id.)

## DISCUSSION

### I. Standard of Law

Delaware Local Rule 7.1.5 permits a party to move for reconsideration of a Court's order or judgment. Such a motion is considered the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Ciena Corp. v. Corvis Corp., 352 F.Supp.2d 526, 527 (D. Del. 2005). The purpose of a Rule 59(e) motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). As such, the motion may be granted only if the Court is presented with:

2

(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

**II. Analysis**

Chance contends that the Court erred in two ways. First, he contends that the Court did not consider evidence he offered on the amount in controversy. Second, he contends that the Court erred in accepting Intel's estimate of the amount in controversy, which was based on the prices of personal computers rather than on the prices of x86 microprocessors.

With regard to his evidence, Chance states that the Court based its denial of the Motion To Remand on the fact that "Defendant submitted evidence of jurisdiction, and Plaintiff did not." (D.I. 126 at 1.) Chance misapprehends the Court's Memorandum Opinion. What the Court said, perhaps somewhat inartfully, was that Intel had "satisfactorily shown that the amount in controversy . . . exceeds the statutory threshold of $5,000,000," (D.I. 100 at 3-4), and that Chance's evidence was insufficient to establish to a legal certainty that it does not, as required to defeat federal jurisdiction. See Brill, 427 F.3d at 448-49 (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)). The Court fully considered Chance's evidence, but found it unpersuasive.

3

With regard to the proper basis for estimating the amount in controversy, Chance contends that the estimate should be based on the prices of x86 microprocessors rather than the prices of personal computers. In Chances' Complaint, the Prayer for Relief asks for "full consideration under K.S.A. 50-115 as the damages sustained by Plaintiff and the Class." (C.A. No. 06-265-JJF, D.I. 32, Att. 6 at 12.) The Prayer for Relief does not specify for what Chance seeks "full consideration" damages. The Kansas statute at issue provides in full:

> Except as provided in K.S.A. 12-205, and amendments thereto, any person injured or damaged by any such arrangement, contract, agreement, trust or combination, described in K.S.A. 50-112 and 50-113, and amendments thereto, may sue for and recover in any court of competent jurisdiction in this state, of any person, the full consideration or sum paid by such person for any goods, wares, merchandise and articles included in or advanced or controlled in price by such combination, or the full amount of money borrowed.

K.S.A. § 50-115. Intel logically interpreted the "full consideration" sought as applying to the prices of the personal computers purchased by class members during the relevant period and calculated its estimate of the amount in controversy accordingly. Chance questions whether "K.S.A. 50-115 even permits recovery of the entire product price into which a price fixed or monopoly overpriced component has been incorporated." (D.I. 147 at 3.) In <u>Four B Corp., et al., v. Daicel Chemical</u>

Industries, LTD., et al., the U.S. District Court for the District of Kansas, predicting how the Supreme Court of Kansas would rule, held that it does. 253 F.Supp.2d 1147, 1152 (D. Kan. 2003) (citing Bergstrom v. Noah, 974 P.2d 531, 556 (Kan. 1999)). Therefore, the Court concludes that it committed no error of law or fact in accepting Intel's estimate of the amount in controversy based on the prices of personal computers purchased by potential class members.

The Court notes that, even were it to accept Chance's argument that the amount in controversy should be based on the price of x86 microprocessors alone, it would still conclude that Chance has failed to demonstrate that the amount in controversy is less than $5,000,000. The parties agree that 930,768 personal computers were sold to households in Kansas during the class period and that 80% of them, or 744,614, contained Intel x86 microprocessors. Using Chance's figure that 5.52% of the total population of Kansas resides in the eighteen counties of the class area, the Court calculates that 41,103 computers containing Intel x86 microprocessors were sold to households in the class area during the class period.[1] Considering that Chance seeks

---

[1] The parties disagree on whether demographic differences between the class area and the rest of Kansas should significantly decrease this number. The Court concludes that they should not, especially considering that the estimate of the

full compensation and treble damages, (C.A. No. 06-265-JJF, D.I. 32, Att. 6 at 12), the Court concludes that in order for the amount in controversy to fall to $5,000,000 or below, the average price of an Intel x86 microprocessor would have to be less than $40.55. This is an implausibly low figure, and does not take into account the fact that Chance also seeks to recover attorneys fees, which can be included in the aggregate amount under the Class Action Fairness Act. 28 U.S.C. § 1332(d)(2).

## CONCLUSION

Because none of Chances's arguments bring to the Court's attention a change in the controlling law, the availability of new evidence, or a clear error of law or fact, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate order will be entered.

---

number of personal computers sold in Kansas is already artificially low because it does not include computers sold to businesses.