**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | ) ) ) ) ) ) | MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all<br>others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-485-JJF |
| v. | ) ) | CONSOLIDATED ACTION |
| INTEL CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF SUBPOENA**

TO:     Counsel of Record
        (Per the Attached Service List)

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

on June 27, 2006, the attached subpoena was served on Kendall, Inc., 6 Commerce Dr.,

Cranford, NJ  07016 commanding it to produce for inspection and copying on July 27, 2006 the

documents identified in Schedule A appended thereto.

Dated: June 27, 2006

PRICKETT, JONES & ELLIOTT, P.A.

/S/ James L. Holzman
James L. Holzman (DE Bar # 663)
J. Clayton Athey (DE Bar #4378)
1310 King Street, Box 1328
Wilmington, DE 19899
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com

*Interim Liaison Counsel for Plaintiffs*

.\307159v1

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com dsmall@cmht.com
blandau@cmht.com abaker@cmht.com

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

*Co-Lead and Interim Counsel for Plaintiffs*

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Intel Corp. Microprocessors<br>Antitrust Litig.;<br><br>Phil Paul, et al.<br><br>               **v.**<br>Intel Corp. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: [1] 05-485-JJF<br>MDL Docket No. 1717 JJF<br>United States District Court, District of<br>Delaware |

To: Kendall, Inc.
    6 Commerce Dr.
    Cranford, NJ  07016

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of  the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attached Schedule A

| PLACE<br>Shepherd, Finkelman, Miller & Shah, LLC<br>475 White Horse Pike<br>West Collingswood, PA  08107-1909 | DATE AND TIME<br>July 27, 2006<br>5:00 P.M. |
|---|---|

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michae D. Hausfeld/KC*    (Attorney for Plaintiff) | JUNE 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael D. Hausfeld (202) 408-4600
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Ave., NW, Ste. 500
Washington, DC  20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C& D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               Date                                    Signature of Server

                                                       _____
                                                       Address of Server

                                                       _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B) (iii) of this rule, such a person may in order to attend trial be

commanded to travel from any such place within the state in which the trial is held or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specified events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Schedule A**

**KENDALL, INC.**

**Definitions**

1.      For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

2.      With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

3.      For purposes of this document request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, Core, Core Duo and Xeon).

4.      For purposes of this document request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, E-CAP (exceptions to corporate approved pricing), Market Development Funds ("MDF"), "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

5.      For purposes of this document request, "COMPANY" refers to KENDALL, INC. and any of its controlled present or former subsidiaries, parents, and predecessor or successor companies.

6.      "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

7.      "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

8.      "SKU" means stock keeping unit.

9.      For purposes of this request, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers, and workstations.

**Instructions**

1.      The time period, unless otherwise specified, covered by each request set forth below is from January 1, 2000 up to and including the present.

2.    In responding to each request set forth below, please set forth each request in full before each response.

3.    If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author; recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed and the paragraph of these requests to which such DOCUMENT relates.  For each DOCUMENT withheld under a claim that it constitutes or contains attorney work product, also state whether your COMPANY asserts that the DOCUMENT was prepared in anticipation of litigation or for trial.

4.    If your COMPANY objects to a request in part, please state specifically which part of the request your COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

5.    With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

6.    Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive).  Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7.    In connection with your production of DOCUMENTS, please produce any relevant data dictionaries, data translations, lookup tables, and/or any other documentation designed to facilitate use of the data contained within the DOCUMENTS produced.

8.    Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (e.g., if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

9.    To the extent responsive DOCUMENTS reside on databases and other such systems and files, your COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

10.    At your COMPANY's election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive).

2

## DOCUMENT REQUESTS

1.      All DOCUMENTS that Intel and/or AMD have requested in connection with the *In re Intel Corporation Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF; *Paul v. Intel*, Civil Action No. 05-485-JJF; and *AMD v. Intel*, Civil Action No. 05-441-JJF.

2.      For each x86 COMPUTER SYSTEM  that you manufacture or market, DOCUMENTS sufficient to identify the (1) product type; (2) brand; and (3) model; (4) components (e.g., CPU, Keyboard, Monitor) and (5) SKU.

### Purchase Terms

3.      All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your COMPANY's participation in or support of any AMD product launch or promotion, or support of AMD products at any trade show, conference, product launch, promotion or industry meeting.

4.      All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to "meet competition," including all forms relating to "meeting competition."

5.      All DOCUMENTS constituting, reflecting, or discussing E-CAP funds.

6.      All DOCUMENTS constituting or reflecting any past or present contractual relationship between you and AMD or INTEL.

### Purchase and Sales History

7.      DOCUMENTS sufficient to show:

    a)      Historical purchase volumes by month and type of processor (broken down by units, brand and SKU number); associated prices paid; and all related governing contract(s), for all MICROPROCESSORS purchased from INTEL and AMD since January 1, 2000.

    b)      The aggregate amount by month of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, Market Development Funds, "meeting competition" payments, or any advertising or pricing support provided to your COMPANY in connection with its purchase of MICROPROCESSORS since January 1, 2000 broken down by month and by brand, unit and SKU.

    c)      Product road maps for product lines, broken down by computer specification(s) (type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) and type of MICROPROCESSORS (by month) since January 1, 2000.

3

    d)      The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

8.      DOCUMENTS sufficient to show:

    a)      The unit and dollar volume of sales and/or leases of COMPUTER SYSTEMS that your COMPANY has made, broken down by (i) month; (ii) the SKUs sold or leased; (iii) COMPUTER SYSTEM specification (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer); (iv) the number of units sold or leased; (v) the price of each sale or lease; (vi) the amount paid for each COMPUTER SYSTEM specification in each sale or lease; (vii) the revenue generated by each sale or lease; (viii) the name and address of the customer to whom the sale or lease was made; (ix) the ship to zip code or zip code of the store location that made the sale or lease; and (x) the date of the sale or lease.

9.      DOCUMENTS sufficient to show:

    a)      Expected and realized revenue, cost, and profitability broken down by (i) product line; (ii) units; (iii) brand; and (iv) SKU number; and (v) by month since January 1, 2000, **also** broken down to reflect expected and realized revenue, cost, and profitability of component computer parts (including the type of MICROPROCESSOR, type of operating system, type of memory, type of hard drive, type of monitor, and any software, other hardware, or warranties factored into the total price of the computer) per product line, per unit, per brand, per SKU and by month.

**Miscellaneous**

10.    Any and all DOCUMENTS furnished by your COMPANY to the Fair Trade Commission of Japan.

11.    All DOCUMENTS constituting, reflecting or discussing any product defects involving INTEL MICROPROCESSORS or INTEL'S inability to deliver or timely deliver an adequate supply of MICROPROCESSORS to your COMPANY.

12.    All DOCUMENTS constituting, reflecting, or discussing any monthly or quarterly business review by INTEL and/or between your COMPANY and INTEL.

13.    DOCUMENTS showing the date of introduction of every new server and client platform since January 1, 2000 and the number of units manufactured by quarter for the duration of the platform's life.

14.     All DOCUMENTS reflecting or concerning any evaluation by you whether to purchase microprocessors from AMD or INTEL (including any evaluation relating to the quantity or timing of such purchase), including, but not limited to, DOCUMENTS discussing or concerning (a) the technical specifications or performance of AMD's or INTEL's microprocessors; (b) the quality or reliability of AMD's or INTEL's microprocessors or systems incorporating those microprocessors; (c) the reliability of INTEL or AMD as suppliers; (d) AMD's or INTEL's ability to supply microprocessors in the quantities that you require or anticipate that you will require; (e) the suitability of AMD's or INTEL's microprocessors for your business objectives; (f) the suitability of INTEL-based or AMD-based platforms for particular customer segments, including, but not limited to, corporate customers; (g) the future roadmap of INTEL or AMD, including, but not limited to, the suitability of future product offerings from the two companies to your needs; (h) actual or expected consumer demand for systems incorporating AMD's or INTEL's microprocessors; (i) the pricing of AMD's or INTEL's microprocessors; (j) negotiations, proposals or demands in connection with the purchase or potential purchase of microprocessors; (k) the availability, capability or price of chipsets or motherboards; (l) the total bill of materials for systems based on INTEL or AMD microprocessors; (m) costs associated with the shifting from the use of one microprocessor to another; or (n) any other reasons influencing your decision to purchase (or not purchase) microprocessors from AMD or INTEL.

15.     All DOCUMENTS reflecting or discussing any failure or perceived failure by AMD or INTEL to satisfy any commitment or expectation regarding the sale or supply of microprocessors or any other product or service, including, but not limited to, a failure to meet supply commitments, a failure to supply products of sufficient quality or reliability, a failure to supply products in a timely manner, a failure to supply products that conform to AMD's or INTEL's claims regarding performance or other attributes, or a failure to provide adequate service or support.

16.     All DOCUMENTS reflecting or discussing any evaluation of the truthfulness or reliability of claims made by AMD or INTEL  regarding the attributes of its microprocessors or systems incorporating its microprocessors.

17.     All DOCUMENTS, whether generated internally or received from third parties, discussing or concerning any technological, reliability, quality, or other advancements or improvements in any of your products, including any advancements or improvements in the sale of any of your products, that are attributable to any technological initiative by INTEL or AMD, including, but not limited to, any standard or specification to which INTEL made significant contributions.

18.     All DOCUMENTS discussing or concerning the (a) the relative merits of INTEL-based or AMD-based platforms for systems directed at or intended for sale to corporate or business customers and (b) the preference of corporate or business customers for either INTEL or AMD microprocessors or systems incorporating those microprocessors.

19.     All DOCUMENTS constituting, reflecting or discussing communications with AMD or INTEL concerning any of the following:  (a) any advertising or promotion by you referencing AMD or INTEL; (b) any product launch by you referencing AMD or INTEL; (c)

5

product roadmaps of INTEL or AMD products; (d) or the terms of any contractual relationship between you and INTEL or AMD.

20.    All DOCUMENTS constituting, reflecting or discussing communications with AMD or Intel concerning the above-captioned matter, *AMD v. Intel*, Civil Action No. 05-441 (D. Del.), or any of the allegations about you in AMD's Complaint in that matter, or any other litigation involving AMD and INTEL, or any investigation relating to INTEL by the Fair Trade Commission of Japan or the European Commission.

21.    All DOCUMENTS sufficient to show the steps taken by your COMPANY to preserve DOCUMENTS with respect to this litigation or related litigation or proceeding including, without limitation, all DOCUMENTS that constitute, reflect or discuss your COMPANY'S DOCUMENT retention policy or policies from January 1, 2000 to the present.

## CERTIFICATE OF SERVICE

I, James L. Holzman, hereby certify that on this 27th day of June, 2006, I caused the

foregoing Notice of Subpoena to be served on the following counsel via electronic filing:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Chad Michael Shandler, Esquire<br>Steven J. Fineman, Esquire<br>Richards, Layton & Finger<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899<br>cottrell@rlf.com<br>shandler@rlf.com<br>fineman@rlf.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* | Charles P. Diamond, Esquire<br>Mark A. Samuels, Esquire<br>Linda J. Smith, Esquire<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>CDiamond@omm.com<br>MSamuels@omm.com<br>lsmith@omm.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* |
| Adam L. Balick, Esquire<br>Bifferato Gentilotti Biden & Balick<br>711 North King Street<br>Wilmington, DE 19801-3503<br>abalick@bgbblaw.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* | Laurin Grollman, Esquire<br>Salem M. Katsh, Esquire<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway<br>New York, New York 10019<br>lgrollman@kasowitz.com<br>skatsh@kasowitz.com<br>*Counsel for AMD International Sales &*<br>*Service LTD and Advanced Micro Devices,*<br>*Inc.* |
| Richard L. Horwitz, Esquire<br>W. Harding Drane, Jr., Esquire<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com<br>*Counsel for Intel Corporation and Intel*<br>*Kabushiki Kaisha* | David Mark Balabanian, Esquire<br>Joy K. Fuyuno, Esquire<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>david.balabanian@bingham.com<br>joy.fuyuno@bingham.com<br>*Counsel for Intel Corporation* |

| | |
|---|---|
| Christopher B. Hockett, Esquire<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111<br>chris.hockett@bingham.com<br>*Counsel for Intel Corporation* | Darren B. Bernhard, Esquire<br>Peter E. Moll, Esquire<br>Howrey LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Bernhardd@howrey.com<br>*Counsel for Intel Corporation and Intel Kabushiki Kaisha* |
| Daniel S. Floyd, Esquire<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California<br>90071-3197<br>dfloyd@gibsondunn.com<br>*Counsel for Intel Corporation* | B.J. Wade, Esquire<br>Glassman Edwards Wade & Wyatt, P.C.<br>26 N. Second Street<br>Memphis, TN  38103<br>bwade@gewwlaw.com<br>*Counsel for Cory Wiles* |
| Robert E. Cooper, Esquire<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California<br>90071-3197<br>rcooper@gibsondunn.com<br>*Counsel for Intel Corporation* | Nancy L. Fineman, Esquire<br>Cotchett, Pitre, Simon & McCarthy<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>nfineman@cpsmlaw.com<br>*Counsel for Trotter-Vogel Realty Inc.* |
| Donald F. Drummond, Esquire<br>Drummond & Associates<br>One California Street, Suite 300<br>San Francisco, CA  94111<br>ballen@drummondlaw.net<br>*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Tracy Kinder and Edward Rush* | Robert D. Goldberg, Esquire<br>Biggs and Battaglia<br>921 North Orange Street, P.O. Box 1489<br>Wilmington, DE  19899<br>goldberg@batlaw.com<br>*Counsel for Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, Nancy Bjork, James R. Conley, Jeff Vaught, Jim Kidwell Richard Caplan, Virginia Deering, Ficor Acquisition Co. LLC, Tom Hobbs, David Kurzman, Leslie March, Andrew Marcus, Paula Nardella, Bill Richards, Maria Pilar Salgado, Ron Terranova, Nancy Wolft Ryan James Volden and Carl Yamaguchi* |

3

| | |
|---|---|
| Donald Chidi Amamgbo, Esquire<br>Amamgbo & Associates, APC<br>1940 Embarcadero Cove<br>Oakland, CA  94606<br>donaldamamgbo@citycom.com<br>*Counsel for Athan Uwakwe* | Jeffrey F. Keller, Esquire<br>Jade Butman, Esquire<br>Law Offices of Jeffrey F. Keller<br>425 Second Street, Suite 500<br>San Francisco, CA  94107<br>jkeller@jfkellerlaw.com<br>jbutman@kellergrover.com<br>*Counsel for David E. Lipton, Maria I. Prohias, Patricia M. Niehaus, Peter Jon Naigow, Ronld Konieczka, Steve J. Hamilton, Susan Baxley and Kevin Stoltz* |
| Gordon Ball, Esquire<br>Ball & Scott<br>550 W. Main Ave., Suite 750<br>Knoxville, TN  37902<br>gball@ballandscott.com<br>*Counsel for Andrew Armbrister and Melissa Armbrister* | Joseph M. Patane, Esquire<br>Law Offices of Joseph M. Patane<br>2280 Union Street<br>San Francisco, CA  94123<br>jpatane@tatp.com<br>*Counsel for Karol Juskiewicz and Lawrence Lang* |
| James Gordon McMillan, III, Esquire<br>Bouchard Margules & Friedlander<br>222 Delaware Avenue,<br>Suite 1400<br>Wilmington, DE 19801<br>jmcmillan@bmf-law.com<br>*Counsel for Raphael Allison and Matthew Kravitz* | Michele C. Jackson, Esquire<br>Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West, 275 Battery Street, 30th Floor<br>San Francisco, CA  94111<br>mjackson@lchb.com<br>*Counsel for Huston Frazier, Jeanne Cook Frazier and Brian Weiner* |

| | |
|---|---|
| A. Zachary Naylor, Esquire<br>Robert Kriner, Jr., Esquire<br>Robert R. Davis, Esquire<br>James R. Malone, Jr., Esquire<br>Chimicles & Tikellis, LLP<br>One Rodney Square,  P.O. Box 1035<br>Wilmington, DE 19899<br>zacharynaylor@chimicles.com<br>robertkriner@chimicles.com<br>robertdavis@chimicles.com<br>jamesmalone@chimicles.com<br>*Counsel for Gideon Elliott, Angel Genese, Nir Goldman, Paul C. Czysz, Elizabeth Bruderle Baran, Carrol Cowan, Russell Dennis, Damon DiMarco, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Leonard Lorenzo, Michael E. Ludt, John Maita, Chrystal Moeller, Robert J. Rainwater, Mary Reeder, Stuart Schupler and Sonia Yaco* | Harry Shulman, Esquire<br>Robert Mills, Esquire<br>The Mills Law Firm<br>145 Marina Boulevard<br>San Rafeal, CA  94901<br>harry@millslawfirm.com<br>deepbluesky341@hotmail.com<br>*Counsel for Stuart Munson* |
| Ali Oromchian, Esquire<br>Finkelstein, Thompson & Loughran<br>601 Montgomery Street, Suite 665<br>San Francisco, CA 94111<br>ao@ftllaw.com<br>*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis* | Douglas A. Millen, Esquire<br>Steven A. Kanner, Esquire<br>Much Shelist Freed Denenberg Ament & Rubenstein, P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>dmillen@muchshelist.com<br>skanner@muchshelist.com<br>*Counsel for HP Consulting Services Inc. and Phillip Boeding* |
| Vincent J. Esades, Esquire<br>Muria J. Kruger, Esquire<br>Marguerite E. O'Brien, Esquire<br>Heins Mills & Olson, P.L.C.<br>3550 I.D.S. Center<br>80 S. Eight Street<br>Minneapolis, MN  55402<br>vesades@heinsmills.com<br>mkruger@heinsmills.com<br>mobrien@heinsmills.com<br>*Counsel for Bergerson & Associates Inc.* | Garrett D. Blanchfield, Jr., Esquire<br>Mark Reinhardt, Esquire<br>Reinhardt Wendorf & Blanchfield<br>332 Minnesota Street, Suite E-1250<br>St. Paul, MN  55101<br>g.blanchfield@rwblawfirm.com<br>mreinhardt@comcast.net<br>*Counsel for Susan Baxley* |

| | |
|---|---|
| Hollis L. Salzman, Esquire<br>Kellie Safar, Esquire<br>Goodking Labaton Rudoff & Sucharow, LLP<br>100 Park Avenue<br>New York, NY 10017<br>hsalzman@labaton.com<br>ksafar@labaton.com<br>*Counsel for Angel Genese, Gideon Elliott and Nir Goldman* | R. Bruce McNew, Esquire<br>Taylor & McNew, LLP<br>3711 Kennett Pike, Suite 210<br>Greenville, DE 19807<br>mcnew@taylormcnew.com<br>*Counsel for Robert Marshall* |
| Jason S. Kilene, Esquire<br>Daniel E. Gustafson, Esquire<br>Gustafson Gluek PLLC<br>650 Northstar East, 608 Second Avenue South<br>Minneapolis, MN 55402<br>jkilene@gustafsongluek.com<br>dgustafson@gustafsongluek.com<br>*Counsel for Fiarmont Orthopedics & Sports Medicine PA* | David Boies, III, Esquire<br>Straus & Boies, LLP<br>4041 University Drive, 5th Floor<br>Fairfax, VA 22030<br>dboies@straus-boies.com<br>*Counsel for Dressed to Kill Custom Draperies LLC, Jose Juan, Edward Rush and Tracy Kinder* |
| Lance A. Harke, Esquire<br>Harke & Clasby<br>155 S. Miami Avenue<br>Miami, FL 33130<br>lharke@harkeclasby.com<br>*Counsel for Nathaniel Schwartz and Maria I. Prohias* | Allan Steyer, Esquire<br>Steyer Lowenthal Boodrookas Alvarez & Smith LLP<br>One California Street, Third Floor<br>San Francisco, CA 94111<br>asteyer@steyerlaw.com<br>*Counsel for Cheryl Glick-Salpeter, Jay Salpeter, Jodi Salpeter and Michael H. Roach* |
| Bruce J. Wecker, Esquire<br>Hosie McArthur LLP<br>One Market Street<br>Spear Street Tower #2200<br>San Francisco, CA 94105<br>bwecker@hosielaw.com<br>*Counsel for Dwight E. Dickerson* | Mario Nunzio Alioto, Esquire<br>Trump Alioto Trump & Prescott LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>malioto@tatp.com<br>*Counsel for Karol Juskiewicz and Lawrence Lang* |
| Francis O. Scarpulla, Esquire<br>Law Offices of Francis O. Scarpulla<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>foslaw@pacbell.net<br>*Counsel for Lazio Family Products, Law Offices of Laurel Stanley, William F. Cronin, Michael Brauch and Andrew Meimes* | Steven A. Asher, Esquire<br>Robert S. Kitchenoff, Esquire<br>Weinstein Kitchenoff & Asher, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, PA 19103<br>asher@wka-law.com kithenoff@wka-law.com<br>*Counsel for Joseph Samuel Cone* |

5

| | |
|---|---|
| Francis A. Bottini, Jr., Esquire<br>Wolf Haldenstein Adler Freeman & Herz<br>750 B Street, Suite2770<br>San Diego, CA  92101<br>bottini@whafh.com<br>*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco* | Fred Taylor Isquith, Esquire<br>Adam J. Levitt, Esquire<br>Wolf Haldenstein Adler Freeman & Herz<br>270 Madison Ave., 11th Floor<br>New York, NY  10016<br>isquith@whafh.com<br>levitt@whafh.com<br>*Counsel for Ryan James Volden, Ficor Acquisition Co LLC, Giacobbe-Fritz Fine Art LLC, Andrew Marcus, Bill Richards, Carl Yamaguchi, Charles Dupraz, David Kurzman, James R. Conley, Jeff Vaught, John Matia, Kathy Ann Chapman, Caresse Harms, JWRE Inc., Jim Kidwell, John Maita, Leslie March, Maria Pilar Salgado, Melissa Goeke, Nancy Bjork, Nancy Wolfe, Paula Nardella, Richard Caplan, Ron Terranova, Tom Hobbs, Vanessa Z. DeGeorge, Virginia Deering, Chrystal Moeller, Robert J. Rainwater, Mary Reeder and Sonia Yaco* |
| Edward A. Wallace, Esquire<br>The Wexler Firm LLP<br>One N. LaSalle Street, Suite 2000<br>Chicago, IL  60602<br>eawallace@wexlerfirm.com<br>*Counsel for Peter Jon Naigow* | Jeffrey S. Goddess, Esquire<br>Rosenthal, Monhait, Gross & Goddess<br>Mellon Bank Center, Suite 1401<br>P.O. Box 1070<br>Wilmington, DE 19899<br>jgoddess@rmgglaw.com<br>*Counsel for Ludy A. Chacon, Joseph Samuel Cone, Darice Russ and Michael K. Simon* |
| Jason S. Hartley, Esquire<br>Ross, Dixon & Bell LLP<br>550 West B Street, Suite 400<br>San Diego, CA  92101<br>jhartley@rdblaw.com<br>*Counsel for Gabriella Herroeder-Perras* | Craig C. Corbitt, Esquire<br>Zelle, Hofmann, Voelbel, Mason & Gette LLP<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA  94104<br>ccorbitt@zelle.com<br>*Counsel for William F. Cronin, Law Offices of Laurel Stanley and Lazio Family Products* |

| | |
|---|---|
| Scott E. Chambers, Esquire<br>Schmittinger & Rodriguez, P.A.<br>414 S. State Street<br>P.O. Box 497<br>Dover, DE 19903<br>schambers@scbmittrod.com<br>*Counsel for David Arnold, Andrew S. Cohn, Jason Craig, Maria Griffin, Lena K. Manyin, Paul Ramos and Michael Ruccolo* | Reginald Von Terrell, Esquire<br>The Terrell Law Group<br>223 25th Street<br>Richmond, CA 94804<br>REGGIET2@aol.com<br>*Counsel for Athan Uwakwe* |
| Juden Justice Reed, Esquire<br>Schubert & Reed LLP<br>Two Embarcadero Center, Suite 1600<br>San Francisco, CA 94111<br>jreed@schubert-reed.com<br>*Counsel for Patrick J. Hewson* | Natalie Finkelman Bennett, Esquire<br>Shepherd, Finkelman, Miller & Shah<br>65 Main Street<br>Chester, CT 06412-1311<br>nfinkelman@classactioncounsel.com<br>*Counsel for Ludy A. Chacon* |
| Russell M. Aoki, Esquire<br>Aoki Sakamoto Grant LLP<br>One Convention Place<br>701 Pike Street, Suite 1525<br>Seattle, WA 98101<br>russ@aoki-sakamoto.com<br>*Counsel for Kevin Stoltz* | Michael L. Kirby, Esquire<br>Kirby Noonan Lance & Hoge LLP<br>One America Plaza<br>600 West Broadway, Suite 1100<br>San Diego, CA 92101<br>mkirby@knlh.com<br>*Counsel for Justin Suarez* |
| Richard A. Ripley, Esquire<br>Bingham McCutchen<br>1120 20th Street, NW, Suite 800<br>Washington, DC 20036<br>richard.ripley@bingham.com<br>*Counsel for Intel Corporation* | Jeffrey A. Bartos, Esquire<br>Guerrieri, Edmond, Clayman & Bartos, PC<br>1625 Massachusetts Avenue, NW<br>Washington, DC 20036<br>jbartos@geclaw.com<br>*Counsel for Jose Juan, Dressed to Kill Custom Draperies, LLC, Tracy Kinder and Edward Rush* |
| Donald L. Perelman, Esquire<br>Fine Kaplan & Black, RPC<br>1835 Market Street, 28th Flr<br>Philadelphia, PA 19103<br>dperelman@finekaplan.com<br>*Counsel for Kevin Stoltz* | Randy R. Renick, Esquire<br>Law Offices of Randy Renick<br>128 North Fair Oaks Avenue, Suite 204<br>Pasadena, CA 91103<br>rrr@renicklaw.com<br>*Counsel for Shanghai 1930 Restaurant Partners L.P. and Major League Softball Inc.* |

| | |
|---|---|
| Daniel Hume, Esquire<br>Kirby McInerney & Squire LLP<br>830 Third Avenue, 10th Floor<br>New York, NY 10022<br>dhume@kmslaw.com<br>*Counsel for Raphael Allison and Matthew Kravitz* | Daniel B. Allanoff, Esquire<br>Steven Greenfogel, Esquire<br>Meredith Cohen Greenfogel & Skirnick, P.C.<br>22nd Floor, Architects Building<br>117 S. 17th Street<br>Philadelphia, PA  19103<br>dallanoff@mcgslaw.com<br>sgreenfogel@mcgslaw.com<br>*Counsel for Benjamin Allanoff* |
| Scott Ames, Esquire<br>Serratore & Ames<br>9595 Wilshire Blvd., Suite 201<br>Los Angeles, CA  90212<br>scott@serratoreames.com<br>*Counsel for Major League Softball, Inc.* | Harvey W. Gurland, Jr., Esquire<br>Duane Morris<br>200 S. Biscayne Blvd., Suite 3400<br>Miami, FL 33131<br>HWGurland@duanemorris.com<br>*Counsel for Intel Corporation* |
| Douglas G. Thompson, Jr., Esquire<br>Finkelstein, Thompson & Loughran<br>1050 30th Street N.W.<br>Washington, DC 20007<br>dgt@ftllaw.com<br>*Counsel for Ian Walker, Damon DiMarco, Carrol Cowan, Leonard Lorenzo and Russell Dennis* | Barbara C. Frankland, Esquire<br>Rex A. Sharp, Esquire<br>Gunderson Sharp & Walke, L.L.P.<br>4121 W. 83rd St., Ste. 256<br>Prairie Village, KS 66208<br>bfrankland@midwest-law.com<br>rsharp@midwest-law.com<br>*Counsel for Marvin D. Chance, Jr.* |
| <u>VIA U.S. MAIL</u><br><br>Clerk Michael J. Beck<br>Clerk, MDL Judicial Panel<br>One Columbus Circle, N.E.<br>Room G-255, Federal Judiciary Bldg.<br>Washington, DC 20002-8004<br>*Pro Se* | |

/s/ James L. Holzman
James L. Holzman (DE Bar No. 663)

8