## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>) MDL No. 05-1717-JJF<br>)<br>)<br>) |
| ADVANCED MICRO DEVICES, INC. a Delaware<br>corporation, and AMD INTERNATIONAL SALES<br>& SERVICE, LTD., a Delaware corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) C. A. No. 05-441-JJF<br>) |
| v. | )<br>) |
| INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) C.A. No. 05-485-JJF<br>) |
| v. | ) CONSOLIDATED ACTION<br>) |
| INTEL CORPORATION, | )<br>) |
| Defendant. | )<br>) |

## DEFENDANTS' RESPONSE TO CERTAIN PLAINTIFFS' QUALIFIED RULE 53 OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND <u>RECOMMENDATIONS REGARDING PROPOSED PROTECTIVE ORDER</u>

Defendants Intel Corporation and Intel Kabushiki Kaisha ("Intel") respectfully

submit this response to AMD's qualified Rule 53 Objections to the Special Master's

Report and Recommendation on the Proposed Protective Order ("Recommended

Decision") governing these matters. As detailed below, the protective order proposed by the Special Master, reflecting an extensive process of written comments, argument and compromise, is consistent with governing legal principles. Conversely, the relief requested by AMD (apparently either a modification of the protective order recommended by the Special Master, or the issuance of an order setting forth an "interpretation" of the order to guide the adjudication of hypothetical future protective order disputes) is unnecessary and unwarranted.

1.   **The Special Master Engaged in a Thorough Review and Appropriate Process Prior to Issuing the Recommended Decision**

The proceedings leading up to the Special Master's Recommended Decision on the protective order were substantial. Intel and AMD negotiated the protective order over an eight-month period, with several face-to-face meetings, multiple telephone conferences, and numerous drafts exchanged. The parties reached an agreement that required compromises from both sides. The parties also consulted and reached agreement with class plaintiffs. An agreed-upon protective order was then presented to the Court.

The parties filed a joint motion for entry of the proposed protective order and then, with Court approval, implemented a process to provide notice to affected third parties and an opportunity to comment. (*See* Case Management Order, D.I. 123 at 5(b).) The more than thirty third parties that had received document subpoenas from AMD were provided with an opportunity to submit written objections to the proposed protective order.[1] Twenty-one third parties submitted written objections to the proposed protective

---

[1]   At the time the third-party comment procedures were implemented, only AMD had issued subpoenas. On June 22, 2006, AMD issued additional subpoenas and class plaintiffs and Intel issued subpoenas.

order.[2] The third parties took issue with multiple provisions of the proposed protective order. (*See* Recommended Decision at 3-78, setting out objections.) AMD and Intel agreed to some modifications to address the third party concerns, and each submitted briefs addressing the remaining issues raised by the third parties.

On June 9, 2005, the Special Master held a hearing at which Intel, AMD, class plaintiffs, and many of the third parties objecting to the order, "were afforded an opportunity to be heard with respect to those provisions of the proposed protective order still in dispute." (*Id* at 78 describing hearing.) At the hearing, the third parties renewed their objections to many provisions of the proposed protective order. *Id*

Following the hearing, Intel, AMD, class plaintiffs and the third parties engaged in additional negotiations to attempt to resolve any outstanding issues. The parties then submitted to the Special Master proposed changes to the protective order that sought to deal with some of the unresolved issues raised by the Special Master and/or the third parties.

On June 27, 2006, the Special Master issued a 117-page opinion setting out the objections raised and his resolution of those objections, and attaching the proposed protective order now before the Court.

On June 30, 2006, AMD submitted a letter to the Special Master seeking reconsideration of the Special Master's Recommended Decision. AMD raised in its letter the same issues it raises before this Court in its objections.

On July 11, 2006, the Special Master responded to AMD's request for reconsideration. The Special Master stated that, based on his review of the Federal Rules

---

2    The following third parties submitted objections: Hewlett-Packard Co.; Egenera, Inc.; Best Buy Co., Inc.; Fujitsu Limited; NEC Corporation; Sony Corporation; Sony Electronics, Inc.; Toshiba Corporation; Circuit City, Inc.; Acer America Corporation; ASI Computer Technologies, Inc.; Avnet, Inc.; Ingram Micro Inc.; Synnex Corporation; Tech Data Corporation; Microsoft Corporation; IBM Corporation; Dell Inc.; Lenovo Group Ltd.; Fry's Electronics, Inc; and Hitachi America, Ltd.

of Civil Procedure and the Order appointing the Special Master in this case, the Court did

not contemplate a process for re-argument or reconsideration before the Special Master.

Additionally, the Special Master noted that he did not read the proposed protective order

to create the situational difficulties that AMD described. The Special Master stated:

> The provisions of the proposed protective order would not permit a
> challenged document to be afforded confidential treatment
> "forever" merely because it comes within one of the "buckets" of
> definitions in former Paragraph R. Rather the provisions of both
> Paragraph 3 and 16 make clear that the Receiving Party may
> challenge a "confidential" designation, and that the Producing
> Party's initial designation may be altered by agreement of the
> parties or by Order of the Court, in accordance with then prevailing
> law.[3]

## 2.    AMD's Request for Relief is Not Warranted

AMD proposes to alter the Special Master's recommended protective order in

either of two ways. AMD initially requests that the Court modify Paragraph 16(c) of the

proposed protective order to add language that in any proceeding on an application to

challenge a confidentiality designation, a party must demonstrate "that its disclosure

would cause it clearly defined and serious injury." (AMD Obj. at 7.)[4] Alternatively,

AMD states that it will accept the proposed protective order, so long as the Court issues

an order construing the "Special Master's intent," which AMD characterizes as requiring

in all challenges to a confidentiality designation the use of AMD's "clearly defined and

serious injury" standard as the sole governing principle. There is no reason to alter the

protective order in the manner that AMD suggests.

First, there is no current dispute before the Court concerning a particular

document and whether it is entitled to confidential treatment or is subject to public

disclosure. This case will involve the production of millions of pages of documents from

---

3    *See* letter from Special Master to Messrs. Cottrell, Holzman and Horwitz, 7/11/06 at 3.

4    AMD also suggests that this language could be added to Paragraph M. (*Id.* at 7 n.3).

more than seventy companies, including some of the largest and most well-known companies in the world. (*E.g.*, Intel, H.P., Dell, Toshiba, Sony, IBM, Microsoft.) At a recent hearing in this case, AMD noted that the paper document production could extend for more than 137 miles. (4/20/2006 Hearing Transcript at 43:21.) The broad range of material that will be produced requires that the Court have some level of flexibility, consistent with governing law, in construing whether specific material produced by these various parties should be protected. The parties and the Court cannot predict what material will even be produced. Until such material is before the Court and subject to a confidentiality challenge, the Special Master decided that it is premature to mandate the precise legal standard and approach that should apply to all challenges in all instances.

The protective order the Special Master recommended contains adequate procedures for a party to challenge a producing party's confidentiality designations. Although AMD would have the Court insert into the protective order a rigid legal standard, the Special Master chose a different course – one which provides flexibility for the Court to analyze any challenge to a producing party's confidentiality designations depending on the subject matter of the challenged material and the balancing of the public and private interests.[5] Flexibility is the better approach and indeed is required under Third Circuit law. *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (holding that good cause determination for entry of a protective order requires balancing numerous

---

[5]   For example, AMD's document requests seek information in the personnel files of employees. AMD could argue that the public disclosure of a single employee's medical records or personal information does not cause the corporate party "clearly defined and serious injury," and therefore public disclosure was appropriate. The Court, however, could decide to rely on other factors to preclude public disclosure. There may be other documents where the Court, in the specific circumstances of the intended use of the document, decides that the balancing of the public and private interests require upholding a confidentiality claim.

factors, and further indicating enumerated list is "non-exhaustive").[6]

Second, AMD argues that it has "no objection to proceeding on the basis of the Special Master's proposal, so long as all concerned are prepared to give effect to the Special Master's intent," which AMD declares to be that the clearly defined and serious injury standard "govern all disputes." (AMD Obj. at 7.) This is an odd request, seeking in effect an advisory opinion from the Court on the "Special Master's intent" in adjudicating future matters.[7] But the Court does not have before it any challenge to Intel's or a third party's confidentiality designations and it could not possibly discern the "Special Master's intent" on what legal standard to apply to every document that conceivably could come before the Court. The content and the potential use of the document, as well as other private and public interests, are relevant when deciding whether a particular document is entitled to protection. *Shingara*, 420 F.3d at 306. Without a factual predicate, the Special Master concluded that it is simply premature for

---

[6]    The Third Circuit's non-exhaustive list of factors to be balanced includes: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 783-84 (3d Cir. 1994).

[7]    AMD goes to great lengths to construe the "Special Master's intent." First, AMD explains that the Special Master got it wrong, because "on its face, the Special Master's Recommendation can be read as potentially leaving many categories of documents indefinitely protected. . . ." (AMD Obj at 5.) Then AMD states that maybe the Special Master got it right, since "[t]he Special Master is obviously construing paragraph 16(c) as if" it included "inferred language," which AMD contends includes its proposed "clearly defined and serious injury standard." (AMD Obj. at 6.) AMD then argues that despite the fact that on two occasions the Special Master has rejected AMD's request to include AMD's language in the protective order, the Court should nonetheless issue an order stating that the Special Master actually intended to adopt the language AMD proposes. (*Id.* at 7.)

the Court to limit the considerations that are to be applied to every document or to reduce the determination to a narrow shorthand standard. This result is supported in the case law and it makes no sense for the Court to issue an order now construing how the Special Master intends to handle future challenges to every confidentiality designation.

Third, in crafting the procedures that led to the Special Master's Recommended Decision, the parties and the Special Master were careful to allow the third parties to participate meaningfully in the process. The third parties were provided with drafts of the protective order, were entitled to submit written objections, and were entitled to appear in person at a hearing conducted over several hours by the Special Master. The Recommended Decision notes that at the hearing third parties were provided with an "opportunity to be heard." (Recommended Decision at 78.) The Special Master's Recommended Decision took into account the positions of Intel, AMD, class plaintiffs, and also the objections and concerns raised by the third parties. AMD's proposed modifications to the protective order would alter the careful balance of competing interests that the Special Master crafted in the recommended protective order, and it would do so without any ability of the third parties to comment on AMD's proposed modifications. AMD did not serve the third parties with its objections, and there is no present mechanism for them to participate in the current round of briefing.[8]

---

[8]    This is significant because the proposed order presented to the third parties for comment recognized that certain specifically defined categories of documents (those in categories R(1)-(7) for the first two years after their creation and R(9)-(15) indefinitely) met the governing legal standards for confidentiality under all circumstances. For example, any document falling into category R(13) ("[c]onfidential personnel information whether contained in HR records or otherwise") was recognized and agreed to by the parties to meet the governing standards, without a separate specific showing of "clearly defined and serious injury." This provided benefits to the parties and the Court as it appropriately narrowed the scope of documents subject to challenge. Now AMD proposes to alter the deal struck by AMD and Intel and provided to the third parties for comment by insisting that all such documents separately meet AMD's standard.

**3.    Conclusion**

AMD's objections to the Special Master's Recommended Decision are without merit. The Special Master's Recommended protective order should be adopted without modification.

OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Robert E. Cooper
Daniel S. Floyd                            By: _/s/ Richard L. Horwitz_____
Gibson, Dunn & Crutcher LLP                    Richard L. Horwitz (#2246)
333 South Grand Avenue                         W. Harding Drane, Jr. (#1023)
Los Angeles, CA 900071                         Hercules Plaza, 6th Floor
(213) 229-7000                                 1313 N. Market Street
                                               P.O. Box 951
Peter E. Moll                                  Wilmington, DE 19899-0951
Darren B. Bernhard                             (302) 984-6000
Howrey LLP                                     rhorwitz@potteranderson.com
1299 Pennsylvania Avenue                       wdrane@potteranderson.com
N.W. Washington, DC 20004
(202) 783-0800                             *Attorneys for Defendants*
                                           *Intel Corporation and Intel Kabushiki Kaisha*

Dated:  July 20, 2006

742054

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 20, 2006, the attached document

was hand delivered to the following persons and was electronically filed with the Clerk of

the Court using CM/ECF which will send notification of such filing(s) to the following

and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Jesse A. Finkelstein | James L. Holzman |
| Frederick L. Cottrell, III | J. Clayton Athey |
| Chad M. Shandler | Eric M. Andersen |
| Steven J. Fineman | Prickett, Jones & Elliott, P.A. |
| Richards, Layton & Finger | 1310 King Street |
| One Rodney Square | P.O. Box 1328 |
| 920 North King Street | Wilmington, DE 19899 |
| Wilmington, DE 19801 | |

I hereby certify that on July 20, 2006, I have sent by E-mail the documents to the

following non-registered participants:

| | |
|---|---|
| Charles P. Diamond | Mark A. Samuels |
| Linda J. Smith | O'Melveny & Myers LLP |
| O'Melveny & Myers LLP | 400 South Hope Street |
| 1999 Avenue of the Stars, 7th Floor | Los Angeles, CA 90071 |
| Los Angeles, CA 90067 | msamuels@omm.com |
| cdiamond@omm.com | |
| lsmith@omm.com | |
| | |
| Guido Saveri | Michael D. Hausfeld |
| R. Alexander Saveri | Daniel A. Small |
| Saveri & Saveri, Inc. | Brent W. Landau |
| 111 Pine Street, Suite 1700 | Allyson B. Baker |
| San Francisco, CA 94111 | Cohen, Milstein, Hausfeld & Toll , P.L.L.C. |
| guido@saveri.com | 1100 New York Avenue, N.W. |
| rick@saveri.com | Suite 500, West Tower |
| | Washington, D.C. 20005 |
| | mhausfeld@cmht.com |
| | dsmall@cmht.com |
| | blandau@cmht.com |
| | abaker@cmht.com |

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

By:    */s/ Richard L. Horwitz.*
       Richard L. Horwitz (#2246)
       W. Harding Drane, Jr. (#1023)
       POTTER ANDERSON & CORROON LLP
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       P.O. Box 951
       Wilmington, DE 19899-0951
       (302) 984-6000
       rhorwitz@potteranderson.com
       wdrane@potteranderson.com