## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | ) ) ) |
| Plaintiffs, | ) ) ) C. A. No. 05-441 (JJF) |
| v. | ) ) |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) |
| Defendants. | ) |
| IN RE: | |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | ) MDL Docket No. 05-1717 (JJF) ) ) |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) C.A. No. 05-485-JJF |
| Plaintiffs, | ) ) CONSOLIDATED ACTION |
| v. | ) ) |
| INTEL CORPORATION, | ) ) |
| Defendant. | ) ) |

## NOTICE OF ISSUANCE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, on or before August 18, 1006, pursuant to Rule 45

of the Federal Rules of Civil Procedure, Defendants Intel Corporation and Intel

Kabushiki Kaisha, by their counsel, have issued subpoenas duces tecum with

accompanying schedules of document requests (attached hereto as Exhibits 1-2), which

have been or will be served, on the third parties listed below.

The subpoenas command each third party to produce documents and things, pursuant to Rule 45, Fed. R. Civ. P., concerning the categories identified in Schedule A attached to each subpoena.  The document production will take place within 30 days of service of the subpoenas, at the locations listed below, or at such alternative dates, times, and/or locations as may be mutually agreed upon by counsel.

The subpoenaed parties are:

| **Name** | **Date/Location of Document Production** |
|---|---|
| ATI Technologies, Inc.<br>c/o CT Corporation System<br>111 8th Avenue<br>New York, NY 10011 | September 18, 2006 (Ex. 1)<br>Howrey LLP<br>153 East 53rd Street, 54th Floor<br>New York, NY 10022 |
| ATI Technologies, Inc.<br>c/o Steven K Walgren<br>155 Arovista Circle<br>Brea, CA 92821 | September 18, 2006 (Ex. 2)<br>Howrey LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071 |

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

David M. Balabanian
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2268

Dated:  August 18, 2006

POTTER ANDERSON & CORROON LLP

By:  _____

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

Attorneys for Defendants
Intel Corporation and Intel Kabushiki Kaisha

# EXHIBIT 1

Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

Advanced Micro Devices, Inc. and AMD
International Sales & Services, Ltd.

v.

Intel Corporation and Intel Kabushiki Kaisha

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

05-441-JJF
United States District Court,
District of Delaware

TO:   ATI Technologies, Inc.
     c/o CT Corporation System
     111 8th Avenue
     New York, NY 10011

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to

testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the

place, date, and time specified below (list documents or objects):

See Schedule A attached hereto

| PLACE<br>Howrey LLP<br>153 East 53rd Street, 54th Floor, New York, NY 10022 | DATE AND TIME<br><br>September 18, 2006 |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| W. Harding Drane      Attorney for Defendants | August 18, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
W. Harding Drane, Jr.
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor, Wilmington, DE 19899
(302) 984-6019

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                              SIGNATURE OF SERVER

                                                  _____
                                                     ADDRESS OF SERVER

                                                  _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

1.      The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

2.      The term "Intel" means Intel Corporation and Intel Kabushiki Kaisha and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Intel Corporation and Intel Kabushiki Kaisha.

3.      The term "ATI," "your," or "you" means ATI Technologies, Inc. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents and other representatives of ATI.

4.      The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

5.      The term "customer" means any actual or potential purchaser of microprocessors or computer systems that incorporate microprocessors, including, but not limited to original equipment manufacturers ("OEMs"), distributors, retailers, dealers, original design manufacturers ("ODMs"), system builders, distributors, assemblers, and resellers.

6.      The term "representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

7.    The term "communication" means the transmittal of information and encompasses every medium of information transmittal, including, but not limited to, oral, written, graphic and electronic communication.

8.    The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

9.    The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

10.    Any term stated in the singular includes the plural and vice versa.

11.    "Any" and "each" are understood to include and encompass "all."

12.    Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

### INSTRUCTIONS

1.    Documents to be produced include documents in your possession, custody, or control wherever located.

2.    Unless otherwise specifically stated herein, the time period covered by each of these requests is from January 1, 2004 to the date this subpoena was issued.

3.    Documents must be produced as they are kept in the usual course of business, or must be organized and labeled to correspond to the document requests by number.

4.    To the extent that you withhold from production any responsive document on the grounds of a claim of privilege or attorney work product, please provide the total number of responsive documents withheld from production. You are not required to provide at the time of production a privilege log or other description of the nature of any such documents. Intel expressly reserves its right to seek a privilege log at a later date.

### DOCUMENT REQUESTS

1.    All documents that relate to ATI's decision to be acquired by AMD, including but not limited to the transaction's strategic rationale, growth opportunities, and financial projections of the transaction's actual or potential effect on any aspect of either company's or the combined company's business performance.

2.    All documents provided to AMD and ATI shareholders and investors relating to AMD's acquisition of ATI, including but not limited to corporate presentations, strategic analyses and risks, and revenue forecasts.

3.    All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on competition in chipsets, graphics processors and/or microprocessors.

4.    All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on any initiative by AMD for the purpose of improving performance or competitive positioning against Intel's Stable Image Platform Program and/or for the purpose of improving AMD's own stable image program.

5.    All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on AMD's competitiveness in the mobile market segment, including, but not limited to, on addressing any deficiencies of AMD's product offerings or technology for mobile or ultra-mobile PCs.

6.    All documents that discuss or concern the potential or actual effect of AMD's acquisition of ATI on Intel's or AMD's business or business practices.

7.    All documents that discuss, concern or relate to AMD's capability to finance the acquisition of ATI, including but not limited to financing options and cash reserves.

8.    All documents that discuss or concern communications between ATI and third parties relating to AMD's capability to finance the acquisition of ATI.

9.    All documents that discuss or concern AMD's financing structure for the acquisition of ATI.

10.    All documents that discuss, concern or relate to the financial terms of the AMD – ATI acquisition agreement.

11.    All documents that discuss or concern the strategic value of the acquisition of ATI for AMD.

12.    All documents that discuss, concern or relate to the impact of AMD's acquisition of ATI on Intel.

13.    All communications between AMD and ATI that refer or relate to AMD's acquisition of ATI.

14.    All documents that discuss or concern the potential or actual impact or effect of AMD's acquisition of ATI on AMD's ability to provide total platform solutions to customers.

15.    All documents that discuss or concern the potential or actual impact or effect of AMD's acquisition of ATI on AMD's product integration capabilities or plans.

16.    For the period January 1, 2002 to the present, all documents relating to AMD's Commercial Stable Image Platform program, including, but not limited to, the relative success or failure of the program in meeting its objective of offering disk image stability.

17.    For the period January 1, 2002 to the present, all documents relating to comparisons between Intel's Stable Image Platform Program and AMD's Commercial Stable Image Platform program.

18.     For the period January 1, 2002 to the present, all documents relating to ATI's participation in AMD's Commercial Stable Image Platform program, including, but not limited to, any problems encountered by ATI in implementing the program and/or achieving disk image stability for corporate PCs.

19.     For the period January 1, 2002 to the present, all documents that discuss or concern any actual or perceived underperformance by AMD in the consumer, corporate, and/or mobile market segments prior to AMD's acquisition of ATI.

20.     For the period January 1, 2002 to the present, all documents that discuss or concern AMD's ability to deliver integrated platforms designed to extend battery life in the mobile segment as a result of AMD's acquisition of ATI.

21.     All documents that discuss or concern the potential or actual effect of AMD's acquisition of ATI on AMD's competitiveness, and the actual or perceived benefits AMD expects to enjoy in the consumer, corporate, and/or mobile market segments by acquiring ATI.

22.     All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on AMD's semiconductor manufacturing operations, including, but not limited to, the manufacturing of any ATI-designed products in AMD fabs.

# EXHIBIT 2

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Advanced Micro Devices, Inc. and AMD
International Sales & Services, Ltd.

    v.

Intel Corporation and Intel Kabushiki Kaisha

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-441-JJF
United States District Court,
District of Delaware

TO:    ATI Technologies, Inc.
        c/o Steven K Walgren
        155 Arovista Circle
        Brea, CA 92821

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Schedule A attached hereto

| PLACE<br>Howrey LLP<br>550 South Hope Street, Suite 1100, Los Angeles, CA 90071 | DATE AND TIME<br>September 18, 2006 |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _W. Harding Drane_      Attorney for Defendants | August 18, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
W. Harding Drane, Jr.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor, Wilmingon, DE 19899
(302) 984-6019

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

AO88  (Rev  1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEFINITIONS

1.      The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

2.      The term "Intel" means Intel Corporation and Intel Kabushiki Kaisha and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Intel Corporation and Intel Kabushiki Kaisha.

3.      The term "ATI," "your," or "you" means ATI Technologies, Inc. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents and other representatives of ATI.

4.      The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

5.      The term "customer" means any actual or potential purchaser of microprocessors or computer systems that incorporate microprocessors, including, but not limited to original equipment manufacturers ("OEMs"), distributors, retailers, dealers, original design manufacturers ("ODMs"), system builders, distributors, assemblers, and resellers.

6.      The term "representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

7.    The term "communication" means the transmittal of information and encompasses every medium of information transmittal, including, but not limited to, oral, written, graphic and electronic communication.

8.    The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

9.    The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

10.    Any term stated in the singular includes the plural and vice versa.

11.    "Any" and "each" are understood to include and encompass "all."

12.    Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

## INSTRUCTIONS

1.    Documents to be produced include documents in your possession, custody, or control wherever located.

2.    Unless otherwise specifically stated herein, the time period covered by each of these requests is from January 1, 2004 to the date this subpoena was issued.

3.    Documents must be produced as they are kept in the usual course of business, or must be organized and labeled to correspond to the document requests by number.

4.     To the extent that you withhold from production any responsive document on the grounds of a claim of privilege or attorney work product, please provide the total number of responsive documents withheld from production. You are not required to provide at the time of production a privilege log or other description of the nature of any such documents. Intel expressly reserves its right to seek a privilege log at a later date.

### DOCUMENT REQUESTS

1.     All documents that relate to ATI's decision to be acquired by AMD, including but not limited to the transaction's strategic rationale, growth opportunities, and financial projections of the transaction's actual or potential effect on any aspect of either company's or the combined company's business performance.

2.     All documents provided to AMD and ATI shareholders and investors relating to AMD's acquisition of ATI, including but not limited to corporate presentations, strategic analyses and risks, and revenue forecasts.

3.     All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on competition in chipsets, graphics processors and/or microprocessors.

4.     All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on any initiative by AMD for the purpose of improving performance or competitive positioning against Intel's Stable Image Platform Program and/or for the purpose of improving AMD's own stable image program.

5.     All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on AMD's competitiveness in the mobile market segment, including, but not limited to, on addressing any deficiencies of AMD's product offerings or technology for mobile or ultra-mobile PCs.

6.     All documents that discuss or concern the potential or actual effect of AMD's acquisition of ATI on Intel's or AMD's business or business practices.

7.    All documents that discuss, concern or relate to AMD's capability to finance the acquisition of ATI, including but not limited to financing options and cash reserves.

8.    All documents that discuss or concern communications between ATI and third parties relating to AMD's capability to finance the acquisition of ATI.

9.    All documents that discuss or concern AMD's financing structure for the acquisition of ATI.

10.    All documents that discuss, concern or relate to the financial terms of the AMD – ATI acquisition agreement.

11.    All documents that discuss or concern the strategic value of the acquisition of ATI for AMD.

12.    All documents that discuss, concern or relate to the impact of AMD's acquisition of ATI on Intel.

13.    All communications between AMD and ATI that refer or relate to AMD's acquisition of ATI.

14.    All documents that discuss or concern the potential or actual impact or effect of AMD's acquisition of ATI on AMD's ability to provide total platform solutions to customers.

15.    All documents that discuss or concern the potential or actual impact or effect of AMD's acquisition of ATI on AMD's product integration capabilities or plans.

16.    For the period January 1, 2002 to the present, all documents relating to AMD's Commercial Stable Image Platform program, including, but not limited to, the relative success or failure of the program in meeting its objective of offering disk image stability.

17.    For the period January 1, 2002 to the present, all documents relating to comparisons between Intel's Stable Image Platform Program and AMD's Commercial Stable Image Platform program.

18.    For the period January 1, 2002 to the present, all documents relating to ATI's participation in AMD's Commercial Stable Image Platform program, including, but not limited to, any problems encountered by ATI in implementing the program and/or achieving disk image stability for corporate PCs.

19.    For the period January 1, 2002 to the present, all documents that discuss or concern any actual or perceived underperformance by AMD in the consumer, corporate, and/or mobile market segments prior to AMD's acquisition of ATI.

20.    For the period January 1, 2002 to the present, all documents that discuss or concern AMD's ability to deliver integrated platforms designed to extend battery life in the mobile segment as a result of AMD's acquisition of ATI.

21.    All documents that discuss or concern the potential or actual effect of AMD's acquisition of ATI on AMD's competitiveness, and the actual or perceived benefits AMD expects to enjoy in the consumer, corporate, and/or mobile market segments by acquiring ATI.

22.    All documents that discuss, concern, or relate to any potential or actual effect of AMD's acquisition of ATI on AMD's semiconductor manufacturing operations, including, but not limited to, the manufacturing of any ATI-designed products in AMD fabs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, W. Harding Drane, hereby certify that on August 18, 2006, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton, & Finger
One Rodney Square
920 North King Street
Wilmingon, DE 19801

James L. Holzman
J. Clayton Athey
Eric M. Andersen
Prickett, Jones, & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on August 18, 2006, I have sent by E-mail the documents to
the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
msamuels@omm.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Michael D. Hausfeld
Daniel A. Small
Brent. W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Michael P. Lehmann
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

By:    W. Harding Day.

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

#746692/29282