RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

September 15, 2006

**BY ELECTRONIC MAIL**
**AND BY HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

    Re:    Advanced *Micro Devices, Inc., et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-1717-JJF; *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF

Dear Judge Poppiti:

    Advanced Micro Devices, Inc. ("AMD") submits this letter brief regarding the allocation of the Special Master's fees among AMD, Intel Corporation ("Intel") and the class plaintiffs (the "Class") in the above-referenced cases. As set forth below, AMD believes that Your Honor has correctly allocated Special Master fees, and that there is no reason to change that decision.

    By two separate orders, the Court appointed Your Honor as the Special Master to govern discovery proceedings in two separate cases: *AMD v. Intel* (*see* Order Appointing Special Master dated April 27, 2006, in C.A. No. 05-441-JJF, attached at Tab 1); and the consolidated class litigation *Paul, et al. v. Intel* (*see* Order Appointing Special Master dated May 11, 2006, in Consolidated Action C.A. No. 05-485-JJF, attached at Tab 2). AMD, of course, is a party only in the first action, the Class is a party only in the second, and Intel is the party-defendant in both cases. By letter dated August 29, 2006, the Special Master forwarded to AMD and Intel an invoice for services rendered in the *AMD v. Intel* case, allocating as directed by the Court one-half of the Special Master fees incurred in that case to each party. (AMD submitted payment of that invoice on September 7, 2006.) AMD understands that a similar invoice was sent to the Class and Intel relating to the *Paul, et al. v. Intel* case that likewise apportioned fees equally between the two parties to that case.

    The Special Master properly has allocated fees equally between the parties in these cases as required under the Federal Rules of Civil Procedure, case law, and the Court's Orders Appointing Special Master. Federal Rule of Civil Procedure 53 requires the Court to fix the Special Master's compensation "on the basis and terms stated in the order of appointment." Fed. R. Civ. P. 53(h)(1). The Court also must allocate responsibility for payment of the Special Master's compensation "among the parties" to the case based on "the amount of the controversy, the means of the parties, and the extent to which any party is more responsible than other parties for the reference to a master." *See* Fed. R. Civ. P. 53(h)(3).

RLF1-3058816-1

The Honorable Vincent J. Poppiti
September 15, 2006
Page 2

      Rule 53 thus requires the Court to specify the terms of a Special Master's compensation in the order of appointment, but concurrently grants the Court broad discretion to allocate that expense between the parties to the case as it deems appropriate. *Navarro-Ayala v. Hernandez-Colon*, 3 F.3d 464, 466 (1st Cir. 1993) (federal courts have broad authority to structure a Special Master's compensation); *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1220 (6th Cir.), *cert. denied*, 484 U.S. 820 (1987) (same). Not surprisingly, Courts frequently exercise this authority to allocate Special Master fees *equally* among the parties, especially when the parties themselves agreed to equal allocation at the time of appointment. *See, e.g., Turner Constr. Co. v. First Indem. of Am. Ins. Co.*, 829 F. Supp. 752, 765 (E.D. Pa. 1993), *aff'd*, 22 F.3d 303 (1994) (Special Master's fee for services benefiting both parties allocated equally because "when the parties agreed to [the] appointment of a Special Master, they understood that the costs of the process would be divided equally between them").

      Judge Farnan's separate Orders Appointing Special Master are worded identically, requiring that the "compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally [by] the parties."[1] (*See* Order in *AMD v. Intel* ¶ 9 at Tab 1; Order in *Paul, et al. v. Intel* ¶ 10 at Tab 2.) These Orders permit the Special Master to deviate from this equal, party-by-party fee division, but only when "in the Special Master's opinion, a party engages in behavior that hinders the efficient resolution of the matters before the Special Master ...." (*Id.* (both cites).) Neither Order permits the Special Master to allocate his fees to an entity that is not a party to that particular case, and Judge Farnan has issued no order that permits treating these separate cases as a single case when allocating the Special Master's fees.

      Based on this authority, the Special Master's decision to allocate fees equally to *each* party in *each* case is perfectly appropriate and, indeed, required. That is precisely what the Court's Orders mandate, and no ground specified in those Orders exists for a different, unequal fee division.

      Intel no doubt will argue that the parties in each case should be treated as if they were all parties to a single, unified action and, thus, that the Special Master's fees ought to be allocated in one-third-each portions to AMD, Intel and the Class. There is no basis for such an unfair allocation.

      First, as noted, the Court's Orders are specific and unequivocal in requiring an equal, party-by-party Special Master fee allocation *in each case*. These Orders constrain the Special

---

[1] The text of both Orders Appointing Special Master actually reads, "compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally *be* the parties" (emphasis added). AMD believes Judge Farnan intended this to read "by the parties," but recognizes that he may have also intended it to read "between the parties." In either case, the language of apportionment appears in each separate order, which address each particular case separately, identifying Intel and AMD as parties to the first case, and Intel and Class as parties to the second.

RLF1-3058816-1

The Honorable Vincent J. Poppiti
September 15, 2006
Page 3

Master to divide fees as he already has, and do not purport to permit a different fee allocation except for reasons indisputably not present here.

Second, AMD is, of course, only a party to the case it asserts against Intel. AMD is not a party in the *Paul, et al. v. Intel* case the Class asserts against Intel and has no litigable interest in its outcome. No justification exists for disproportionately burdening AMD with Special Master fees by treating it artificially as a party in a case in which it is not. And neither Rule 53 nor case law authorize imposition of Special Master fees on a non-party like AMD that has not purposely inserted itself in the litigation.

Finally, AMD appreciates that the Special Master's services resulting in the fees imposed -- principally but not exclusively relating to the Proposed Protective Order -- benefited the parties in each of the cases assigned to Your Honor. To aid efficient and cost-effective litigation of both actions, AMD readily agreed to cooperative coordination of efforts to devise a Protective Order that serves interests in both cases. But AMD benefited from that cooperation only in the case it brought, as also is true with the Class. In contrast, Intel benefits in *both* cases since Intel is the only common party in each case. It is perfectly proper to require Intel to pay the costs necessary to obtain the benefit of the Special Master's services in both cases, as it most certainly has done. In contrast, cost-shifting to AMD a one-third portion of Special Master's overall fees in both cases would supply Intel with a windfall at AMD's expense that it does not deserve.

Obviously, AMD, Intel and the Class could have decided to negotiate and seek approval of a separate Protective Order in each case. Had the parties gone that uncooperative route, Intel clearly would have been required to bear one-half of the Special Master's fees generated in each case. It hardly seems fair or appropriate -- and it is not -- to punish AMD by imposing on it a larger proportion of Special Master fees for cooperating than it would have borne had it refused to cooperate at all.

Your Honor's decision to apportion one-half of the Special Master fees incurred to each party in each case is correct. There is no basis for departing from that decision.

Respectfully,

Frederick L. Cottrell, III

FLC,III/lll
Enclosures

cc:   Clerk of the Court (w/e) (By Electronic Filing)
      Richard L. Horowitz, Esquire (w/e) (By Electronic Filing and Hand Delivery)
      James L. Holzman, Esquire (w/e) (By Electronic Filing and Hand Delivery)

RLF1-3058816-1