IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| Plaintiffs, | : |
| v. | : **CONSOLIDATED**<br>: Civil Action No. 05-485-JJF |
| INTEL CORPORATION, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is The National Plaintiffs Group's Motion For Leave To File Their Consolidated Complaint (D.I. 63 in MDL Docket No. 05-1717-JJF; D.I. 20 in Civil Action No. 05-485). By their Motion, the members of the National Plaintiffs Group[1] contend that Interim Class Counsel appointed by the Court on April 18, 2006, has refused to include them and their claims in the Consolidated Class Action Complaint that was filed by Interim

---

[1] The National Plaintiffs Group consists of more than 25 plaintiffs from at least twenty different states named in each of the following seven actions filed in this Court: (1) <u>Kidwell, et al. v. Intel Corp.</u>, Civil Action No. 05-470-JJF; (2) <u>Rainwater, et al. v. Intel Corp.</u>, Civil Action No. 05-473-JJF; (3) <u>Volden, et al. v. Intel Corp.</u>, Civil Action No. 05-488-JJF; (4) <u>Ficor Acquisition Corp, et al. v. Intel Corp.</u>, Civil Action No. 05-515-JJF; (5) <u>Richards, et al. v. Intel Corp.</u>, Civil Action No. 05-672-JJF; (6) <u>Kurzman v. Intel Corp.</u>, Civil Action No. 05-710-JJF and (7) <u>Giacobbe-Fritz Fine Art LLC v. Intel Corp.</u>, Civil Action No. 05-846-JJF.

Class Counsel on April 28, 2006. The members of the National Plaintiffs Group contend that the actions of Interim Class Counsel violate Federal Rule of Civil Procedure 21 by dropping plaintiffs from this action without the consent of the Court and demonstrate that Interim Class Counsel is not acting in the best interests of the class as a whole.

In response, Interim Class Counsel contends that the Consolidated Class Action Complaint represents the best judgment of Interim Class Counsel as to the claims that should be included in this action and the manner in which those claims should be pled. Interim Class Counsel contends that the Court's April 18, 2006 Order authorized only one group, Interim Class Counsel and their authorized delegates, to file the Complaint and coordinate this action as an appropriate case management tool. Interim Class Counsel contends that it sought input from co-counsel, including counsel for the National Plaintiffs Group, but declined to include the suggestions of co-counsel because Interim Class Counsel disagreed with them. If the members of the National Plaintiffs Group wish to pursue their claims, Interim Class Counsel contends that they must "opt out" of the putative class and file their own complaints asserting their own individual claims.

The attorneys before the Court in this application are basically the same attorneys that the Court considered in the

context of resolving the competing applications for appointment of interim class counsel, the attorneys designated as the CFHS firm and the attorneys designated as the National Plaintiffs Group. In the Memorandum Order resolving those applications, the Court concluded that the CFHS firm was best suited to proceed as Interim Class Counsel and authorized Interim Class Counsel to file a Consolidated Class Action Complaint.

The Court has reviewed the parties' arguments concerning the application of the National Plaintiffs Group to file a competing class action complaint and concludes that such a competing complaint contravenes the letter and spirit of the Court's Memorandum Order appointing Interim Class Counsel to coordinate this action. Through its inherent case management powers, the Court may take a variety of steps to allow for the efficient coordination of litigation, particularly complex multi-district litigation, including the appointment of interim class counsel. For the reasons stated in its Memorandum Order, the Court selected the CFHS firm over the National Plaintiffs Group to coordinate this action. If the members of the National Plaintiffs Group are dissatisfied with this representation, they may certainly press their claims individually; however, the Court finds no justification for granting the National Plaintiffs Group leave to file a second, competing class action complaint. The members of the National Plaintiffs Group worry that Interim Class

Counsel is trying to posture for a permanent slot as Class Counsel and squelch any opposition to such a future application. However, the National Plaintiffs Group, and any others who oppose such a final appointment will have ample opportunity to do so, if and when a final order pertaining to class certification and the appointment of class counsel is sought. In the Court's view, the filing of a competing class action complaint is not the appropriate means for effectuating such a challenge to any final class certification proceedings, and the Court finds that the filing of a completing class action complaint will confuse this litigation and set a negative precedent for future cases.

It goes without saying that in the case of competing applications for appointment of interim counsel some will undoubtedly be disappointed with the Court's decision to appoint one counsel over another, but to allow a second competing interim class to exist would, in the Court's view, undermine the very purpose of establishing a leadership structure to coordinate this action. The solution is for counsel to work together and find an appropriate compromise, and if one cannot be reached, as appears to be the case here, then those who disagree may "opt-out" of the putative class and pursue their claims individually. In this way, the Court will preserve the leadership hierarchy it set out to create and foster the efficient management of this class action, while simultaneously affording the individual plaintiffs

4

the opportunity to be heard with respect to their claims. Accordingly, the Court will deny the National Plaintiffs Group's request for leave to file a competing class action complaint.

NOW THEREFORE, IT IS HEREBY ORDERED that The National Plaintiffs Group's Motion For Leave To File Their Consolidated Complaint (D.I. 63 in MDL Docket NO. 05-1717-JJF; D.I. 20 in Civil Action No. 05-485-JJF) is **DENIED**.

September 26, 2006
    Date

_____
UNITED STATES DISTRICT JUDGE