Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to its General Objections, its Specific Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS referring, relating or pertaining to AMD's participation in or exclusion from any organization, entity, partnership, alliance, or other relationship involving INTEL to develop a standard or specification for any generation of the DDR SDRAM (e.g., DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM and DDR4 SDRAM) memory devices, controllers, interfaces, or other related memory standard or specification including, but not limited to, the Advanced DRAM Technology (ADT) Consortium and any partnerships or alliances relating to post-DDR3 SDRAM technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS constituting, reflecting or pertaining to any memory module pin definition proposals, presentations, speeches, speaker's notes, or handouts by INTEL relating to

any generation of DDR SDRAM devices (e.g., DDR SDRAM, DDR2 SDRAM, DDR3 SDRAM and DDR4 SDRAM), and any drafts, revisions, or versions thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to its General Objections, its Specific Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS constituting, reflecting or pertaining to any specifications or standards, or any proposals, drafts, revisions, or versions thereof, relating to Secure I/O, LaGrande Technology (LT), Palladium, Next Generation Secure Computing Base (NGSCB), Trusted Platform Module (TPM), Trusted Network Connect (TNC), Network Access Protection (NAP), or any other initiative relating to the security of input or output interfaces in computer systems including, but not limited to, those initiatives sponsored by the Trusted Computing Platform Alliance, Trusted Computing Group, PCI SIG, USB Implementers Forum, IEEE, or any successor entities or organizations, or informal alliances in which INTEL has participated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the ground that it calls for

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 184:**

All DOCUMENTS constituting, reflecting or pertaining to any technical overviews, presentations, tutorials, white papers, marketing documents or other general descriptions of any specifications or standards relating to Secure I/O, LaGrande Technology (LT), Palladium, Next Generation Secure Computing Base (NGSCB), Trusted Platform Module (TPM), Trusted Network Connect (TNC), Network Access Protection (NAP), or any other initiative relating to the security of input or output interfaces in computer systems including, but not limited to, those initiatives sponsored by the Trusted Computing Platform Alliance, Trusted Computing Group, PCI SIG, USB Implementers Forum, IEEE, or any successor entities or organizations, or informal alliances in which INTEL has participated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the ground that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 185:**

All DOCUMENTS referring, relating or pertaining to AMD's participation in or exclusion from the design, development, implementation, licensing or promotion of any specification, standard, protocol, or technology relating to Secure I/O, LaGrande Technology (LT), Palladium, Next Generation Secure Computing Base (NGSCB), Trusted Platform Module (TPM), Trusted Network Connect (TNC), Network Access Protection (NAP), or any other initiative relating to the security of input or output interfaces in computer systems including, but not limited to, those initiatives sponsored by the Trusted Computing Platform Alliance, Trusted Computing Group, PCI SIG, USB Implementers Forum, IEEE, or any successor entities or organizations, or informal alliances in which INTEL has participated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 186:**

All DOCUMENTS referring, relating or pertaining to INTEL's decision to partner with any third party regarding the design, development, implementation, licensing or promotion of

any standards, specifications, protocols or technology relating to Secure I/O, LaGrande
Technology (LT), Palladium, Next Generation Secure Computing Base (NGSCB), Trusted
Platform Module (TPM), Trusted Network Connect (TNC), Network Access Protection (NAP),
or any other initiative relating to the security of input or output interfaces in computer systems
including, but not limited to, those initiatives sponsored by the Trusted Computing Platform
Alliance, Trusted Computing Group, PCI SIG, USB Implementers Forum, IEEE, or any
successor entities or organizations, or informal alliances in which INTEL has participated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

Intel incorporates by reference and asserts each of its General Objections set forth above
as if stated here in full. Intel further objects to this Request on the ground that it calls for
information that is neither relevant to the subject matter of this action nor reasonably calculated
to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the
extent it seeks Intel's engineering documents and/or software codes, which will not be produced
in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-
privileged, responsive documents and things contained in (i) the files of the designated
Custodians as per the parties' Stipulation Regarding Document Production Protocol, including
files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries'
corporate or department files or databases, or other non-electronic files maintained by Intel
outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 187:**

All DOCUMENTS constituting, reflecting or pertaining to any specifications or
standards, or any proposals, drafts, revisions, or versions thereof, relating to the Advanced Server
Management Interface, Active Management Technology (iAMT), Virtualization Technology
(VT), 110 Acceleration Technology (I/OAT), PCI Express, Serial Digital Video Output (SDVO),
802.1 1n, East Fork, Digital Home, VIIV, any software product involving VM Ware, any battery

or power management technology involving Matsushita or Panasonic, or any related or competing technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 188:**

All DOCUMENTS constituting, reflecting or pertaining to any technical overviews, presentations, tutorials, white papers, marketing documents or other general descriptions concerning the Advanced Server Management Interface, Active Management Technology (iAMT), Virtualization Technology (VT), I10 Acceleration Technology (I/OAT), PCI Express, Serial Digital Video Output (SDVO), 802.1 1n, East Fork, Digital Home, VIIV, any software product involving VM Ware, any battery or power management technology involving Matsushita or Panasonic, or any related or competing technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 189:**

All DOCUMENTS referring, relating or pertaining to AMD's participation in or exclusion from the design, development, implementation, licensing or promotion of any specification, standard, or protocol relating the Advanced Server Management Interface, Active Management Technology (iAMT), Virtualization Technology (VT), YO Acceleration Technology (YOAT), PCI Express, Serial Digital Video Output (SDVO), 802.1 1n, East Fork, Digital Home, VIIV, any software product involving VM Ware, any battery or power management technology involving Matsushita or Panasonic, or any related or competing technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 190:**

All DOCUMENTS referring, relating or pertaining to INTEL's decision to partner with any third party regarding the design, development, implementation, licensing or promotion of any standards, specifications, protocols or technology relating to the Advanced Server Management Interface, Active Management Technology (iAMT), Virtualization Technology (VT), 110 Acceleration Technology (I/OAT), PCI Express, Serial Digital Video Output (SDVO), 802.1 1n, East Fork, Digital Home, VIIV, any software product involving VM Ware, any battery or power management technology involving Matsushita or Panasonic, or any related or competing technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 191:**

All DOCUMENTS constituting, reflecting, or pertaining to any complaints by third parties, or INTEL's response to such complaints, regarding any INTEL compiler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 192:**

All DOCUMENTS referring, relating or pertaining to INTEL's design, development or implementation of CPUID or any other software feature in any INTEL compiler that detects the identity of the MICROPROCESSOR in a COMPUTER SYSTEM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including

files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries'

corporate or department files or databases, or other non-electronic files maintained by Intel

outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 193:**

All DOCUMENTS referring, relating or pertaining to any features or functionality of

INTEL's compilers that are not enabled, activated, or used, or, conversely, are only enabled,

activated, or used, when the software is operated on a COMPUTER SYSTEM with a non-INTEL

MICROPROCESSOR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

Intel incorporates by reference and asserts each of its General Objections set forth above

as if stated here in full.  Intel further objects on the grounds that the Request is overly broad and

seeks information that is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence.  In this regard, Intel objects to the

Request to the extent it seeks Intel's engineering documents and/or software codes, which will

not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-

privileged, responsive documents and things contained in (i) the files of the designated

Custodians as per the parties' Stipulation Regarding Document Production Protocol, including

files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries'

corporate or department files or databases, or other non-electronic files maintained by Intel

outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 194:**

All DOCUMENTS referring, relating, or pertaining to the comparative performance of

software compiled by any INTEL compiler when operated on COMPUTER SYSTEMS with

INTEL vs. non-INTEL MICROPROCESSORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 195:**

All DOCUMENTS referring, relating, or pertaining to any patches, modifications, or other changes to any INTEL compiler to alter or improve the performance of software compiled by that INTEL compiler when operated on a COMPUTER SYSTEM with a non-INTEL MICROPROCESSOR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated

Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 196:**

All DOCUMENTS referring, relating or pertaining to any third party's incorporation, implementation, support, use or promotion of AMD's 64-bit instruction set in any software product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 197:**

All DOCUMENTS referring, relating or pertaining to the timing of any third party's design, development, promotion or release of any software product that incorporates, implements, supports or uses AMD's 64-bit instruction set.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 198:**

All DOCUMENTS constituting, reflecting or pertaining to any studies, analyses, reports, memoranda, investigations, submissions, proposals, bids, presentations or communications regarding the use of INTEL or AMD MICROPROCESSORS in Microsoft's X-Box game console.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects on the grounds that the Request is overly broad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. In this regard, Intel objects to the Request to the extent it seeks Intel's engineering documents and/or software codes, which will not be produced in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 199:**

All DOCUMENTS referring, relating or pertaining to any AMD submission, proposal, bid, presentation or communication relating to the use of AMD MICROPROCESSORS in Microsoft's X-Box game console.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review

and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 200:**

All non-disclosure agreements between INTEL and any INTEL MICROPROCESSOR customer or INTEL PARTNER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that the term "INTEL PARTNER" is overly broad, vague, ambiguous, and not subject to reasonable interpretation. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 201:**

All pleadings, correspondence, discovery requests and responses, briefs, affidavits and declarations, orders, deposition transcripts, hearing transcripts, documents produced by INTEL, and settlement agreements in the litigation entitled *Intergraph Corporation v. Intel Corporation*, Case No. CV 97-N-3023-NE, U.S. District Court, Northern District of Alabama, Northeastern Division, filed on or about November 17, 1997.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad

and unduly burdensome. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will produce all documents from the *Intergraph* litigation that (i) either were produced by Intel or contain Intel information (such as depositions of Intel witnesses); and (ii) are relevant to the subject matter of this action. Intel does not intend to produce documents that relate to the patent and other non-antitrust allegations in the *Intergraph* action.

## REQUEST FOR PRODUCTION NO. 202:

All pleadings, correspondence, discovery requests and responses, briefs, affidavits and declarations, orders, deposition transcripts, hearing transcripts, documents produced by INTEL, and settlement agreements in the litigation entitled *Intergraph Hardware Technologies Company v. Dell, Hewlett-Packard, and Gateway*, Eastern District of Texas, Marshall Division, Civil Action No. 2-02CV312 (TJW).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 202:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this request on the grounds that it is overly broad and unduly burdensome. Intel also objection to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will produce all documents from the *Intergraph* litigation that (i) either were produced by Intel or contain Intel information (such as depositions of Intel witnesses); and (ii) are relevant to the subject matter of this action. Intel does not intend to produce documents that relate to the patent and other non-antitrust allegations in the *Intergraph* action.

**REQUEST FOR PRODUCTION NO. 203:**

All DOCUMENTS constituting, referring, relating or pertaining to any agreement or other arrangement pursuant to which INTEL paid consideration to or on behalf of Dell in connection with the settlement of patent infringement litigation brought against Dell by Intergraph Corporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 204:**

DOCUMENTS sufficient to fully describe INTEL's document retention policies in effect at any time since January 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will produce non-privileged documents sufficient to describe the requested information, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 205:**

All DOCUMENTS evidencing, reflecting or pertaining to INTEL's destruction of DOCUMENTS pursuant to or in violation of INTEL's document retention policies and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Intel further objects to this request on the grounds that it is unduly

burdensome and calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this request on the grounds that it is argumentative, harassing, and lacks foundation. Based on the parties' meet and confer, Intel understands that this Request is limited to any instances in which violations of Intel's document retention policy were reported internally via the appropriate channels.

Subject to its General Objections, its Specific Objections, and Intel's understanding of this Request based upon the parties' meet and confer, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 206:**

All DOCUMENTS constituting or reflecting communications with or among third parties concerning this litigation, the allegations in the Complaint, or any alleged improper or exclusionary conduct by INTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 207:**

All DOCUMENTS upon which INTEL relies to support any of the denials, allegations, or statements in INTEL's Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian, except that to the extent Intel's Answer denies allegations that have now been stricken Intel will not produce any such documents..

**REQUEST FOR PRODUCTION NO. 208:**

All DOCUMENTS upon which INTEL relies to support any of its affirmative defenses in its Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 209:**

All DOCUMENTS, data compilations, and tangible things that are in the possession, custody, or control of INTEL, that INTEL may use to support its claims or defenses

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 210:**

All DOCUMENTS that relate to YOUR actions to manage inventories, including, but not limited to, the impact of such actions on your microprocessor manufacturing or sales, financial performance, and profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 211:**

All DOCUMENTS that relate to any steps that YOU took to align inventories or eliminate obsolete product from YOUR inventories, customer's inventories, or your supply

chain, including, but not limited to, the impact of such actions on your MICROPROCESSOR manufacturing, sales, financial performance, or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 212:**

All DOCUMENTS that relate to the impact on YOUR MICROPROCESSOR sales, financial performance, and profitability from transitioning to a new or different semiconductor manufacturing technology node (the nanometer dimension of the microprocessor feature size).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 213:**

All DOCUMENTS that relate to YOUR ability or inability to satisfy customer demands for MICROPROCESSORS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 214:**

All DOCUMENTS relating to complaints about problems with or deficiencies in YOUR sales force.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 215:**

All DOCUMENTS relating to the projected or planned introduction date by INTEL of any product competing in a MICROPROCESSOR market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review

and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 216:**

All DOCUMENTS that relate to the decision to end the life of any MICROPROCESSOR product, including the decision to reduce price as the MICROPROCESSOR product was phased out.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 217:**

All DOCUMENTS provided by INTEL to, or seized from INTEL by, any U.S., state, or foreign governmental competition authority relating to INTEL, AMD, or competition in the MICROPROCESSOR industry, excluding briefs, white papers or other submissions prepared for purposes of communication with any such competition authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad and calls for information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian, except that pursuant to General Objection No. 4 Intel will not produce any such documents that were provided by Intel to or seized from Intel by any foreign governmental competition authority.

**REQUEST FOR PRODUCTION NO. 218:**

All DOCUMENTS prepared for or in connection with a QBR (quarterly business review) with any INTEL MICROPROCESSOR customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUESTS FOR PRODUCTION NO. 219:**

For the period January 1, 1997 to the present, all documents that relate to any actual or contemplated joint venture, partnership, or alliance with any third party to develop microprocessor manufacturing technologies or to manufacture microprocessors or chipsets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 220:**

For the period January 1, 1997 to the present, all documents that relate to any actual or contemplated contract manufacturing arrangement whereby a third party is to manufacture microprocessors or chipsets for you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 221:**

All documents that relate to the impact of capacity constraints or limitations on your microprocessor sales, financial performance, or profitability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of

the designated Custodians as per the parties' Stipulation Regarding Document Production

Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files

maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 222:**

All documents that relate to any plans or potential plans by you to use third parties to

manufacture chipsets for you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

Intel incorporates by reference and asserts each of its General Objections set forth above

as if stated here in full.  Intel also objects to this Request on the grounds that it calls for

information that is neither relevant to the subject matter of this action nor reasonably calculated

to lead to the discovery of admissible evidence.  Based upon Intel's General Objections and these

specific objections, Intel does not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 223:**

All documents that relate to your offers of any INTEL product for sale on the condition

that the prospective customer purchase another INTEL product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter

Jurisdiction and Standing applies to this Request.  In addition, Intel incorporates by reference and

asserts each of its General Objections set forth above as if stated here in full.  Subject to these

objections, Intel will conduct a diligent review and will produce all non-privileged, responsive

documents and things contained in (i) the files of the designated Custodians as per the parties'

Stipulation Regarding Document Production Protocol, including files maintained by such

Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any

particular custodian.

**REQUEST FOR PRODUCTION NO. 224:**

All documents that discuss AMD's CSIP program, including but not limited to any documents that relate to any comparison, analysis, assessment, or evaluation of AMD's CSIP program and INTEL's SIPP program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 225:**

All documents that constitute or relate to: (a) applications or requests by INTEL, or anyone acting on behalf of INTEL, to any governmental entity to ban or restrict the specification of microprocessor brands or microprocessor clock frequencies in the procurement of any type of computer system; or (b) specifications or requirements by any governmental entity that a particular brand of microprocessors must be used in any type of computer system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department

files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 226:**

All documents that relate to the ability or inability of any customer to obtain price concessions or reductions, or to extract anything else of value from suppliers of microprocessors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 227:**

All documents concerning or relating to prices for microprocessors that would or might prevail in the event of actual or projected increased market share by AMD or any other actual or potential competitor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 228:**

All documents concerning or relating to any strategies considered by INTEL to maintain or increase its market share for microprocessors or to meet competition from AMD or any other actual or potential competitor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad and unduly burdensome. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 229:**

All documents relating to Dell's recent decision to offer AMD products for retail sale on its website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production

Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files

maintained by Intel outside the custody of any particular custodian.

## REQUEST FOR PRODUCTION NO. 230:

All documents that relate to any effect this lawsuit has had on INTEL's microprocessor

marketing practices.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 230:

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter

Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and

asserts each of its General Objections set forth above as if stated here in full. Intel also objects to

this Request on the grounds that it is vague, ambiguous, and overly broad. Intel further objects

to this Request on the grounds it calls for information that is neither relevant to the subject matter

of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel

also objects to this Request to the extent that it seeks to discover mental impressions,

conclusions, opinions, legal research, legal advice, and theories of Intel and its counsel, and

thereby invades the attorney-client privilege and/or the attorney work product doctrine. Intel

does not intend to produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 231:

All documents relating to whether and the extent to which OEMs pass through to their

customers the costs of computer system components, including microprocessors.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 231:

Intel incorporates by reference and asserts each of its General Objections set forth above

as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review

and will produce all non-privileged, responsive documents and things contained in (i) the files of

the designated Custodians as per the parties' Stipulation Regarding Document Production

Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 232:**

All documents relating to how distributors and retailers set their resale prices for computer systems and/or microprocessors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it is vague and ambiguous, as retailers do not sell microprocessors. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 233:**

All documents relating to how an increase in wholesale prices of microprocessors affects retail chipset prices and/or retail prices for computer systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous as to "retail chipset prices." Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce documents relating to "retail chipset prices."

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 234:**

All documents relating to how retail prices for computer systems and/or chipsets are set by retailers and/or OEMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous to the extent it is seeking information concerning retail prices for chipsets. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce documents relating to how retail prices for chipsets are set by retailers and/or OEMs.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 235:**

All documents relating to how wholesale prices for computer systems and/or chipsets are set by distributors and/or OEMs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous to the extent it is seeking information concerning wholesale prices for chipsets set by OEMs. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce documents relating to how wholesale prices for chipsets are set by distributors and/or OEMs.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 236:**

All documents relating to comparisons of the retail and/or wholesale prices of Intel's, AMD's and Cyrix's respective chipsets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Based upon Intel's General Objections and these specific objections, Intel does not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 237:**

All demand elasticity studies involving chipset retail and/or wholesale prices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Based upon Intel's General Objections and these specific objections, Intel does not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 238:**

All documents concerning or relating to Skype, including, but not limited to, all documents relating to any business relationship between Skype and Intel and between Skype and AMD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 239:**

All documents that relate to any actual or contemplated joint venture, partnership, alliance or collaboration between you and any third party, including, but not limited to, Skype, to develop, distribute, advertise, promote, and/or market software that enhances or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and

overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 240:**

All documents that relate to any financial inducement offered by you to any third party, including, but not limited to, Skype, to develop, distribute, advertise, promote, and/or market software that enhances and/or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 241:**

All documents that relate to any financial inducement offered by you to any third party, including, but not limited to, Skype, related to any exclusive arrangement, agreement, or understanding to develop, distribute, advertise, promote, and/or market software to the exclusion of AMD and/or any other microprocessor manufacturer, designer, or developer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 241:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and ambiguous, particularly as to the meaning of "exclusive arrangement" and "to the exclusion of AMD and/or any other microprocessor manufacturer, designer, or developer." Intel also objects to this Request as overly broad. Intel further objects to this Request on the grounds that it calls

for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 242:**

All documents constituting or reflecting analyses, summaries, report, studies or other writings pertaining to any financial inducement (including, but not limited to, MDF) offered by you to any third party, including, but not limited to, Skype, in connection with the development, distribution, advertising, promotion, and/or marketing of software that enhances or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 242:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 243:**

All documents that relate to any non-financial inducement or non-cash benefit, perquisite or other consideration offered by you to any third party, including, but not limited to, Skype, to develop, distribute, advertise, promote, and/or market software that enhances and/or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 243:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 244:**

Documents sufficient to show the aggregate amount by quarter of the financial inducements provided by you to any third party, including, but not limited to, Skype, to develop, distribute, advertise, promote, and/or market software that enhances and/or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 245:**

All documents that constitute or relate to consumer or customer feedback regarding the development, distribution, advertisement, promotion, and/or marketing of software that enhances and/or optimizes performance when used with computer systems containing Intel microprocessors or any other Intel product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 245:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

## REQUEST FOR PRODUCTION NO. 246:

All documents that constitute or relate to the software programming that results in enhanced or optimized performance when software developed, distributed, advertised, promoted, and/or marketed by any third party, including, but not limited to, Skype, is used with computer systems containing Intel microprocessors or any other Intel product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 246:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

## REQUEST FOR PRODUCTION NO. 247:

All documents that relate to the technical feasibility of restricting performance enhancements to computer systems containing Intel microprocessors or any other Intel product in connection with running software developed, distributed, advertised, promoted, and/or marketed by any third party, including, but not limited to, Skype.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 247:

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague, ambiguous, and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 248:**

All documents that relate to the capability of Skype's technology, including, but not limited to, Skype 2.0 technology, for 10-person conference calls when running on Intel microprocessors and/or whether Skype's technology has the capability for 10-person conference calls when running using a microprocessor manufactured by AMD or any other company than Intel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 248:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 249:**

All documents that relate to steps taken to disable, hinder, impede, impair, or adversely affect the ability of any of Skype's technology, including, but not limited to, Skype 2.0 technology, to run using a microprocessor manufactured by AMD or any other company other than Intel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 249:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 250:**

All documents that constitute or relate to any agreement between Skype and Intel to make Skype's technology work better and/or provide more capabilities (including, but not limited to, the capability of accommodating more parties on a conference call) when running on an Intel microprocessor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 250:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 251:**

All documents that relate to your or Skype's use of any "Get CPU ID" operation, or any similar operation, in order to identify the type of processor running any of Skype's technology, including, but not limited to, Skype 2.0 technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 251:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 252:**

All documents that constitute or relate to work performed by your engineers to configure, program, or adapt Skype's software to accept Intel microprocessors as the default microprocessor for the 10-person conference calling feature using Skype 2.0.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 252:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any programs, software, or source code in response to this Request.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 253:**

All documents that relate to performance testing conducted by you or Skype in connection with the 10-person conference calling feature using Skype 2.0 technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 253:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 254:**

All documents that relate to the duration of the limitation of the 10-person conference calling feature using Skype 2.0 technology to an Intel microprocessor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 254:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for

information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 255:**

All documents relating to any impact brand name specifications in government or other contracts for microprocessors has on Intel, microprocessor prices, computer prices or competition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 255:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Subject to these objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 256:**

All DOCUMENTS constituting, reflecting or pertaining to any studies, analyses, reports, memoranda, investigations, submissions, proposals, bids, presentations or communications regarding the use of INTEL or AMD MICROPROCESSORS in any device other than a COMPUTER SYSTEM or Microsoft's X-Box game console.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 256:**

Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing applies to this Request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad, Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian. Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign customers.

**REQUEST FOR PRODUCTION NO. 257:**

All DOCUMENTS referring, relating or pertaining to any AMD submission, proposal, bid, presentation or communication relating to the use of AMD MICROPROCESSORS in any device other than a COMPUTER SYSTEM or Microsoft's X-Box game console.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 257:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and

overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 258:**

All DOCUMENTS concerning any evaluation by INTEL of actual or potential savings to taxpayers if all procurement solicitations by the federal government for computer hardware no longer specified INTEL brand x86 MICROPROCESSORS or the equivalent of an INTEL brand x86 MICROPROCESSOR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 258:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague, ambiguous, and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Intel does not intend to produce any documents in response to this Request as it is currently framed.

**REQUEST FOR PRODUCTION NO. 259:**

All DOCUMENTS reflecting any evaluation by INTEL of competition or market shares with respect to four-socket servers and/or reflecting INTEL's reaction to such competition or market share changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 259:**

Intel's objection based on the Court's September 27, 2006, ruling on subject matter jurisdiction and standing applies to this request. In addition, Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel further objects to this Request on the grounds that it is vague and overly broad. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to these Objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.  Without waiving Intel's Objection Based on the Court's September 27, 2006 Ruling on Subject Matter Jurisdiction and Standing, Intel will produce documents sufficient to show (i) the prices charged by Intel to foreign customers, including any discounts, rebates, lump sum payments, or other financial consideration that affects the price and (ii) market development funds, Intel Inside funds, or any other payments from Intel to foreign customers.

**REQUEST FOR PRODUCTION NO. 260:**

All DOCUMENTS concerning sales by Sun Microsystems, Rackable Systems and HP/Compaq of COMPUTER SYSTEMS equipped with AMD MICROPROCESSORS and INTEL's reactions or responses to such sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full.  Intel further objects to this Request on the grounds that it is vague and ambiguous to the extent it is seeking information concerning prices for computer systems set by Sun Microsystems, Rackable Systems and HP/Compaq.  Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its General Objections and there specific objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic

files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 261:**

All DOCUMENTS relating to the presentation given by Jonathan Douglas at the Hot

Chips conference held in June of 2005 concerning Intel's introduction of the dual-core Pentium 4

MICROPROCESSOR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 261:**

Intel incorporates by reference and asserts each of its General Objections set forth above

as if stated here in full. Subject to its General Objections, Intel will conduct a diligent review

and will produce all non-privileged, responsive documents and things contained in (i) the files of

the designated Custodians as per the parties' Stipulation Regarding Document Production

Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its

and its subsidiaries' corporate or department files or databases, or other non-electronic files

maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 262:**

ALL DOCUMENTS relating to INTEL's announcement on October 24, 2005 that it was:

(a) delaying the timetable for volume shipments of the Montecito CHIPSET and (b) canceling

the introduction of a Xeon MICROPROCESSOR scheduled to be released in 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 262:**

Intel incorporates by reference and asserts each of its General Objections set forth above

as if stated here in full. Intel also objects to this Request on the grounds that it calls for

information that is neither relevant to the subject matter of this action nor reasonably calculated

to lead to the discovery of admissible evidence.

Subject to its General Objections and these specific objections, Intel will conduct a

diligent review and will produce all non-privileged, responsive documents and things contained

in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document

Production Protocol, including files maintained by such Custodians on any shared server; and (ii)

all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 263:**

All DOCUMENTS relating to the "[r]e-structuring, re-sizing [and] re-purposing" of INTEL mentioned in Paul Otellini's presentation at the INTEL annual stockholders' meeting of May 17, 2006, found at http://intel_asm.edgesuite.net/intel_asm2006.pdf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 263:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its General Objections and these specific objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things that relate or refer to Paul Otellini's presentation at the Intel annual stockholders' meeting of May 17, 2006 and that are contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

**REQUEST FOR PRODUCTION NO. 264:**

All DOCUMENTS relating to the statement that INTEL is "[a]dusting to the business realities of today/tomorrow" in Paul Otellini's presentation at the INTEL annual stockholders' meeting of May 17, 2006, found at http://intel_asm.edgesuite.net/intel_asm2006.pdf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 264:**

Intel incorporates by reference and asserts each of its General Objections set forth above as if stated here in full. Intel also objects to this Request on the grounds that it calls for information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to its General Objections and these specific objections, Intel will conduct a diligent review and will produce all non-privileged, responsive documents and things that relate or refer to Paul Otellini's presentation at the Intel annual stockholders' meeting of May 17, 2006 and that are contained in (i) the files of the designated Custodians as per the parties' Stipulation Regarding Document Production Protocol, including files maintained by such Custodians on any shared server; and (ii) all of its and its subsidiaries' corporate or department files or databases, or other non-electronic files maintained by Intel outside the custody of any particular custodian.

Of Counsel:

David M. Balabanian
Christopher B. Hockett
Nora C. Cregan
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA, 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Richard A. Ripley
Gregory F. Wells
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

DATED: October 13, 2006

755824/29282

POTTER, ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
Richard A. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
rhorwitz@potteranderson.com
wdrane@potteranderson.com

Attorneys for Defendant
INTEL CORPORATION

# EXHIBIT A

| | |
|---|---|
| Adano, Robert | Nakamura, Taishi |
| Bailey, Nive | Navolokin, Alexei |
| Baldi, Emanuele | Ohinata, Hiroki |
| Blanch, Stuart | Palmer, Graham |
| Brailey, Mark | Panenka, Bernd |
| Bucci, Dario | Peel, Richard |
| Busija, Ralf | Perino, Sandrine |
| Chiu, Debbie | Philippe, Benoit |
| Christl, Arnd | Pompe, Wendy |
| De la Horie, Tanguy | Prince, Robert |
| Dubreuil, Jean-Marc | Rao, Ravi |
| Eby, Elizabeth | Ribbi, Haim |
| Eda, M. | Riedle, Gerhard |
| Eid, Henning | Schwaderer, Hannes |
| Finger, Joerg | Sekiguchi, Shinzo |
| Flory, Isabelle | She, David |
| Ho, Edward | Skett, Rick |
| Hoffend, Dieter | Skillen, Rob |
| Kako, Shuichi | Spiers, Justin |
| Kato, Maverick | Spinelli, Alberto |
| Kinoshita, Masaaki | Tait, Andy |
| Kitagawa, Kazuhiko | Takahashi, Shun |
| Kochar, Vijay | Thiel, Juergen |
| Kunerth, Ernst | Tichelman, Maurits |
| Kurokawa, Masayuki | Timm, Andreas |
| Kutsuzawa, Rue | Vickers, Trevor |
| Lok, Lancy | Wang, Robert |
| Long, Steven | Wehler, K. |
| Longin, Phillipe | Willihnganz, Gary |
| Loose, Jeff | Wong, John |
| Low, Marcus | Yoshii, Takehiro |
| Mahmood, Zahid | |
| McConnell, Eoin | |
| Motegi, S. | |
| Munakata, Yoshie | |
| Murata, Yoshio | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on October 13, 2006, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

James L. Holzman (#663)
J. Clayton Athey (#4378)
Eric M. Andersen (#4376)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899


I hereby certify that on October 13, 2006, I have Federal Expressed the attached

document to the following non-registered participants:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD
  & TOLL , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
 abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
 SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

By: _____

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

728761

2