IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION, | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                  Plaintiffs,<br><br>       v.<br><br>INTEL CORPORATION,<br><br>                  Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**APPENDIX IN SUPPORT OF DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED <u>CONSOLIDATED COMPLAINT</u>**

OF COUNSEL:
David M. Balabanian
James L. Hunt
Christopher B. Hockett
Nora C. Cregan
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated: November 3, 2006

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendant*
*Intel Corporation*

# TABLE OF CONTENTS FOR APPENDIX

| Topic | Page |
|---|---|
| EXHIBIT A – (Federal Antitrust Injury and Standing Requirements Apply to State Antitrust Statutes) | A1 |
| EXHIBIT B – (Statutes Limited to Intrastate Conduct) | A4 |
| EXHIBIT C – (State Unfair Competition Laws Must Meet Certain Equivalents of Federal Antitrust Standing Requirements) | A5 |
| EXHIBIT D – (State Consumer Protection Laws Require Fraudulent, Deceptive or Unconscionable Conduct) | A7 |

# TABLE OF AUTHORITIES FOR APPENDIX

|  | Page |
|---|---|
| **CASES** | |
| *Addamax v. Open Software*, 964 F. Supp. 549 (D. Mass. 1997) | A6 |
| *AG Acceptance Corp. v. Glinz*, 684 N.W.2d 632 (N.D. 2004) | A3 |
| *Anderson v. Stewart*, __ S.W.3d __, No. 05-886, 2006 WL 1118892 (Ark. Apr. 27, 2006) | A5 |
| *Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535 (N.Y. 1998) | A3 |
| *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) | A3 |
| *Beckler v. Visa U.S.A., Inc.*, No. 09-04-C-00030, 2004 WL 2115144 (N.D. Dist. Ct. Aug. 23, 2004) | A3 |
| *Bergstrom v. Noah*, 974 P.2d 520 (Kan. 1999) | A1 |
| *Blue Cross and Blue Shield of N.J. v. Philip Morris USA Inc.*, 3 N.Y. 3d 200 (2004) | A6 |
| *Brooks Fiber Commc'n of Tucson, Inc. v. GST Tucson Lightwave, Inc.*, 992 F. Supp. 1124 (D. Ariz. 1997) | A1 |
| *Byre v. City of Chamberlain*, 362 N.W.2d 69 (S.D. 1985) | A3 |
| *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799 (Ga. Ct. App. 1998) | A5 |
| *Coker v. DaimlerChrysler Corp.*, 617 S.E.2d 306 (N.C. Ct. App. 2005), *cert. denied*, 360 N.C. 623 (2005) | A6 |
| *Davies v. Genesis Med. Ctr.*, 994 F. Supp. 1078 (S.D. Iowa 1998) | A1 |
| *Davric Maine Corp. v. Rancourt*, 216 F.3d 143 (1st Cir. 2000) | A2 |
| *Finstad v. Washburn Univ.*, 845 P.2d 685 (Kan. 1993) | A5 |
| *Ford Motor Co. v. Lyons*, 405 N.W.2d 354 (Wis. Ct. App. 1987) | A3 |
| *Fucile v. Visa U.S.A., Inc.*, No. S1560-03 CNC, 2004 WL 3030037 (Vt. Super. Dec. 27, 2004) | A3 |
| *Gray v. Marshall Cty. Bd. of Edu.*, 367 S.E.2d 751 (W. Va. 1988) | A3 |
| *H-Quotient, Inc. v. Knight Trading Group, Inc.*, No. 03 CIV 5889 (DAB), 2005 WL 323750 (S.D.N.Y. Feb. 9, 2005) | A4 |
| *In re Green*, 281 B.R. 699 (D. Kan. 2002) | A5 |
| *In re Microsoft Corp.*, No. MDL 1332, 2003 WL 22070561 (D. Md. Aug. 22, 2003) | A4 |

## TABLE OF AUTHORITIES FOR APPENDIX
(continued)

| | Page |
|---|---|
| *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004) | A8 |
| *Jefferson Parish Hospital Dist. No. 2 v. Hyde*, 466 U.S. 2 (1984) | A3 |
| *Keating v. Philip Morris, Inc.*, 417 N.W.2d 132 (Minn. Ct. App. 1987) | A2 |
| *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213 (C.D. Cal. 2003) | A1 |
| *Midwest Commc'n, Inc. v. Minn. Twins, Inc.*, 779 F.2d 444 (8th Cir. 1985) | A2 |
| *Orr v. Beamon*, 77 F. Supp. 2d 1208 (D. Kan. 1999) | A1 |
| *Rose v. Vulcan Materials Co.*, 194 S.E.2d 521 (N.C. 1973) | A3 |
| *Roustabouts, Inc. v. Hamer*, 447 So.2d 543 (La. Ct. App. 1984) | A5 |
| *State v. Daicel Chem. Inds. Ltd.*, 106 P.3d 428 (Idaho 2005) | A7 |
| *State v. Duluth Bd. of Trade*, 121 N.W. 395 (Minn. 1909) | A2 |
| *Stutman v. Chem. Bank*, 731 N.E.2d 608 (N.Y. 2000) | A8 |
| *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381 (D. Md. 1990) | A4 |
| *Tenn. ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696 (Tenn. Ch. Ct. Sept. 25, 1980) | A3 |
| *Tungate v. MacLean-Stevens Studios*, 714 A.2d 792 (Me. 1998) | A7 |
| *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811 (Ct. App. 1995) | A1 |
| *Walker v. U-Haul Co. of Miss.*, 734 F. 2d 1068 (5th Cir. 1984) | A2 |

### STATUTES

| | |
|---|---|
| Ariz. Rev. Stat. Ann. § 44-1412 (2006) | A1 |
| Ark. Code. Ann. § 4-88-107(a) | A7 |
| Ark. Stat. Ann. § 4-88-113(f) | A5 |
| Cal. Bus. & Prof. Code § 17204 (2006) | A5 |
| D.C. Code § 28-4515 (2006) | A1 |
| Ga. Code Ann. § 10-1-399 (2006) | A5 |
| Idaho Code § 48-603(17)-(18) | A7 |

# TABLE OF AUTHORITIES FOR APPENDIX
(continued)

| | Page |
|---|---|
| IDAHO CODE § 48-603C(2)(d) | A7 |
| IOWA CODE § 553.2 (2006) | A1 |
| KANSAS STAT. ANN. § 50-626(a) | A7 |
| KANSAS STAT. ANN. § 50-627 | A7 |
| LA. REV. STAT. ANN. § 51:1409 (2005) | A5 |
| MAINE REV. STAT. ANN. §§ 205-A *et seq.* | A7 |
| MASS. GEN. LAWS ch. 93A, § 11 (2006) | A6 |
| ME. REV. STAT. ANN. tit. 5 § 213 (2006) | A6 |
| MICH. COMP. LAWS § 445.784 (2006) | A2 |
| MONT. CODE ANN., § 30-14-133 (2006) | A6 |
| N.C. GEN. STAT. §§ 75-1.1 *et seq.* | A6 |
| N.M. STAT. § 57-1-15 (2006) | A2 |
| N.M. STAT. § 57-12-10 (2006) | A6 |
| N.M. STAT. ANN. § 57-12-2D | A7 |
| N.M. STAT. ANN. § 57-12-2E | A7 |
| N.M. STAT. ANN. § 57-12-3 | A7 |
| NEB. REV. STAT. § 59-829 (2005) | A2 |
| NEV. REV. STAT. § 598A.050 (2006) | A2 |
| NEV. REV. STAT. § 598A.060 | A4 |
| N.Y. Gen. Bus. Law §§ 349, et. seq. | A6, A8 |
| Proposition 64 § 1(e) | A5 |
| R.I. GEN. LAWS § 6-13.1-5.2 (2006) | A6 |
| S.D. CODIFIED LAWS § 37-1-3.1 | A4 |
| W. VA. CODE § 47-18-16 (2006) | A3 |
| W. VA. CODE § 47-18-3 | A4 |
| UTAH CODE ANN. §§ 13-11-4(1)-(5)1 | A8 |

**EXHIBIT A**
**(Federal Antitrust Injury and Standing Requirements Apply to State Antitrust Statutes)**

| | |
|---|---|
| Arizona | "The Arizona Antitrust Act, A.R.S. §§ 44-1401 *et. seq.*, mirrors federal antitrust law." *Brooks Fiber Commc'n of Tucson, Inc. v. GST Tucson Lightwave, Inc.*, 992 F. Supp. 1124, 1130 (D. Ariz. 1997). "It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes." ARIZ. REV. STAT. ANN. § 44-1412 (2006). |
| California | The requirements for antitrust injury under state law are informed by federal law. *See Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 n.1 (Cal. Ct. App. 1995) ("Because the Cartwright Act has objectives identical to the federal antitrust acts," California courts "look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act."); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1224 (C.D. Cal. 2003) ("while the scope of actionable injury is slightly different under the Cartwright Act, the standing analysis is nonetheless informed by many of the same factors considered" under federal law). |
| District of Columbia | A "court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes." D.C. CODE § 28-4515 (2006). |
| Iowa | *See* IOWA CODE § 553.2 (2006) ("This chapter *shall* be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction *shall* not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices.") (emphasis added); *see also Davies v. Genesis Medical Ctr.*, 994 F. Supp. 1078, 1103 (S.D. Iowa 1998) ("When interpreting Iowa antitrust statutes, Iowa courts are required by section 553.2 to give considerable weight to federal cases construing similar sections of the Sherman Act."). |
| Kansas | *See Orr v. Beamon*, 77 F. Supp. 2d 1208, 1211-12 (D. Kan. 1999) ("While recognizing that federal antitrust cases are not binding on the court in interpreting Kansas antitrust statutes, the court finds such cases sufficiently persuasive to guide its decision with regard to standing under Kansas law.") (citing *Bergstrom v. Noah*, 974 P.2d 520, 531 (Kan. 1999)). |
| Maine | "'Maine antitrust statutes parallel the Sherman Act,' and thus [we] have analyzed claims thereunder according to the doctrines |

| | |
|---|---|
| | developed in relation to federal law." *Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000). |
| Michigan | *See* MICH. COMP. LAWS § 445.784 (2006) ("(1) To the extent that this act incorporates provisions of or provisions similar to the uniform state antitrust act, this act *shall* be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this act among those states that enact similar provisions.<br><br>(2) It is the intent of the legislature that in construing all sections of this act, the courts *shall* give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason.") (emphasis added). |
| Minnesota | Minnesota treats "the state and federal statutory schemes as equivalent for standing analysis purposes." *Midwest Commc'n, Inc. v. Minnesota Twins, Inc.*, 779 F.2d 444, 454 (8th Cir. 1985); *see also Keating v. Philip Morris, Inc.*, 417 N.W.2d 132, 136 (Minn. Ct. App. 1987) ("The Minnesota Supreme Court has consistently held that the Minnesota Antitrust Law should be construed consistently with the federal courts' construction of the federal antitrust laws."); *State v. Duluth Bd. of Trade*, 121 N.W. 395, 399 (Minn. 1909) ("[T]he general purpose of all statutes of this kind is the same, and we may therefore properly look to the decisions made under federal and state statutes of a similar character for the principle by which to construe our own statute."). |
| Mississippi | Mississippi's antitrust law is "analytically identical" to federal law. *Walker v. U-Haul Co. of Miss.*, 734 F. 2d 1068, 1070 n.5 (5th Cir. 1984). |
| Nebraska | "When any provision . . . is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter *shall* follow the construction given to the federal law by the federal courts." NEB. REV. STAT. § 59-829 (2005) (emphasis added). |
| Nevada | Nevada's antitrust statute "*shall* be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes." NEV. REV. STAT. § 598A.050 (2006) (emphasis added). |
| New Mexico | "[T]he Antitrust Act *shall* be construed in harmony with judicial interpretations of the federal antitrust laws." N.M. STAT. § 57-1-15 (2006) (emphasis added). |
| New York | State antitrust law "should generally be construed in light of Federal precedent and given a different interpretation only where State policy, difference in the statutory language or the |

A2

| | |
|---|---|
| | legislative history justify such a result." *Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 543 (N.Y. 1998). |
| North Carolina | Because North Carolina's antitrust laws mirror the Sherman Act, federal interpretation of the Sherman Act is "instructive." *Rose v. Vulcan Materials Co.*, 194 S.E.2d 521, 530 (N.C. 1973). |
| North Dakota | While there is no express harmonization provision under North Dakota's Uniform State Antitrust Act, North Dakota courts have routinely turned to federal law in interpreting the scope of that act. *See, e.g., AG Acceptance Corp. v. Glinz*, 684 N.W.2d 632, 638-40 (N.D. 2004) (affirming summary judgment on tying claims under Sherman Act and North Dakota's Uniform State Antitrust Act for failure to establish defendant had market power in tying market under *Jefferson Parish Hospital Dist. No. 2 v. Hyde*, 466 U.S. 2 (1984)); *Beckler v. Visa U.S.A., Inc.*, No. 09-04-C-00030, 2004 WL 2115144, *3 (N.D. Dist. Ct. Aug. 23, 2004) (applying *Assoc. General Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) and finding plaintiffs lacked standing to bring claim under North Dakota's antitrust laws). |
| South Dakota | "[B]ecause of the similarity of language between the federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute." *Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985). |
| Tennessee | Federal law is persuasive authority in construing the Tennessee Trade Practices Act. *Tennessee ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696, *2 (Tenn. Ch. Ct. Sept. 25, 1980). |
| Vermont | *Fucile v. Visa U.S.A., Inc.*, No. S1560-03 CNC, 2004 WL 3030037, *3 (Vt. Super. Dec. 27, 2004) (finding that even though Vermont does not follow *Illinois Brick*, the Vermont Supreme Court would nonetheless follow the *Associated General Contractors* factors analysis of antitrust standing; dismissing action because plaintiff lacked standing under the four factors). |
| West Virginia | *See* W. VA. CODE § 47-18-16 (2006) ("This article *shall* be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes.") (emphasis added); *see also Gray v. Marshall Cty. Bd. of Edu.*, 367 S.E.2d 751, 755 (W. Va. 1988) ("[W]e are directed by the legislature to apply the federal decisional law interpreting the Sherman Act to our own parallel anti-trust statute."). |
| Wisconsin | Interpretation of state antitrust laws is "controlled by federal court decisions under the Sherman Act." *Ford Motor Co. v. Lyons*, 405 N.W.2d 354, 367 (Wis. Ct. App. 1987). |

**EXHIBIT B**
**(State Antitrust Statutes Limited to Intrastate Conduct)**

| District of Columbia | *See Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 397 (D. Md. 1990) (finding that claims under D.C. Act are limited to conduct falling within District and questioning whether any viable claims exist where defendants and plaintiffs are not found within District). |
|---|---|
| Mississippi | *See In re Microsoft Corp.*, No. MDL 1332, 2003 WL 22070561, *1-2 (D. Md. August 22, 2003) (application of the Mississippi Antitrust Act limited to purely intrastate commerce). |
| Nevada | Nevada's Unfair Trade Practices Act provides for antitrust liability only for "activity in this state." NEV. REV. STAT. § 598A.060. |
| New York | *See H-Quotient, Inc. v. Knight Trading Group, Inc.*, No. 03 CIV 5889 (DAB), 2005 WL 323750, *4-5 (S.D.N.Y. Feb. 9, 2005) (finding Donnelly Act claim preempted where complaint alleged primarily interstate conduct despite fact that some of effects arguably injured New York citizens and at least one of defendants was located in New York). |
| South Dakota | *See* S.D. CODIFIED LAWS § 37-1-3.1 which provides antitrust liability for unlawful conduct "within this state." |
| West Virginia | *See* W. VA. CODE § 47-18-3 (conspiracy "in this state" is unlawful). |

# EXHIBIT C
## (State Unfair Competition Laws Must Meet Certain Equivalents of Federal Antitrust Standing Requirements)

| | |
|---|---|
| Arkansas | Arkansas Unfair Competition laws require the plaintiff to demonstrate actual damage to obtain standing. ARK. STAT. ANN. § 4-88-113(f); *see also Anderson v. Stewart*, __ S.W.3d __, No. 05-886, 2006 WL 1118892 (Ark. April 27, 2006) (noting that § 4-88-113(f) gives a private cause of action to any person who suffers actual damage or injury, but where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the statute) (internal citation and quotation omitted). |
| California | An action for violation of unfair competition laws can be brought "by any person who has suffered <u>injury in fact</u> and has lost money or property <u>as a result of</u> such unfair competition." CAL. BUS. & PROF. CODE § 17204 (2006) (emphasis added); *see also* Prop. 64 § 1(e). |
| Georgia | An individual who has suffered injury or damages as a result of violations of unfair competition laws may bring a private cause of action. GA. CODE ANN. § 10-1-399 (2006); *see also, e.g., Chancellor v. Gateway Lincoln-Mercury, Inc.*, 502 S.E.2d 799, 804 (Ga. Ct. App. 1998) (no standing where there is no showing of actual or potential harm to plaintiffs as consumers). |
| Kansas | "[A]n 'aggrieved consumer' is one who has <u>suffered a loss or injury because of</u> a violation of the [Kansas Consumer Protection Act]." *In re Green*, 281 B.R. 699, 703-04 (D. Kan. 2002) (citing *Finstad v. Washburn University*, 845 P.2d 685, 690-91 (Kan. 1993) which granted summary judgment against a KCPA claim because there was no proof of reliance on the alleged violation). |
| Louisiana | "Any person who suffers any <u>ascertainable loss</u> of money or movable property, corporeal or incorporeal, <u>as a result of</u> the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually." LA. REV. STAT. ANN. § 51:1409 (2005) (amended in non-relevant part by La. Legis. 218 (2006) (emphasis added). *See Roustabouts, Inc. v. Hamer*, 447 So.2d 543, 548 (La. Ct. App. 1984). |
| Maine | "Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby <u>suffers any loss</u> of money or property, real or personal, <u>as a result of</u> the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for |

A5

| | |
|---|---|
| | such other equitable relief, including an injunction, as the court determines to be necessary and proper." ME. REV. STAT. ANN. tit. 5 § 213 (2006) (emphasis added). |
| Massachusetts | "Any person who engages in the conduct of any trade or commerce and who <u>suffers any loss</u> of money or property, real or personal, <u>as a result of</u> the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two may, as hereinafter provided, bring an action in the superior court." MASS. GEN. LAWS ch. 93A, § 11 (2006) (emphasis added); *see also, e.g., Addamax v. Open Software*, 964 F. Supp. 549 (D. Mass. 1997). |
| Montana | "A consumer who suffers any <u>ascertainable loss</u> of money or property, real or personal, <u>as a result of</u> the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an individual." MONT. CODE ANN., § 30-14-133 (2006) (emphasis added). |
| New Mexico | "Any person who suffers <u>any loss</u> of money or property, real or personal, <u>as a result of</u> any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act may bring an action to recover actual damages or the sum of one hundred dollars $100), whichever is greater." N.M. STAT. § 57-12-10 (2006) (emphasis added). |
| New York | "In order to make out a [N.Y. Gen. Bus. Law § 349] claim, a plaintiff must allege both a deceptive act or practice directed toward consumers and that such act or practice results in actual injury to a plaintiff." *Blue Cross and Blue Shield of New Jersey v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 205 (2004) (internal citations omitted). |
| North Carolina | To have standing under N.C. GEN. STAT. §§ 75-1.1 *et seq.*, the plaintiff must demonstrate injury in fact. *See Coker v. DaimlerChrysler Corp.*, 617 S.E.2d 306, 310-11 (N.C. Ct. App.), *cert. denied*, 360 N.C. 623 (2005) (plaintiff's cause of action for failure to install a brake shift interlock device properly dismissed for lack of standing where plaintiffs suffered no injury or property damages). |
| Rhode Island | "Any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby <u>suffers any ascertainable loss</u> of money or property, real or personal, <u>as a result of</u> the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action." R.I. GEN. LAWS § 6-13.1-5.2 (2006) (emphasis added). |

A6

**EXHIBIT D**
**(State Consumer Protection Laws Require Fraudulent,**
**Deceptive or Unconscionable Conduct)**

| Arkansas | Arkansas Deceptive Trade Practices Act forbids "deceptive and unconscionable trade practices." ARK. CODE. ANN. § 4-88-107(a). |
|---|---|
| Idaho | Idaho's Consumer Protection Act forbids "unfair methods of competition and unfair or deceptive acts or practices" that include acts that are "misleading, false, or deceptive to the consumer" as well as "unconscionable" practices. IDAHO CODE § 48-603(17)-(18). The ICPA enumerates situations that are considered "unconscionable" including "[w]hether the sales conduct or pattern of sales conduct would outrage or offend the public conscience, as determined by the court." IDAHO CODE § 48-603C(2)(d). The ICPA does not enumerate monopolization as an unfair practice and only prohibits unconscionable sales conduct that is directed at the consumer. *See State v. Daicel Chem. Inds. Ltd.*, 106 P.3d 428 (Idaho 2005) (price-fixing of products that are not sold directly to consumers is not an unconscionable act within the meaning of this section, which addresses the prevention of outrageous transactions involving vulnerable consumers). |
| Kansas | Kansas's Consumer Protection Act is limited to "deceptive acts & practices" and "unconscionable acts and practices" done "in connection with a consumer transaction." KANSAS STAT. ANN. §§ 50-626(a), 50-627. |
| Maine | Claims under Maine's Unfair Trade Practices Act, 5 MAINE REV. STAT. ANN. §§ 205-A *et seq.*, must be based on a fraudulent or deceptive practices. *See Tungate v. MacLean-Stevens Studios*, 714 A.2d 792, 797 (Me. 1998) ("In pricing cases under [Maine's unfair trade practices act] the inquiry is whether the price has the effect of deceiving the consumer, or inducing her to purchase something she would not otherwise purchase.") (citations omitted). |
| New Mexico | "Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." N.M. STAT. ANN. § 57-12-3. "Unconscionable trade practices" are limited to acts that (1) "takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree" or (2) "results in a gross disparity between the value received by a person and the price paid." N.M. STAT. ANN. § 57-12-2E. "Unfair or deceptive trade practices" are limited to enumerated acts not alleged in the FACC. N.M. STAT. ANN. § 57-12-2D. |

| New York | There must be some fraudulent or deceptive conduct alleged under New York's Consumer Protection Law, N.Y. Gen. Bus. Law §§ 349, *et seq.*; *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611-12 (N.Y. 2000); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 197 (D. Me. 2004) (dismissing antitrust claims brought under CPL in absence allegations of deceptive conduct; noting that an individual must show "that [the] defendant is engaging in an act or practice that is deceptive or misleading in a material way and that [the] plaintiff has been injured by reason thereof") (citations omitted). |
|---|---|
| Utah | Utah Consumer Sales Practices Act prohibits "deceptive and unconscionable acts or practices" by a supplier in connection with a consumer transaction. UTAH CODE ANN. §§ 13-11-4(1)-(5)1. |

760044 / 29282

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on November 3, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

James L. Holzman
J. Clayton Athey
Eric M. Andersen
Prickett, Jones & Elliott, P.A.
1310 King Street
Post Office Box 1328
Wilmington, DE 19899

I hereby certify that on November 3, 2006 I have sent the documents by Electronic Mail to the following non-registered participants:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    POTTER ANDERSON & CORROON LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Post Office Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com