## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>                Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>Discovery Matter No. 2 |

### DEFENDANT INTEL CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
Nora C. Cregan
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated: November 13, 2006

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendant*
*Intel Corporation*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS RELEVANT TO THIS MOTION ................................2

III.  ARGUMENT ....................................................................................5

      A.    Plaintiffs' Motion Is Premature ................................................5

      B.    Plaintiffs' Motion To Compel Lacks Merit ....................................7

IV.   CONCLUSION ..................................................................................8

# TABLE OF AUTHORITIES

Page

*Allison on behalf of General Motors Corp. v. General Motors Corp.,*
604 F. Supp. 1106 (D. Del.),
*aff'd without opinion,* 782 F.2d 1026 (3d Cir. 1985)...............................................6

*Ayres v. Jacobs & Crumplar, P.A.,*
No. 94-658-S, 1995 WL 704781 (D. Del. Nov. 20, 1995) ......................................6

*Chudasama v. Mazda Motor Corp.,*
123 F.3d 1353 (11th Cir. 1997) ...............................................................................5

*Cotton v. Massachusetts Mutual Life Insurance Co.,*
402 F.3d 1267 (11th Cir. 2005) ...............................................................................5

*Hansen v. Neumueller GmbH,*
163 F.R.D. 471 (D. Del. 1995) .................................................................................6

*In re Sulfuric Acid Antitrust Litigation,*
231 F.R.D. 331 (N.D. Ill. 2005)................................................................................6

*Thomas v. Independence Twp.,*
463 F.3d 285 (3d Cir. 2006).....................................................................................6

I.    **INTRODUCTION**

Plaintiffs' motion to compel production of documents misses the mark both procedurally and substantively.

Plaintiffs seek an order compelling Intel to produce documents it has not refused to produce — on a deadline (five months away) that Intel has not missed and that is subject to extension — relating to claims subject to a pending motion to dismiss the Court has yet to decide. Intel has simply indicated to plaintiffs that, before committing to producing any of these documents, it needs to know the scope of plaintiffs' claims. Waiting for the Court's ruling on Intel's motion to dismiss is a matter of common sense. Having the Special Master "reliably determine *now*," on plaintiffs' motion to compel, "that [the Court] will *later* deny Intel's Rule (12)(b)(1) motion as to at least one of the state law claims" is backward on its face. Class Plaintiffs' Opening Brief In Support of Their Motion to Compel Production of Documents ("Class Mot."), at 14 n.6 (emphasis added).

In any event, plaintiffs' motion lacks merit in that it insists that the Court's ruling on AMD's foreign conduct claims is "irrelevant" to their claims and the scope of discovery. *Id.* at 2. Plaintiffs borrow liberally and extensively from AMD's lawsuit against Intel, but argue that a ruling limiting AMD's case should not apply to their case. Plaintiffs cannot have it both ways. They substantially copied AMD's complaint against Intel, incorporating almost every allegation from AMD and adding only two conclusory paragraphs purporting to turn those allegations into their own. On discovery, plaintiffs' similarly and admittedly "largely duplicated" AMD's discovery requests and served them as their own. *Id.* at 6. Now that the Court has dismissed AMD's foreign-conduct based allegations, plaintiffs cannot reverse course to claim their case is so different from AMD's that the Court's foreign conduct ruling has no effect on them.[1] The ruling is not

---

[1]    Ironically, in their motion to compel, plaintiffs also "incorporate [] by reference" arguments raised by AMD in its motion to compel. Class Mot. at 13 n.5.

merely relevant but essential. Waiting for the Court to determine Intel's Motion to Dismiss is not only appropriate, but judicially efficient.

Intel respectfully requests the Special Master deny plaintiffs' motion to compel.

II.    **STATEMENT OF FACTS RELEVANT TO THIS MOTION**

AMD filed an action against Intel alleging violations of Section 2 of the Sherman Act (monopolization) and Section 17045 of the California Business and Professions Code (unlawful rebates and discounts) and the tort of interference with prospective economic advantage (based on the alleged violation of the two statutes referenced above). Shortly thereafter, plaintiffs brought a large number of purported class actions — subsequently consolidated — against Intel, asserting claims under § 2 of the Sherman Act and various state statutes and common law. *See* First Amended Consolidated Class Action Complaint ("Complaint"), D.I. 59 ¶¶ 236-246. Their Complaint relies almost entirely (and word for word) on the factual allegations in AMD's complaint.

Plaintiffs claim that as buyers of computers or other electronic devices containing Intel microprocessors they are U.S. indirect purchasers of Intel microprocessors. *See, e.g., id.* ¶¶ 10, 234. The Complaint, however, parrots the anecdotal allegations that form the basis of AMD's complaint — allegations about Intel's discounts, rebates and other concessions to OEMs, retailers and distributors, many of them overseas. *See id.* ¶¶ 140, 145, 163-175, 189-195; *see also* Appendix In Support Of Intel Corporation's Motion To Dismiss Plaintiffs' Foreign Conduct Claims ("Mot. to Dismiss Appendix"), D.I. 313, at A1-A16 (displaying similarities between the two complaints).

On May 2, 2006, Intel moved to dismiss every AMD claim based on foreign conduct, including conduct that allegedly "put in place a chain of events that ultimately had an adverse effect on U.S. commerce." *See* Memorandum In Support of Defendants' Motion to Dismiss AMD's Foreign Commerce Claims for Lack of Subject Matter Jurisdiction and Standing, D.I. 65, at 22.

On September 26, 2006, the Court granted Intel's motion, dismissing all of AMD's claims for injuries arising from Intel's alleged foreign conduct. *See* September 26, 2006 Memorandum Opinion ("Op."), D.I. 279, at 5, 7, 15-16. Specifically, the Court concluded that it lacked jurisdiction over the following purported overseas conduct by Intel with microprocessor customers as alleged AMD's complaint: (1) Japanese OEMs (AMD complaint ¶¶ 40-44, 54, 57, 74); (2) European OEMs (*id.* ¶¶ 55, 56, 65, 75, 81); (3) alleged interference with the launch of an AMD based system by foreign OEMS or sales to these OEMs (*id.* ¶¶ 81, 83, 86); (4) alleged interference with foreign distributors' sales in foreign countries (*id.* ¶¶ 89, 93, 94); (5) interference with sales to retailers in Europe (*id.* ¶¶ 100, 101); and (6) alleged interference with German retail chain Vobis (*id.* ¶ 106). *See* Op. at 7, 16. These are the *same* allegations plaintiffs make here. *See* Mot. to Dismiss Appendix, D.I. 313, at A1-A16.

On November 3, 2006, Intel moved to dismiss plaintiffs' foreign conduct claims that rely on those identical allegations. Intel's memorandum in support of its motion to dismiss plaintiffs' foreign conduct claims explains in detail why plaintiffs' claims, like AMD's claims, are subject to dismissal under the Court's analysis of the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA") as set forth in its September 26, 2006 Opinion. *See* Memorandum In Support Of Intel Corporation's Motion To Dismiss Plaintiffs' Foreign Conduct Claims ("Motion to Dismiss"), D.I. 312, Parts IV - VI. Under the District Local Rules, this Motion would otherwise be ripe for decision by Judge Farnan by November 30, 2006. However, plaintiffs sought, and Intel did not oppose, a longer briefing schedule extending plaintiffs' time to respond to January 5, 2007. Unopposed Motion for Extension of Time and for Leave to File Separate Answering Briefs, D.I. 317.

On May 31, 2006, plaintiffs served Intel with their first set of document requests, comprising 264 categories of documents "largely duplicated" from AMD's discovery requests. *See* Class Mot. at 6. Intel timely responded to the requests objecting, among

other things, to producing documents relating to foreign companies. Though Intel committed to producing documents, it specifically reserved "the right to amend" that commitment "if the Court determines that it lacks subject matter jurisdiction" over foreign conduct-based claims. Class Mot., Exhibit A (Defendant Intel Corporation's Response to Plaintiffs' First Request for Production of Documents) at 3, ¶ 4.

Based on the Court's September 26, 2006 ruling, Intel amended its responses to plaintiffs' discovery requests. *Id.*, Exhibit B (Defendant Intel's Amended Responses to Plaintiffs' First Request for Production of Documents). While not conceding the relevance or admissibility of that information, Intel agreed to produce responsive non-privileged documents showing, among other things, market share analysis, sales and demand forecasts, competitive analyses, and strategic plans relating to the microprocessor market and sales outside the United States. *See id* at 5. However, Intel objected to requests seeking the production of information relating to microprocessor sales to foreign customers on the grounds that the Court lacks subject matter jurisdiction over such conduct. *Id* at 5. Intel also objected that the foreign discovery sought is not calculated lead to discovery of admissible evidence in light of Judge Farnan's September 26, 2006 ruling. *Id.* In subsequent discussions with Interim Class Counsel, Intel indicated that it was not refusing to produce foreign conduct documents at this time, but would adjust the timing for any such production so that the parties and the Special Master could have the benefit of Judge Farnan's decision on Intel's Motion to Dismiss. On October 30, 2006, plaintiffs filed this motion.[2]

---

[2]    That same day, AMD moved to compel production of documents related to Intel's conduct with overseas customers. *See* D.I. 300.

III.    **ARGUMENT**

A.    **Plaintiffs' Motion Is Premature**

The purported dispute between Intel and plaintiffs regarding discovery of foreign conduct is not ripe, and plaintiffs motion is therefore premature.

Plaintiffs' primary argument is that their Complaint has at least one claim that will cover Intel's alleged foreign conduct. Class Mot. at 8-10. But Intel has pending before Judge Farnan a motion to dismiss every claim to the extent that the claim relies on allegation of the foreign conduct and to strike those allegations from the Complaint. The brief in support of that motion explains in depth why plaintiffs' foreign conduct claims should be dismissed, and why plaintiffs are therefore mistaken that they are entitled to the discovery they request, and Intel will not repeat those arguments here. Until that motion is resolved it is premature to decide plaintiffs' discovery motion. Intel does not dispute that if the plaintiffs' claims that rely on foreign conduct remain in the case, plaintiffs would be entitled, barring other discrete objections, to discovery of Intel's foreign conduct. Consequently, should Judge Farnan deny some part of Intel's Motion to Dismiss, it may be unnecessary for the Special Master to rule on the merits of this discovery "dispute," including whether foreign conduct that the Court lacks authority to adjudicate could somehow remain relevant to prove monopoly power.[3]

It is matter of common sense that the Motion to Dismiss should be resolved before Intel commits to producing documents that pertain to the allegations and claims at issue in the motion. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.") (Ex. A hereto); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th

---

[3]    *See* Class Mot. at 12-13. On this point, Intel respectfully directs the Special Master's attention to Intel's Opposition to AMD's Motion to Compel, which Intel has filed contemporaneously.

Cir. 2005) (Ex. B hereto). Recognizing the logic of that argument, courts routinely delay

discovery pending resolution of a motion to dismiss. *See, e.g., In re Sulfuric Acid*

*Antitrust Litig.*, 231 F.R.D. 331, 336 - 337 (N.D. Ill. 2005) ("Limitation or postponement

of discovery may be appropriate when a defendant files a motion to dismiss for failure to

state a claim on which relief can be granted.") (listing cases granting stays) (Ex. C

hereto); *see also Thomas v. Independence Twp.*, 463 F.3d 285, 302 (3d Cir. 2006)

(ordering district court to stay discovery pending resolution of defendants' motion to

dismiss) (Ex. D hereto); *Allison on behalf of General Motors Corp. v. General Motors*

*Corp.*, 604 F. Supp. 1106, 1110 (D. Del.), (noting court had previously ordered a stay

pending resolution of motion to dismiss) (Schwartz, J.), *aff'd without opinion*, 782 F.2d

1026 (3d Cir. 1985) (Ex. E hereto); *Ayres v. Jacobs & Crumplar, P.A.*, No. 94-658-SLR,

1995 WL 704781, at *1 (D. Del. Nov. 20, 1995) (same) (Ex. F hereto).

Therefore, pending Judge Farnan's resolution of Intel's Motion to Dismiss,

plaintiffs' motion to compel should be denied as premature. *Cf. Hansen v. Neumueller*

*GmbH*, 163 F.R.D. 471, 477-478 (D. Del. 1995) (denying motion to compel discovery as

premature when the court had not yet resolved defendant's 12(b)(2) motion to dismiss)

(Schwartz, J.) (Ex. G hereto).

Plaintiffs attempt to force the issue by arguing the merits of Intel's pending

Motion to Dismiss in the instant motion to compel. Class Mot. at 8-12. It is improper for

plaintiffs to urge the Special Master to "reliably determine *now*", without the benefit of

Intel's moving papers and supporting materials or Judge Farnan's analysis of those

arguments, "that [the Court] will *later* deny Intel's Rule (12)(b)(1) motion as to at least

one of the state law claims." *Id.* at 14 n.6 (emphasis added). This would effectively

decide Intel's Motion to Dismiss, a task that Intel respectfully submits is not within the

Special Master's authority.

Finally, plaintiffs' argument that waiting for Judge Farnan to rule on the Motion

to Dismiss would "yield substantial and unwarranted delay," Class Mot. at 3, is built on

baseless assumptions and conjecture. First, plaintiffs assume that the briefing and a decision on the Motion to Dismiss will push production beyond the discovery deadline *and any reasonable extension thereof*. *Id*. at 14. The Motion to Dismiss will be ready for decision in early 2007, potentially sooner, and there is no reason to assume that Judge Farnan will not rule promptly. Next, plaintiffs assume that Intel will not begin reviewing its files for foreign conduct documents until after the Court rules on the motion to dismiss. *Id*. at 7. There is simply no basis to assume that Intel will not be able to meet its document discovery obligations as required by Judge Farnan's September 2006 Case Management Order. Plaintiffs offer no valid explanation for their urgency, and there is none.

B.    **Plaintiffs' Motion To Compel Lacks Merit**

Although the Special Master need not reach the issue, plaintiffs' motion to compel must also be denied because plaintiffs have no right to the discovery they seek. Having copied AMD's complaint almost verbatim, plaintiffs cannot now argue the Court's ruling dismissing AMD's foreign conduct claims "is irrelevant" to their action. Class Mot. at 2. Rather than burden the Special Master by repeating its arguments here, Intel respectfully refers the Special Master to its Motion to Dismiss, in which Intel refutes plaintiffs' claims that the Court's September 26, 2006 Opinion is irrelevant to their claims and that the FTAIA does not affect the reach of the state laws plaintiffs invoke. Class Mot. at 8-9, 10-12. Intel also refers the Special Master to its brief in opposition to AMD's motion to compel (Intel's Opposition to AMD's Motion to Compel, Parts V and VI), filed contemporaneously with Intel's opposition here, which addresses plaintiffs' argument that they require global discovery to prove domestic monopolization.

7

IV.    **CONCLUSION**

               For the reasons presented above, the Court should deny plaintiffs' motion

to compel production of documents.

                                 Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP
David M. Balabanian
James L. Hunt
Christopher B. Hockett                         By: */s/ Richard L. Horwitz*
Nora C. Cregan                                       Richard L. Horwitz (#2246)
BINGHAM McCUTCHEN LLP                                 W. Harding Drane, Jr. (#1023)
Three Embarcadero Center                              Hercules Plaza, 6th Floor
San Francisco, CA  94111-4067                         1313 North Market Street
(415) 393-2000                                        P.O. Box 951
                                                      Wilmington, DE 19899-0951
Richard A. Ripley                                     (302) 984-6000
BINGHAM McCUTCHEN LLP                                 rhorwitz@potteranderson.com
2020 K Street, N.W.                                   wdrane@potteranderson.com
Washington, D.C.  20006
(202) 373-6000                                  *Attorneys for Defendant*
                                                *Intel Corporation*

Dated: November 13, 2006

761754 / 29282

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on November 13, 2006, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

James L. Holzman (#663)
J. Clayton Athey (#4378)
Eric M. Andersen (#4376)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on November 13, 2006, I have Electronically Mailed the

attached document to the following non-registered participants:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
COHEN, MILSTEIN, HAUSFELD
  & TOLL , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
 abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
THE FURTH FIRM LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
HAGENS BERMAN SOBOL
  SHAPIRO, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com


By:   _/s/ Richard L. Horwitz_____
        Richard L. Horwitz (#2246)
        W. Harding Drane, Jr. (#1023)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000
        rhorwitz@potteranderson.com
        wdrane@potteranderson.com


728761