<table>
<tr><td>FREDERICK L. COTTRELL, III<br>DIRECTOR</td><td align="center">RICHARDS, LAYTON & FINGER<br>A PROFESSIONAL ASSOCIATION<br>ONE RODNEY SQUARE<br>920 NORTH KING STREET<br>WILMINGTON, DELAWARE 19801<br>(302) 651-7700<br>FAX: (302) 651-7701<br>WWW.RLF.COM</td><td>DIRECT DIAL<br>(302) 651-7509<br>COTTRELL@RLF.COM</td></tr>
</table>

November 22, 2006

**VIA HAND DELIVERY**  REDACTED--PUBLIC VERSION
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE  19801-4226

  Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.* C.A. No. 05-441-JJF,  *In re Intel Corporation,* C.A. No. 05-MD-1717-JJF, and *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF

Dear Judge Poppiti:

  Advanced Micro Devices, Inc. ("AMD") moves to strike the brief submitted to you on November 13, 2006, by Fujitsu Limited, NEC Corporation, Sony Corporation, and Toshiba Corporation (the "Japanese OEMs"). Class Plaintiffs join this motion. Per your request, a copy of the transcript of the parties' November 16, 2006 hearing before you is attached hereto as Exhibit A.

  The Japanese OEMs' brief purports to supply their opinion -- unsolicited, at least by AMD or the Class Plaintiffs -- concerning the effect on discovery of Judge Farnan's September 26 Order on Intel's Motion to Dismiss. But it is, in fact, an undisguised motion to quash the subpoenas that AMD propounded on the Japanese OEMs (as well as the Intel and Class Plaintiffs subpoenas), seeking as it does an order precluding all such discovery.

  The Japanese OEMs' brief and motion to quash are, therefore, governed by your Order concerning Procedures for the Handling of Discovery Disputes Before the Special Master, and must be stricken. Each of the Japanese OEMs has violated your Order by failing to meet and confer prior to filing their motion, by failing to certify meet and confer efforts, and by well exceeding briefing page limits. In addition, the Japanese OEMs raise issues that are neither ripe for decision nor capable of decision in any way other than on an individualized basis so that each non-party's objections can be addressed in light of that non-party's unique relationship with Intel and the particularized documents requested of that non-party. Moreover, individual and separate

RLF1-3085393-1

November 22, 2006
Page 2

negotiations with each of the Japanese OEMs about discovery scope, burden and cost are ongoing, conducted on AMD's part by three sets of separate counsel. None of these negotiations has reached impasse.

To be sure, however, this is not simply about declaring impasse. The purpose of AMD's Motion to Compel is at least in part for the Court to rule on what discovery is permissible in light of Judge Farnan's September 26 Order. Once the contours of the case are defined between Intel and AMD, the Special Master can, if necessary, hear any ripe and properly presented dispute about non-party document production while considering that non-party's individual and specific relevance and burden issues. Finally, as set forth in AMD's Opening and Reply Briefs on its Motion to Compel, the documents AMD seeks from the Japanese OEMs are highly relevant to all of AMD's claims, both to Intel's maintenance of monopoly power through anti-competitive means in the worldwide market and to AMD's export commerce claims because they show Intel forcing Japanese OEMs into agreements that exclude AMD from selling American-made microprocessors to customers abroad (and, for certain of the Japanese OEMs, in the United States). This discovery thus goes to the heart of AMD's case.

**The Japanese OEMs' Brief Violates the Special Master's Order**

As demonstrated by their brief's repeated citations to the court docket and record, the Japanese OEMs and their counsel have access to, and are aware of, the Special Master's Order on Procedures for Handling Discovery Disputes. In addition, both AMD and Intel were required to attach the Special Master's Order to all NDA letters. But they ignore it. The Order provides:

> "Pursuant to L.R. 7.1.1, any party or *third party* wishing to bring a discovery dispute before the Special Master must first meet and confer with counsel for the opposing party or third party. Each movant submitting an initial letter brief must, by separate certification, detail the dates, time spent and method(s) of communication attempting to reach agreement on the subject of the application, and the results of such communications." (Order ¶ 3; emphasis added.)

The Order also requires that the "initial letter brief shall not exceed four (4) pages, single-spaced, unless the Special Master permits otherwise." (*Id.* ¶ 1.)

The Japanese OEMs have violated your Order. They have not -- at any time -- attempted to meet and confer with any of the three sets of AMD counsel on any issue set forth in their brief and motion to quash. (*See* the Declarations of James Pearl ("Pearl Decl.") ¶¶ 3-4, Laurin B. Grollman ("Grollman Decl.") ¶¶ 2-3, and Chad Shandler ("Shandler Decl.") ¶¶ 4-5 filed contemporaneously herewith.) They also have not submitted written certification of any attempt to address or narrow any issues that they raise now for the first time, and their brief is 8 pages long -- twice the permitted length.

There is no excuse for these violations. Compliance with your Order should, as intended, narrow any ripe dispute for your decision. Setting aside the Japanese OEMs' lack of standing as

November 22, 2006
Page 3

*amici* to brief AMD's Motion to Compel, your decision on it (and, presumably, Judge Farnan's review) should come first to define discovery contours, with particularized non-party negotiations to follow. For these reasons, the Japanese OEMs brief and motion to quash should be stricken and disregarded.

**The Dispute Raised is Not Ripe for Decision**

While AMD will not address here the substance of the Japanese OEMs' arguments about scope, burden and cost, the Japanese OEMs' motion to quash omits important facts about the state of the separate negotiations and flatly misstates others. In fact, AMD's negotiations with each of the Japanese OEMs are on-going, no impasse has been reached, and AMD has offered and, indeed, paid their document production costs for documents produced to date.

A summary of the relevant facts is set forth in the attached declarations: AMD served subpoenas on all of the Japanese OEMs in September and October 2005. Shortly after serving the subpoenas, AMD began negotiating separately with each Japanese OEM for the production of all documents provided to the Japan Fair Trade Commission ("JFTC") in its investigation of Intel's anticompetitive practices. This production represented a discrete, limited universe of presumably non-privileged documents that the Japanese OEMs needed only to copy and ship to AMD.

**REDACTED**

and subsequently served most of the Japanese OEMs with substantially revised and particularized requests addressing each of these non-parties' custodians and documents, indeed sometimes directing a request to a specific document related to that third-party only. These requests are now tailored to select executives (for example, only four executives at Fujitsu), and seek very targeted categories of information. For NEC, the request is limited to documents created after the JFTC raids in April 2004. Further, on August 15, 2006, AMD offered to pay all document processing costs NEC may incur in reviewing its remaining JFTC documents. AMD is in the midst of negotiations with NEC with respect to production of any additional non-JFTC documents.

Ironically, in its discovery agreement with AMD, NEC required AMD to notify it that negotiations had reached impasse fifteen days prior to the filing of any motion to compel. Despite insistence on this provision, NEC and the other Japanese OEMs filed their surprise motion to quash with absolutely no notice to AMD. In sum, the discovery "dispute(s)" the Japanese OEMs raise is not one (or four) yet and may never require the Special Master's intervention.

**The Discovery AMD Seeks is Relevant and Highly Probative**

AMD will not address here the Japanese OEMs' relevance assertions. AMD does,

November 22, 2006
Page 4

however, refer the Special Master to its Reply Brief on its Motion to Compel, filed on November 21, 2006. Detailed there is evidence devastating to Intel's insistence that it complied with United States antitrust laws:

**REDACTED**

This is not just relevant evidence: It is smoking gun evidence.

      For all of these reasons, AMD and Class Plaintiffs request that the brief submitted to you by the Japanese OEMs on November 13, 2006, be stricken or, in the alternative, held in abeyance until the Special Master rules on AMD and Class Plaintiffs' pending motions to compel foreign discovery and until AMD and the Japanese OEMs have thereafter had an opportunity to meet and confer. To the extent that the Special Master declines to do either, AMD requests that the Special Master set a briefing schedule so that AMD can address in full all of the issues the Japanese OEMs raise.

                                            Respectfully,

                                            */s/ Frederick L. Cottrell, III*

                                            Frederick L. Cottrell, III (#2555)


Enclosures
cc:    Clerk, District Court
        Richard L. Horwitz, Esquire (via hand delivery)
        James L. Holzman, Esquire (via hand delivery)