**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation,<br><br>    Plaintiffs,<br><br>   v.<br><br>INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**[PROPOSED] ORDER REGARDING INTEL'S**
**EVIDENCE PRESERVATION ISSUES**

WHEREAS, on March 7, 2007, the Court conducted a status conference attended by counsel for plaintiffs Advanced Micro Devices, Inc., *et al.* ("AMD"), defendants Intel Corporation, *et al.* ("Intel") and the Class Plaintiffs, during which the parties raised with

the Court issues concerning Intel's preservation of electronic evidence relevant to this lawsuit;

WHEREAS, the Court referred aspects of this matter to the Special Master, Vincent J. Poppiti, for further proceedings;

WHEREAS, also on March 7, 2007, the parties appeared before Special Master Poppiti to discuss a plan and schedule for the disclosure and investigation of Intel's preservation issues, and for the consideration of remediation proposals; and

WHEREAS, the parties have met and conferred and jointly submit the following proposed order regarding such issues.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Intel shall disclose by March 16, 2007, in writing the identity of Intel Custodians[1] to whom Intel did not deliver litigation hold instructions until 2007 as set out in Intel's March 5, 2007 letter to the Court and, for each such individual, the date on which Intel delivered the litigation hold instructions.

2. Intel shall disclose by March 16, 2007, in writing the identity of those Intel Custodians who had been identified in the Summer and Fall 2005 to be put on document retention, but whose e-mail data Intel did not migrate by November 2005 to the dedicated servers that were backed up weekly (as described in part in the fourth bullet point on page 2 of Intel's March 5, 2007 letter to Judge Farnan) and, for each such individual, where possible, the date (or if the date cannot be ascertained with certainty, Intel's best approximation of the date) on which Intel subsequently migrated the

---

[1] As used herein, the term "Intel Custodians" means and refers to the approximately 1,027 individuals identified by Intel on its Custodian List served on AMD on June 1, 2006, pursuant to the Stipulation and Order Regarding Document Production (hereafter, the "Document Production Order"). Intel believes that based on inadvertent duplication of names, and one person erroneously identified as an Intel employee, the number is 1023, but in any event will address all 1,027 names on the list.

Custodian's data to such dedicated servers. Intel states that this list may be subject to modification after a full accounting of the tapes is complete.

3. By March 20, 2007, Intel shall represent in writing: (1) whether it has successfully implemented an e-mail archiving solution that captures all emails sent or received by any Intel Custodian still employed at Intel, including all then-existing Intel Custodian e-mail; (2) whether the emails stored within the archive will be preserved throughout the course of the litigation and will not be subject to any auto-delete process; (3) whether the operation of the archive prevents individual custodians from deleting or altering emails located within the archive; and (4) by April 17, the date on which the e-mail archiving solution was successfully implemented as to each Intel Custodian.

4. By April 3, 2007, the parties shall jointly propose to the Special Master, and provide the resume(s) of, a neutral electronic discovery expert, or a group of such experts from which the Special Master may select to assist the Special Master on these issues, as he requires. If the parties are unable to agree upon such an expert, each party shall propose a candidate and shall supply the Special Master with his or her resume. The cost of the expert will be considered an expense of the proceeding and payment is addressed in Paragraph 14.

5. On April 17, 2007, Intel shall disclose in writing the following information with respect to each Intel Custodian:

    a. The Intel Custodian's name;

    b. Whether that Intel Custodian has been designated by Intel on its "Party-Designated Custodian Production List" or by AMD and

      Class Plaintiffs on their "Adverse Party Designated Custodian Production List" pursuant to the Document Production Order;

c. The "harvest" date, i.e., the date the Intel Custodian's data were collected, if applicable;

d. The date (or if the date cannot be ascertained with certainty, Intel's best approximation of the date) on which the Intel Custodian's data were migrated to the dedicated servers described in Paragraph 2, and the date of the first back-up tape containing data from that custodian; and

e. Whether Intel has preserved emails for the Intel Custodian from the Complaint Freeze Tapes, as described in page 2 of Intel's March 5, 2007 letter to the Court.

6. On April 17, 2007, Intel shall submit in writing an updated and final report regarding the 239 Intel Custodians for which Intel provided preliminary information to AMD on February 22, 2007, which will reflect Intel's best information gathered after reasonable investigation, and which shall contain the following information for each such Intel Custodian[2]:

a. The Intel Custodian's name;

b. A detailed written description of the preservation issues affecting that Intel Custodian, including the nature, scope and duration of any preservation issue(s).

---

[2] Intel will use reasonable efforts to promptly obtain the information in subsection (b) from former employees; however, because it no longer has any means to require cooperation, it may or may not be able to obtain the information in 6b. for such individuals and it may need additional time beyond April 17, 2007 to complete the process for those former employees.

Should Intel determine in good faith that it will be unable to make these disclosures for all of these 239 Intel Custodians by April 17, 2007, the parties shall meet and confer to agree upon a schedule for the submission of the information on a rolling basis.

7.   On April 27, 2007, Intel shall provide the same information identified in paragraph 6 for those custodians identified in paragraph 2.

8.   With respect to the remainder of Intel's Custodians not on the list of 239 Intel Custodians referred to in Paragraphs 6 and 7, commencing after April 27, 2007, Intel shall provide the same information called for by Paragraph 6 in a reasonable time frame, on a rolling basis and prioritizing those Intel custodians in senior positions.

9.   AMD and the Class Plaintiffs have requested Intel to voluntarily disclose the date(s) on which Intel or its counsel learned of the preservation lapses, failures or deficiencies identified in response to Paragraphs 6, 7 and 8 with respect to each Intel Custodian. The parties shall meet and confer hereafter to establish a timetable for that Intel disclosure, and whether Intel will so disclose voluntarily or through discovery.

10.   On April 17, 2007, Intel shall, with respect to each Intel Custodian whose data was migrated at any time to the dedicated servers described in Paragraph 2, provide in writing a full and complete accounting of no less than the weekly backup tapes for the first eight weeks that exist with respect to that Intel Custodian's data. The parties will meet and confer to set a schedule for the completion of this accounting with respect to any additional existing backup tapes for these and all other Intel Custodians.

11.   On April 17, 2007, Intel shall submit to the parties and the Special Master a proposed plan of remediation to address the document preservation issues.

12. On May 8, 2007, and after appropriate FRCP 30(b)(6) and/or written discovery, AMD and the Class Plaintiffs shall submit to Intel and the Special Master their respective responses to Intel's disclosures pursuant to this Order and to Intel's proposed plan of remediation. In the event that AMD or the Class Plaintiffs reasonably request additional time within which to make this submission, Intel will not oppose such request.

13. On May 18, 2007, Intel shall submit to the parties and the Special Master its reply to AMD's and the Class Plaintiffs' May 1, 2007 submissions.

14. Intel shall pay all costs and expenses of the Special Master incurred in connection with the addressing of Intel's evidence preservation issues. Intel may not seek reallocation of these costs and expenses, but the Special Master may reallocate them on his own initiative for good cause.

15. The Special Master shall, at his discretion, set a hearing to be held at an appropriate time to address the issues raised by the parties' submissions.

16. This order is without prejudice to the rights of AMD or the Class Plaintiffs to request the disclosure of additional information from Intel with respect to its evidence preservation issues, including formal discovery, or to seek any other relief, remedy or order with respect thereto.

**RICHARDS, LAYTON & FINGER, P.A.**
*/s/ Frederick L. Cottrell, III #2555*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

|  |  |
|---|---|
|  | Attorneys For Advanced Micro Devices, Inc. And AMD International Sales & Service, Ltd. |
| Dated: March 15, 2007 | **POTTER ANDERSON & CORROON LLP** |
|  | */s/ Richard L. Horwitz #2246* |
|  | Richard L. Horwitz (#2246) |
|  | rhorwitz@potteranderson.com |
|  | W. Harding Drane, Jr. (#1023) |
|  | wdrane@potteranderson.com |
|  | 1313 North Market Street |
|  | P.O. Box 951 |
|  | Wilmington, DE  198999-0951 |
|  | (302) 984-6027 |
|  | Attorneys for INTEL CORPORATION and INTEL KABUSHIKI KAISHA |
| Dated: March 15, 2007 |  |
|  | **PRICKETT JONES & ELLIOTT, P.A.** |
|  | */s/ James L. Holzman #663* |
|  | James L. Holzman (#663) |
|  | jlholzman@prickett.com |
|  | J. Clayton Athey (#4378) |
|  | jcathey@prickett.com |
|  | 1310 King Street, P.O. Box 1328 |
|  | Wilmington, DE 19899 |
|  | (302) 888-6509 |
|  | Interim Liaison Counsel and Attorneys for Phil Paul, on behalf of himself and all others similarly situated |

Dated: March 15, 2007

    SO ORDERED this_____ day of March 2007.

                                                                                   Vincent J. Poppiti (#100614)
                                                                                   Special Master