IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSSOR<br>ANTITRUST LITIGATION | ) ) ) ) ) | MDL Docket No. 05-1717 (JJF) |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485 (JJF)<br><br>CONSOLIDATED |

## DECLARATION OF MICHAEL D. POWELL

                                 MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                 Mary B. Graham (#2256)
                                 James W. Parrett, Jr. (#4292)
                                 1201 N. Market Street
                                 P.O. Box 1347
                                 Wilmington, DE  19899-1347
                                 302.658.9200

                                 *Attorneys for Third Party Fry's Electronics, Inc.*

*OF COUNSEL:*

Robert W. Stone
Michael D. Powell
Quinn Emanuel Urquhart Oliver
& Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
650.801.5000

April 17, 2007

## DECLARATION OF MICHAEL D. POWELL

I, Michael D. Powell, declare:

1. I am an attorney admitted to practice in the State of California. I am an associate in the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Fry's Electronics, Inc. in connection with this matter. The statements in this declaration are based upon my personal knowledge, and if called as a witness I could testify competently thereto.

2. Attached as Exhibit A is a true and correct copy of Fry's written objections.

3. Attached as Exhibit B is a true and correct copy of November 16, 2006 letter from Steve Fimmel to Brian Henri.

4. On April 9, 2007, myself, Robert Stone, and counsel for Class Plaintiffs had a teleconference to discuss the scope of the information being requested in Class Plaintiffs' motion. During this conference, counsel for Class Plaintiffs indicated that they were seeking transactional data and were not interested in documents responsive to all document requests in the subpoena.

5. On April 11, 2007, Robert Stone, a partner in my office, sent a letter to counsel for Class Plaintiffs wherein Fry's offered to produce specified transactional data provided the existing protective order was modified. Attached as Exhibit C is a true and correct copy of Mr. Stone's April 11, 2007 letter.

6. On April 12, 2007, I had a teleconference with counsel for Class Plaintiffs. During this conference, Class Plaintiffs indicated that they were willing to accept transactional data aggregated on a monthly basis but were not willing to petition to the Court to modify the protective order under any circumstances, though they suggested having some sort of undefined side agreement that would apply to Fry's production. During this call, Class Plaintiffs could not articulate why -- at this stage of the proceedings before class certification -- they needed data for all of the potentially millions of transactions as opposed to a statistically relevant sample. Attached as Exhibit D is a true and correct copy of an email correspondence from Class

51216/2102883.1

Plaintiffs' counsel confirming that Class Plaintiffs would not agree to petition the Court to modify the protective order.

7. Attached as Exhibit E is a true and correct copy of the suggested protective order modifications suggested by Fry's.

8. Attached as Exhibit F is a true and correct copy of the form of protective order available from the Northern District of California web site.

9. Attached as Exhibit G is a true and correct copy of form of protective order entered by Judge Joseph Farnan in Merck & Co. v. Teva Pharmaceuticals.

10. Attached as Exhibit H is a true and correct copy of form of protective order entered by Judge Joseph Farnan in Bridgestone Sports v. Acushnet.

11. Attached as Exhibit I is a true and correct copy of form of protective order entered by Judge Joseph Farnan in Wyeth v. Impax Laboratories.

12. Attached as Exhibit J is a true and correct copy of form of protective order entered by Judge Joseph Farnan in Research in Motion v. Good Technology.

13. Attached as Exhibit K is a true and correct copy of a letter from Richard Volin to me dated April 16, 2007.

14. Attached as Exhibit L is a true and correct copy of my response to Richard Volin's April 16 letter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on April 17, 2007, at Redwood Shores, California.

_____
Michael D. Powell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2007, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that on April 17, 2007 true and correct copies of the foregoing were caused to be served upon the following parties in the manner indicated:

**VIA HAND DELIVERY (in triplicate):**

Vincent J. Poppiti
BLANK ROME LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226

| **VIA E-MAIL:** | **VIA E-MAIL:** |
|---|---|
| Vincent J. Poppiti | J. Clayton Athey |
| BLANK ROME LLP | PRICKETT, JONES & ELLIOTT, P.A. |
| **poppiti@blankrome.com** | **jcathey@prickett.com** |

WITH A COPY TO:

David R. Dube
BLANK ROME LLP
**dube@blankrome.com**

Mary Levan
BLANK ROME LLP
**levan@blankrome.com**

Carrie David
BLANK ROME LLP
**david-c@blankrome.com**

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

802096