RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION

ONE RODNEY SQUARE

920 NORTH KING STREET

WILMINGTON, DELAWARE 19801

FREDERICK L COTTRELL, III
DIRECTOR

(302) 651-7700

FAX (302) 651-7701

WWW.RLF.COM

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF COM

April 26, 2007

<u>**VIA ELECTRONIC MAIL AND HAND DELIVERY**</u>

The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE  19801-4226

> Re:  *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,* C.A. No. 05-441-JJF; *In re Intel Corporation,* C.A. No. 05-MD-1717-JJF; and *Phil Paul, et al. v. Intel Corporation,* C.A. 05-485-JJF (DM4)

Dear Special Master Poppiti:

Whether or not Intel likes it, as one of the mostly highly visible pending antitrust actions in the country, and one potentially affecting an industry critically important to U.S. productivity gains, this case has generated intense public interest. Over three dozen reporters actively cover it for both print and electronic media around the world. Each new development, and most minor ones, results in a storm of press inquiries directed at the parties, their public spokespeople and their outside counsel.

As a responsible corporate citizen, AMD has endeavored to be responsive. So as to avoid dealing piecemeal with an army of interested journalists, it has adopted the practice of proactively circulating all substantive filings, both AMD's and Intel's, with a cursory explanation of their contents.

It was in this spirit, and after it had received multiple press inquiries from reporters who understood that the Intel submission was due, that AMD published to several dozen reporters on Tuesday Intel's Final Report and Plan of Remediation, along with a very muted message that AMD's response would require further study and the completion of pending discovery, some of which Intel was contesting.

RLF1-3143792-1

The Honorable Vincent J. Poppiti
April 26, 2007
Page 2

AMD's careful response stands in marked contrast to Intel's. At the same time that AMD was "declin[ing] to comment before the company had a chance to fully assess the documents," Intel was busy spinning. Chuck Malloy, Intel's communications head, described the Report on Tuesday as establishing " a sound basis to believe that ultimately nothing of any genuine significance will prove to have been lost" by Intel's failure to preserve email communications.[1] Malloy went on to dismiss AMD's concerns as "based on incomplete information." These comments demonstrate a clear intent by Intel to use the press to advance its argumentation.

We don't mind Intel explaining to the public the meaning it ascribes to its court filing. But we are puzzled by the obvious double standard that it wishes to apply to AMD, rushing to the Court when AMD engages in a more limited example of the same public discourse that Intel is so obviously eager to influence.

Intel's desire is obvious: To monopolize the public dialogue. That is understandable given the adverse publicity its self-confessed document destruction has generated. But the fact remains that the public has every right to follow developments in this case, including embarrassing lapses like this one. We note Intel's efforts to pull the rug over this chapter by placing clearly non-confidential materials under the Protective Order, like custodian lists and document-retention non-compliance reports. Before it received stinging public criticism, however, Intel produced to AMD and Class Counsel the same sort of materials without designating either as "Confidentiality Discovery Material." Its recent change of heart seems to reflect a desire to avoid public scrutiny of recent developments, and not any legitimate privacy concerns on the part of its employees. Indeed, if privacy was the driver, Intel would have filed versions of its non-compliance reports redacted of identifying information, as the Electronic Case Filing CM/ECF User's Manual, Chapter XIV, Section C, requires it to do.

AMD has not asked and is not asking the Court to intercede at this time — we have more pressing issues to deal with. But sooner or later the Court will have to address an abuse of the confidentiality order that is calculated to permit Intel to litigate this case under cover of darkness. Until an appropriate motion is filed, by a party or interested party, however, the issue is not ripe.

---

[1] Ryan Blitstein, HUMAN MISTAKES CAUSED DATA LOSS IN AMD SUIT, CHIP MAKER TELLS COURT *San Jose Mercury News* (launched: 04/25/2007 01:47:23 AM PDT), available at http://www.mercurynews.com/search/ci_5745479?nclick_check=1.

The Honorable Vincent J. Poppiti
April 26, 2007
Page 3

Respectfully,

Frederick L. Cottrell, III (#2555)

FLC,III/afg

cc:    Clerk of the Court (By Electronic Filing)
       Richard L. Horwitz, Esquire (Via Electronic Mail)
       James L. Holzman, Esquire (Via Electronic Mail)

RLFI-3143792-1