

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

May 4, 2007

<u>**BY ELECTRONIC MAIL**</u>

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE  19801

    Re:    Discovery Matter No. 5
              <u>*In re Intel Corp.*</u>, C.A. No. 05-1717-JJF; and
              <u>*Phil Paul v. Intel Corporation (Consolidated)*</u>, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

       Intel Corporation respectfully submits this brief response to Fry's Electronics' proposed modifications to the Court-Approved Confidentiality Agreement and Protective Order currently governing this litigation.  As the Court noted during the May 1, 2007 hearing, the existing Protective Order was the product of a massive and arguably unprecedented negotiation process where multiple third parties – including Fry's – were allowed to provide input on the Protective Order, which was ultimately approved by the Court.

       As an initial matter, Fry's position portends a process where a third party gets repeated opportunities to seek its own protective order terms whenever its situation deviates slightly in timing or posture from the circumstances that existed last year when this Court expended significant time and effort on the current protective order. With over 70 third parties producing information, such a scenario would be unworkable to manage and administer.  Thus far, Intel believes that the Court has not had such requests because the process was fair, and the third parties respected the Court's decision as final and sufficiently protective of their interests. If each of the 70 third parties believes that the protective order will protect their confidential information, there is no reason to expect that Fry's will not also be protected.

       Next, the proposed modifications would unduly impede the ability of Intel and the other parties to litigate this case.  In particular, Intel objects to Fry's request at the May 1, 2007 hearing that Intel and the other parties be compelled to disclose at this preliminary stage of the litigation the identities of their respective testifying and non-testifying experts, and that Fry's be given an opportunity, after such disclosure, to object to any particular expert having access to Fry's information.  The existing Protective Order restricts, under the penalty of contempt of court, the use of any discovery to the prosecution or defense of this litigation, and expressly

Vincent J. Poppiot, Esquire
May 4, 2007
Page 2

prohibits anyone, including experts, from using the information for any business or commercial purpose. Fry's proposed modification, if adopted, would have the practical effect of empowering third parties with a veto over a party's selection of the expert(s) of its choice. Such a veto power is not justified here. *Cf. Telular Corp v. Vox2, Inc.*, No. 00 C 6144, 2001 WL 641188 (N.D. Ill. June 4, 2001) (finding that risk of disclosure of confidential information through expert did not outweigh party's right to expert of its choice).

Finally, Intel objects to Fry's proposed restrictions on the ability of its in-house and outside counsel to access Fry's confidential information. It is critical that Intel's in-house counsel responsible for this litigation be able to review and understand the arguments that its experts ultimately take with respect to class certification and the merits in this matter, and those positions are likely to be based on, or at least refer to, pricing information from Fry's and other third parties. Putting this information beyond the reach of in-house counsel would prevent them from effectively doing their job in advising Intel with respect to this case. Fry's has not demonstrated how disclosure of its sales information to counsel – officers of the Court who are bound by the existing Protective Order – would cause Fry's any harm. *See Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46-47 (S.D.N.Y. 1980) ("The Court will not readily assume that the attorneys who sign the protective order, and who must 'scrupulously' maintain the security of confidential information disclosed under it will ignore their duties or fail to impress the seriousness of them on all others who are permitted to access such information."). In particular, Fry's has provided no legal or factual basis for its passing suggestion that outside counsel access be limited.

Consequently, the Court should deny Fry's renewed request to modify the Protective Order.

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

RLH/msb
793458 / 29282

cc:  Clerk of the Court (By hand)
     James L. Holzman, Esquire (By electronic mail)
     Frederick L. Cottrell, III, Esquire (By electronic mail)