# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INLINE CONNECTION CORPORATION,    )
    )
    Plaintiff,    )
    )
    v.    )
    )    C.A. No. 05-866
VERIZON INTERNET SERVICES, INC.;    )
GTE.NET LLC d/b/a VERIZON INTERNET    )
SOLUTIONS; VERIZON SERVICES CORP.;    )
TELESECTOR RESOURCES GROUP, INC. d/b/a    )
VERIZON SERVICES GROUP; VERIZON    )
CORPORATE SERVICES GROUP INC. d/b/a    )
VERIZON SERVICES GROUP; VERIZON    )
ADVANCED DATA INC.; VERIZON AVENUE    )
CORP.; GTE SOUTHWEST INC. d/b/a VERIZON    )
SOUTHWEST; and VERIZON DELAWARE INC.,    )
    )
    Defendants.    )
    )

## STIPULATED PROTECTIVE ORDER

The Court hereby Orders as follows:

1.    This Order shall govern all productions or disclosures made during the Action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in the Action or any third party (the "Producing Party") to any other party (the "Receiving Party"), when so designated in accordance with the procedures set forth herein. This Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

2.    A Producing Party may designate as CONFIDENTIAL, in whole or in part, any non-public document, thing, or information (collectively "Material") which the Producing Party

has a good faith belief constitutes or contains confidential or proprietary information and which is to be disclosed or produced to a Receiving Party, expert or witness in the Action.

    3.    A Producing Party may designate as HIGHLY CONFIDENTIAL, in whole or in part, any Material which is to be disclosed or produced to a Receiving Party, expert or witness in the Action and which constitutes or contains extremely confidential or trade secret information. Information concerning the following representative topics is deemed to be extremely confidential:

    (a)    product, system or service sales, revenues, gross margins or costs, or other sensitive financial information, and plans or forecasts that relate to this information;

    (b)    pending or abandoned patent applications that are not publicly available;

    (c)    future products, future product or marketing plans, or future business strategies;

    (d)    highly sensitive technical information related to the operation of any party's products, systems or services;

    (e)    access control or encryption algorithms or codes;

    (f)    source code for software; and

    (g)    customer information.

The foregoing enumeration of topics does not preclude any party from designating Material as HIGHLY CONFIDENTIAL which does not fall within the enumerated representative topics. The enumeration of these topics shall not be construed as suggesting or implying that such information is discoverable in the Actions and shall not preclude or limit any party from properly objecting to discovery of these topics for any reason.

2

4.    The designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner.  If it is not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked.  The marking shall state either: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." However, all Materials produced in this Action without a confidentiality designation or marked CONFIDENTIAL shall be deemed temporarily subject to this Order as if marked HIGHLY CONFIDENTIAL for fifteen (15) days from such delivery and entry of this Order to permit the Producing Party to correct any inadvertent failure to mark delivered Materials as HIGHLY CONFIDENTIAL.

5.    In lieu of marking the original of the Material prior to inspection, the Producing Party or its counsel may orally designate any Material being produced for inspection by counsel for a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, thereby making it, and the information it contains, temporarily subject to this Order.  However, each copy of Material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as required by this Order at the time it is so delivered in order to make the Material and copies of the Material subject to this Order.  Inadvertent failure to designate Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production may be remedied by supplemental written notice, accompanied by substitute copies of Materials appropriately designated.  If such notice is given, all Materials so designated shall be fully subject to this Order as if they had been initially designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Within ten (10) days of receipt of these substitute copies, the Receiving Party shall return the previously unmarked or otherwise improperly designated Materials and all

3

copies thereof. The Receiving Party shall not be liable for any harm caused by any disclosures resulting from the Producing Party's inadvertent disclosure or failure to designate Materials in accordance with this Order. A Producing Party is not precluded by this Order from disclosing or using the Material produced by that party in any manner as it may deem fit.

6.      In the event a party wishes to use any Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, or any papers containing or making reference to the contents of such CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials, in any pleading or document filed with the Court in this action, such pleading or document shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL – FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

> "CONTAINS    CONFIDENTIAL    INFORMATION    FILED
> UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER
> OF [DATE].  TO BE OPENED ONLY BY OR AS DIRECTED
> BY THE COURT."

Nothing in this Order, however, shall be deemed to prevent either side from introducing any documents or Materials marked CONFIDENTIAL or HIGHLY CONFIDENTIAL into evidence at the trial of this Action, or from using any information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials at the trial of this Action.

7.      If during the course of a deposition taken in the Action any questions are to be asked or any answers are to be given containing confidential information or regarding any Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, then only persons designated in paragraphs 11 or 12 below, as the case may be, the deponent (and the deponent's counsel, including their staff and associates, in the case of a separately represented nonparty), and the reporter and/or videographer shall be allowed to be present during such portion of the

4

deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material to any person to whom disclosure is prohibited under this Order.

8.    With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this Action, any party at the deposition may designate the deposition or portions thereof as CONFIDENTIAL or HIGHLY CONFIDENTIAL and request that the reporter insert a statement regarding the confidentiality of the information into the deposition transcript. Any party may, after receipt of the deposition transcript inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. All deposition transcripts shall be deemed temporarily subject to this Order as if marked HIGHLY CONFIDENTIAL for fifteen (15) days from such delivery to permit the Producing Party to correct any inadvertent failure to mark deposition transcripts as CONFIDENTIAL or HIGHLY CONFIDENTIAL. No such deposition transcript shall be disclosed to any person other than the persons described in paragraphs 11 or 12 below consistent with the provisions therein, as the case may be, and the deponent (and the deponent's counsel in the case of a separately represented nonparty), and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraphs 11 or 12 consistent with the provisions therein, as the case may be. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

9.    All CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced in this Action shall not be used by any Receiving Party or disclosed to anyone for any purpose other

than in connection with this Action. Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be disclosed by the Receiving Party to anyone other than those persons designated in paragraphs 11 or 12 below consistent with the provisions therein, as the case may be, unless and until the restrictions herein are removed by order of the Court or by the Producing Party. If Material so designated is disclosed to any person other than in the manner authorized in this Order, the party responsible for the disclosure will immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to recover the Material and all copies of the Material disclosed without authorization and to prevent disclosure by each unauthorized person who received such Materials.

10.    Any party may object to the designation (or redesignation) of specific Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove or modify the designation or (ii) stating the reasons why the designation was made. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the Material(s) in issue; or if the Producing Party does not respond within ten (10) calendar days, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. That obligation to move the Court to remove or modify a designation shall not affect the allocation of the burden of proof on the issue, which will remain with the Producing Party. The Material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. Failure of any party to challenge a claim of confidentiality of any Material shall not

6

constitute a waiver of the right to assert at any subsequent time that the Material is not confidential or that the designation is not appropriate for any reason.

11.    Access to Material designated as CONFIDENTIAL under this Order and to any portion of any transcript, brief, affidavit, memorandum or other Material that contains, or reveals Material so designated shall be limited to;

(a)    outside counsel of record for the parties, including their partners and associates who assist them in this matter;

(b)    the clerical employees of such counsel of record (including secretaries, paralegals, and clerks) and independent litigation support service personnel who are actually assisting such counsel in the preparation of this case;

(c)    parties and employees, officers and directors, and in-house counsel of the parties who need access to the Material designated CONFIDENTIAL to assist outside counsel in the litigation, as well as the secretarial and clerical personnel who work regularly with such persons;

(d)    non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a copy of an Undertaking in the form attached as Exhibit A;

(e)    any bona fide potential or actual witness explicitly named in the CONFIDENTIAL Material as an author or recipient (and any counsel of any such witness);

(f)     any bona fide potential or actual witness (and any counsel of any such witness) who is not explicitly named as an author or recipient in the particular CONFIDENTIAL Material to be disclosed but who counsel herein reasonably believes has otherwise received such designated Material, provided that any such witness has agreed to be bound by the terms of this Order and has signed an Undertaking in the form of Exhibit A, which shall be retained by counsel for the party disclosing the information to the witness and shall not be discoverable by other parties during the litigation absent a showing of cause, but shall be delivered to counsel producing the Material upon conclusion of the litigation;

(g)     any witness at a deposition duly noticed in the case if the deposing counsel believes there is a good faith basis to believe the witness had personal knowledge concerning the factual matters constituting CONFIDENTIAL Material contained in the document;

(h)     any witness testifying pursuant to Fed. R. Civ. P. 30(b)(6), so long as the CONFIDENTIAL Material contained in the document was produced by the party who designated the witness and it is relevant to the topics on which the witness has been designated as a corporate representative;

(i)     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

(j)     the Court and members of the jury in this case;

(k)     employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

(l)     any other persons with the prior written consent of the Producing Party; and

(m)     any other persons with the prior authorization of the Court.

12.     Access to Material designated as HIGHLY CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum or other Material that contains or reveals Material so designated, shall be limited to the following:

(a)     outside counsel of record for the parties, including their partners and associates who assist them in this matter;

(b)     the clerical employees of such outside counsel (including secretaries, paralegals, and clerks) and independent litigation support service personnel who are actually assisting such counsel in the preparation of this case;

(c)     the following attorneys for the parties: (a) on behalf of the Defendants: (i) John Thorne, Sr. Vice President and Deputy General Counsel, Verizon Corporate Services Corp.; and (ii) Leonard Suchyta, Vice President and Associate General Counsel, Verizon Corporate Services Group, Inc.; and (b) on behalf of the Plaintiff: (i) James King, Hanify & King; and (ii) Alicia Meros, Senior Intellectual Property Counsel, Paperboy Ventures, LLC.

(d)    non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a copy of an Undertaking in the form attached as Exhibit A;

(e)    any bona fide potential or actual witness explicitly named in the HIGHLY CONFIDENTIAL Material as an author or recipient (and any counsel of any such witness);

(f)    any bona fide potential or actual witness (and any counsel of any such witness) who is not explicitly named as an author or recipient in the particular HIGHLY CONFIDENTIAL Material to be disclosed but who counsel herein reasonably believe has otherwise received such designated Material, provided that any such witness has agreed to be bound by the terms of this Order and has signed an Undertaking in the form of Exhibit A, which shall be retained by counsel for the party disclosing the information to the witness and shall not be discoverable by other parties absent a showing of cause, but shall be delivered to counsel producing the Material upon conclusion of the litigation;

(g)    any witness at a deposition duly noticed in the case if the deposing counsel believes there is a good faith basis to believe the witness had personal knowledge concerning the factual matters constituting HIGHLY CONFIDENTIAL Material contained in the document;

(h)    any witness testifying pursuant to Fed. R. Civ. P. 30(b)(6), so long as the HIGHLY CONFIDENTIAL Material contained in the document was

10

produced by the party who designated the witness and it is relevant to the topics on which the witness has been designated as a corporate representative;

(i)     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

(j)     the Court and members of the jury in this case;

(k)     employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

(l)     any other persons with the prior written consent of the Producing Party, and

(m)    any other persons with the prior authorization of the Court.

13.    The provisions of this paragraph apply to all individuals other than those specifically identified by name in paragraph 12(c) of this Stipulation and Order. HIGHLY CONFIDENTIAL Material may not be disclosed to an individual who is or is likely to be substantively involved in the preparation or prosecution of patent applications that involve internet access systems or methods on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action). Any individual who sees, reviews, or otherwise has access to HIGHLY CONFIDENTIAL Material shall not on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action) be involved in the drafting of patent applications, patent claims, amendments or similar patent-related documents or give substantive direction in connection with the prosecution of any patent applications relating in any way to internet access systems or

11

methods that can or do claim a priority date prior to the entry of this Protective Order. Nor shall any individual who sees, reviews, or otherwise has access to HIGHLY CONFIDENTIAL Material, be involved on behalf of a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action) in the drafting of patent applications, patent claims, amendments or similar patent-related documents or give substantive direction in connection with the prosecution of any patent applications relating in any way to internet access systems or methods until one year after the conclusion of this litigation, including appeals. For purposes of this paragraph, the term "a party to this action (or on behalf of any individual or entity with a financial interest in the outcome of this action)" includes, but is not limited to, each of the named defendants, plaintiff Inline Connection Corporation, David D. Goodman, Pie Squared LLC, Broadband Technology Innovations LLC, and Paperboy Ventures LLC (including its affiliates).

14.     A party desiring to disclose documents or other Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to non-party experts or consultants, who are not current employees of a party, shall first obtain from each expert or consultant a signed Undertaking in the form attached as Exhibit A. Each non-party consultant or expert to whom a party proposes to give access to HIGHLY CONFIDENTIAL Material designated pursuant to this Protective Order by a Producing Party shall be identified by notice in writing to counsel of said Producing Party and other counsel of record at least ten (10) days before being given such access. Such notice in writing shall include for the non-party consultant or expert to whom disclosure is proposed, a completed consent form as attached hereto as Exhibit A and a current resume. Should the Producing Party object within such ten (10) day period to the disclosure of its HIGHLY CONFIDENTIAL Material to the proposed non-party consultant or expert, no such

HIGHLY CONFIDENTIAL Material shall be disclosed to the proposed non-party consultant or expert until the objection has been resolved by the parties or the Court, and the burden shall be on the party objecting to the disclosure to prove the grounds for such objection. If the Producing Party does not object within such ten (10) day period, such non-party consultant or expert shall be permitted such access. In the event the Producing Party makes a timely objection, it must also seek relief from the Court within ten (10) days from the date it first received notice (or within such time as agreed by the parties); otherwise such non-party consultant or expert shall be permitted such access.

15. Each recipient of Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall maintain such Material in a secure, safe area and shall exercise, at minimum, the same standard of care with respect to the storage, custody, use and dissemination of such Material as is exercised by the Receiving Party with respect to its own similarly designated Material.

16. Counsel and any person or entity who obtains access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials (or the contents thereof) produced pursuant to this Action shall not make copies, duplicates, extracts, summaries, or descriptions of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials or any portion thereof except as may be necessary in connection with this Action. Any such copies, duplicates, extracts, summaries or descriptions of CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, as the case may be, subject to all the terms and conditions of this Order.

17.    Production of Material by a party is not deemed to be a publication of the discovery Material as to void or make voidable whatever claim that party may have as to the confidential nature of the Materials.

18.    The inadvertent production of any Material during discovery in this Action shall be without prejudice to any claim that such Material is privileged under the attorney-client or other privilege, or protected from disclosure as work product, or that such document is irrelevant to any claims raised in this Action, and no person shall be held to have waived any rights by such inadvertent production.

19.    In the event that Material is henceforth produced inadvertently that is considered by the Producing Party to be privileged in whole or in part, such Material may be retrieved by the Producing Party by giving written notice to all parties within fifteen (15) business days of the date of discovery of the inadvertent production that the Producing Party claims the Material, in whole or in part, to be privileged.  Such notice must state the nature of the privilege being asserted.

20.    Upon receipt of the notice provided for by Paragraph 19 above, all parties that have received a copy of such Material shall immediately return it to the Producing Party and destroy any copies or notes thereof.  In the event that only part of the Material is claimed to be privileged, the Producing Party shall furnish to all parties to which it was produced redacted copies of such Material, removing only the part(s) thereof claimed to be privileged, together with such written notice.  Upon receipt of the redacted copy, each party shall promptly return the unredacted copy to the Producing Party and destroy any copies or notes thereof.

21.    Should the parties or other persons be unable to agree because of a good-faith argument about the applicability of any privilege or protection, the party or witness opposing the

14

privilege or protection may move the Court for an order compelling the production of the Material asserted to be privileged. The party or witness asserting the privilege or protection has the burden of establishing the existence of the privilege if such dispute is submitted to the Court for resolution.

22.    Nothing herein shall impair any party's right to challenge, by motion or otherwise, a Producing Party's assertion of a privilege with respect to any discovery Material.

23.    Other Proceedings.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from finding that such Materials or information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that receives or is threatened with a motion or order to disclose another party's Materials or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order, shall promptly notify the Producing Party of the motion or threatened motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

24.    Within sixty (60) days after final determination of this Action, including any appeals related thereto, all Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL which have been served or otherwise made available by the Producing Party to a Receiving Party during the course of this Action, together with all reproductions, copies, abstracts, indices or summaries of those Materials, shall be destroyed (and such destruction is to be confirmed in writing) or delivered to counsel for the Producing Party. Notwithstanding the above, in order to maintain a complete file of the litigation, each outside trial counsel of the parties may retain one copy of all pleadings, briefs, affidavits or other papers filed with the Court that discuss, refer to, or attach Material designated CONFIDENTIAL or HIGHLY

15

CONFIDENTIAL, provided that such papers and Materials are maintained in accordance with the terms set forth above.

25.    Nothing in this Order shall be construed as requiring disclosure of privileged Materials, Materials subject to protection under the attorney work product doctrine, or Materials which are otherwise beyond the scope of permissible discovery.  Nothing in this Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate, moving the Court for relief pursuant to paragraph 10, or, separately, moving the Court for modification of any of the terms of this Order on a going-forward basis.

26.    Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary Materials.

27.    The    designation    of    Materials    as    CONFIDENTIAL    or    HIGHLY CONFIDENTIAL under this Order shall not restrict the use of information, documents or knowledge:

        (a)    acquired by publicly available means;

        (b)    independently developed by or for the Receiving Party without use of or reliance on the Producing Party's CONFIDENTIAL, or HIGHLY CONFIDENTIAL Material;

        (c)    acquired by the Receiving Party from an independent source without restriction as to use or disclosure or any other obligation of confidentiality; or

16

(d)    was, prior to disclosure by the Producing Party, rightfully in the possession or knowledge of the Receiving Party without any restrictions as to use or disclosure or any other obligation of confidentiality.

However, in case of a dispute regarding such independent or prior acquisition, development or possession, the person or entity seeking to use any such information, document or knowledge shall bear the burden of proof to show such independent or prior acquisition, development or possession. Nothing in this Order shall supercede any preexisting agreement between the parties with respect to the confidentiality of Materials exchanged between the parties by means other than production in this Action.

28.    This Order is binding upon the parties, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

29.    Unless otherwise ordered by this Court, the obligations imposed by this Order shall remain in effect after the final determination of the Action and the Court shall retain jurisdiction of this Action after its final disposition for the purpose of enforcing this Protective Order.


SO ORDERED

Dated: December 7, 2006        _____
                               UNITED STATES DISTRICT COURT JUDGE

547918

17

EXHIBIT B

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

     F. HOFFMAN-LA ROCHE, LTD.,
4    et al.,                        :      CIVIL ACTION
                                     :
5              Plaintiffs,           :
     v.                              :
6                                    :
     IGEN INTERNATIONAL, INC.,       :
7    et al.                          :      NO. 98-318 (JJF)
               Defendants.
8                          - - -

9                      Wilmington, Delaware
            Thursday, February 8, 2001 at 12:15 p.m.
10                     PRETRIAL CONFERENCE

11                         - - -

12   BEFORE:  HONORABLE JOSEPH J. FARNAN, JR., U.S.D.C.J.

13                         - - -

     APPEARANCES:
14

15        BLANK ROME COMISKY & McCAULEY
          BY:  RICHARD K. HERRMANN, ESQ.
16             and
          McDONNELL BOEHNEN HULBERT & BERGHOFF
17        BY:  DANIEL A. BOEHNEN, ESQ. and
               GRANTLAND G. DRUTCHAS, ESQ.
18             (Chicago, Illinois)

19                  Counsel for F. Hoffmann-La Roche, Ltd.

20
          MORRIS NICHOLS ARSHT & TUNNELL
21        BY:  JACK B. BLUMENFELD, ESQ.
               MARY B. GRAHAM, ESQ. and
22             RICHARD WILLIAM ELLIS, ESQ.

23                  Counsel for Igen International, Inc.

24
                        Brian P. Gaffigan,
25                      Official Court Reporter

1

2                              - oOo -

3                    P R O C E E D I N G S

4          (Proceedings began at 12:15 p.m.)

5          THE COURT:  Good afternoon.

6          MR. BLUMENFELD:  Good afternoon.

7          MR. HERRMANN:  Good afternoon, your Honor.

8          THE COURT:  Okay.  Do you want for the record to

9    announce your appearances?

10         MR. HERRMANN:  Your Honor, Richard Herrmann.  And

11   I would like to reintroduce to the Court Dan Boehnen and

12   Grant Drutchas for the plaintiffs.

13         MR. BOEHNEN:  Good afternoon, your Honor.

14         MR. DRUTCHAS:  Good afternoon, your Honor.

15         MR. BLUMENFELD:  Your Honor, for the defendants,

16   we have present Jack Blumenfeld, Mary Graham and Richard

17   Ellis.

18         THE COURT:  All right.  Okay.  I reviewed the

19   proposed pretrial order in all its sections.  Let me start,

20   I guess there have been some letters back on January 2 that

21   had some issues as we get close to trial which needs to be

22   addressed.

23         The first would be that I am going to deny the

24   application for customer discovery of defendants.

25         I'm going to grant the motion for deposition of

1    Ms. van Gent for two hours of direct testimony.  I reviewed

2    the deposition of Dr. Humner -- Is that the name?

3                 MR. BOEHNEN:  Humer.

4                 THE COURT:  -- Humer and understand it was

5    designated highly confidential.  I'm going to grant the

6    application that that deposition is not permitted to be used

7    outside the context of this litigation without an order from

8    the Maryland judge.  And I'm going to deny the plaintiffs'

9    pending motion for summary judgment.

10                In reviewing tabs 12 and 13, the parties have

11   indicated that they may continue to have a problem with

12   regard to the protective order.  Could you tell me what that

13   problem is today, if any?

14                MR. BLUMENFELD:  Your Honor, I think it's an

15   issue that has been out there for awhile, but each side has

16   submitted a protective order.  And I think what your Honor

17   told us when we were here back in October is we should agree

18   on one that was symmetrical that would apply all the same to

19   all parties.  And what the plaintiffs have proposed is that

20   confidential information -- actually, let me limit it to

21   highly confidential because I think that is the real issue.

22   The highly confidential information could go to, in addition

23   to outside counsel, to in-house counsel, four employees.  And

24   I guess those are the main issues.  And for the defendants,

25   we proposed that highly confidential information go to

1    outside counsel and experts and consultants only.  And it

2    really has to do with --

3            THE COURT:  Highly confidential would only go to

4    outside counsel, experts and consultants.

5            MR. BLUMENFELD:  Correct.  And that would be in

6    all directions, the same with all parties.

7            The issue really has to do I think with the

8    competitive situation between Roche and the Organon Teknika

9    defendants and Organon Teknika being concerned about in-house

10   people at Roche seeing its highly confidential information.

11   And we just think it would be inappropriate for the people

12   at Roche to see the highly confidential Organon Teknika

13   information.  And that's the issue, at least as I understand

14   it.

15           MR. BOEHNEN:  The problem, your Honor, is that

16   the defendants have already created a situation that makes

17   impossible what counsel suggests.  The Court ordered that in

18   this case, all information should be available on an equal

19   basis to all people.  The defendants' counsel has asked and

20   this Court has granted a motion that says all information

21   in this case is now available to the Igen counsel in the

22   Maryland case under the terms of the Maryland protective

23   order.  The terms of that Maryland protective order are

24   broader than what counsel has just led the Court to believe

25   they're asking for in this case.  In the Maryland protective

1    order, that most confidential information is available to

2    in-house Igen employees, so they have already cast the stone

3    and it can't be pulled back.

4              We then asked that the terms of the protective

5    order in this case must parallel those of the Maryland case.

6    Otherwise --

7              THE COURT:  The Maryland case, we have to

8    parallel this case.

9              MR. BOEHNEN:  Well, they have to be the same.

10   Otherwise --

11             THE COURT:  That's what I'm saying.  So

12   somebody has to modify that order.  In this district,

13   highly confidential, assuming the information is properly

14   designated, we assume it's competitive unless there is some

15   cause shown that it's not, is limited to outside counsel,

16   experts and consultants.

17             MR. BOEHNEN:  Well, your Honor --

18             THE COURT:  Now, obviously there can be an

19   application for relief from the protective order under the

20   rule; but absent that, highly confidential material by the

21   nature of its designation prohibits its distribution except

22   in the categories of persons I described.

23             MR. BOEHNEN:  Well, your Honor, my problem with

24   that is that the defendants in this case and the Court in

25   this case have already allowed our information to be used

1   above and beyond that limitation.  The defendants asked

2   this Court to take all of our information and give it the

3   full scope of distribution provided for by the Maryland

4   protective order.  We opposed that.  It was overruled.  It's

5   been done.  So our information has already been expanded

6   beyond what the Court just described pursuant to an order

7   of this Court.  We ask only that the equal rules be applied

8   on both sides.

9            THE COURT:  I understand the problem, but the

10  order that, or the ruling I've made isn't going to change.

11  So I don't know what we do about it.  Maybe we have to do

12  something or maybe you have to do something with your friends

13  in Maryland.

14           MR. BOEHNEN:  Of course, your Honor, that order

15  preceded this one, so I guess what I would ask is that the

16  Court order the defendants to withdraw and pull back all

17  information from this case that has gone above or beyond the

18  scope of the order in this case.

19           THE COURT:  Well, I think you should make the

20  application for what you want to come back, that you think

21  is properly designated highly confidential and you have

22  given over for dissemination in Maryland.  And I'll take a

23  look at it, they'll get a chance to respond.  And if it's

24  appropriate, we'll get it back for you.

25           MR. BOEHNEN:  Thank you, your Honor.

1          THE COURT:  Thank you.  The other item that

2  I'm going to address is the idea of a disputed claim

3  construction.  Do we have any kind of an idea as you

4  understand it on behalf of the plaintiffs or defendants,

5  I guess, what is disputed now?

6          MS. GRAHAM:  Yes, your Honor.

7          THE COURT:  Let's start with the plaintiffs.

8          MR. BOEHNEN:  To my knowledge, your Honor, there

9  are two claims in dispute.  One is the meaning of the term

10  "electrochemical specific binding assay." And I think that

11  primarily turns upon the meaning of the term

12  "electrochemical."

13          And the other is the term "magnetically held," at

14  least in part, "in the vicinity of an electrode."

15          THE COURT:  Okay.  Ms. Graham.

16          MR. BOEHNEN:  Oh.  And one of the later claims,

17  not claim 1 but in one of the subsequent claims, there is

18  also an issue as to the meaning of the term "electrochemical

19  characteristics."  And that would be as contrasted with

20  "electrochemical" in the initial claim.

21          THE COURT:  So there are three terms in dispute

22  according to the plaintiffs.

23          Yes, Ms. Graham.

24          MS. GRAHAM:  I think that is basically right,

25  except that he indicated that the dispute was with respect

# MORRIS, NICHOLS, ARSHT & TUNNELL

| | | 1201 NORTH MARKET STREET | | |
|---|---|---|---|---|
| JOHANNES R. KRAHMER | ANDREW M. JOHNSTON | P.O. Box 1347 | RACHEL A. DWARES | CHRISTOPHER F. CARLTON |
| O. FRANCIS BIONDI | MARY B. GRAHAM | | SHAWN P. TUCKER | GARFIELD B. SIMMS* |
| LEWIS S. BLACK, JR. | MICHAEL HOUGHTON | WILMINGTON, DELAWARE 19899-1347 | SPECIAL COUNSEL | MICHAEL J. BUSENKELL |
| WILLIAM O. LAMOTTE, III | THOMAS R. PULSIFER | | | MICHAEL J. CONALLEN, JR. Δ |
| DOUGLAS E. WHITNEY | JON E. ABRAMCZYK | 302 658 9200 | RODGER D. SMITH | RICHARD W. ELLIS |
| WILLIAM H. SUDELL, JR. | ALAN J. STONE | 302 658 3989 FAX | ERIC D. SCHWARTZ | JOHN D. PIRNOT |
| MARTIN P. TULLY | LOUIS G. HERING | | MONA A. LEE | MEGAN E. WARD |
| THOMAS R. HUNT, JR. | FREDERICK H. ALEXANDER | | STANFORD L. STEVENSON, III | MELISSA STONE MYERS |
| A. GILCHRIST SPARKS, III | R. JUDSON SCAGGS, JR. | | DEREK C. ABBOTT | JASON W. STAIB |
| RICHARD D. ALLEN | WILLIAM M. LAFFERTY | | JESSICA ZELDIN | TODD A. FLUBACHER |
| DAVID LEY HAMILTON | KAREN JACOBS LOUDEN | | DAVID A. HARRIS | CHRISTIAN J. HENRICH |
| JOHN F. JOHNSTON | DONNA L. CULVER | | PATRICIA O'NEILL VELLA | YVETTE C. FITZGERALD |
| WALTER C. TUTHILL | JONATHAN I. LESSNER | February 13, 2001 | GREGORY W. WERKHEISER | JAMES G. McMILLAN |
| DONALD F. PARSONS, JR. | ROBERT J. DEHNEY | | WENDY L. WALTER | PATRICIA R. UHLENBROOK |
| JACK B. BLUMENFELD | COLM F. CONNOLLY | | | |
| DONALD NELSON ISKEN | JEFFREY R. WOLTERS | | OF COUNSEL | |
| DONALD E. REID | JULIA HEANEY | | ANDREW B. KIRKPATRICK, JR. | * ADMITTED IN MA ONLY |
| DENISON H. HATCH, JR. | MARYELLEN NOREIKA | | RICHARD L. SUTTON | Δ ADMITTED IN PA AND NJ ONLY |
| THOMAS C. GRIMM | DAVID J. TEKLITS | | DAVID A. DREXLER | |
| KENNETH J. NACHBAR | S. MARK HURD | | WALTER L. PEPPERMAN, II | |

BY HAND

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE   19801

      RE:    F. Hoffmann-La Roche, Ltd. v. Igen International, Inc.,
            C.A. No. 93-318 (JJF)

Dear Judge Farnan:

      We understood from Your Honor's comments at the February 8, 2001 pretrial conference that the Court would enter the Protective Order submitted by defendants on January 9, 2001 (D.I. 322). We have revised that Order to remove the reference to "Confidentiality Stipulation" and the signature blocks for the parties. We respectfully request that the Court enter the enclosed Protective Order at its earliest convenience.

            Respectfully,

            *Karen Jacobs Louden*

            Karen Jacobs Louden

/cbh
Enc.
cc:    Dr. Peter T. Dalleo, Clerk (w/enc.) (By Hand)
       Richard K. Herrmann, Esquire (w/enc.)(By Hand)
       Grantland G. Drutchas, Esquire (w/enc.) (By Telecopy)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

F. HOFFMANN-LA ROCHE, LTD.,                )
                                           )
                    Plaintiff,             )
                                           )        C.A. No. 98-318 (JJF)
        v.                                 )
                                           )
IGEN INTERNATIONAL, INC.,                  )
ORGANON TEKNIKA CORPORATION,               )
and ORGANON TEKNIKA B.V.,                  )
                                           )
                    Defendants.            )

## PROTECTIVE ORDER

The Court hereby ORDERS, that the following procedures and provisions shall apply to discovery in the above-captioned civil action (the "Action") in order to protect sensitive business information, proprietary information, confidential research information, trade secrets, and other confidential and highly confidential information.

## I.        DEFINITIONS

A.        "Party" means HLR, IGEN, OTC, OTB and any other party that may be joined in this Action.

B.        "Non-Party" means any person or entity not a party to this Action who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C.        "Material" is defined as documents, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

D.        "Confidential Material" is defined as Material containing sensitive or proprietary business or commercial information and trade secret information, including information identified in Rule 26(c) of the Federal Rules of Civil Procedure, which if disclosed,

might adversely affect the competitive position or business operations of the Party or Non-Party producing such materials.

E.    "Highly Confidential Material" is defined as Confidential Material that both a) is so proprietary or competitively sensitive that public disclosure, deliberately or inadvertently, would cause significant competitive or other injury and b) relates to i) sensitive scientific or technical research that is ongoing or is or may be used for a current or future product, ii) nonpublic current or future financial or business planning information, or iii) other highly sensitive trade secret information.

F.    The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as Confidential or Highly Confidential.

## II.    DESIGNATION OF MATERIAL AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL

A.    Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as "Confidential Material" or "Highly Confidential Material" if and only if that Party or Non-Party believes in good faith that the Material satisfies the definition of "Confidential Material" or "Highly Confidential Material," as set forth in Paragraphs I. D or I. E, respectively.

B.    A Party or Non-Party producing Material that meets the definition of "Confidential Material" or "Highly Confidential Material" may designate such Material by marking the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material or Highly Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material or Highly Confidential Material.   Documents may be

2

produced for inspection before being designated as Confidential Material or Highly Confidential Material. Once specific documents have been designated for copying, any documents containing Confidential Material or Highly Confidential Material will then be marked with the appropriate legend before being delivered to the requesting Party. There will be no waiver of confidentiality by the inspection of Confidential Material or Highly Confidential Material before such Material is copied and designated pursuant to this procedure.

      C.    In the case of interrogatory answers, designations shall be made by placing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of any such answer and on the pages to be designated Confidential Material or Highly Confidential Material.

      D.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within fifteen (15) business days after receipt of the transcript. If the designation is made during a deposition, and depending upon the designation made, only persons to whom disclosure of Confidential Material or Highly Confidential Material is permitted under Paragraphs III.B through III.E, below, shall remain present while such Material is being used or discussed. The reporter shall place the legend set forth in Paragraph II.B, above, on the cover of the confidential portions of the transcript. The Parties may modify this procedure for any particular deposition through written agreement or agreement on the record at such deposition, without further Court order. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be deemed Highly Confidential Material until the expiration of the aforementioned fifteen business days.

3

E.    For purposes of this or any other action, no Party concedes that any Material designated by any other person as Confidential Material or Highly Confidential Material does in fact contain or reflect trade secrets of proprietary or confidential information, or has been properly designated as Confidential Material or Highly Confidential Material. Any party may at any time, on reasonably notice, move for relief from the provisions of this Order with respect to specific Material.

F.    A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material or Highly Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge in this or an other action. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court. The Designator shall have the burden of establishing that the Material at issue satisfies the definition(s) set forth in Paragraph I.D or I.E, above. The Material shall continue to be treated as designated until the Court orders otherwise.

G.    Any Designator may, at any time, withdraw the "Confidential Material" or "Highly Confidential Material" designation of any Material produced by that Designator.

H.    In the event that a Party or Non-Party inadvertently produces Confidential Material or Highly Confidential Material without the proper legend, that Party or Non-Party shall notify counsel for the Parties of the omission, and within fourteen (14) days of the discovery of the omission, shall provide counsel for the Parties with new copies bearing the appropriate legend. On receipt of the copy bearing the legend, counsel for the Parties and all other persons

4

who have received undesignated copies of the Material shall return the Material to counsel for the Designator and shall destroy all summaries, copies, and other reproductions thereof.

**III.    USE AND HANDLING OF CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL**

A.    Confidential Material or Highly Confidential Material shall be used only for purposes of preparing for and litigating this action (including appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

B.    Confidential Material designated by a Party or Non-Party shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal, or in any manner other than:

1.    Outside counsel for the Parties in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action;

2.    One in-house counsel who is not involved in patent prosecution of competitive systems of the Designator and two technical personnel with responsibility for the Action and who in good faith need access to the Confidential Material in connection therewith, and paralegal, stenographic and clerical employees working under their supervision.    Plaintiff HLR designates _____ and _____. Defendant IGEN designates Daniel Abdun-Nabi, Esq., Richard Massey and James Wilbur.    Defendant OTB designates Hans Pegt, Esq. and Bauke van Weeman.    Defendant OTC designates Gary Mills, Esq. and Bauke van Weeman.    If it

5

becomes necessary to substitute another person for any of those listed above, such may be done upon approval of all parties, which approval shall not be unreasonably withheld;

3. This Court, the Court of Appeals, court personnel and court reporters;

4. Deponents in this Action and their counsel for purposes of this Action if it appears from the face of the document or from other information that the deponent legally has had access to the document. If an objection is made by the Designator to such use, the Confidential Material shall not be used at such deposition until the issue is resolved either by the Parties or the Court;

5. Outside consultants, experts, and litigation support personnel retained by counsel for the Parties to this Action to assist the Parties in the preparation and/or litigation of this Action; and

6. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C. Highly Confidential Material designated by a Party or Non-Party shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal, or in any manner other than:

1. Outside counsel for the Parties in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action;

6

4.    The persons listed in paragraphs III.B.3 through III.B.6.

D.    No person, except persons identified in Paragraphs III.B.3 shall have access to Confidential Material or Highly Confidential Material without first having read this Order. Except as to persons identified in Paragraphs III.B.1 and 3, and III.C.1, above, all persons given access to Confidential Material or Highly Confidential Material shall agree in writing (by signing the Acknowledgement attached hereto) to be bound by this Order. If Confidential Material or Highly Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material or Highly Confidential Material is disclosed may disclose such Material to any person other than those persons described in paragraphs III.B-C, above.

E.    Before any Confidential Material or Highly Confidential Material may be disclosed to consultants or outside experts under paragraphs III.B.5, counsel for the non-designating party must give notice to counsel for the Designator at least ten (10) business days prior to disclosing any Confidential Material or Highly Confidential Material to such person. Notice shall include, for each individual to whom disclosure will be made, a signed Acknowledgement and a current CV. In the event that any party to this litigation objects to allowing the identified individual access to Confidential Material or Highly Confidential Material, such party shall provide written notice of its objection within ten (10) business days of receiving the written notice. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute is not resolved within five (5) business days from receipt by the non-objecting party of the written notice of objection, either party may request appropriate relief from the Court. The objecting party shall have the burden of proving that harm or prejudice to

7

the objecting party will result from the identified individual's access to Confidential Material or Highly Confidential Material. No disclosure of Confidential Material or Highly Confidential Material may be made to the identified person until the matter is resolved by agreement between the parties in question or until decided by the Court.

       F.    All persons who have access to Confidential Material or Highly Confidential Material at any time shall take all precautions necessary to prohibit access to such material other than as provided for herein.

       G.    Any summaries or copies of Confidential Material or Highly Confidential Material shall bear the appropriate legend set forth in Paragraph II.B, above, and shall be subject to the terms of this Order to the same extent as the information or document from which such summary or copy is made.

       H.    All pleadings and other submissions filed with the Court containing Confidential Material or Highly Confidential Material shall be labeled on the cover page and filed in a sealed container with the caption of this action and the words CONFIDENTIAL – FILED UNDER SEAL or HIGHLY CONFIDENTIAL – FILED UNDER SEAL, respectively.

       I.    Within sixty (60) days after final termination of this Action, either by final judgment or appeal (if any), all persons and entities in possession of Confidential Material or Highly Confidential Material shall either destroy the information and all copes thereof or return the information and all copies thereof to the Designator, provided that the parties may retain in their possession court filings and other pretrial and trial records as are regularly maintained by counsel in the ordinary course of business, but all Confidential Material or Highly Confidential Material in those records must be protected in conformity with this Order. Counsel shall certify

that all Confidential Material or Highly Confidential Material and copies thereof have been handled in accordance with this paragraph.

## IV.        GENERAL PROVISIONS

A.      This Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designator of its own information that it designates as Confidential Material or Highly Confidential Material.

B.      Nothing contained in this Order shall restrict or limit any Party's right to present Confidential Material or Highly Confidential Material to a jury or a court during a trial or other hearing in this Action, and the parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct. The use of Confidential Material or Highly Confidential Material at trial shall be governed by the Pretrial Order or by other Order of the Court.

C.      If any court or governmental agency subpoenas or orders the production of any Material designated Confidential Material or Highly Confidential Material, the party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material or Highly Confidential Material, notify the Designator of such subpoena or order. No Party will oppose any action by the Designator to prevent the production of the information sought.

D.      This Order shall not apply to information or tangible items obtained by means independent of production by a Party through discovery or other proceedings in this Action. The restrictions set forth in this Order shall not apply to information or tangible items which at or prior to disclosure in this action are or were within public knowledge, or which the Designator subsequently released into the public arena.

9

E.     Neither this Order, production or disclosure of Material under this Order, nor designation or failure to designate Material under this Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

F.     This Order may be modified or amended by agreement of the Parties hereto with the approval of the Court.   To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Order in any respect.

G.     This Order shall survive and continue to be binding after the conclusion of this Action, and this court shall retain jurisdiction to enforce the provisions of this Order.

H.     This Order will become effective when signed by the Parties.  Within ten (10) days of entry of this Order, all documents previously designated as Confidential or Highly Confidential by any Party or Non-Party in this litigation may be redesignated under the provisions of this Protective Order using any practicable means, including by letter identifying said documents and the designation to be given to said documents.  During that ten (10) day period all documents produced by the Parties prior to the execution of this Order that were designated Confidential shall be deemed "Highly Confidential Material" under this Order.  The terms and provisions of this Order shall be applicable to documents redesignated under this paragraph.

SO ORDERED THIS ___14___ day of _February_, 2001.

_____
Farnan, J.

10