# PRICKETT, JONES & ELLIOTT
A PROFESSIONAL ASSOCIATION

**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCAthey@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

June 25, 2007

**VIA HAND AND EMAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 N. Market Street
Wilmington, DE 19801-4226

Re:  *DM 5;*
*In re Intel Corp. Microprocessor Antitrust Litigation, MDL No. 05-1717-JJF;*
*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al., C.A. No. 05-441-JJF;*
*Phil Paul v. Intel Corp., Consolidated C.A. No. 05-485-JJF*

Dear Judge Poppiti:

I write on behalf of Class Plaintiffs concerning Fry's objection to the allocation of the Special Master's fees in respect of Discovery Matter 5 ("DM 5") as between Class Plaintiffs and Fry's Electronics, Inc. ("Fry's"), as detailed in Your Honor's letter to counsel of May 25, 2007. Class Plaintiffs believe that the Special Master has authority to allocate a portion of his compensation to third parties, and that in this discovery matter to date, he properly exercised his discretion in apportioning one-half of his time to Fry's. Fry's has provided no persuasive reason to change this allocation.

The Special Master is not powerless to require third parties to share in costs generated by their conduct. Where the actions of a nonparty have led to a discovery dispute or increased the cost of a special master's involvement in the dispute, the assessment of special master compensation to that nonparty is appropriate. *See Nebraska v. Wyoming and Colorado,* 504 U.S. 982, 982 (1992) (assessing special master's fees and expenses on nonparty *amici*); *United States v. Duke Energy Corp.,* 2006 WL 2547986, at *2 (D.D.C. Aug. 31, 2006) (on motion to compel nonparty's compliance with subpoena, nonparty responsible for payment of special master's fees and costs) (Ex. A); *see also EEOC v. Int'l Union of Elec., Radio and Mach. Workers*, 631 F.2d 81 (6th Cir. 1980) (assessing Special Master fees against nominal defendants despite their argument that no relief was sought against them in the litigation).

Nothing in Federal Rule of Civil Procedure 53 bars the Special Master, when appropriate, from including a third party in an allocation of costs. To the contrary, Rule 53 expressly permits the district court to require payment of the Special Master's compensation "from a fund or subject matter of the action within the court's control." Fed. R. Civ. P. 53(h)(2)(B). As long as the court has jurisdiction over a third party, the Special Master can reach the nonparty's assets, which in that situation are "a fund or subject matter of the action within the court's control."

The Honorable Vincent J. Poppiti
June 25, 2007
Page 2

Here, the Court has concluded that it has jurisdiction to enforce the subpoena served on Fry's, and as an integral part of that jurisdiction, can require Fry's to pay its share of the cost of adjudicating Fry's obligations under the subpoena. Moreover, the Special Master may allocate his compensation to a nonparty as a sanction under Rule 53(c) (authorizing master to recommend "sanctions against a nonparty") or Rule 45(e) (providing that failure to comply with subpoena "without adequate excuse" "may be deemed a contempt of court").

The Court's May 11, 2006 Order Appointing Special Master ("Special Master Order") also permits the Special Master to allocate a portion of the obligation to pay his compensation to third parties. The Special Master Order provides that the Special Master's compensation and expenses shall be shared equally by "the parties" "unless otherwise ordered by the Special Master." Special Master Order ¶10, D.I. 73 in 05-MD-1717. A "party" may be assessed a disproportionate share of the Special Master's compensation and expense if it "engages in behavior that hinders the efficient resolution" of the discovery dispute. *Id.*

In the context of a Discovery Matter before the Special Master, the term "party" should be properly read to mean a party to the Discovery Matter, not just a party to the underlying litigation. This is so for at least two reasons. First, the Special Master is authorized "to regulate *all* proceedings and take all measures necessary to manage electronic discovery production ...." *Id.* ¶ 2 (emphasis added). It was clear when the Special Master Order was entered that this case would involve substantial electronic discovery from third parties, and the Special Master subsequently has in fact presided over proceedings involving third parties. Surely it was contemplated when the Special Master Order was entered that third parties might appear before the Special Master on a discovery dispute. Second, the Special Master's authority to specially apportion his charges based on a party's conduct can be appropriately discharged only if he can take account of the behavior of all those before him in a discovery matter – including any third parties acting unreasonably. *See Pennsylvania v. Operating Eng'rs*, 507 F.Supp. 1146, 1163 (E.D.Pa. 1980) ("the cost of a master should be borne by the party or parties whose conduct necessitated the reference to the master"), *aff'd without opinion*, 648 F.2d 923 (3d Cir. 1981), *rev'd on other grounds*, 458 U.S. 375 (1982). Thus, common sense and fairness dictate that Fry's be considered a party as that term is used in paragraph 10 of the Special Master Order, because it is a party in DM 5. As such, Fry's is subject to the Special Master's authority to apportion his compensation and expenses.

The Special Master's allocation of a portion of his fees and expenses to Fry's is appropriate in light of Fry's conduct in failing to produce the transactional data called for by the subpoenas served by Class Plaintiffs, AMD and Intel. Fry's intransigence required the Special Master's intervention in the first place, and its insistence that the protective order in this litigation be amended and that this Court lacked jurisdiction multiplied the time the Special Master has needed to devote to this discovery matter. In particular, Fry's effort to modify the protective order – raising the same issues that had been raised, considered and decided on a full record a year before – generated expense that Fry's should bear. The cost of a special master should be borne by those whose conduct necessitated the special master's involvement. Because

19684.1\337648v1

The Honorable Vincent J. Poppiti
June 25, 2007
Page 3

of Fry's responsibility for the time the Special Master expended on DM 5, it is appropriate that Fry's bear at least half of the costs for the Special Master's efforts.

For the foregoing reasons, Class Plaintiffs believe that the Special Master has authority to allocate a portion of his compensation for time spent on DM 5 to Fry's and that Fry's challenge to the Special Master's authority should be rejected.[1]

Respectfully,

J. Clayton Athey

JLH/sam

cc:   Frederick L. Cottrell, III, Esq.
      Richard L. Horwitz, Esq.

---

[1] Class Plaintiffs reserve the right to request under Rule 53 or 45 that Fry's bear a greater share of the costs once all matters related to DM 5 have been decided. We also note in the event that Fry's produces data to Class Plaintiffs, that AMD and Intel, as a condition of receiving the data, should reimburse Class Plaintiffs for an appropriate portion of the cost Class Plaintiffs incurred in obtaining the data.

19684.1\337648v1