

Exhibit A

Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 2547986 (D.D.C.)
**(Cite as: Slip Copy)**

**H**
U.S. v. Duke Energy Corp.
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
UNITED STATES of America, et al., Plaintiffs,
v.
DUKE ENERGY CORPORATION, Defendant.
United States of America, et al., Plaintiffs,
v.
Ohio Edison Company, et al., Defendants.
United States of America, et al., Plaintiffs,
v.
Southern Indiana Gas and Electric Company, Defendant.
United States of America, et al., Plaintiffs,
v.
Cinergy Corporation, PSI Energy, Incorporated, Cincinnati Gas & Electrical Company, Defendants.
United States of America, et al., Plaintiffs,
andState of New York, et al., Plaintiff-Intervenors,
v.
American Electrical Power Service Corporation, et al., Defendants.
**Civil Action Nos. 1:00 CV 1262, C2-99-1181, IP99-1692-C-M/F, IP99-1693 C-M/S 1:00 CV, C2-99-1182; C2-99-1250.
Miscellaneous Nos. 02-0480 (PLF/AK), 04-0065 (PLF/AK).**

Aug. 31, 2006.

Jason A. Dunn, Thomas L. Sansonetti, U.S. Department of Justice, Mark E. Nagle, Roscoe Howard, Jr., Troutman Sanders, LLP, William Rakestraw Cowden, U.S. Attorney's Office, Washington, DC, for Plaintiffs.
Bradley Joseph Bondi, Kirkland & Ellis LLP, John Joseph Buckley, Jr., Williams & Connolly, Lydia Kay Griggsby, U.S. Senate Office, Washington, DC, for Movant.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.
*1 This matter is before the Court in these consolidated cases for consideration of Magistrate Judge Alan Kay's Report and Recommendation [Docket No. 57 in ms02-480] of March 30, 2005.[FN1] The United States objected to the March 30, 2005 Report on April 18, 2005[58]. Non-party Utility Air Regulatory Group ("UARG") responded to the government's objections [59], and the government replied [60].

> FN1. Unless otherwise noted, all docket document number citations herein refer to the docket in *United States v. Duke Energy,* Misc. Case No. 02-0480 (PLF/AK), rather than the docket in the consolidated case of *United States v. Cinergy Corp.,* Misc. Case No.04-0065 (PLF/AK).

Under 28 U.S.C. § 636(b)(1), Rule 72(a) of the Federal Rules of Civil Procedure and Local Civil Rule 72.3(b), an aggrieved party may file objections to or seek reconsideration of a magistrate judge's ruling or report and recommendation regarding non-dispositive matters within ten days of the issuance thereof. Upon consideration of such objections, the district court may modify or set aside any portion of the magistrate judge's order or recommendation if it is "clearly erroneous or contrary to law." Rule 72(a), Fed.R.Civ.P.; *see also* LCvR 72.2(c); *In re United Mine Workers of America Employee Benefit Plans Litigation,* 159 F.R.D. 307, 308 (D.D.C.1994); *FSLIC v. Commonwealth Land Title Insurance Co.,* 130 F.R.D. 507, 508 (D.D.C.1990).

In his earlier Reports and Recommendations, Magistrate Judge Kay set out a procedure for review of assertedly privileged documents by a Special Master. This Court adopted the previous Reports from Magistrate Judge Kay on January 3, 2005[55]. The documents were then reviewed by a Special Master who was agreed on by the parties,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                           Page 2

Slip Copy, 2006 WL 2547986 (D.D.C.)
**(Cite as: Slip Copy)**

Judge Richard A. Levie (Retired). The Special Master prepared a report dated March 7, 2005, which was reviewed *in camera* by Magistrate Judge Kay. As a result of this review, Magistrate Judge Kay recommends in his March 30 Report that: (1) the Special Master's Report and Recommendation be adopted by this Court and the privilege be upheld with respect to the documents withheld from production; (2) the Special Master's Report be unsealed and turned over to the parties since it does not disclose the actual substance of and communications deemed to be privileged or protected; and (3) the Government's motion to compel [Docket No. 1 in Duke Energy and Docket No. 1 in Cinergy] be denied, with the government and UARG each to bear their own costs.

Upon careful consideration of the Report and Recommendation of Magistrate Judge Kay, a review of Judge Levie's report, and the entire record in this matter, it is hereby

ORDERED that the Report and Recommendation [57] of Magistrate Judge Alan Kay is ADOPTED and APPROVED: it is

FURTHER ORDERED that the report of the Special Master be unsealed and made available to the parties; it is

FURTHER ORDERED that the Special Master's Report and Recommendation is adopted by this Court; it is

FURTHER ORDERED that the United States' motions to compel compliance with subpoenas [Docket # 1 in ms02-0480; Docket # 1 in ms04-0065] are DENIED; and it is

FURTHER ORDERED that all other pending motions are DENIED as moot.

SO ORDERED.
ALAN KAY, Magistrate Judge.

### *REPORT AND RECOMMENDATION*

*2 The above-captioned cases were initially referred to the undersigned for a report and recommendation on Plaintiff United States' pending motions to compel non-party Utility Air Regulatory Group's compliance with subpoenas, and UARG's oppositions thereto and motions to quash the subpoenas. The undersigned issued a June 9, 2003 Report and Recommendation, an October 22, 2003 Supplemental Report and Recommendation [addressing the parties' objections and request for clarification of the first Report and Recommendation], and a November 23, 2004 Report and Recommendation [recommending that second miscellaneous action be treated in a consistent manner with the first miscellaneous action.] *See* Reports and Recommendations docketed at [27] and [41] in the *Duke Energy* case, and at [9] in the *Cinergy Corp.* case. Because of the number of contested documents at issue, and the fact that no privilege log had been produced by UARG, the undersigned's first Report and Recommendation recommended that the trial court " appoint a Special Master for the purpose of reviewing between six and ten documents from each of the twenty boxes of contested documents, with the exact number to be determined by the Special Master and the documents to be randomly selected by the Special Master." June 9, 2003 Report and Recommendation at 14. The undersigned further recommended that UARG be held responsible for payment of the Special Master's fees and costs relating to his initial review of the contested documents, with the costs of any further review to be divided between UARG and the Government. *Id.* at 15.

On January 3, 2005, the trial court issued a Memorandum Opinion and Order adopting and approving all three Reports and Recommendations, and directing the undersigned to appoint a Special Master under the procedures and pursuant to the rulings and guidelines set forth in the June 9, 2003 Report and Recommendation, as clarified and supplemented by the Supplemental Report and Recommendation dated October 22, 2003. On February 9, 2005, the undersigned ordered the appointment of a mutually agreed-upon individual, Judge Richard A. Levie (Retired), to act as Special Master. The Special Master was charged with performing an initial review of documents *in camera* to determine the applicability of UARG's privilege

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

claims. The Special Master's fees and reasonable costs were to be borne by UARG. *See* February 9, 2005 Order Appointing Special Master.

On March 7, 2005, the Special Master filed his Report and Recommendation, indicating that he had reviewed a random sampling of the documents provided by UARG.[FN1] The Special Master recommended that UARG's claim of privilege be sustained on almost every document, with the exception of a few "groups of documents," noting however that, as a practical matter, the Court might decline to order production of those groups of documents on grounds that the time and resources needed to separate such documents exceeds the value of such documents. Report at 5.[FN2] The Special Master further explained that there were several specific documents of the 200 reviewed where he disagreed with the claims of privilege but many of those documents are "publicly available documents attached to documents for which there is a recommendation that the bulk of the document be found protected...." Report at 6. He reiterated his conclusion that there is a practical question whether the Government's need for such documents outweighs the time and resources needed to cull out and disclose those documents. Report at 7. The Special Master then engaged in a thorough legal analysis of the attorney-client privilege and work product protection claims and his Report concluded with a document-by-document analysis and suggested ruling on UARG's claims.

> FN1. Following the random selection of 227 documents, 27 documents were found to be subject to privilege rulings by other courts and were therefore excluded from the Special Master's review. For the remaining 200 documents, UARG provided the Special Master and the Government with a privilege log indicating its privilege claims.

> FN2. Such groups of documents include lists of UARG meetings, facsimile cover sheets, meeting attendance sheets.

### RECOMMENDATION

*3 Based upon the Special Master's conclusions that the vast majority of UARG documents are privileged, with a limited number of insignificant exceptions, the undersigned recommends that the Special Master's Report and Recommendation be adopted by the trial court and the privilege be upheld with respect to the documents withheld from production. The undersigned recommends that the Special Master's Report be unsealed and turned over to the parties since it does not disclose the actual substance of any communications deemed to be privileged or protected. The undersigned further recommends that if the Special Master's Report and Recommendation is adopted by the trial court, the Government's motions to compel, docketed at [1] [*Duke Energy*] and [1] [*Cinergy*] be denied, and UARG's motions to quash, docketed at [6] [*Duke Energy*] and [3] [*Cinergy*] be granted, with the Government and UARG to bear their own costs associated with filing such motions.

### *REVIEW BY THE DISTRICT COURT*

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections. The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985). If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: 10 business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional De Desenvolvimento Cientifico E Technological v. Inter-Trade, Inc.,* 50 F.3d 56, 58 (D.C.Cir.1995) (per curiam).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 4
Slip Copy, 2006 WL 2547986 (D.D.C.)
**(Cite as: Slip Copy)**

D.D.C.,2006.
U.S. v. Duke Energy Corp.
Slip Copy, 2006 WL 2547986 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.