IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>    Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**DEFENDANT INTEL CORPORATION'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED COMPLAINT**

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000

rhorwitz@potteranderson.com
wdrane@potteranderson.com

Attorneys for Defendant
Intel Corporation

Dated: July 12, 2007

In its motion to dismiss the First Amended Consolidated Complaint, Intel explained that the Supreme Court's test in *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*"), governed whether the plaintiffs here had antitrust standing to bring their state antitrust claims. In response, plaintiffs argued that any state's rejection of the *Illinois Brick* indirect purchaser bar constitutes a general rejection of the use of federal antitrust precedent, and thus state common law on standing, not *AGC*, was the operative test for state antitrust claims. Recently, the Iowa Supreme Court in *Southard v. Visa U.S.A., Inc.*, No. 137 / 04-1972, 2007 Iowa Sup. LEXIS 82 (Iowa June 22, 2007), rejected both arguments, holding that the *AGC* factors are the appropriate standard by which a court should determine whether a plaintiff has antitrust standing under the Iowa statute.

In *Southard*, plaintiffs alleged that defendants' practice of tying merchants' acceptance of Visa and Mastercard credit cards to acceptance of debit cards caused the merchants to pay higher processing fees which, in turn, resulted in plaintiffs' paying higher prices for goods sold by the merchants. *See id.* at *3-4. Plaintiffs argued that these artificially inflated prices constituted sufficient injury to provide standing under Iowa's Competition Law and also resulted in defendants' unjust enrichment at plaintiffs' expense. *See id.* at *4. After the lower courts found the injuries too remote to support either claim, plaintiffs argued to the Iowa Supreme Court that the state's legislative rejection of *Illinois Brick* was dispositive: that is, that by endorsing indirect purchaser claims, Iowa opened the door of its Competition Law to any plaintiff, no matter how remote its injury. *See id.* at *7.

The Court disagreed, holding that "the Iowa legislature did not intend to allow every person tangentially affected by a violation of the statute to have a remedy in damages" and that "Iowa's competition law does not provide a remedy to every person who can trace an injury

to a defendant's anticompetitive conduct." *Id.* at *14, *20.

Not only did the Court reject automatic standing for indirect purchasers, but it also explicitly endorsed and applied the *AGC* standing factors, which it found were more consistent with Iowa's common law limitation on recovery for remote injuries. *See id.* at *16. Applying the *AGC* factors, the Court found that plaintiffs lacked standing because their injuries were "derivative," superior alternative plaintiffs existed, and determining plaintiffs' damages would be a "complex process at best and speculative at worst." *Id.* at *17-18. As the Court summarized: "In the present case, the plaintiff consumers' injuries are remote, and therefore, the plaintiffs lack antitrust standing." *Id.* at *20.

In addition, the Court held that where the injuries were too remote and derivative to confer antitrust standing, they were also insufficient as a matter of law to state a claim for unjust enrichment. *Id.* at *19-20.[1] Consequently, the Court affirmed the trial court's dismissal of plaintiffs' claims.

Intel attaches a copy of the *Southard* decision as Exhibit 1.

---

[1] This refutes class plaintiffs' contention that unjust enrichment claims are not proper subjects of a motion to dismiss.

2

Respectfully submitted,

By: */s/ Richard L. Horwitz*

| | |
|---|---|
| OF COUNSEL: | Richard L. Horwitz (#2246) |
| | W. Harding Drane, Jr. (#1023) |
| David M. Balabanian | POTTER ANDERSON & CORROON LLP |
| James L. Hunt | Hercules Plaza, 6th Floor |
| Christopher B. Hockett | 1313 North Market Street |
| BINGHAM McCUTCHEN LLP | P.O. Box 951 |
| Three Embarcadero Center | Wilmington, DE 19899-0951 |
| San Francisco, CA 94111-4067 | (302) 984-6000 |
| (415) 393-2000 | |
| | rhorwitz@potteranderson.com |
| | wdrane@potteranderson.com |
| Richard A. Ripley | |
| BINGHAM McCUTCHEN LLP | |
| 2020 K Street, N.W. | |
| Washington, D.C. 20006 | |
| (202) 373-6000 | |
| | |
| Dated: July 12, 2007 | Attorneys for Defendant |
| | INTEL CORPORATION |