# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| INTEL CORP. MICROPROCESSOR | ) MDL Docket No. 05-1717 (JJF) |
| ANTITRUST LITIGATION | ) |
| | ) |

| | |
|---|---|
| PHIL PAUL, on behalf of himself | ) |
| and all others similarly situated, | ) C.A. No. 05-485-JJF |
| | ) |
| Plaintiffs, | ) CONSOLIDATED ACTION |
| | ) |
| v. | ) |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT INTEL CORPORATION'S FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation requests that Class Plaintiffs produce and permit Intel to inspect and copy each of the documents and things requested below, at the offices of Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California 94111, in accordance with the following definitions and instructions.

### DEFINITIONS

1.    The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

2.    The terms "Class Plaintiffs," "you" and "your" mean Jerry Adamson; Benjamin J. Allanoff, Raphael Allison, Christian Ambruoso, David Arnold, Cindy Bandfield, Phillip Boeding, Elizabeth Bruderle Baran, Susan Baxley, Phillip Boeding, Brandon Brantly, Michael Brauch, Jason Brown, Kelly Cannon, Ludy Chacon, Joseph Samuel Cone, Carrol

Cowan, Judy Cowgill, William F. Cronin, Christine Culliton, Paul C. Czysz, Russell Dennis,

Dwight E. Dickerson, Dan Dieffenbacher, Damon DiMarco, Michael Dolan, Dan Elliot, Gideon

Elliott, Terri Fabrizio, Jerome Feitelberg, Kevin Fennelly, Huston Frazier and Jeanne Cook

Frazier, Angel Genese, Cheryl Glick-Salpeter, Nir Goldman, Steven J. Hamilton, Tracy Harbin,

Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Patrick J. Hewson, Trisha Higgens,

Jason Hoenshell, Ron Hooper, Terri Hooper, Jose Juan, Karol Juskiewicz, Tracy Kinder, Ronald

Konieczka, Henry Kornegay, Matthew Kravitz, Lawrence Lang, David E. Lipton, Leonard

Lorenzo, Debbie McCauley, James McCauley, Andrew Meimes, Stuart Munson, Peter Jon

Naigow, Linda Neely, Patricia M. Niehaus, Chad Ohlrogge, Raymond A. Pacia, Phil Paul, Lee

Pines, Richard Pressel, Maria I. Prohias, Paul Ramos, Michael Ruccolo, Edward Rush, Darice

Russ, Napoly Salloum, Jodi Salpeter, Jay Salpeter, Kery Schneck, Stuart Schupler, Nathaniel

Schwartz, Michael K. Simon, Francis H. Slattery, IV, Timothy Spears, Kevin Stoltz, Justin

Suarez, Dana F. Thibedeau, Ian Walker, Robin S. Weeth, Melissa Wood, Bergerson &

Associates, Inc., Dressed to Kill Custom Draperies, LLC, Fairmont Orthopedics & Sports

Medicine, P.A., HP Consulting Services, Inc., Law Offices of Kwasi Asiedu, Law Offices of

Laurel Stanley, Rob Marshall dba Marshall Realty, Melinda HanHarr, D.D.S., P.C., The Harman

Press, and Trotter-Vogel Realty, Inc. dba Prudential California Realty, and any parent, subsidiary

or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and

other representatives of the above-named individuals or business entities.

       3    The term "communication" means the transmittal of information and

encompasses every medium of information transmittal, including, but not limited to, oral,

written, graphic and electronic communication.

       4.    The term "Complaint" means the First Amended Consolidated Complaint

lodged by Plaintiffs against Intel in the United States District Court for the District of Delaware

on May 26, 2006, case number CA No. 05-485-JJF, MDL Docket No. 05- 1717-JJF.

       5.    The term "computer device or product" includes without limitation

desktop computers, laptop computers, workstations and servers containing an x86

microprocessor.

6.      The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

7.      The term "Intel" means Intel Corporation and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Intel Corporation.

8.      The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

9.      The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

10.     The term "representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

11.     The term "x86 microprocessor" refers to silicon chips containing a central processing unit using the x86 instruction set.

12.     Any term stated in the singular includes the plural and vice versa.

13.     "Any" and "each" are understood to include and encompass "all."

14.     Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

3

## INSTRUCTIONS

1.     Documents to be produced include documents in your possession, custody, or control wherever located.

2.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you must produce entire documents including attachments, enclosures, cover letters, memoranda, and appendices.  The documents requested herein should be produced in a format agreed upon by counsel.

3.     Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document is withheld from production on the basis of privilege, immunity or any similar claim, furnish a list specifying:  (a) the nature of the privilege claimed; (b) the authors of the document; (c) all persons who received copies of the document; (d) the date of the documents, and (e) the general subject matter of the documents sufficient to enable Intel to assess the applicability of the privilege or other similar claim.

4.     These requests for production of documents are of a continuing nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Class Plaintiffs are under a duty to amend in a timely fashion a prior response to a request for production if it learns that the response is in some material respect incomplete or incorrect, or if any information or documents responsive to these requests for production of documents are hereafter acquired.

5.     With respect to any document request that relates to an allegation in your Complaint, the information requested is for all documents that relate to the allegation, regardless of date.  Unless otherwise specified, for all other requests, all information requested is for the period from January 1, 2000, until the date of your responses to these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents related to any allegation in the Complaint, including without limitation all documents cited or described in the Complaint, all documents that you relied upon in preparing your Complaint, all documents related to communications between you

and third parties concerning the Complaint, all documents that identify the names of any person or third party likely to have discoverable information related to the Complaint.

    2.    All documents relating to your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, including without limitation purchase receipts or invoices; warranty certification; product information or user manuals; or shipping information.

    3.    All documents relating to your sale of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, including without limitation advertisements; sales receipts or invoices; or shipping information.

    4.    All documents relating to any mail-in rebates relating to the purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

    5.    All documents relating to your purchase of any peripheral products, including without limitation printers, monitors, speaker systems, other hardware packages, or software, which where purchased contemporaneously with the purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

    6.    All documents relating to any financing used to purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, including without limitations any sales promotions permitting deferred interest payments.

    7.    To the extent not covered by any preceding request, all documents sufficient to show, with respect to your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor:

    (1)    the brand and type of x86 microprocessor;

    (2)    the brand and model of product containing the x86 microprocessor if applicable;

(3)     the exact date of purchase;

(4)     the amount paid only for the x86 microprocessor, or computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor; and

(5)     the name and location retailer.

8.     To the extent you claimed as a tax deduction the expense or depreciated the value of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, all of your tax returns filed with the Internal Revenue Service or with any other state or local jurisdiction.

9.     To the extent you claimed as a tax deduction the expense or depreciated the value of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, all of your financial statements, financial books, records, journals, ledgers, and audit records.

10.     All documents containing your policies, standards, or guidelines relating to your procurement or purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

11.     All documents relating to any correspondence with AMD.

12.     All documents relating to any correspondence with Intel.

13.     All documents relating to any correspondence with any original equipment manufacture ("OEM") of computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

14.     All documents relating to any correspondence with distributors of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

15.     All documents relating to any correspondence with retailers of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

6

16.    All agreements or contracts with any manufacturer, OEM, distributor, or retailer of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor relating to the purchase or use of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
Nora C. Cregan
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated:  December 5, 2006

765472 / 29282

POTTER ANDERSON & CORROON LLP

By:  */s/ Richard L. Horwitz*
       Richard L. Horwitz (#2246)
       W. Harding Drane, Jr. (#1023)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       P.O. Box 951
       Wilmington, DE 19899-0951
       (302) 984-6000
       rhorwitz@potteranderson.com
       wdrane@potteranderson.com

*Attorneys for Defendants*
*Intel Corporation*

7

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on December 5, 2006, true and correct

copies of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

### VIA HAND DELIVERY

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

### VIA ELECTRONIC MAIL

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

Michael P. Lehman
Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
mplehmann@furth.com
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

By:    /s/ Richard L. Horwitz
         Richard L. Horwitz (#2246)
         W. Harding Drane, Jr. (#1023)
         POTTER ANDERSON & CORROON LLP
         Hercules Plaza, 6th Floor
         1313 N. Market Street
         P.O. Box 951
         Wilmington, DE 19899-0951
         (302) 984-6000
         rhorwitz@potteranderson.com
         wdrane@potteranderson.com

765503 / 29282

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION,<br><br>               Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## DEFENDANT INTEL CORPORATION'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation requests that Class Plaintiffs produce and permit Intel to inspect and copy each of the documents and things requested below, at the offices of Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California 94111, in accordance with the following definitions and instructions.

### DEFINITIONS

1.     The terms "Class Plaintiffs," "you" and "your" mean Jerry Adamson; Benjamin J. Allanoff, Raphael Allison, Christian Ambruoso, David Arnold, Cindy Bandfield, Phillip Boeding, Elizabeth Bruderle Baran, Susan Baxley, Phillip Boeding, Brandon Brantly, Michael Brauch, Jason Brown, Kelly Cannon, Ludy Chacon, Joseph Samuel Cone, Carrol Cowan, Judy Cowgill, William F. Cronin, Christine Culliton, Paul C. Czysz, Russell Dennis, Dwight E. Dickerson, Dan Dieffenbacher, Damon DiMarco, Michael Dolan, Dan Elliot, Gideon Elliott, Terri Fabrizio, Jerome Feitelberg, Kevin Fennelly, Huston Frazier and Jeanne Cook

Frazier, Angel Genese, Cheryl Glick-Salpeter, Nir Goldman, Steven J. Hamilton, Tracy Harbin, Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Patrick J. Hewson, Trisha Higgens, Jason Hoenshell, Ron Hooper, Terri Hooper, Jose Juan, Karol Juskiewicz, Tracy Kinder, Ronald Konieczka, Henry Kornegay, Matthew Kravitz, Lawrence Lang, David E. Lipton, Leonard Lorenzo, Debbie McCauley, James McCauley, Andrew Meimes, Stuart Munson, Peter Jon Naigow, Linda Neely, Patricia M. Niehaus, Chad Ohlrogge, Raymond A. Pacia, Phil Paul, Lee Pines, Richard Pressel, Maria I. Prohias, Paul Ramos, Michael Ruccolo, Edward Rush, Darice Russ, Napoly Salloum, Jodi Salpeter, Jay Salpeter, Kery Schneck, Stuart Schupler, Nathaniel Schwartz, Michael K. Simon, Francis H. Slattery, IV, Timothy Spears, Kevin Stoltz, Justin Suarez, Dana F. Thibedeau, Ian Walker, Robin S. Weeth, Melissa Wood, Bergerson & Associates, Inc., Dressed to Kill Custom Draperies, LLC, Fairmont Orthopedics & Sports Medicine, P.A., HP Consulting Services, Inc., Law Offices of Kwasi Asiedu, Law Offices of Laurel Stanley, Rob Marshall dba Marshall Realty, Melinda HanHarr, D.D.S., P.C., The Harman Press, and Trotter-Vogel Realty, Inc. dba Prudential California Realty, and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of the above-named individuals or business entities.

2.      The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

3.      The term "Intel" means Intel Corporation and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Intel Corporation.

4.      The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

5.      The terms "relate to," "relating to," "related to," "refer to," "referring to"

2

or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

      6.     Any term stated in the singular includes the plural and vice versa.

      7.     "Any" and "each" are understood to include and encompass "all."

      8.     Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

## INSTRUCTIONS

      1.     Documents to be produced include documents in your possession, custody, or control wherever located.

      2.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you must produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices. The documents requested herein should be produced in a format agreed upon by counsel.

      3.     Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if any document is withheld from production on the basis of privilege, immunity, or any similar claim, furnish a list specifying: (a) the nature of the privilege claimed; (b) the authors of the document; (c) all persons who received copies of the document; (d) the date of the documents; and (e) the general subject matter of the documents sufficient to enable Intel to assess the applicability of the privilege or other similar claim.

      4.     These requests for production of documents are of a continuing nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Class Plaintiffs are under a duty to amend in a timely fashion a prior response to a request for production if they learn that the response is in some material respect incomplete or incorrect, or if any information or documents responsive to these requests for production of documents are hereafter acquired.

3

5.     Unless otherwise specified, for all other requests, all information requested is for the period from January 1, 2000, until the date of your responses to these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Your federal tax returns for the years 2004-2006.

2.     Documents sufficient to identify and value your current assets and liabilities, including, without limitation, your financial statements, bank records, financial books, records, journals, ledgers, and audit records.

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated: July 12, 2007

POTTER ANDERSON & CORROON LLP

By:/s/ W. Harding Drane, Jr.
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

    Attorneys for Defendant
    Intel Corporation