# EXHIBIT A

**BINGHAM McCUTCHEN**

Todd A. Pickles
Direct Phone: (415) 393-2392
Direct Fax:   (415) 393-2286
todd.pickles@bingham.com

February 23, 2007

**VIA ELECTRONIC DELIVERY**

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

Douglas Y. Park, Esq.
Cotchett, Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
dpark@cpmlegal.com

Re: **Intel Corp.'s Requests for Production in MDL 1717**

Dear Douglas:

We write in response to Plaintiffs' Responses and Objections to Intel's First Set of Requests for Production. Plaintiffs have agreed to produce all non-privileged documents responsive to Requests Nos. 1-2, 4-5, 7, and 10-16. As we discussed on February 23, 2007, Plaintiffs anticipate beginning production of these documents on Wednesday, February 28. However, until Intel has all of Plaintiffs' responsive documents, it will not be in a position to begin scheduling Plaintiffs' depositions, which will need to occur before Intel responds to any class certification motion.

Second, Plaintiffs presently state that they object to and will not produce any documents in response to Requests Nos. 3 and 8-9, and that they will only produce limited information in response to Request No. 6. These objections are without merit and Intel requests that Plaintiffs withdraw these objections.

In particular, Request No. 3 seeks "[a]ll documents relating to your sale of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessors ...." Contrary to your objection, such documents are clearly relevant to the claims and defenses in this matter — e.g., actual damages allegedly suffered by the named Plaintiffs, the potential pass-on of any such damage, etc. — and thus are properly the subject of discovery under Rules 26(b) and 34 of the Federal Rules of Civil Procedure. Further, while Plaintiffs purport to represent a class of only persons who "purchased an x86 microprocessor ... other than for resale," Intel is certainly entitled to test this allegation through discovery. For example, to the extent that the named Plaintiffs have, in fact, resold products containing x86 microprocessors, whether through a formal retail transaction or something more informal (e.g., eBay), this information bears heavily upon class certification issues, such whether the named Plaintiffs can adequately represent the purported class, whether the proposed class is even ascertainable, and whether common proof of classwide injury or damages exists.

February 23, 2007
Page 2

Bingham McCutchen LLP
bingham.com

Request No. 6, in turn, seeks documents relating to the "financing" used to purchase "any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor …." Plaintiffs respond that they will produce such information only to the extent that it is contained on documents responsive to Request Nos. 2 and 7, which generally cover purchase documents. However, other financing information not included in the documents responsive to Request Nos. 2 and 7 remains relevant and must be produced. For example, if Plaintiffs possess documents showing that they separately financed the purchase of a computer containing an x86 microprocessor, such information is relevant to the measure of damages Plaintiffs have suffered or whether the named Plaintiffs adequately represent the purported class. That such financing documents may not otherwise be included in the purchase documents to be produced does not somehow excuse Plaintiffs of their obligation to produce relevant, responsive documents.

Lastly, Requests Nos. 8-9 seek tax returns and financial statements and records to the extent any of the Plaintiffs have "claimed as a tax deduction the expense or depreciated value of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor …." Similar to Requests Nos. 3 and 6, this information is relevant to testing Plaintiffs' claims of actual damages suffered, as well as to informing class certification issues including common proof of injury or damages. Moreover, any potential concerns with respect to the confidentiality of such financial information has already been addressed by the Protective Order entered by the Court on September 26, 2006.

Accordingly, Intel requests Plaintiffs withdraw these objections and produce all non-privileged responsive documents. Please do not hesitate to contact me should you have any questions.

Sincerely,

*/s/ Todd P.*

Todd Pickles

cc:   Daniel Small, Esq. (via electronic mail)

# EXHIBIT B

LAW OFFICES
## COTCHETT, PITRE & McCARTHY
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247
OF COUNSEL
ROBERT B. HUTCHINSON

WASHINGTON, D.C. OFFICE
1364 BEVERLY ROAD, SUITE 201
McLEAN, VA 22101
(703) 893-9600
OF COUNSEL
MARK P. FRIEDLANDER, JR.

March 2, 2007

*Via Fax (415) 393-2286*
Todd A. Pickles, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111

      *In re: Intel Corp. Microprocessor Antitrust Litigation, MDL Docket No. 05-1717 (JJF)*
      **Documents Produced in Response to Intel's First Request for the Production of**
      **Documents and Things**

Dear Todd:

    I write in response to your letter of February 23, 2007 regarding Plaintiffs' Responses and Objections to Intel's First Set of Requests for Production.

    As you know, Plaintiffs have already begun producing documents to Intel. We are in the process of collecting documents from additional plaintiffs and will supplement the production on a rolling basis. Plaintiffs certainly have no interest in delaying class discovery and will endeavor to complete production of documents in short order.

    With respect to Intel's specific challenges to the asserted objections, Plaintiffs respond as follows:

    (1) We do not agree that pass-on damages are relevant since the class definition explicitly excludes resellers. Nonetheless, in the interest of compromise, to the extent any Plaintiff subsequently resold a covered product containing an x86 microprocessor, we

LAW OFFICES
## COTCHETT, PITRE & McCARTHY

March 2, 2007
Page 2

will produce any non-privileged documents responsive to Request No. 3 that are located upon a reasonable search.

2) With respect to Request No. 6, Plaintiffs stand on their written response and objections. The fact that a Plaintiff may have financed the purchase of a covered product has no bearing on the measure of damages or class certification issues in this action. If Intel has authority to the contrary, we ask that you provide that to us and we will take it into consideration.

(3) With respect to Requests Nos. 8 and 9, Plaintiffs stand on their written responses and objections. Whether a Plaintiff "claimed as a tax deduction the expense or depreciated value of any x86 microprocessor, computer device or product or Microsoft's Xbox™ containing an x86 microprocessor" has no bearing on the measure of damages or class certification issues in this action. Again, if Intel has authority to the contrary, we ask that you provide that to us and we will take it into consideration.

Please do not hesitate to contact me if you have any questions.

Sincerely,

DOUGLAS Y. PARK

cc:   Daniel Small
      Brent Landau
      Doug Millen
      Robert Wozniak

# EXHIBIT C

BINGHAM

Bree Hann
Direct Phone: (415) 393-2958
Direct Fax:     (415) 393-2286
bree.hann@bingham.com

June 5, 2007

**VIA ELECTRONIC DELIVERY**

Douglas Y. Park, Esq.
Cotchett, Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
dpark@cpmlegal.com

**Re: Intel Corp.'s Requests for Production in MDL 1717**

Dear Douglas:

I write to follow up on your letter of March 2, 2007 regarding plaintiffs' Responses and Objections to Intel's First Set of Requests for Production. In that letter, you indicated plaintiffs would stand on their responses and objections to Requests Nos. 8 and 9, which seek tax returns and financial statements and records to the extent any plaintiff has "claimed as a tax deduction the expense or depreciated value of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor." You stated that whether any plaintiff claimed such a deduction or depreciation was irrelevant to the measure of damages or class certification issues in this action.

These Requests seek information that is relevant for several reasons. For example, if a plaintiff's taxes were affected by a claimed expense or depreciation, that information is relevant to test whether that plaintiff suffered actual damages at all, as well as informing class certification issues with regard to common proof of injury or damages. Moreover, prospective class plaintiffs' financial records are relevant to adequacy issues. *See, e.g., In re ML-LEE Acquisition Fund II, L.P.*, 149 F.R.D. 506, 508-09 (D. Del. 1993) (Farnan, J.) (granting motion to compel documents pertaining to plaintiffs' personal finances because "the financial status of a proposed representative plaintiff is relevant to the determination of whether that [p]laintiff is capable of adequately representing the class"). Accordingly, to avoid the necessity of a motion to compel, Intel requests plaintiffs withdraw these objections by June 15, 2007, and thereafter produce all non-privileged responsive documents.

Please do not hesitate to contact me should you have any questions.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County

Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286
bingham.com

June 5, 2007
Page 2

Sincerely,

*[signature: Bree Hann]*

Bree Hann

cc:     Daniel Small, Esq. (via electronic mail)

Bingham McCutchen LLP
bingham.com

# EXHIBIT D

FREED KANNER LONDON & MILLEN LLC

June 14, 2007

direct dial: 224.632.4507
rwozniak@fklmlaw.com

<u>Via Electronic Mail</u>

Bree Hann
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Re:   Intel Corp.'s Requests for Production of Documents (MDL 1717)

Dear Bree:

      I write in response to your letter of June 5, 2007 regarding plaintiffs' objections to Request Nos. 8 and 9 from Intel's First Set of Requests for Production. As Doug Park indicated in his letter of March 2, 2007, plaintiffs believe there is no basis for Intel to seek tax returns and other financial records from plaintiffs who may have included the cost or depreciation of their relevant purchases in their tax returns. For the reasons set forth below, plaintiffs stand on their written objections to Request Nos. 8 and 9.

      First, as to the potential relevance of tax returns, you contend that "if a plaintiff's taxes were affected by a claimed expense or depreciation, that information is relevant to test whether that plaintiff suffered actual damages at all, as well as informing class certification issues with regard to common proof of injury or damages." Plaintiffs disagree. Courts apply a heightened standard to the discovery of tax returns and generally require the requesting party to show both that a litigant's income is at issue and that the requesting party has a compelling need for the tax returns. *See, e.g., In re FedEx Ground Package System, Inc., Employment Practices Litig.*, No. 3:05-MD-527 (MDL 1700), 2006 U.S. Dist. LEXIS, at *25-*27 (N.D. Ind. Dec. 14, 2006); *Walker v. Rent-A-Center, Inc.*, No. 5:02CV3, 2006 U.S. Dist. LEXIS, at *7-*9 (E.D. Tex. Oct. 3, 2006). Moreover, courts have rejected the notion that tax deductions may be used to offset potential damages. *See, e.g., FDIC v. WH Venture*, No. 84-5673, 1987 WL 11946, at *1-*3 (E.D. Pa. May 29, 1987).[1] The proper measure of damages in this case will be based on an estimated overcharge (*i.e.*, the difference between what plaintiffs paid versus what they would

---

[1] The *WH Venture* court cited *Randall v. Loftsgaraden*, 106 S. Ct. 3143 (1986) and *Cereal Byproducts Co. v. Hall*, 147 N.E.2d 383, aff'd, 155 N.E.2d 14 (1958) for the proposition that "tax refunds, like insurance proceeds, cannot reduce a damage award." *Id.* at *3.

June 14, 2007
Page 2

have paid in a competitive market). Any tax deductions that certain plaintiffs may have claimed are simply irrelevant.

Second, you state that "prospective class plaintiffs' financial records are relevant to adequacy issues." Again, plaintiffs disagree. While it is true that Judge Farnan granted a motion to compel financial records in the *ML-Lee* case, that decision was apparently based on concerns about the ability of the named plaintiffs to ultimately cover the costs of litigation (and the potential for class representatives with insufficient resources to be coerced by class counsel). It is clear that under the current version of Delaware Rule of Professional Conduct 1.8(e)(1), "a lawyer may advance court costs and expenses of litigation, *the repayment of which may be contingent on the outcome of the matter.*" (emphasis added). Moreover, as recognized by Federal Rule of Civil Procedure 23(g)(1)(B), counsel's duties are owed to the putative class, and to the named plaintiffs only as members of that class.[2] While class representatives must certainly meet the adequacy requirements under Rule 23, it is the "resources counsel will commit to representing the class" that is relevant, not the ability of individual plaintiffs to cover or repay litigation expenses. Fed. R. Civ. P. 23(g); *see also In re WorldCom, Inc. Securities Litig.*, 219 F.R.D. 267, 284-85 (S.D.N.Y. 2003) (noting that most states no longer require named plaintiffs in class actions to pay litigation expenses).

In short, there is simply no justification for Intel to seek tax returns and other financial information from the named plaintiffs.

Sincerely,

*/s/ Robert J. Wozniak*

Robert J. Wozniak

cc:  Daniel Small
     Brent Landau

---

[2] The Advisory Committee notes to the 2003 amendments to Rule 23 make clear that "the primary responsibility of class counsel, resulting from appointment as class counsel, is to represent the best interests of the class. The rule thus establishes the obligation of class counsel, an obligation that may be different from the customary obligations of counsel to individual clients. Appointment as class counsel means that the primary obligation of counsel is to the class rather than to any individual members of it. The class representatives do not have an unfettered right to 'fire' class counsel."

2201 Waukegan Road, Suite 130, Bannockburn, Illinois 60015 — telephone: 224.632.4500 — fax: 224.632.4521 — www.fklmlaw.com

# EXHIBIT E

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.

Bree Hann
Direct Phone: (415) 393-2958
Direct Fax: (415) 393-2286
bree.hann@bingham.com

July 12, 2007

**VIA ELECTRONIC DELIVERY**

Douglas Y. Park, Esq.
Cotchett, Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
dpark@cpmlegal.com

Robert J. Wozniak, Jr., Esq.
Freed Kanner London & Millen, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
rwozniak@fklmlaw.com

Re:   Intel Corp.'s Second Set of Requests for Production in MDL 1717

Dear Douglas and Robert:

As you know, Intel served its Second Set of Requests for Production on all plaintiffs today. The two requests seek tax returns and information sufficient to value plaintiffs' assets and liabilities. Plaintiffs have objected to Intel's more limited prior requests for production of similar documents (Requests 8 and 9 from Intel's First Set of Requests for Production), claiming lack of relevance and a higher standard for production of tax returns. We assume plaintiffs will stand on those objections with respect to today's requests. However, if that is incorrect, please let me know immediately. Thank you.

Sincerely,

Bree Hann

cc:   Daniel Small, Esq. (via electronic mail)

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

# EXHIBIT F

# BINGHAM

LEGAL INSIGHT. BUSINESS INSTINCT.

Bree Hann
Direct Phone: (415) 393-2958
Direct Fax:    (415) 393-2286
bree.hann@bingham.com

July 24, 2007

**VIA ELECTRONIC DELIVERY**

Douglas Y. Park, Esq.
Cotchett, Pitre & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
dpark@cpmlegal.com

Robert J. Wozniak, Jr., Esq.
Freed Kanner London & Millen, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
rwozniak@fklmlaw.com

Re: Intel Corp.'s Second Set of Requests for Production in MDL 1717

Dear Douglas and Robert:

Thank you for your response to Intel's Second Set of Requests for Production. As you know from our previous meet and confer correspondence, Intel believes these requests, which seek tax returns and information sufficient to value plaintiffs' assets and liabilities, are relevant to issues of class certification, particularly adequacy. Judge Farnan's opinion from *In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litig.*, 149 F.R.D. 506, 508 (D. Del. 1993), makes clear that such documents are relevant to evaluate class plaintiffs' ability to fairly and adequately represent the class. Based on your objections to the requests and our previous meet and confer correspondence on Requests 8 and 9 from Intel's First Set of Requests for Production, Intel believes it is now appropriate to take the matter to Judge Poppiti. If you have any further issues to discuss with regard to these requests, please let me know immediately.

Sincerely,

*/s/ Bree Hann*

Bree Hann

cc: Daniel Small, Esq. (via electronic mail)

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com