

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 778-6019 Fax

August 9, 2007

**VIA ELECTRONIC FILING**

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

    Re:   **Discovery Matter No. 7**
           *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
           <u>*Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)</u>

Dear Judge Poppiti:

      Intel Corporation ("Intel") submits this reply letter brief in support of its request to compel class plaintiffs to produce documents responsive to Requests for Production 8 and 9 from Intel's First Set of Requests for Production and to Requests for Production 1 and 2 from Intel's Second Set of Requests for Production.

      In their opposition letter brief, plaintiffs abandon their meet and confer arguments that Intel's discovery requests must meet a "compelling need" standard and that tax deductions are irrelevant to class certification issues. Instead, they argue (1) the fee agreement with Interim Class Counsel frees the plaintiffs of any obligation to fund the litigation, making *ML-Lee* inapplicable and the plaintiffs' financial information[1] irrelevant to class certification; and (2) *ML-Lee* was rendered a nullity by the 2003 amendments to Rule 23, specifically Rule 23(g)(1)(B).

      Neither argument has merit. The purported fee arrangement that plaintiffs describe does not remove them from the scope of Judge Farnan's decision in *ML-Lee*.[2] There is no evidence

---

[1] Plaintiffs' contention that Intel has abandoned its argument that this information is discoverable on the issue of damages, Opp. at 4 n.4, is wrong. Intel's opening brief simply advised the Court that in light of *ML-Lee*, the Court could compel the production of this information without reaching this argument.

[2] During the parties' extensive meet and confer, plaintiffs inexplicably failed to surface this purported arrangement in response to Intel's citation to *ML-Lee*.

Vincent J. Poppiti, Esquire
August 9, 2007
Page 2

that the fee arrangement there was different than the arrangement that plaintiffs assert that they have here. Indeed, the concerns that Judge Farnan expressed involved the attorneys reneging on the funding agreement, not that the client might ultimately have to reimburse such funding from his/her own financial resources. As Intel pointed out in its opening letter brief, Judge Farnan anticipated this argument in *ML-Lee*: "[T]he agreement by Plaintiffs' counsel to advance the costs of litigation does not defeat the relevance of Plaintiffs' own financial status. Sole reliance on the financial backing of the representatives' legal counsel creates the undesirable situation of entrusting the responsibility of adequately representing the class to the attorney rather than the litigant." 149 F.R.D. at 509. Plaintiffs' purported fee arrangement does not eliminate that concern.

Moreover, this purported fee arrangement cannot cover all costs of this litigation. The Model Rule on which plaintiffs rely permits only an advance of "court costs and expenses of litigation." This Rule does not permit an attorney to indemnify a non-indigent client against all costs related to the case. *See, e.g.,* Oklahoma Bar Association Legal Ethics Advisory Opinion, 2007-OK LEG ETH 01 (pending approval) (Ex. A hereto) (Rule 1.8(e) does not permit an attorney to agree in advance to indemnify his client against attorney's fees and costs in the event that such fees and costs are awarded to the opposing party and taxed against the client). Thus, the purported arrangement cannot extend to, for example, any costs that Intel might obtain at the conclusion of the case which include certain transcript, deposition, photocopying, and witness fee costs and, under Local Rule 54.1, are taxable against the party.

Next, Judge Farnan's decision in *ML-Lee* is not inconsistent with FED. R. CIV. P. 23(g)(1)(B), enacted in 2003. The advisory committee notes state that this provision does not "introduce an entirely new element into the class certification process" but instead builds on the jurisprudence developed through the application of Rule 23(a)(4) to the issue of adequacy of counsel. *Id.* advisory committee notes, 2003 Amendments, Subdivision (g). The *ML-Lee* decision was consistent with those standards and thus consistent with provision (g)(1)(B).

Finally, this Court should reject plaintiffs' suggestion that it ignore Judge Farnan's decision and "align itself" with "many other courts" on this issue. There certainly is a split in the courts on this issue, and many courts side with Judge Farnan's analysis. *E.g., Blake v. Chemlawn Serv. Corp.*, Civ. A. No. 86-3413, 1988 WL 6151, *3 (E.D. Pa. January 26, 1988) ("Financial data concerning representative plaintiffs in a class action of nationwide scope is relevant in determining the adequacy of class representation."); *Rode v. Emery Air Freight Corp.*, 76 F.R.D. 229, 232 (W.D. Pa. 1977) (same); *Apanewicz v. General Motors Corp.*, 80 F.R.D. 672, 679-80 (E.D. Pa. 1978) (similar). This analysis is particularly suited for "large, nationwide classes," as here. *Mascol v. E & L Transp., Inc.*, No. CV-03-3343 CPS, 2005 WL 1541045, *6 (E.D.N.Y. June 29, 2005); *see also, e.g., Blake*, 1988 WL 6151, *3; *cf. Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (noting that in antitrust cases with large, nationwide classes in which these issues were held relevant, "there was legitimate concern about the ability of the plaintiffs to successfully lead a class of this magnitude."). Plaintiffs cite no cases to the contrary from this District. In short, *ML-Lee* controls here.

Vincent J. Poppiti, Esquire
August 9, 2007
Page 2

      Accordingly, Intel requests an order compelling plaintiffs to produce documents responsive to Requests 8 and 9 from Intel's First Set of Requests for Production and to Requests 1 and 2 from Intel's Second Set of Requests for Production.

                                          Respectfully,

                                          *W. Harding Drane, Jr.*

                                          W. Harding Drane, Jr. (#1023)

WHD/msb
811687 / 29282

cc:     James L. Holzman, Esquire (By electronic mail)