# EXHIBIT A





Home -- News

### OBA Legal Ethics Advisory Panel Issues Opinion

Applications requesting its modification, correction, clarification or withdrawal must be made in accordance with Legal Ethics Advisory Panel rules governing appeals and received by the panel coordinator on or before **Monday, June 11, 2007**. Unless an application for the revision or withdrawal of an advisory opinion is timely received, the opinion shall become final.

The rules governing appeals may be found on the OBA Web site.

Send comments to Panel Coordinator Roger R. Scott, 525 South Main, Suite 1111, Tulsa, OK 74103.

**OBA Legal Ethics Advisory Opinion 2007-OK LEG ETH 01**

**Inquiry :**

May an attorney representing a plaintiff in a lawsuit agree in advance to indemnify his client against attorney's fees and costs that might be awarded to the defendant in the event that the defendant is the prevailing party?

**Opinion :**

An attorney may *not* agree to indemnify his client against attorney's fees and costs in the event that such fees and costs are awarded to the opposing party and taxed as costs against the client.

I.

The controlling rule is Rule 1.8 of the Oklahoma Rules of Professional Conduct. Rule 1.8(e) provides:

> A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer may *advance* court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter.

(emphasis added).

Rule 1.8(j) provides that:

> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for *a client*, except that the lawyer may:
>
> (1) acquire a lien granted by law or contract to secure the lawyer's fee or expenses; and

> (2) contract with a client for a reasonable contingent fee in a civil case.

(emphasis added).

Rule 1.8(e) allows a lawyer to "*advance* court costs expenses of litigation" when the repayment of such costs and expenses may be "contingent on the outcome of the matter" (emphasis added). "Advance" means "to supply or furnish in expectation of repayment". Merriam-Webster's Collegiate Dictionary 17 (10 th ed. 1999). To agree to indemnify is not to "advance". The lawyer who agrees to indemnify would have no expectation of repayment under any circumstances. *See* Cynthia Bulan, *A Small Question in the Big Statute: Does Section 402 of Sarbanes-Oxley Prohibit Defense Advancements?*, 39 Creighton L. Rev. 357, 360 & n. 21 (2006) (hereinafter, "Bulan"). According to Bulan,

> [t]he right to indemnification is not the same as the right to advancement of defense costs. The right to indemnification gives a person the right to reimbursement of losses or expenses; it is not a right for payment at the time the loss is incurred. On the other hand, a right to advancement requires payment of the defense costs as the costs are incurred.

Bulan, 39 Creighton L. Rev. at 360-361 & n. 21, *citing* John F. Olson et al., Director & Officer Liability: Indemnification and Insurance § 5.03[2] (2001) (footnote omitted).

Rule 1.8(j) generally prohibits a lawyer's acquisition of a proprietary interest in "the cause of action or subject matter of the litigation the lawyer is conducting for a client." The only exceptions to the general prohibition are attorneys' liens and contingent fees in civil cases. No exception is made for an indemnification agreement.

The general rule against lawyer acquisition of a proprietary interest in the client's cause of action, and/or the subject matter of the client's litigation, is based upon the old common law rules against champerty and maintenance. *See* Comments to Rule 1.8 of the Oklahoma Rules of Professional Conduct; Charles W. Wolfram, Modern Legal Ethics § 9.2.3 at 507 n. 76. The notion is that payment of expenses not expressly authorized by the rule creates a conflict between the client and the lawyer, in that the lawyer has a financial interest in the case. The conflict could adversely affect the lawyer's professional judgment in determining whether to accept a settlement or proceed to trial. Unconditionally guaranteeing the payment of attorney's fees and costs would create the same conflict. *Cf. South Carolina Bar Ethics Committee, Ethics Advisory Opinion 89-12*, 1989 WL 608452 at page *2 (1989).

II.

The Alaska Bar Association has addressed a related question--whether an attorney may contingently agree to pay attorney's fees assessed against a client if the client loses on appeal. Ethics Opinion No. 2004-02, 2004 WL 1853007 ( April 27, 2004). That opinion dealt with a situation where an attorney fee might be assessed against a client in the event that an appeal in a civil case were to be unsuccessful. The Alaska Bar Association, citing no authority other than Rule 1.8 of the Alaska Rules of Professional Responsibility, concluded that such an agreement was permissible. The Alaska ethics opinion, however, failed to deal with the use of the term

"advance" in Rule 1.8(e). In particular, there was no discussion of how an agreement to indemnify--to make a payment in the future--could be an "advance". The distinction between "payments" and "advances" is discussed in *Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility, Informal Opinion Number 2000-14*, 2000 WL 1616267 at page *2 (2000). *And see* Bulan, 39 Creighton L. Rev. at 360-361 & n. 21 (quoted above).

III.

The history of Rule 1.8(e) suggests that the class of costs and expenses that a lawyer may permissibly advance is limited to traditional case preparation expenses. Old Ethics Rule 42, 5 O.S. 1961, Ch. 1, App. 3, provided:

> **Expenses of litigation.** A lawyer may not properly agree with a client that the lawyer shall pay or bear the expenses of litigation; he may in good faith advance expenses as a matter of convenience, but subject to reimbursement.

Ethics Rule 42 was superceded by Disciplinary Rule 5-103(B) of the Oklahoma Code of Professional Responsibility, 5 O.S. 1981, Ch. 1, App. 3. DR 5-103(B) was in turn superceded by Rule 1.8(e) of the Oklahoma Rules of Professional Conduct, effective from July 1, 1988. The language of Rule 1.8(e) is identical to the language of DR 5-103(B), except for a gender neutrality change from "his" to "a" client. The 1988 version of Rule 1.8 stated:

> While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to a client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses.

Rule 1.8(e), Rules of Professional Conduct, 5 O.S.Supp. 1988, Ch. 1, App. 3-A.

Rule 1.8(e) was amended in 1993. The 1993 language (set forth in Part I. above) tracks amendments to ABA Model Rules of Professional Conduct, and is the current rule. As noted above, the current rule allows repayment of advances to be contingent on the outcome of a case. The current Rule 1.8(e) also deletes the limiting language of prior ABA rules describing permissible "expenses" of litigation. This change may seem to suggest that adverse party attorney's fees might be considered to be "costs" of litigation. It seems more reasonable, however, to read the new language in Rule 1.8(e) as a reversion to the simpler language of the original Ethics Rule 42, without the contingent component.

Until recently, "court costs and expenses of litigation" were not considered to include attorney's fees. As a consequence, it is unlikely that the ABA Model Rule drafters, the Oklahoma Bar Association committee, or the Oklahoma Supreme Court believed that the phrase "court costs and expenses of litigation" included attorney's fees awarded at the end of litigation. Indeed, the Comment to the ABA Model Rule suggests that the ABA drafters eliminated the limiting language (relating to investigation, medical exams, and costs of obtaining and presenting evidence) in order to shorten the rule, that they did not intend to change the accepted understanding of court costs.

The Comment in the ABA Model Code to the most recent version Rule 1.8(e)--the version that will become effective in Oklahoma on January 1, 2008-- reads:

> [10] Lawyers may not subsidize lawsuits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue lawsuits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation. *These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses, including the expenses of medical examination and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts.* Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether these funds will be repaid is warranted.

(emphasis added).

The rationale for allowing a lawyer to advance costs of litigation is to ensure an indigent client access to justice: A case can neither start nor proceed without payment of costs, experts and discovery. But the access-to-justice rationale does not warrant or justify the provision of an indemnity against an unconventional, non-traditional litigation risk--a risk which will not even be determined until after the case is over. A client can get to his or her day in court without being first insured against the possibility of adverse party attorney's fees.

**IV.**

An agreement to indemnify a client against attorney's fees and costs that might be awarded to a defendant as a prevailing party--an agreement to make a payment in the future, upon the fulfillment of a condition--is not an "advance" within the meaning of Rule 1.8(e). Such agreements are prohibited by Rule 1.8(e) and Rule 1.8(j).

On April 17, 2007, the Oklahoma Supreme Court adopted amendments to the Oklahoma Rules of Professional Conduct. *In re: Application of the OBA to Amend the Rules of Professional Conduct*, 2007 OK 22, ____ P.3d ____. Effective January 1, 2008, Rule 1.8(e) will read as follows:

1. A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

> (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; *and*
>
> (2) *a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.*

(emphasis added).

The change in the rule is shown in italics. This opinion does not depend on

the current language of Rule 1.8(e) and will not be affected by the amendment.

2. A similar distinction must be drawn between "advancement" and "payment" of costs and expenses. Under the version of Rule 1.8(e) that will become effective on January 1, 2008, it will be possible for a lawyer to *pay* court costs and expenses of indigent clients. Agreements to indemnify indigent clients are not expressly authorized.

3. *See also* 1 Restatement (Third) of the Law Governing Lawyers § 36 (2000) ("Forbidden Client-Lawyer Financial Arrangements"); *State ex rel. Oklahoma Bar Ass'n v. Smolen*, 2000 OK 95, 17 P.3d 456, 458, 459, 462; *State ex rel. Oklahoma Bar Ass'n v. Carpenter*, 1993 OK 86, 863 P.2d 1123, 1127, 1132, 1133; *State ex. Rel. Oklahoma Bar Ass'n v. Smolen*, 1992 OK 116, 837 P.2d 894, 897, 900-901, 905-906 (citing the Restatement and tentative drafts thereof).

4. The Alaska Bar Association opinion seems to be incorrect for other, fact-driven reasons. According to the opinion, the appeal had a substantial chance of success. Absent a successful appeal, the attorney would not be paid. The plaintiff-client might be reluctant to proceed with the appeal for various reasons (*e.g.*, a settlement offer contingent on foregoing the appeal).

The attorney had an interest in proceeding with the appeal. The plaintiff-client, in theory, had an interest in foregoing the appeal. If the attorney is allowed to indemnify the plaintiff-client, the plaintiff-client might be persuaded to reject a settlement offer that is in his or her interest.

If an attorney is allowed to indemnify his or her client, the client may need to submit the question of the fairness of the indemnity proposal to an independent attorney for evaluation. A second order question immediately arises: Can the first lawyer pay for the independent lawyer's evaluation?

5. Two additional points should be noted. *First*, the current version of Rule 1.8(e) of the Oklahoma Rules of Professional Conduct (set forth in Part I., above) is not identical with the most recent revision of Rule 1.8(e) of the ABA Model Rules of Professional Conduct. The most recent revision of the Model Rule authorizes "a lawyer representing an indigent client" to "pay court costs and expenses of litigation on behalf of the client". The Model Rule language emphasizes the distinction--made in the text--between "advances" and "payments". Model Rule 1.8(e) has been adopted by some states (*e.g.*, Alaska). The Supreme Court of Oklahoma recently adopted Model Rule 1.8 (e); it will become effective on January 1, 2008. *See* notes 1 and 2, *supra*.

*Second*, the practice of advancing expenses is sometimes governed by rules of substantive law and procedure. This is the case, for example, with respect to class actions. *See* 5 Alba Conte & Herbert Newberg, Newberg on Class Actions § 15:22 at 79-82 (4 th ed. 2002) (if class representative has no financial responsibility for costs and expenses, class certification may be denied). *See, e.g., Ferraro v. General Motors Corp.*, 105 F.R.D. 429, 433 & n. 3 (D. N.J. 1985) ("[A]greement whereby plaintiff's attorneys agree to advance or reimburse the costs of litigation is highly relevant to the issue of adequate representation."). In addition, advancements of costs and indemnity agreements may be prohibited by the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (2002). *See* Bulan, 39 Creighton L. Rev. at 357-385.

Copyright © 2007 Oklahoma Bar Association

P.O. Box 53036, 1901 N. Lincoln Blvd., Oklahoma City, OK 73152-3036
Phone (405) 416-7000; Fax (405) 416-7001

web@okbar.org
Disclaimer