IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP.<br>MICROPROCESSOR ANTITRUST<br>LITIGATION<br>_____ | MDL No. 05-1717-JJF |
| PHIL PAUL, *on behalf of himself*<br>*and all others similarly situated*,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>INTEL CORPORATION,<br><br>　　　Defendant. | Civil Action No. 05-485-JJF |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION**
**ON MOTION TO COMPEL FRY'S ELECTRONICS, INC. (DM NO. 5)**

　　　WHEREAS, Class Plaintiffs served a subpoena on Fry's Electronics, Inc. ("Fry's") on June 23, 2006 that requested production of documents, including documents sufficient to show Fry's monthly purchases and sales of computer systems; and

　　　WHEREAS, on March 29, 2007, after several months of negotiations, Class Plaintiffs filed a motion to compel transactional data responsive to the June 23, 2006 subpoena; and

　　　WHEREAS, Class Plaintiffs' motion to compel was fully briefed and argued before the Special Master on May 1, 2007; and

　　　WHEREAS, on May 18, 2007, the Special Master issued a Report and Recommendation (the "May 18 Report") that concluded: (1) this Court has the power to enforce the subpoena served on Fry's, and (2) Fry's had not shown good cause to modify the protective order entered in this case on September 26, 2006 (the "Protective Order"); and

WHEREAS, on June 14, 2007, having received no objection, the Court adopted the May 18 Report; and

WHEREAS, on July 16, 2007 and July 18, 2007, Class Plaintiffs proposed that Fry's produce monthly purchase and sales transaction and annual aggregate financial inducement data for Gateway, Compaq, HP and Toshiba brands, in addition to monthly financial inducements received by Fry's directly from Intel, in full satisfaction of Fry's obligations under the subpoena ("Class Plaintiffs' July 18 Proposal"); and

WHEREAS, on or about July 26, 2007, Fry's proposed that it produce monthly purchase and sales transaction and annual aggregate financial inducement data for Gateway, Compaq and Toshiba brands, in addition to monthly financial inducements received by Fry's directly from Intel, in full satisfaction of its obligations under the subpoena ("Fry's July 26 Proposal"); and

WHEREAS, pursuant to the Stipulation and Order entered by the Court on August 6, 2007, Fry's and Class Plaintiffs agreed, and the Court determined, that the issue to be decided by the Court on the motion to compel would be limited to whether (a) Class Plaintiffs' July 18 Proposal, (b) Fry's July 26 Proposal, or (c) any new position, proposed to the Court in good faith by Fry's or Class Plaintiffs as falling between the other two proposals, should be accepted by the Court as the most appropriate resolution of the motion to compel; and

WHEREAS, in its August 20, 2007 letter brief to the Special Master, Fry's proposed to produce monthly purchase and sales transaction and annual aggregate financial inducement data for Gateway, eMachines and Toshiba brands, in addition to monthly financial inducements received by Fry's directly from Intel, in full satisfaction of its obligations under the subpoena ("Fry's August 20 Proposal"); and

WHEREAS, the Special Master heard argument on September 11, 2007 regarding whether Class Plaintiffs' July 18 Proposal or Fry's August 20 Proposal was the more appropriate resolution of the motion to compel; and

WHEREAS, the Special Master ruled in the May 18 Report at page 22 that "Fry's commercial or trade secrets are adequately protected under the Protective Order"; and

WHEREAS, the Special Master concluded: (a) that the data are subject to production in this litigation if they are relevant and not unduly burdensome to produce; (b) that this standard applies here regardless of whether, as Fry's contends, the data are a trade secret; and (c) that because Fry's data are adequately protected by the Protective Order, the stricter standard that can govern whether trade secrets must be produced does not apply here; and

WHEREAS, the Special Master concluded that Class Plaintiffs, through the declarations of Jonathan M. Orszag submitted in support of their motion, have established the relevance of the data specified in Class Plaintiffs' July 18 Proposal, and Fry's has not established that production of such data would be unduly burdensome;

NOW, THEREFORE, IT IS HEREBY **RECOMMENDED** that:

1. Class Plaintiffs' motion to compel Fry's is granted. Fry's is ordered to produce the following:

   a. By month, the PLU, description, number of units received, cost of units received, number of units sold, and revenue for each HP, Compaq, Toshiba and Gateway computer system sold by Fry's as reflected in Fry's Merchant Master system from January 2000 until the present;

   b. For each PLU included in these data, a look up table that identifies the manufacturer, the manufacturer model number, and the vendor;

    c. By OEM, yearly aggregate totals of all incentive payments received from HP, Compaq, Toshiba and Gateway for the years 2000-2006, inclusive, and

    d. By month, all incentive payments received directly from Intel from January 2000 to the present.

> **Deleted:** . The incentives data must be specific to computers of the brand in question, and not include any incentives for other brands or non-computer products. Thus, as to incentive payments received from HP after its acquisition of Compaq in 2002, Fry's must produce either data based on a proper allocation of the incentive payments to Fry's purchases of HP-brand computers alone, or documents and/or data sufficient for Class Plaintiffs to perform such allocation; and as to incentive payments received from Gateway, Inc. after its acquisition of eMachines in 2004, Fry's must produce either data based on a proper allocation of the incentive payments to Fry's purchases of Gateway-brand computers alone, or documents and/or data sufficient for Class Plaintiffs to perform such allocation;

2. Fry's shall make the production described above in a reasonable format and manner, no later than 35 days after entry of a final, non-appealable order.

3. Fry's production shall be in full satisfaction of Class Plaintiffs' June 23, 2006 subpoena.

4. All out-of-pocket costs relating to Fry's production pursuant to this Report and Recommendation shall be borne in equal shares by Class Plaintiffs and Fry's. All Special Master fees and expenses allocated to DM No. 5 shall be borne by Class Plaintiffs. As to all other expenses - including but not limited to attorney, consultant and paralegal fees - Class Plaintiffs and Fry's shall bear their own costs.

> **Deleted:** , as well as all Special Master fees and expenses allocated to DM No. 5,

**This Special Master's Order will become a final order of the Court unless objection is taken in accordance with Federal Rule of Civil Procedure 53, subject to any right of appeal.**

    **ENTERED** this _____ day of September 2007.

_____
Vincent J. Poppiti (#100614)
Special Master

- 4 -