IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**DEFENDANT INTEL CORPORATION'S OBJECTIONS AND MOTION TO STRIKE DECLARATIONS OF BRUCE A. GREEN AND DAVID ROSENBERG**

**I.   INTRODUCTION**

Intel Corporation ("Intel") objects to and moves to strike, in their entirety, the Declarations of Bruce A. Green and David Rosenberg, submitted in support of plaintiffs' Rule 53(g) Objections to Special Master's Report and Recommendation Compelling Production of Class Plaintiffs' Financial Documents. In their declarations, both Professor Green and Professor Rosenberg provide legal opinions and conclusions outside the scope of permissible expert testimony. Their declarations are therefore inadmissible and the Court should strike them in their entirety.[1]

---

[1]   In addition to being substantively improper, the declarations are also procedurally improper. *See Commissariat A L'Energie Atomique v. Samsung Electronics Co.*, No. 03-484-MPT, 2007 WL 3002975, *2 (D. Del. Oct. 16, 2007) (holding that *de novo* review under Rule 53(g) "does not necessarily mean a review that includes the submission of new evidence" and can properly be limited to "review of the decision based only on the record below"; refusing to consider new evidence submitted in connection with objections to Special Master's report where party had "more than an adequate opportunity to present all relevant information and argument to

## II. THE COURT SHOULD STRIKE THE DECLARATIONS OF PROFESSOR GREEN AND PROFESSOR ROSENBERG

"In our adversarial system, lawyers make arguments, judges write legal opinions -- and there is no such thing as an expert opinion when it comes to interpreting a statute unless that opinion belongs to a court." *In re Initial Public Offering Sec. Litig.*, 174 F. Supp.2d 61, 69 (S.D.N.Y. 2001). The rule prohibiting experts from providing their legal opinions or conclusions is "'so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle.'" *Id.* at 64 (citation omitted). *See, e.g., United States v. Leo*, 941 F.2d 181, 196 (3d Cir. 1991) ("[I]t is not permissible for a witness to testify as to the governing law."); *United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000) ("[I]n evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony [that] states a legal conclusion.") (citation omitted); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. 'Experts interpret and analyze factual evidence. They do not testify about the law.'") (citations omitted).

As shown below, the declarations of Professor Green and Professor Rosenberg violate this well-established evidentiary rule.

***Professor Green's Opinions.*** Professor Green opines on "issues of legal ethics raised by the Special Master's Report and Recommendation." Green Declaration, ¶ 1. Specifically, Professor Green offers opinions on: (1) the rules governing class counsel's ethical and legal obligations to the class representatives, including the rules regarding the funding of litigation by class counsel, and what, in Professor Green's opinion, those ethical rules should allow (*id.* at ¶¶ 10-20); (2) the legal and ethical consequences of an agreement by class counsel to finance litigation (*id.* at ¶ 21); and (3) how the Court should rule on Intel's motion to compel (*id.* at ¶ 22).

---

the Special Master *before* his Report issued," holding that allowing party "to augment the record further with more expert opinions and factual assumptions . . . would emasculate the purpose of the Special Master and Rule 53").

***Professor Rosenberg's Opinions.*** Professor Rosenberg offers his "opinion and analysis of the respective and related qualifications and roles of the class representatives and class counsel under the adequate representation requirements of Federal Rule 23(a)(4) and (g)," including the legal and ethical obligations of class counsel under Rule 23. Rosenberg Decl., ¶ 1; *see also, e.g,* Rosenberg Decl., ¶¶ 2(a), 6-10. Professor Rosenberg further opines on the legal effect of the 2003 amendments to Rule 23 on this Court's ruling in *ML-Lee*, and, ultimately, what the law should be with respect to the relevance and discoverability of the class representatives' tax returns and other financial records under Rule 23(a)(4). *Id.* at ¶¶ 1, 2(b), 6, 8-9, 11-21.

All of Professor Green's and Professor Rosenberg's opinions are legal conclusions that fall outside the scope of permissible expert testimony. Their views and interpretations of Rule 23 and the legal and ethical rules applicable to class counsel, as well as their opinions regarding what the law should be and how the Court should rule, are "matter[s] of law for the court's determination," not for any expert. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 925 n.14 (9th Cir. 2004) ("[E]xpert statements regarding the meaning of [a] statute are not *evidence*" as "the meaning of a statute is perhaps the quintessential question of law") (citations omitted). Indeed, opinions such as those that Professors Green and Rosenberg offer here are routinely excluded.

For example, in *Parker v. Rowan Cos., Inc.*, No. 03-545, 2003 WL 22852218 (E.D. La. Nov. 25, 2003), the court rejected the plaintiff's request to introduce the affidavit of an alleged expert on legal ethics, holding that "the identification and application of ethical principles to the facts of this case is well within the purview of the Court's experience and expertise. An expert opinion in the field is not helpful to the Court." *Id.* at *7 n.5.

In *In re Initial Public Offering Securities Litigation*, the defendant submitted the expert declarations of two law professors, who offered their opinions about whether 28 U.S.C. § 455 required recusal of the presiding judge. 174 F. Supp.2d at 63, 66-67. Because the court's decision "involve[d] nothing more than interpreting the statute given certain undisputed facts," a

matter entirely left to the province of the court, the court deemed the declarations inadmissible. *Id.* at 65-66 (noting that the court "has repeatedly held that the testimony of an expert on matters of domestic law is inadmissible for *any* purpose") (citations omitted). *See also, e.g., Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (expert testimony concerning defendant's legal duties was "a legal conclusion, and therefore should not have been admitted"); *Unites States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) (expert statements drawing "directly upon the language of the statute" are legal conclusions that go "well beyond" province of expert); *Marx & Co. v. The Diners' Club*, 550 F.2d 505, 509-10 (2d Cir. 1977) (expert may not be utilized to offer "opinions as to the legal standards which he believe[s] should have governed [a party's] conduct" or to express his beliefs "as to how the case should be decided") (citations omitted); *Harris v. Key Bank Nat'l Ass'n*, 193 F. Supp.2d 707, 716 (W.D.N.Y. 2002) ("To the extent that Myers's affidavit contains his opinions or beliefs about the bank's *legal* duty toward plaintiffs, it is entitled to no weight whatsoever.").

Here, Professors Green and Rosenberg offer nothing more than their interpretations of the meaning and applicability of Rule 23 and the ethical rules governing class counsel, and their views regarding how, based on those legal principles, the Court should rule on Intel's motion to compel. These legal conclusions are matters for the Court, and, under well-established law, are improper subjects of expert testimony.

### III. CONCLUSION

Based on the foregoing objections, Intel respectfully requests that its objections be sustained and that the Green Declaration and Rosenberg Declaration be stricken.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Balabanian<br>James L. Hunt<br>Christopher B. Hockett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>(415) 393-2000 | By: /s/ *W. Harding Drane, Jr.*<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000 |
| Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 373-6000 | rhorwitz@potteranderson.com<br>wdrane@potteranderson.com |
| Dated: October 29, 2007 | Attorneys for Defendant<br>Intel Corporation |

828296 / 29282