IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) | MDL No. 1717-JJF  DI 650 |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF  DI 458 |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF  DI 517<br><br>CONSOLIDATED ACTION |

**STIPULATION AND PROPOSED ORDER**
**REGARDING THE PREPARATION OF PRIVILEGE LOGS #2**

WHEREAS, on May 17, 2006, the Court approved the parties' Proposed

Order Regarding Document Production (D.I. 122) (hereafter the "Custodian

Stipulation"), which among other things, established a custodian approach to the

production of party documents, set various numerical limits on party-designated, adverse-party-designated and "free-throw" custodians, and reserved for future negotiation a cut-off date for supplemental production from these custodians; and

WHEREAS on May 17, 2006, the Court approved Intel's and AMD's Proposed Order Regarding Electronic Discovery and Format of Document Production (D.I. 121), on June 26, 2006 all parties' First Amended Stipulation Regarding Electronic Discovery (D.I. 175), and on February 20, 2007 all parties' Second Amended Stipulation Regarding Electronic Discovery (D.I. 288) (hereafter collectively the "Native Format Stipulation"), which collectively establish various protocols for the harvest, review and production of custodian documents; and

WHEREAS, on August 10, 2006, the Court approved the parties' Stipulation and Proposed Order Regarding the Preparation of Privilege Logs (D.I. 198) (the "Privilege Log Stipulation #1") regarding the scope of the privilege logs to be prepared in this matter under Rule 26(b)(5) of the Federal Rules of Civil Procedure; and

WHEREAS, in light of the volume of documents thus far exchanged and the additional volumes required by the existing orders, and in light of the additional production requirements Intel has assumed in its April 24, 2007 Proposed Plan of Remediation (D.I. 321), the parties negotiated revised limits and protocols governing the custodian document exchange that will permit them to complete the custodian document exchange on or before February 15, 2008 and proposed Stipulated Case Management Order #3;

WHEREAS, on September 19, 2007, the Court approved the parties' Stipulated Case Management Order #3 (D.I. 431) (hereinafter "Case Management #3"); and

WHEREAS, Case Management Order #3 at Paragraph 6 relieved the parties of their obligations under Paragraph 11 of the Custodian Stipulation in order to allow the parties to negotiate significant modifications in approach, timing and number of privilege logs so as to satisfy the requirements of Rule 26(a)(5) of the Federal Rules of Civil Procedure under the circumstances of this proceeding;

NOW, THEREFORE, the parties through their respective counsel of record, hereby stipulate that subject to the approval of the Court, the following provisions shall apply to the production of privilege logs and, where applicable, supersede contrary provisions of the Custodian Stipulation and the Native Format Stipulation:

1. The parties shall complete the privilege logs through the first production only for the custodians designated on the Party Designated Production Custodian Lists pursuant to the Custodian Stipulation;

2. The production schedule for those privilege logs not yet produced shall be extended pursuant to the schedule agreed to by the parties. The schedule provides for the completion of the production of all privilege logs not yet produced by January 16, 2008;

3. AMD, Class Plaintiffs and Intel shall be entitled to designate a limited number of "Privilege Log Custodian Picks" from the custodians designated as Party-Designated Custodians, Adverse-Designated Custodians, and Free Throw

Custodians. The time period for the privilege log for each Privilege Log Custodian Pick shall run from the first documents produced for that custodian through the later of the harvest cut-off date for that particular custodian as established by Case Management Order #3 or, if the custodian has been designated as a Deposition Reharvest Custodian, through the date of the notice of that custodian's selection as a Deposition Reharvest Custodian (for each custodian, the "Privilege Log Custodian Pick's Production Period"). The time period covered by each Privilege Log Custodian Pick's Production Period should exclude any previous privilege log produced for that Privilege Log Custodian Pick. The privilege logs for each of the Privilege Log Custodian Picks shall cover assertions of privilege for all documents produced during that custodian's Privilege Log Custodian Pick's Production Period (except for those that do not need to be logged under Privilege Log Stipulation #1), including all documents produced pursuant to the parties' initial and subsequent harvesting, the Deposition Reharvests, if any, and all remedial data. The privilege log for a Privilege Log Custodian Pick shall be due ninety (90) days after designation of the Pick or the completion of the custodian's document production, whichever is later.

4. AMD and Class Plaintiffs shall be entitled to designate 35 Privilege Log Custodian Picks, and Intel shall be entitled to designate 15 Privilege Log Custodian Picks.

5. Privilege Log Stipulation #1, and the other privilege log protocols previously negotiated by the parties, shall remain in full force and effect. The parties agree to accept the privilege logs produced pursuant to this Stipulation, and previously

produced pursuant to Privilege Log Stipulation #1, as sufficient under Rule 26(a)(5)(A) of the Federal Rules of Civil Procedure.

        **RICHARDS, LAYTON & FINGER, P.A.**

By: /s/ Steven J. Fineman
    Frederick L. Cottrell, III (#2555)
    Chad M. Shandler (#3796)
    Steven J. Fineman (#4025)
    One Rodney Square
    920 North King Street
    Wilmington, DE 19899
    (302) 651-7836
    Cottrell@rlf.com
    Shandler@rlf.com
    Fineman@rlf.com

    Attorneys for Advance Micro Devices, Inc.
    and AMD International Sales & Service, Ltd.

**PRICKET JONES & ELLIOTT, P.A.**

By: /s/ James L. Holzman
    James L. Holzman (#663)
    J. Clayton Athey (#4378)
    1310 King Street
    Post Office Box 1328
    Wilmington, DE 19899
    (302) 888-6509
    jlholzman@prickett.com
    jcathey@prickett.com

    Interim Liaison Counsel and Attorneys for
    Phil Paul, on behalf of himself and all others
    similarly situated

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Post Office Box 951
    Wilmington, D.E. 19890-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

Attorneys for Intel Corporation and Intel Kabushiki Kaisha

Having read and considered the foregoing Stipulation and Proposed Order Regarding the Preparation of Privilege Logs #2, the Special Master **HEREBY RECOMMENDS THAT THE COURT ADOPT SAME.**

ENTERED this 12 day of November, 2007.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

SO ORDERED this 13 day of November, 2007.

_____
United States District Court Judge