IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>DM-7 |

**DEFENDANT INTEL CORPORATION'S REPLY
IN SUPPORT OF ITS OBJECTIONS AND MOTION TO STRIKE
THE DECLARATIONS OF BRUCE A. GREEN AND DAVID ROSENBERG**

Defendant Intel Corporation ("Intel") respectfully submits its reply in support of its motion to strike the "expert"[1] declarations that plaintiffs submitted in support of their Fed. R. Civ. P. 53 objections to the Special Master's Report and Recommendation in Discovery Matter 7.

In its opening brief, Intel established that the rule prohibiting experts from providing their legal opinions or conclusions is "'so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle.'" Motion at 2 (quoting *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001)).

---

[1] Plaintiffs claim that Intel does not dispute that these individuals are experts in the areas covered by their respective declarations. Class Plaintiffs' Memorandum In Opposition to Defendant Intel Corporation's Objections and Motion to Strike Declarations of Bruce A. Green and David Rosenberg ("Opp.") at 1. However, the qualifications of the declarants are immaterial to whether the substance of their declarations is properly before the Court; that is the issue Intel addresses in its motion.

A/72318403.6                                    1

Plaintiffs do not dispute this black-letter prohibition, conceding that it is improper for an expert "to offer an interpretation of language in a statute or agreement" or to provide legal opinions "on the very issue the Court is being asked to decide." Opp. at 4. Instead, plaintiffs seek to avoid the problem by mischaracterizing the substance of the declarations. As explained below, the plain language of plaintiffs' expert declarations defeats plaintiffs' arguments.

With respect to Professor Rosenberg, plaintiffs argue that he "does not opine on 'what the law should be' with respect to the relevance and discoverability of the class representatives' tax returns and other financial records" – "the very issue the Court is being asked to decide." Opp. at 4 & n.2. However, that argument ignores the contents of Professor Rosenberg's declaration, which he says "presents his opinion and analysis" of "the adequate representation requirements of Federal Rule 23(a)(4) and (g)" and "[t]he 2003 amendments to Rule 2003." Rosenberg Declaration, ¶¶ 1, 9; *see also id.*, ¶¶ 6, 8, 10-13. Those are opinions about what Professor Rosenberg thinks the law requires – exactly what the "axiomatic" rules prohibit.

Indeed, Professor Rosenberg's declaration devotes itself throughout to improper statements of legal opinion. For example, he offers his opinion on:

- Whether the Federal Rules require that "the class representative must, as a condition of appointment by the Court, possess the financial wherewithal to fund a class action so as to be in a position to resist being 'coerced into complying with an attorney's advice . . . on legal issues . . . [by the lawyer's] potential threat of funding revocation.'" *Id.*, ¶ 1 (quoting *ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 149 F.R.D. 506, 609 (D. Del. 1993)).

- The relevance of a class representative's financial condition in light of amendments to Rule 23 ("As the amended version of Rule 23 makes clear, the wealth condition is entirely irrelevant to the qualifications and role of the class representative."). Rosenberg Decl. ¶ 2(b)

- Whether "Rule 23 sanction[s] a wealth investigation," that "[d]iscovery of a prospective class representative's financial ability to fund the class action may well now be precluded by Rule 23," and that the "Rule 23(g) requirement to consider class counsel's resources

renders irrelevant a similar inquiry under Rule 23(a)(4) of the class representative's financial ability to fund the class action." *Id.* at ¶¶ 11-13, 21.

All of these statements of opinion are improper. None of the cases cited by plaintiffs to support their assertion that "courts have allowed experts to opine about class actions and Rule 23," Opp. at 3, involves experts seeking to provide legal opinions on what Rule 23 means or what the proper legal standard is, as Professor Rosenberg does here. *See Midwestern Machinery v. Nw. Airlines*, 211 F.R.D. 562, 568-69 (D. Minn. 2001) (involving expert applying established legal standards to "the facts of the current case" and opining that "volume and complexity of the evidence will defeat manageability and will create a strong likelihood of confusing the jury"); *Figueroa v. Sharper Image Corp.*, No. 05-21251, 2007 WL 2979785 at *20, 24 (S.D. Fla. Oct. 11, 2007) (involving opinions regarding fairness, structure, and features of coupon settlement and levels of integrity and competence of defense and plaintiff's counsel); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 511-12 & n.9 (E.D.N.Y. 2003) (involving opinion of law professor that class settlement constituted "largest settlement ever approved by a federal court"); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1017-19 (N.D. Ill. 2000) (involving opinions regarding benefit of coupon-based class settlement to class members, "the nature of the Mexican migrant community and its pattern of use of electronic money transfer," the "coupon redemption rate," and the value and effectiveness of coupon settlement over cash offer); *Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 188 (D. Mass. 1998) (involving opinion on range of fee awards in class actions where public law enforcement officials and private attorneys work cooperatively); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 953 (E.D. Tex. 2000) (involving opinions regarding whether facts of case supported class certification under established Rule 23 standards); *Woodward v. NOR-AM Chem. Co.*, No. 94-0780-CB-C, 1996 WL 1063670 at *11 (S.D. Ala. May 23, 1996) (noting opinion analyzing class settlement and concluding it was fair). Plaintiffs' cases therefore do not apply to the situation here, where Professor Rosenberg purports to advise the Court on how it should

interpret Rule 23, including the legal effect of the 2003 amendments on that Rule.

With respect to Professor Green, plaintiffs attempt to characterize his opinions here as similar to previous ethics opinions that he has proffered in other cases.[2] *See* Opp. at 1-2. In those other cases, however, Professor Green opined on the application of the factual record to the applicable legal standard. In *In re M&F Worldwide Corp. S'holders Litig.*, 799 A.2d 1164, 1172 (Del. Ch. 2002), the court considered Professor Green's opinion on whether class counsel in that case could ethically seek to settle a case if the case involved claims solely seeking relief for objectors to the class. In *Diversified Group, Inc. v. Daugerdas*, 139 F. Supp. 2d 445, 452 n.7 (S.D.N.Y. 2001), Professor Green opined on whether plaintiff's attorney breached his fiduciary duties. Finally, in *Apple Corps. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 501 (D.N.J. 1998), Professor Green opined on "the ethical implications of both: (1) Plaintiffs' counsel's communications with Defendants' sales representatives without Defendants' counsel's consent; and (2) the investigators' and Plaintiffs' counsel's failure to inform Defendants' sales representatives that they were attorneys or persons acting under the direction of attorneys."[3]

---

[2]  Contrary to plaintiffs' assertions, Intel does **not** claim there is an "absolute bar" that prevents courts from considering expert opinions in cases involving legal ethics. Opp. at 3. Rather, Intel contends that where an expert identifies and recites ethical rules and courts' interpretations of them, and offers opinions on what the legal standards should be, as Professor Green does here, that expert does not opine on "complex issues" on which the court needs assistance.

[3]  *The Hyman Cos. v. Brozost*, 964 F. Supp. 168, 173 (E.D. Pa. 1997), is similarly unpersuasive. There, the court simply referred to "the two expert attorney ethicists," one for each party, who "opined upon the Pennsylvania's Rules of Professional Conduct's codification of the common-law fiduciary duties of attorneys." *Id.* at 173. The court did not discuss the substance of those opinions and did not rely on them in interpreting the ethical rules at issue, but instead conducted its own analysis of the meaning of the rules without reference to any expert opinions.

In *TCW/Camil Holding LLC. v. Fox Horan & Camerini*, 330 B.R. 117, 129 & n.12 (D. Del. 2005), the court expressly endorsed application of the expert's opinion to facts, rather than analysis of law: "Expert testimony is generally relied upon to establish a breach of the standard of professional care." *Id.* at 129. Rather than following Professor Green's opinion, the court then relied on another expert's analysis of whether the defendant's conduct violated the professional rules regarding competency and zeal, which the court determined were relevant to a determination of whether the defendant violated the duty of care owed its client with respect to a legal malpractice claim. *Id.* at 129 & n.12.

The other cases that plaintiffs cited similarly involve experts applying a factual record to an agreed-upon legal standard, and thus are inapposite. *See Steel v. General Motors Corp.*, 912

Here, however, the thrust of Professor Green's declaration concerns his opinion on what the relevant legal standard is and whether Special Master Poppiti properly interpreted it. *See* Green Declaration, ¶¶ 10-22. For example, Professor Green opines that, "[i]n [his] judgment," the ethics rules should permit class counsel to accept ultimate responsibility for legal fees and costs awarded at the conclusion of litigation. *Id.*, ¶ 18. As another example, he critiques an Oklahoma Bar Association's advisory opinion, stating "[f]or a variety of reasons, the opinion is unpersuasive" and that its conclusion "makes no sense." *Id.*, ¶ 19. Such legal opinions are "well within the purview of the Court's experience and expertise," and thus fall within the prohibition on expert legal opinions. *Parker v. Rowan Cos.*, No. 03-545, 2003 U.S. Dist. LEXIS 21588 at *2 n.5 (E.D. La. Nov. 25, 2003).[4]

Professors Green and Rosenberg offer nothing more than their interpretations of the meaning of Rule 23, the ethical rules governing class counsel, and their views regarding how, based on those legal interpretations, the Court should rule on Intel's motion to compel. These legal conclusions are matters for the Court. Under well-established law, they are improper subjects of expert testimony. The declarations are therefore inadmissible and the Court should strike them.

---

F. Supp. 724, 738 n.12 (D.N.J. 1995); *Chotiner v. Phila. Hous. Auth.*, No. Civ. A. 02-9504, 2004 WL 2915296, *5 (E.D. Pa. Dec. 15, 2004).

[4]    An attorney being prosecuted for conduct stemming from representation of a client may be permitted to present expert testimony regarding attorneys' ethical obligations, to assist the jury in its determination of the attorney defendant's criminal intent, an element of the crime. *See, e.g., United States v. Kellington*, 217 F.3d 1084, 1099 (9th Cir. 2000); *United States v. Cavin*, 39 F.3d 1299, 1309 (5th Cir. 1994). Since no such criminal intent element exists here, such cases permitting expert testimony on attorney ethics are irrelevant. Similarly inapposite are cases in which the Supreme Court allowed legal ethics experts to submit *amicus* briefs. *See, e.g., Mickens v. Taylor*, 535 U.S. 162, 183 n.5 (2002); *Mickens v. Taylor*, 534 U.S. 809, 809 (2001). *Amicus* briefs are arguments, not evidence.

OF COUNSEL:

David M. Balabanian
James L. Hunt
Christopher B. Hockett
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
(415) 393-2000

Richard A. Ripley
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
(202) 373-6000

Dated: November 19, 2007

POTTER ANDERSON & CORROON LLP

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000

rhorwitz@potteranderson.com
wdrane@potteranderson.com

Attorneys for Defendant
Intel Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, hereby certify that on November 19, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Jesse A. Finkelstein | James L. Holzman (#663) |
| Frederick L. Cottrell, III | J. Clayton Athey (#4378) |
| Chad M. Shandler | Eric M. Andersen (#4376) |
| Steven J. Fineman | Prickett, Jones & Elliott, P.A. |
| Richards, Layton & Finger | 1310 King Street |
| One Rodney Square | P.O. Box 1328 |
| 920 North King Street | Wilmington, DE 19899 |
| Wilmington, DE 19801 | |

I hereby certify that on November 19, 2007, I have Electronically Mailed the attached document to the following non-registered participants:

| | |
|---|---|
| Michael D. Hausfeld | Thomas P. Dove |
| Daniel A. Small | Alex C. Turan |
| Brent W. Landau | THE FURTH FIRM LLP |
| Allyson B. Baker | 225 Bush Street, 15th Floor |
| COHEN, MILSTEIN, HAUSFELD | San Francisco, CA 94104 |
| & TOLL, P.L.L.C. | tdove@furth.com |
| 1100 New York Avenue, N.W. | aturan@furth.com |
| Suite 500, West Tower | |
| Washington, D.C. 20005 | |
| mhausfeld@cmht.com | |
| dsmall@cmht.com | |
| blandau@cmht.com | |

Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA 94111
mlehmann@cmht.com

A/72318403.6

| | |
|---|---|
| Steve W. Berman<br>Anthony D. Shapiro<br>HAGENS BERMAN SOBOL<br>  SHAPIRO, LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>steve@hbsslaw.com<br>tony@hbsslaw.com | Guido Saveri<br>R. Alexander Saveri<br>SAVERI & SAVERI, INC.<br>111 Pine Street, Suite 1700<br>San Francisco, CA 94111<br>guido@saveri.com<br>rick@saveri.com |

By: /s/ W. Harding Drane, Jr.
    Richard A. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    POTTER ANDERSON & CORROON LLP
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899
    984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com