IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| | : **CONSOLIDATED ACTION** |
| Plaintiffs, | : Civil Action No. 05-485-JJF |
| | : |
| v. | : |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendant. | : |

Michael D. Hausfeld, Esquire; Daniel A. Small, Esquire; and Brent W. Landau, Esquire of COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C., Washington, D.C.
Michael P. Lehmann, Esquire of COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C., San Francisco, California.
Thomas P. Dove, Esquire and Alex C. Turan, Esquire of THE FURTH FIRM LLP, San Francisco, California.
Steve W. Berman, Esquire; Anthony D. Shapiro, Esquire; Erin K. Flory, Esquire and Steven W. Fimmel, Esquire of HAGENS BERMAN SOBOL SHAPIRO LLP, Seattle, Washington.
Guido Saveri, Esquire; R. Alexander Saveri and Lisa Saveri, Esquire of SAVERI & SAVERI, INC., San Francisco, California.
James L. Holzman, Esquire; J. Clayton Athey, Esquire and Laina M. Herbert, Esquire of PRICKETT JONES & ELLIOTT, P.A., Wilmington, Delaware.

Interim Liaison Counsel for the Class Plaintiffs.

David M. Balabanian, Esquire; James L. Hunt, Esquire; and Christopher B. Hockett, Esquire of BINGHAM McCUTCHEN LLP, San Francisco, California.
Richard A. Ripley, Esquire and Gregory F. Wells, Esquire of BINGHAM McCUTCHEN LLP, Washington, D.C.

Richard L. Horwitz, Esquire and W. Harding Drane, Jr., Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant Intel Corporation.

## MEMORANDUM OPINION

December 6, 2007
Wilmington, Delaware.

Farnan, District Judge.

    Pending before the Court are (1) Rule 53(g) Objections To Special Master's Report And Recommendations Compelling Production Of Class Plaintiff's Financial Documents[1] (D.I. 488 in Civ. Act. No. 05-485; D.I. 614 in MDL No. 05-1717) filed by Interim Liason Counsel for the Class Plaintiffs on behalf of the Class Representatives (the "Class Representatives"), and (2) Objections and Motion To Strike Declarations Of Bruce A. Green And David Rosenberg (D.I. 510 in Civ. Act. No. 05-485; D.I. 638 in MDL No. 05-1717) filed by Defendant, Intel Corporation ("Intel"). The Objections and the Motion To Strike have been fully briefed. For the reasons discussed, the Court will sustain the Objections of the Class Representatives and grant Intel's Motion To Strike.

## I. Background

    On September 6, 2007, the Special Master issued a Report And Recommendation On Intel Corporation's Motion To Compel Production Of Documents (DM 7) (D.I. 460). By its Motion, Intel sought to compel the Class Representatives to produce tax returns and other financial information.

    In his Report & Recommendation, the Special Master concluded

---

[1] The Federal Rules of Civil Procedure were amended effective December 1, 2007. The applicable rule for Class Representatives' Objections is now Fed. R. Civ. P. 53(f) instead of Fed. R. Civ. P. 53(g). However, the changes to the Rule are mostly stylistic and do not affect the overall substance of the Rule.

1

that the financial condition of the Class Representatives is implicated by Federal Rule of Civil Procedure 23(a)(4) which addresses the adequacy of the class representatives to represent the class. The Special Master also recognized that there is an expectation of substantial costs going forward in this litigation, and that while little specific information had been provided by the Class Representatives' concerning their fee arrangement with Class Counsel, their arrangement "appears to provide that costs and expenses of litigation are advanced by class counsel as they are incurred and repayment is contingent on the outcome of the matter." In addition, the Special Master noted that Intel could, if it were to prevail, file an application for costs. The Special Master further found that "in this jurisdiction, the 2003 amendments to Federal Rule of Civil Procedure 23(g) [do not affect the relevance under Rule 23(a)(4) of the class representatives' financial capacity, because the additional duties of class counsel under Rule 23(g)] do not obviate concerns of coercion of class members by class counsel." In light of these circumstances and relying on this Court's decision in <u>ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.</u>, 149 F.R.D. 506 (D. Del. 1993), the Special Master recommended that the Court grant Intel's Motion and require the Class Representatives to produce their tax returns and other financial

2

information.

**II.    THE PARTIES' CONTENTIONS**

By their Objection, Class Representatives contend that the financial information sought by Intel is irrelevant to this litigation, unduly oppressive and "potentially eviscerating" for antitrust law.  Specifically, Class Representatives contend that few consumers would ever step forward to serve as class representatives if they were forced to produce their tax returns and other financial information.  Class Representatives also contend that American Bar Association Model Rule of Professional Conduct ("ABA Model Rule") 1.8(e)(1) renders their financial condition irrelevant to this litigation because it allows class counsel to fund litigation expenses.  Class Representatives point out that tax returns are privileged under state and federal law, and should not be disclosed except upon compelling need.  Class Representatives further contend that ML-Lee, a decision in a securities action, is distinguishable from the circumstances of this case, and therefore, ML-Lee should not be extended to the antitrust arena.

In support of their position, Class Representatives submit two expert declarations, one by Bruce A. Green, Esquire, the Stein Professor at Fordham University and director of the Louis Stein Center for Law and Ethics, and one by David Rosenberg, Esquire, the Lee S. Kreindler Professor of Law at Harvard

3

University and teacher of legal profession, civil procedure and complex litigation. Class Representatives contend that these declarations are admissible because no jury is present at this juncture, and courts have routinely allowed expert opinions to be submitted on topics involving legal ethics and class actions under Federal Rule of Civil Procedure 23.

In response, Intel contends that the Court should not consider the declarations submitted by Professor Rosenberg and Professor Green because they are legal opinions concerning the interpretation of Rule 23 and the legal effect of the 2003 amendments on that Rule. Intel distinguishes the opinions submitted here from opinions submitted in other cases on the grounds that those opinions apply the factual record to the applicable legal standard. Accordingly, Intel moves by separate motion to strike the declarations of Professor Green and Professor Rosenberg on the grounds that they are outside the scope of permissible expert testimony.

With respect to the substance of Class Representatives' Objections, Intel contends that the Court should not depart from its ruling in ML-Lee, which addresses many of the same arguments Class Representatives raise here. Intel also contends that the 2003 amendments to Rule 23 do not eliminate the possibility that Class Counsel might coerce Class Representatives by threatening to revoke funding and do not relieve the Court from considering

4

under Rule 23(a) the ability of Class Representatives to adequately represent the class. Thus, Intel maintains that the law has not changed since ML-Lee was decided.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 53(f), the Court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. P. 53(g)(1). The Court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4). Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to the contrary. Fed. R. Civ. P. 53(f)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed. R. Civ. P. 53(f)(5).

### IV. DISCUSSION

  A. <u>Whether Intel Is Entitled To Class Representative Tax Returns And Other Financial Information</u>

In ML-Lee, the Court addressed the question presented here, whether the financial documents and tax returns of class representatives are relevant to the determination of adequacy to represent the class under Fed. R. Civ. P. 23(a)(4), and therefore, discoverable. The Court concluded that the documents were relevant, and that counsel's agreement to advance litigation costs did not "defeat the relevance of Plaintiffs' own financial status."

5

More recently, however, courts entertaining this question have taken the opposite approach concluding that the financial status of class representatives is irrelevant to class certification issues and not discoverable, particularly where, as here, counsel is contractually obligated to advance litigation costs and those costs are not recoverable unless recovery is obtained for the class.[2]  See e.g., Alba Conte and Herbert B. Newberg, Newberg on Class Actions §§ 7:8, 22:45 (4th ed. 2002) (noting that "[c]ourts generally have held that the ability to pay costs of litigation or of notice to the class is irrelevant to the issue of whether the plaintiff is an adequate representative of the class" and further noting that "[c]ourts generally deny defendants' motion to compel discovery of plaintiffs' financial situation") (collecting cases).  This more recent view is also consistent with the approach taken by the Manual for Complex Litigation, Fourth (Federal Judicial Center 2004):

> Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to

---

[2] The Court notes that the Special Master was not provided with the fee agreements between Class Representatives and Class Counsel due to Class Counsel's reluctance to produce those agreements.  The agreements have since been produced and confirm that all costs and expenses are being advanced by Class Counsel on behalf of the Class Representatives and repayment of those costs and expenses is contingent upon a recovery in favor of the class.

6

> determine whether the parties and their counsel have the resources to represent the class adequately. Ethics rules permit attorneys to advance court costs and expenses of litigation the repayment of which may be contingent on the outcome of the matter.

Id. at 21:141. In this case, Class Counsel is advancing the costs of the litigation, and Intel has not questioned the financial ability of Class Counsel to do so. Indeed, the Court recognized Class Counsel's commitment and wherewithal to finance this litigation in its Memorandum Order appointing Interim Counsel. (D.I. 51 in MDL Case No. 05-1717.) Specifically, the Court considered "the resources counsel will commit to representing the class" and found the selected firms to be more capable than the competing firms "of drawing upon a greater pool of resources." (Id. at 2-3.) These firms have reiterated their financial ability and commitment to fund this litigation and in the declarations they have filed in connection with the Objections.[3] (D.I. 614, Exs. C-F.)

Intel contends that the threat of coercion recognized by the Court in ML-Lee is still an issue in this case. However, the Court notes that ML-Lee did not examine the effect of ABA Model

---

[3] See e.g., Buford v. H&R Block, 168 F.R.D. 340 (S.D. Ga. 1996) (stating that "[c]ourts normally do not examine the finances of class representatives" and concluding that plaintiffs made proper arrangements with their counsel to pay for the litigation counsel's and counsel's representations that his firm had the financial means to underwrite the expenses of the litigation were sufficient).

7

Rule 1.8(e)(1) or its state counterparts[4], or case law related to the relationship between class counsel and class representatives generally. Moreover, case law and legal developments since <u>ML-Lee</u> lead the Court to believe that the threat of coercion to class representatives is not as significant as the Court once perceived. For example, the comments to the Delaware counterpart to ABA Model Rule 1.8 were amended in 2003 to expressly reject the notion that advancing court costs by counsel gives counsel too great a financial stake in the outcome of the litigation. Del. Lawyers' Rules of Prof'l Conduct R. 1.8, cmt. 10. The comments went on to equate the advance of such costs to the payment of contingency fees.[5] The 2003 Amendments to Rule 23(g)

---

[4] The ABA Model Rules were promulgated in 1983, and the Delaware Supreme Court used the ABA Model Rules as a framework for the Delaware Lawyers' Rules of Professional Conduct.

[5] Comment 10 provides:

> Lawyers may not subsidize law suits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue law suits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation. <u>These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses</u>, including the expenses of medial examination, <u>and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts.</u> Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether the funds will be repaid is warranted.

8

also minimize the threat of coercion referenced in ML-Lee by confirming that class counsel has an obligation to represent the entire class and not just the individual class representatives. In addition, case law subsequent to ML-Lee has effectively removed the threat of coercion by providing, for example, that class counsel need not obtain the consent of class representatives to settle a class action, if that settlement is in the best interests of the class as a whole, and by further providing that dissenting class representatives can be replaced. Indeed, the Court has been unable to locate any cases since ML-Lee and Rodes, upon which ML-Lee relied, which cite the potential threat of funding revocation as a grounds for finding a class representative's financial status to be relevant to the determination of whether that representative would be an adequate representative of the class.  Further, the Court notes that disagreements between class counsel and class representatives are subject to careful judicial oversight, as are all aspects of class action management, and therefore, the threat of coercion by class counsel is less significant.

To the extent ML-Lee is at odds with more recent case law concluding that the financial wherewithal of class representatives is irrelevant to adequacy of representation and

---

Del. Lawyers' Rules of Prof'l Conduct R. 1.8, cmt. 10, effective July 1, 2003 (emphasis added).

9

not discoverable, the Court finds ML-Lee to be distinguishable from the circumstances here. Specifically, the Court notes that, in large measure, its decision in ML-Lee was driven by the unique concern that the ML-Lee class representatives might have been professional plaintiffs who invested in securities for the purpose of bringing strike suits. In this regard, the Court specifically observed that one of the class representatives in ML-Lee had been involved in seven other class actions within a two-year time frame, and therefore, the defendants had demonstrated a "legitimate concern" about the plaintiff's ability to represent the class. Indeed, many of the more recent cases which cite ML-Lee with approval and allow discovery into plaintiffs' financial histories are securities cases involving similar concerns. See e.g., In re K Mart Corp. Sec. Litig., 1996 WL 924811 (E.D. Mich. Dec 16, 1996); Barry B. Roseman, D.M.D., M.D., Profit Sharing Plan v. Sports and Recreation, 165 F.R.D. 108 (M.D. Fla. Feb 20, 1996). No such concerns are present in this action, and the Court is not persuaded that ML-Lee should be extended beyond its circumstances. Accordingly, the Court will sustain the Class Plaintiffs' Objections and decline to adopt the Special Master's Report and Recommendation.

    B.    Whether The Declarations of Professor Green And Professor Rosenberg Should Be Stricken

Expert witnesses are not permitted to render opinions or conclusions on issues of law. See e.g., United States v. Leo,

941 F.2d 181, 196 (3d Cir. 1999). Such issues are reserved for the Court's determination. However, expert witnesses may interpret and analyze factual evidence and apply that factual evidence to a legal framework to render an opinion. The prohibition against allowing expert witnesses to opine on legal issues is most significant in the context of a jury trial where such opinions may confuse a jury or usurp the Court's role in instructing a jury. <u>Suter v. General Acc. Ins. Co. of America</u>, 424 F. Supp. 2d 781, 793 (D.N.J. 2006).

In this case, a jury is not present, and therefore, there is no concern that the opinions of Professors Green or Rosenberg will be given undue weight. However, both declarations appear to concern themselves with issues that are ultimately legal questions, and therefore, the Court does not find the declarations to be particularly useful to the Court in adjudicating the questions presented by Intel's Objections to the Special Master's Report and Recommendation. Accordingly, the Court will grant Intel's Motion and strike the declarations.

**V.  CONCLUSION**

For the reasons discussed, the Court will sustain Class Representatives' Rule 53(g) Objections To Special Master's Report And Recommendations Compelling Production Of Class Plaintiff's Financial Documents and decline to adopt the Special Master's Report And Recommendations. In addition, the Court will grant

11

Intel's Motion To Strike Declarations Of Bruce A. Green And David Rosenberg.

An appropriate Order will be entered.