# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>INTEL CORPORATION,<br><br>　　　　　　　　　　Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>DM-5 |

**DEFENDANT INTEL CORPORATION'S RESPONSE TO FRY'S ELECTRONICS' RULE 53(g) OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING ALLOCATION OF FEES IN DM-5**

Defendant Intel Corporation ("Intel") respectfully submits this brief response to the Fed. R. Civ. P. 53(g) objections that Fry's Electronics ("Fry's") filed regarding the Special Master's allocation of fees in connection with Discovery Matter No. 5 (DM-5). (*See* D.I. 695 in md-1717). In those objections, Fry's urges the Court to overrule the Special Master's Report and Recommendation sanctioning Fry's in the amount of $39,618.21 for its conduct in DM-5. Intel takes no position on the merits of the recommended sanctions; however, it does take issue with the concluding sentence in Fry's' brief that urges the Court to "order that the Special Masters [sic] fees [in DM-5] are to be allocated solely among the parties (Class Plaintiffs, Intel and AMD)." (*Id.* at 10).

2

There is no order in place that the Special Master fees in *all* discovery disputes should be allocated among *all* of the parties. Nor should there be. Discovery Matter No. 5 involved a motion filed by Interim Class Counsel to compel Fry's to respond to a subpoena that Interim Class Counsel served on Fry's.[1] Consequently, Intel had no substantive involvement in the dispute. Intel did not submit legal positions on any of the issues presented to the Special Master on the merits of the discovery dispute.[2] Further, because Intel was not a party to this dispute, it did not participate in any of the meet and confers, and Fry's conditioned its agreement to those meet and confers on a commitment by Interim Class Counsel that no information disclosed at those meetings would be shared with anyone, including Intel. (*See* May 1, 2007 Tr. at 99-100 [D.I. 551 in md-1717]). Finally, the compromises between the Class and Fry's that narrowed the scope of the dispute were made without Intel's input or approval.

Under these circumstances, there is no basis to assess Intel a portion of the Special Master's fees in DM-5 and ordering such an assessment would set an unacceptable precedent, *i.e.*, compelling a party to subsidize a discovery dispute in which it had no involvement or control. Therefore, Intel respectfully requests that the Court reject Fry's proposed allocation of the fees.

---

[1] Although Intel has its own outstanding subpoena to Fry's, it has not moved to enforce the subpoena at this time.

[2] Intel did submit a letter regarding Fry's' *ex post* effort to modify the terms of the Master Protective Order. (*See* D.I. 461 in md-1717).

2

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Balabanian<br>James L. Hunt<br>Christopher B. Hockett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>(415) 393-2000 | By: */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com |
| Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 373-6000 | |
| Dated: January 11, 2008 | Attorneys for Defendant<br>Intel Corporation |

#842139/29282

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, W. Harding Drane, hereby certify that on January 11, 2008, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

> James L. Holzman
> J. Clayton Athey
> Prickett, Jones & Elliott, P.A.
> 1310 King Street
> P.O. Box 1328
> Wilmington, DE 19899

I hereby certify that on January 11, 2008, I have Electronically Mailed the attached document to the following non-registered participants:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com

Michael P. Lehmann
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA 94111
mlehmann@cmht.com

Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
tdove@furth.com
aturan@furth.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

5

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

By:  /s/ W. Harding Drane, Jr.
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

728761 / 29282