IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| | : **CONSOLIDATED ACTION** |
| Plaintiffs, | : Civil Action No. 05-485-JJF |
| | : |
| v. | : |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is an Objection To And Request To Modify Special Master's September 28, 2007[1] Report And Recommendation Re Discovery Matter No. 5 (D.I. 497 in Civ. Act. No. 05-485 and D.I. 624 in MDL No. 05-1717) filed by Fry's Electronics, Inc., a non-party to this litigation. At the most recent hearing on Class Plaintiffs' Motion To Compel certain transactional data from Fry's ("DM 5"), the Special Master considered two competing proposals offered by the parties for resolution of the matter. The Special Master adopted the proposal offered by Class Plaintiffs and concluded that (1) the data sought by Class Plaintiffs is subject to production if relevant and not unduly burdensome to produce; (2) that the

---

[1] The Special Master's Report and Recommendation (D.I. 482 in Civil Action No. 05-485 and D.I. 608 in 05-1717) is dated September 27, 2007.

aforementioned standard of production applies regardless of whether the data is a trade secret as Fry's contends; (3) the Protective Order is adequate to protect Fry's, and therefore, the stricter standard relevant to trade secrets does not apply; and (4) Fry's failed to demonstrate that the sought after data would be overly burdensome to produce.

Pursuant to Federal Rule of Civil Procedure 53(f), the Court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions." Fed. R. Civ. P. 53(g)(1). The Court reviews the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4). Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to the contrary. Fed. R. Civ. P. 53(f)(3). The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard. Fed. R. Civ. P. 53(f)(5).

Reviewing the Special Master's decision in light of the parties' submissions and the relevant standard of review, the Court concludes that the Special Master correctly concluded that the Protective Order entered in this case is sufficient to protect the confidentiality of Fry's data, regardless of whether that data is characterized as trade secret data. The Protective Order expressly contemplates discovery concerning the type of data sought here, including the production of data characterized

2

as trade secret data that might be competitively harmful to the producing party, and provides appropriate protections for the disclosure of that data. The Court further agrees with the Special Master that Class Plaintiffs have established that the data sought is relevant, and Fry's has not demonstrated that the production of this data is unduly burdensome or would result in its injury, particularly in light of the protections afforded by the Protective Order. See e.g., Fischer v. Cirrus Design Corp., 2005 WL 3159658, *7 (N.D.N.Y. Nov. 23, 2005) (rejecting claim that documents should not be produced because they were confidential trade secrets where a protective order was approved); SRS Technologies, Inc. v. Physitron, Inc., 216 F.R.D. 525, 530 (N.D. Ala. 2003) (same); In re Mercury Finance Co. of Ill., 1999 WL 495903, *6 (N.D. Ill. July 12, 1999) (same).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Objection To And Request To Modify Special Master's September 28, 2007 Report And Recommendation Re Discovery Matter No. 5 (D.I. 497 in Civil Action No. 05-485 and D.I. 624 in 05-1717) filed by Fry's Electronics, Inc. is **OVERRULED**.

2. The Special Master's Report and Recommendation (D.I. 482 in Civ. Act. No. 05-485 and D.I. 608 in MDL No. 05-1717) dated September 27, 2007, is **ADOPTED**.

January 25, 2008
DATE

UNITED STATES DISTRICT JUDGE

3