RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

February 13, 2008

**VIA ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801-4226

>   Re:   *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF; and *Phil Paul, et al. v. Intel Corporation,* C.A. 05-485-JJF
>         <u>Discovery Matter No. 4a</u>

Dear Judge Poppiti:

   We are in receipt of Intel's February 12, 2008 submission to the Court accompanying its final production of the Weil Gotshal interview materials. Intel's representation concerning the completeness of its production is insufficient and not consistent with what the parties discussed. Nor is the representation consistent with what Your Honor requested during the February 1, 2008 hearing on this issue.

   When the "derivative materials" issue first arose at the parties' January 3, 2008 hearing, Plaintiffs could not have been more clear about what we expected: "If, as Mr. Floyd believes, these derivative materials **contain no factual information that isn't otherwise contained in the interview notes**, the interview notes, themselves, and if we can get a representation to that effect and a representation that . . . the balance of these derivative materials are core attorney work product, I think we would be satisfied. But I think that they need to finish the process of gathering materials so they can make that representation to us." (Hr'g Tr. 9:11-20, Jan. 3, 2008 (emphasis added).) When Intel offered up a more ambiguous representation during the parties' negotiations, Plaintiffs again raised the issue at the February 1, 2008 hearing. Mr. Samuels quoted from the January 3rd hearing transcript, and Your Honor was clear about Your Honor's expectations: "I did not anticipate seeing discussion points, if you will, surrounding any particular interview **unless, of course, within those documents that constitute a discussion of the interview there are additional facts that may have resulted from follow-ups that are not**

The Honorable Vincent J. Poppiti
February 13, 2008
Page 2

**otherwise contained, or from the initial interview, that are not otherwise contained either in the handwritten notes, the typewritten version of those notes, or summaries prepared in anticipation of preparing the paragraph eight summary.**"  (Hr'g Tr. 20:17-21:2, Feb. 1, 2008 (emphasis added).)  Your Honor went on to state:

> Now, if there is a memorandum created, a memorandum that is different from what I just described to you, namely, the contemporaneous notes, any handwritten -- any typewritten version of those, if there is another document that's sitting out there where attorney No. 1 decides I am going to put these -- I am going to think about these a little further, I am going to create another document, and some light bulb goes on where he or she remembers something that is not in the contemporaneous notes, and, therefore, not reflected in the typewritten version of those, **I would expect that it makes some sense for me to say to Intel, you have got to be making the affirmative representation that there are no new facts contained in those other documents.  And I believe that that is the representation that I am getting**.

(Hr'g Tr. 24:3-18, Feb. 1, 2008 (emphasis added).)

      Notwithstanding Your Honor's unambiguous instructions, Intel's February 12, 2008 letter indicated only that the materials Intel submitted for *in camera* review "do not include materials that would be derivative of the underlying factual information learned by the Weil attorneys during the interviews."  The representation does not affirm that those "derivative" materials contain no factual information not already contained in the materials that have been submitted to Your Honor for inspection.  As we stated at the February 1st hearing, when an attorney types his raw interview notes into a "derivative" interview memorandum, it is likely that the memorandum will include new facts that the attorney remembered when reviewing his or her contemporaneous shorthand notes.  We expect Intel to either produce those derivative materials or clearly and unambiguously represent that the withheld documents do not reflect any "new facts" that are not contained in the materials submitted for *in camera* review.  Plaintiffs request that Your Honor hold a hearing or issue a directive on this issue at Your Honor's earliest available opportunity so that the issue may be resolved expeditiously.

                      Respectfully,

                      */s/ Frederick L. Cottrell, III*

                      Frederick L. Cottrell, III (#2555)

FLC,III/lll

cc:    Richard L. Horwitz, Esq. (via Electronic Mail)
        James L. Holzman, Esq. (via Electronic Mail)

RLF1-3253638-1