**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6509
Writer's Telecopy Number::
(302)888-6333
Writer's E-Mail Address:
JLHolzman@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

February 29, 2008

*Via eFiling and Hand Delivery*

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

  Re: **DM No. _____**
    *In re Intel Corp. Microprocessor Antitrust Litigation,* MDL No. 05-1717-JJF;
    *Phil Paul v. Intel Corp.,* Cons. C.A. No. 05-485-JJF

Dear Judge Poppiti:

  Class Plaintiffs submit this letter brief in support of their request to compel non-party Via Technologies, Inc. ("Via") to produce documents and data pursuant to the business records subpoena issued by Class Plaintiffs on March 7, 2007. See Via Subpoena, D.I. 411 (Exhibit 1).[1] Via is a manufacturer of x86 microprocessors with a smaller than two percent market share, *see* First Amended Consolidated Complaint, D.I. 108, ¶ 131, and its documents and data are relevant to assessing, and highly probative of, the anticompetitive effects of Intel's challenged conduct.

  Although Via has documents and data responsive to the subpoena, it nevertheless refuses to produce any discovery material, contending that the Protective Order entered in this litigation is insufficient because it allows AMD and Intel's in-house litigation counsel to view Via's sensitive documents. The Court should reject Via's arguments, which are nearly identical to those asserted unsuccessfully by non-party Fry's Electronics, Inc. ("Fry's"), and order Via to produce the subpoenaed documents and data within three weeks.

**I. Factual Background.**

  **A. The Protective Order.**

  On September 26, 2006, a protective order ("Protective Order") was entered in this litigation to protect confidential discovery material of parties and third parties. D.I. 277. The Protective Order provides, among other things, that review of third parties' confidential

---

  [1] Unless otherwise specified, the docket items cited hereinafter refer only to the docket in MDL No. 05-1717.

19684.1\361955v1

Hon. Vincent J. Poppiti
February 29, 2008
Page 2

discovery material by AMD and Intel's in-house counsel shall be limited to two attorneys from each entity who are prohibited from engaging in "(a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor or chipset manufacturing, (c) the filing or prosecution of patent applications, (d) the review or negotiation of any contract with a Producing Party related to the sale or marketing of microprocessors, (e) counseling in connection with PC or server manufacturing or operating system or software design or development, and (f) the licensing of Microsoft software or technology." *Id.* ¶ 6(c) & Def. G.

The Special Master upheld the Protective Order over Fry's objections (May 18, 2007 Report and Recommendations, D.I. 482), a ruling that was subsequently adopted by the Court (D.I. 510). Like Via, Fry's argued that in-house counsel should not be permitted to review its sensitive information. May 18, 2007 Report and Recommendations at 17. Yet the Special Master ruled that "the Protective Order . . . defin[es] in-house counsel in such a way as to exclude persons who engage in competitive decision making" and "conclude[d] that Fry's commercial or trade secrets are adequately protected under the Protective Order." *Id.* at 21-22.

**B.     The Business Records Subpoena And Via's Objections.**

On March 8, 2007, the Class Plaintiffs served Via with a business records subpoena seeking the production of documents and data constituting or concerning: (1) Via's business plans, strategic plans, long-range plans or budgets; (2) Via's annual volume of sales for each of its microprocessor products; (3) Via's costs to design, manufacture, sell, distribute, promote and market its microprocessors; (4) Via's sales margins for its microprocessors; (5) the quality or performance of Via's microprocessors or the comparison of Via's microprocessors with the quality or performance of its competitors' microprocessors; (6) the competitive advantage or disadvantage of Via's volume of microprocessor sales relative to the volume of its competitors' microprocessor sales and the competitive advantage or disadvantage of Intel having a dominant share of microprocessor sales; (7) the effect of any financial inducement or non-financial inducement offered by Intel; and (8) this litigation or any other litigation or governmental investigation involving AMD and Intel. Via Subpoena, Exhibit 1.

On March 21, 2007, Via served written objections on Class Plaintiffs. Exhibit 2. As general objections, Via claims, among other things, that the business records subpoena seeks sensitive materials that are not adequately protected by the Protective Order because the Protective Order "permits Via's highly confidential documents to be seen by two in-house litigation counsel for each party." In response to the specific requests, in addition to boilerplate objections ("vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence"), Via objects on the grounds that they seek "production of highly confidential business information in the absence of a suitable protective order."

**C.     The Meet And Confer Process.**

Class Plaintiffs and Via have attempted to resolve this dispute informally through email correspondence, telephone conferences and written correspondence over a period of several

months. Although Via advised that it has responsive documents and data, it has consistently contended throughout the meet and confer process that the Protective Order is not sufficient because it permits in-house counsel for the parties to inspect Via's confidential discovery materials. Class Plaintiffs have repeatedly explained to Via that Fry's had similar issues with the Protective Order and that the Court determined that Fry's objections were without merit. Nevertheless, Via refused to produce the subpoenaed documents and data.

## II. Discussion.

### A. Via's Documents And Data Are Relevant.

"The non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34." Fed. R. Civ. P. 45, advisory committee's notes to 1991 amendment. A request for production submitted to a non-party thus meets the standard of relevance so long as it seeks documents "relevant to the claim or defense of any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002).

Via does not dispute that its documents are relevant to Class Plaintiffs' claims or that they appear reasonably likely to lead to the discovery of admissible evidence. Indeed, because Via is one of the only x86 microprocessor manufacturers other than Intel and AMD, the documents and data sought from Via are relevant to assessing the effects of Intel's challenged conduct.

### B. Via's Documents And Data Will Be Safeguarded By The Protective Order.

Via's documents and data will be safeguarded by the Protective Order, which protects the confidentiality of discovery materials produced in this litigation by parties and non-parties alike. As this Court recognized in compelling Fry's to produce documents over similar objections, the Protective Order and its provisions regarding in-house counsel are sufficient to protect even the most sensitive information. *See* D.I. 702; *see also U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467 (Fed. Cir. 1984); *In re Plastics Additives Antitrust Litig.*, C.A. No. 03-2038, 2005 U.S. Dist. LEXIS 23771, at *11-*12 (E.D. Pa. Aug. 24, 2005) (Exhibit 3).[3]

The fact that Via is a competitor of AMD and Intel does not preclude production. As noted above, no in-house counsel involved in competitive decision-making will have access to the documents. Moreover, because AMD and Intel also compete with one another, the Protective Order was carefully crafted to avoid any disclosure that could cause competitive harm. Finally, Via has not shown that its documents are any more sensitive than those of other non-

---

[3] Because Via was subpoenaed relatively recently, it did not participate in the process that led up to the entry of the Protective Order. Nevertheless, Via's objections to the Protective Order were raised by other non-parties and were fully considered by this Court.

Hon. Vincent J. Poppiti
February 29, 2008
Page 4

parties – many of which must do business directly with AMD or Intel – that have produced documents subject to the Protective Order.

### III.     Conclusion.

Despite substantial efforts to negotiate a document and data production from Via, Via has resisted making any production at all, based on grounds that are wholly without merit. Accordingly, an order compelling Via to produce the subpoenaed documents and data within three weeks is necessary. If such an order is entered, Class Plaintiffs are prepared to work out the details of the production with Via promptly.

Respectfully submitted,

James L. Holzman
(DE Bar #663)

Enclosures

cc:     Clerk of the Court (*by electronic filing*)
        Richard L. Horwitz, Esq. (*by electronic filing and hand delivery*)
        Frederick L. Cottrell, III, Esq. (*by electronic filing and hand delivery*)
        J. Clayton Athey, Esq. (*office*)
        Robert P. Feldman, Esq. (*by email, overnight delivery and First Class mail*)
        Jennifer Ochs, Esq. (*by email, overnight delivery and First Class mail*)

19684.1\361955v1