Exhibit C

## ZELLE, HOFMANN, VOELBEL, MASON & GETTE
A LIMITED LIABILITY PARTNERSHIP

BOSTON
DALLAS
LOS ANGELES
MINNEAPOLIS
SAN FRANCISCO
WASHINGTON, D.C.
BEIJING*
SHANGHAI*
*In association with ZY & Partners

44 MONTGOMERY STREET - SUITE 3400
SAN FRANCISCO, CA 94104
415-693-0700 TELEPHONE
415-693-0770 FACSIMILE
www.zelle.com

Judith A. Zahid
jzahid@zelle.com
(415) 633-1916

December 6, 2006

Via U.S. and Electronic Mail

Jill D. Neiman
MORRISON FOERSTER
425 Market Street
San Francisco, California 94105-2482
jneiman@mofo.com

Re:   *In re Intel Corp. Microprocessor Antitrust Litigation* (MDL No. 1717-JJF)
      *Phil Paul v. Intel Corp.* (C.A. No. 05-485-JJF)

Dear Ms. Neiman:

As we indicated in our prior correspondence regarding document discovery, Class Plaintiffs are moving forward with transaction data discovery. This letter sets forth what we regard as responsive to the subpoena requests previously served with respect to such transaction data, and describes what information we now seek. Class Plaintiffs have fully coordinated with AMD in drafting this letter, and AMD will not be seeking any transactional data beyond what is requested herein.

In the following context, information for a "transaction" shall include: a) date, b) bill-to and ship-to customer number (or vendor number in the case of the cost data), c) quantity of product shipped or purchased, d) net dollar revenues or cost, e) transaction price, f) transaction type (shipment, rebate, credit, etc.), g) contract identification (if the transaction occurred under contract), and h) product code or SKU.

In addition, for each transaction described below, we seek the lookup tables that link the various codes in the data provided to fields that describe what the codes mean. In particular, for each customer, vendor, product code or SKU, and contract number described in the data, we seek all corresponding descriptive information in the form of lookup or translation tables.

Letter to Fujitsu
December 6, 2006
Page 2

Please provide the following:

(1) the net costs of x86 compatible chips, chipsets (north bridge and/or south bridge), and products containing same that you purchased from January 2000 to the present - by transaction for each chip type;

(2) the net sales prices of any x86 chips that you may have sold, if any, from January 2000 to the present – by transaction for each chip type;

(3) the net sales prices of any computer products containing x86 chips that you may have sold from January 2000 to the present – by transaction for each computer product type;

(4) data reporting any rebates, credits, discounts, marketing/advertising funds, and other payments not included in the transaction data; and

(5) quarterly financial information, specifically to include net revenues, costs of goods sold (COGS), selling and marketing expenses, and other operational costs for any computer containing x86 chips sold during the relevant time period. If these costs cannot be disaggregated at the product level, then aggregated figures should be provided.

If your client can promptly provide us with more detailed information on how the requested data is kept – i.e., (a) a list and description of each database or dataset from which the requested data would be produced; (b) a "data dictionary" describing the included fields for each database or dataset you list; (c) the time period covered by each database or dataset you list; and (d) the software and computer system producing each database or dataset you list – Class Plaintiffs will use their best efforts to scale back the above requests wherever possible.

We look forward to discussing this with you at your earliest convenience. The Court has ordered that an agreement regarding discovery be reached by December 21, 2006. We are confident that you will cooperate with us in meeting that deadline.

Warm regards,

Judith A. Zahid

cc:   (*Via Electronic Mail Only*)
      Jennifer Laser, O'Melveny & Meyers
      John Bright, Keller Rohrback
      Bo Pearl, O'Melveny & Meyers
      Sam Liversidge, Gibson Dunn