**Exhibit D**

# ZELLE, HOFMANN, VOELBEL, MASON & GETTE
A LIMITED LIABILITY PARTNERSHIP

BOSTON
DALLAS
LOS ANGELES
MINNEAPOLIS
SAN FRANCISCO
WASHINGTON, D.C.
BEIJING*
SHANGHAI*
*In association with ZY & Partners

44 MONTGOMERY STREET - SUITE 3400
SAN FRANCISCO, CA 94104
415-693-0700 TELEPHONE
415-693-0770 FACSIMILE
www.zelle.com

Judith A. Zahid
jzahid@zelle.com
(415) 633-1916

February 28, 2008

Via U.S. and Electronic Mail

Jill D. Neiman
MORRISON FOERSTER
425 Market Street
San Francisco, California 94105-2482
jneiman@mofo.com

    Re:    *In re Intel Corp. Microprocessor Antitrust Litigation* (MDL No. 1717-JJF)
             *Phil Paul v. Intel Corp.* (C.A. No. 05-485-JJF)

Dear Jill:

      This letter seeks to memorialize the conversation we had yesterday afternoon regarding the transactional data negotiations long underway between AMD, Intel, and the Class Plaintiffs ("the Parties") and you, on behalf of your two clients, Fujitsu Ltd. ("Fujitsu Japan") and Fujitsu Computer Systems Corporation ("Fujitsu U.S."). When asked, you confirmed to me that the full U.S. transactional data production that we previously negotiated with you, on behalf of Fujitsu U.S., had already been collected by your client and sent to you some time back, and upon notice, could be produced to the Parties in a matter of one or two days. When pressed on why you can't produce the U.S. sales data now—particularly so that it could be utilized by the Class Plaintiffs' economists in time for their report in support of class certification—as I understood your position to be, you will not agree to produce the U.S. sales data until the Parties finalize their agreement with your other client, Fujitsu Japan, as to two remaining categories of foreign data. Therefore, the primary reason that you identified for why you would not produce Fujitsu U.S.'s data, was that Fujitsu Japan has not yet concluded its negotiations on foreign data.

      The Class Plaintiffs do not believe that an attempt to gain negotiating leverage on behalf of one client is a legitimate reason to withhold data that has been collected by a separate client, especially in light of the Class Plaintiffs' imminent class certification motion and the usefulness that the withheld data would provide to their efforts.

      I am writing to ask you to please reconsider your position and to agree to promptly produce to the Parties the data already collected and sent to you by Fujitsu U.S. If I do not hear


J. Neiman
February 28, 2008
Page 2

from you by the close of business next Monday, March 3rd, the Class Plaintiffs intend to seek relief from the Court.

Regards,

Judith A. Zahid

cc: (*Via Electronic Mail Only*)
Jennifer Laser, O'Melveny & Meyers
Sam Liversidge, Gibson Dunn