IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION )<br>)<br>)<br>)<br>) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware Corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware Corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED<br><br>DM 9 |

## ORDER

WHEREAS, on February 15, 2008, Defendants Intel Corporation and Intel Kabushiki Kaisha ("Intel") requested a conference to discuss the entry of a case management order addressing the taking of depositions in the case and proposed a plan for deposition discovery for the Special Master's consideration;

WHEREAS, on February 22, 2008, Plaintiffs Advanced Micro Devices ("AMD") and Class Plaintiffs (collectively, "Plaintiffs") opposed Intel's proposed plan for deposition discovery in this matter and put forward a proposal of their own;

WHEREAS, the parties are unable to agree on a deposition discovery plan;

WHEREAS, the case is complex in nature and the document production has been, and is expected to continue to be, immense;

WHEREAS, the trial in this case is currently scheduled for April 2009;

WHEREAS, the parties participated in a teleconference with the Special Master on March 27, 2008, to discuss deposition discovery and the form of the entry of this Order;

WHEREAS, a preliminary pretrial statement is designed to provide both the Special Master and the parties with a tool for which to focus, frame and define the boundaries of the deposition discovery process in this case;

IT IS HEREBY ORDERED this 28th day of March, 2008, as follows:

1. On or before May 1, 2008, Plaintiffs and Intel shall each submit to the Special Master a preliminary pretrial statement.

2. Each preliminary pretrial statement shall be no longer than 100 pages, and no exhibits shall be attached; however, at the election of Class Plaintiffs, the joint preliminary pretrial statement of Plaintiffs may contain a additional 20 pages to address any issue bearing solely upon the class litigation.

3. On or before May 12, 2008, Plaintiffs and Intel shall each submit to the Special Master a response to the opposing party's preliminary pretrial statement.

4. Each response shall be no longer than 40 pages, and no exhibits shall be attached; however, if Class Plaintiffs exercise their right to include an additional 20 pages in Plaintiffs'

joint preliminary pretrial statement, then Intel's response may include an additional 10 pages to permit it to address any issue bearing solely upon the class litigation raised by Class Plaintiffs.

5. Each preliminary pretrial statement and response shall be in Times New Roman, 12-point font, and it shall be double-spaced with one inch margins.

6. This preliminary pretrial statement will not have preclusive effect, and the parties will be free to refine or modify their theories or contentions, in any respect.

7. The preliminary pretrial statement shall address, but is not limited to, the following subjects:

   a. A statement of the elements of the party's claims or defenses, and some reference to the principal substantive legal authorities and/or doctrines on which the party will rely with respect to liability.

   b. A statement of the party's main factual contentions in support of each of the elements of its claims or defenses.

   c. A statement of the categories of evidence on which the party proposes to rely, based on its factual contentions, and to the extent practicable:

      1. a list of the depositions needed to establish the facts, including categories of deponents, identities of companies to be deposed and the deponents, to the extent practicable;

      2. the categories of documents, including the categories of companies producing documents, identities of companies, and for each the areas of document discovery (sales records, purchase records, etc); and

      3. an indication of the contentions that the party anticipates it may support by expert opinion.

   d. A statement of the principal factual contentions supporting or refuting the proposition that Defendants' alleged antitrust violations caused injuries to Plaintiffs.

   e. A statement of the forms of relief sought, and in the case injunctive relief is sought, to the extent possible, the nature of the injunctive relief proposed.

8. On or before May 30, 2008, the Special Master will provide the parties with a written document reflecting his preliminary response to the parties' submissions.

9. On June 5, 2008, a hearing on the parties' submissions will occur in the J. Caleb Boggs Federal Court Building, Court Room 4B at 1:00 p.m..

SO ORDERED this 28th day of March, 2008.

_____
Vincent J. Poppiti
(DSBA No. 100614)
Special Master