IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR | : MDL Docket No. 05-1717-JJF |
| ANTITRUST LITIGATION | : |
| | : |
| PHIL PAUL, on behalf of himself | : |
| and all others similarly | : |
| situated, | : **CONSOLIDATED ACTION** |
| | : |
| Plaintiffs, | : Civil Action No. 05-485-JJF |
| | : |
| v. | : |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is an Objection To And Request To
Modify Special Master's Report And Recommendation Regarding
Allocation Of Fees (D.I. 545 in Civ. Act. No. 05-485 and D.I. 680
in MDL No. 05-1717) filed by Fry's Electronics, Inc. ("Fry's"), a
non-party to this litigation.  In his Report and Recommendation,
the Special Master concluded that Fry's engaged in vexatious
litigation conduct during the adjudication of a discovery dispute
("DM 5") between Class Plaintiffs and Fry's which resulted in
unnecessary delays to the Discovery Litigation in this action.
As a result, the Special Master concluded that Fry's should be
sanctioned in an amount equal to one-half of the Special Master's
compensation for the litigation of DM 5, including the fees
allocation matter, for a sum total of $39,618.21.  In reaching

this conclusion, the Special Master declined to base his sanction award on Federal Rule of Civil Procedure 53, and instead relied upon the Court's inherent authority to sanction, which includes the authority to sanction non-parties.  The Special Master also declined to make any specific bad faith findings, noting that while the conduct of Fry's would rise to the level of bad faith, such a finding was unnecessary to the imposition of sanctions.

In its Objection, Fry's takes issue with the Special Master's characterization of its litigation conduct contending that it acted in good faith to resolve the discovery disputes and did not "waste time."  Fry's also contends that case law does not support the imposition of sanctions against a non-party absent a finding of contempt, or a finding that the non-party directed or controlled the underlying litigation or was counsel for a party.

Pursuant to Federal Rule of Civil Procedure 53(f), the Court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit to the master with instructions."  Fed. R. Civ. P. 53(g)(1).  The Court reviews the Special Master's conclusions of law de novo.  Fed. R. Civ. P. 53(f)(4).  Findings of fact rendered by the Special Master are also reviewed de novo absent the parties' stipulation to the contrary.  Fed. R. Civ. P. 53(f)(3).  The Special Master's rulings on procedural matters are reviewed under the abuse of discretion standard.  Fed. R. Civ. P. 53(f)(5).

2

Reviewing the Special Master's decision in light of the parties' submissions and the relevant standard of review, the Court concludes that the Special Master did not err in imposing sanctions against Fry's. As Fry's recognizes, "the Court has the inherent authority to sanction any person subject to its jurisdiction in furtherance of its duties." (D.I. 695 at 9). The Court finds no limitation in the case law requiring a finding that the non-party directed or controlled the litigation.   In addition, a finding of bad faith is not required before the imposition of sanctions under Third Circuit case law[1], and even under Ninth Circuit case law, which Fry's contends applies to this dispute, sanctions may be awarded not only for bad faith, but also for willfulness or fault by the offending party, including actions amounting to "recklessness when combined with an additional factor such as frivolousness, harassment, or an

---

[1]     In Republic of Phillippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 n.11 (3d Cir. 1994), the Third Circuit recognized that "a court need not always find bad faith before sanctioning under its inherent powers."  In Tracinda v. DaimlerChrysler, 502 F.3d 212, 240-243 (3d Cir. 2007), the Third Circuit also upheld the award of sanctions under Fed. R. Civ. P. 16(f) without a finding of bad faith; however, in so doing, the Third Circuit stated that "a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority."  The Third Circuit went on to distinguish Rule 16(f) from the Court's inherent authority stating that Rule 16(f) did not require intent or negligence under its express language.   In dissent, Judge Rendell expressed the view that sanctions should not be awarded under Rule 16(f) absent a finding of bad faith, and that an award of sanctions without such a showing should only be reserved for "extreme situations."  Id. at 246.

improper purpose." <u>Fink v. Gomez</u>, 239 F.3d 989, 993-994 (9th
Cir. 2001); <u>Unigard Sec. Ins. Co. v. Lakewood Eng'g Mfg. Corp.</u>,
982 F.2d 363, 368 n.2 (9th Cir. 1992). Regardless of any
specific finding of actual bad faith, the Special Master in this
case made ample findings to demonstrate that the conduct of Fry's
was tantamount to bad faith and that Fry's acted in a willfully
vexatious manner taking frivolous and/or inconsistent litigation
positions both before and after the filing of the underlying
discovery motion which were designed to delay resolution of this
action and resulted in a waste of judicial resources. Based on
the record concerning the underlying discovery dispute, the Court
finds no error in the Special Master's characterization of the
conduct of Fry's. Accordingly, the Court will adopt the Special
Master's Report and Recommendation imposing sanctions on Fry's in
the form of one-half of the compensation and costs of the Special
Master's fees incurred in connection with DM 5, including the
resolution of the instant sanction and fees dispute.


NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    The Objection To And Request To Modify Special Master's
Report And Recommendations Regarding Allocation Of Fees (D.I. 558
in Civil Action No. 05-485 and D.I. 695 in 05-1717) filed by
Fry's Electronics, Inc. is **OVERRULED**.

2.    The Special Master's Report and Recommendation (D.I.
545 in Civ. Act. No. 05-485 and D.I. 680 in MDL No. 05-1717)

dated December 13, 2007, is **ADOPTED**.

May 14, 2008
DATE

UNITED STATES DISTRICT JUDGE