## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) ) | MDL No. 05-1717-JJF |

| | | |
|---|---|---|
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-485-JJF |
| v. | ) ) | CONSOLIDATED ACTION |
| INTEL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## [ALTERNATIVE PROPOSED] ORDER GRANTING CLASS CERTIFICATION

AND NOW, this ____ day of _____, 2008, upon consideration of Class Plaintiffs' Motion for Class Certification, Intel Corporation's Opposition thereto, and Class Plaintiffs' Reply, the Court finds as follows:

1.    The proposed class is so numerous that joinder of all members is impracticable.

2.    There are questions of law or fact common to the class.

3.    The claims or defenses of the representative parties are typical of the claims or defenses of the class.

4.    The representative parties will fairly and adequately protect the interests of the class.

5.    The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6.    The questions of law or fact common to class members

predominate over any questions affecting only individual members.

7.    A class action is superior to other available methods for fairly and

efficiently adjudicating the controversy.

Accordingly, the Court ORDERS as follows:

1.    Class Plaintiffs' Motion for Class Certification is GRANTED.

2.    The Court CERTIFIES the following class pursuant to Federal Rule

of Civil Procedure 23(b)(2) for injunctive relief under the federal antitrust laws:

> All persons and entities residing in the United States
> who, from June 28, 2001 through the present,
> purchased an x86 microprocessor in the United
> States, other than for resale, indirectly from the
> Defendant or any controlled subsidiary or affiliate of
> the Defendant, as part of a desktop or mobile
> personal computer. The Class excludes the
> Defendant; the officers, directors or employees of the
> Defendant; and any subsidiary, affiliate or other
> entity in which the Defendant has a controlling
> interest. The Class also excludes all federal, state or
> local governmental entities and all judicial officers
> presiding over this action.

3.    The Court further CERTIFIES the following subclass pursuant to

Federal Rule of Civil Procedure 23(b)(3) for monetary relief under the antitrust

and consumer protection laws of the twenty-six Included States:

> All persons and entities residing in the United States
> who, from June 28, 2001 through the present,[1]
> purchased an x86 microprocessor in the one of the
> Included States, other than for resale, indirectly from
> the Defendant or any controlled subsidiary or
> affiliate of the Defendant, as part of a desktop or
> mobile personal computer. The subclass excludes
> the Defendant; the officers, directors or employees of

---

[1]    For purchases in Kansas, Mississippi, New Hampshire, New York, and
Tennessee, the subclass is limited to the period from June 28, 2002 through
the present. For purchases in Idaho, the subclass is limited to the period from
June 28, 2003 through the present.

the Defendant; and any subsidiary, affiliate or other
entity in which the Defendant has a controlling
interest. The subclass also excludes all federal, state
or local governmental entities and all judicial officers
presiding over this action.

4.      For purposes of this Order, the "Included States" are Arkansas,

Arizona, California, the District of Columbia, Florida, Idaho, Iowa, Kansas,

Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada,

New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode

Island,[2] South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin

5.      The Court APPOINTS the following plaintiffs as representatives of

the class and subclass: Raphael Allison, Elizabeth Baran, Bergerson &

Associates, Inc., Michael Brauch, Mary Annabelle Candelaria, Kelly Cannon,

Marvin Chance, Jr., Joseph Samuel Cone, Carrol Cowan, Judy Cowgill, William

Cronin, Carl Cunningham, Russell Dennis, Dressed to Kill Custom Draperies,

LLC, Fairmont Orthopedics & Sports Medicine, P.A., FICRO Acquisition Co.,

Beth Fink, Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Michael

Hetzel, Patrick Hewson, Jason Hoenshell, Ron Hooper, HP Consulting Services,

Inc., Melinda Harr, D.D.S., P.C., Tracey Kinder, Ronald Konieczka, Matthew

Kravitz, Law Offices of Kwasi Aseidu, Law Offices of Laurel Stanley, David

Lipton, Andrew Meimes, Stewart Munson, Peter Jon Naigow, Chad Ohlrogge,

Raymond Pacia, Phil Paul, Maria Prohias, Paul Ramos, Napoly Salloum, Jay

Salpeter, Francis Slattery, Steiniger Law Offices, P.A., Kevin Stoltz, Dana

Thibedeau, Trotter-Vogel Realty, Inc., UFCW Local 1564, Ian Walker, and Robin

Weeth.

---

[2]      With respect to Rhode Island, the subclass includes only those persons
who purchased a personal computer for personal, family, or household
purposes.

6.    The following claims, issues, or defenses will be treated on a class basis:

      a.    The definition of the relevant market.

      b.    Whether Intel has monopoly power in this market.

      c.    Whether Intel unlawfully monopolized this market.

      d.    Whether Intel acted in concert with other entities.

      e.    Whether Intel's actions violated the federal antitrust laws.

      f.    Whether Intel's actions violated the antitrust laws of the Included States.

      g.    Whether Intel's actions violated the consumer protection laws of the Included States.

      h.    The effect of Intel's conduct on the prices of microprocessors and personal computers.

      i.    The appropriate measure of damages sustained by the members of the proposed class.

      j.    The amount of those damages.

      k.    Whether the members of the proposed relief are entitled to injunctive relief.

      l.    The appropriate form of that relief.

7.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court APPOINTS Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; Hagens Berman Sobol & Shapiro LLP; Saveri & Saveri, Inc.; and Zelle Hofmann Voelbel Mason & Gette L.L.P. as Class Counsel and APPOINTS Prickett, Jones & Elliott, P.A. as Liaison Counsel.

IT IS SO ORDERED:

_____

Honorable Joseph J. Farnan, Jr., J.