# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) ) MDL No. 05-1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated, Plaintiffs, v. INTEL CORPORATION, Defendant. | ) ) ) ) ) ) Civil Action No. 05-485-JJF ) ) CONSOLIDATED ACTION ) ) ) ) |

## [SECOND ALTERNATIVE PROPOSED] ORDER GRANTING CLASS CERTIFICATION

AND NOW, this ___ day of _____, 2008, upon consideration of Class Plaintiffs' Motion for Class Certification, Intel Corporation's Opposition thereto, and Class Plaintiffs' Reply, the Court finds as follows:

1. The proposed Nationwide Class, and each of the Individual State Classes, as defined below, are so numerous that joinder of all members is impracticable.

2. There are questions of law or fact common to the Nationwide Class and each of the Individual State Classes.

3. The claims or defenses of the representative parties are typical of the claims or defenses of the Nationwide Class and each of the Individual State Classes.

4. The representative parties will fairly and adequately protect the interests of the Nationwide Class and each of the Individual State Classes.

19684.1\369713v1

5. The party opposing the classes has acted or refused to act on grounds that apply generally to the classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

6. The questions of law or fact common to class members predominate over any questions affecting only individual members.

7. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, the Court ORDERS as follows:

1. Class Plaintiffs' Motion for Class Certification is GRANTED.

2. The Court CERTIFIES the following class (the "Nationwide Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) for injunctive relief under the federal antitrust laws:

> All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in the United States, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The Class excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The Class also excludes all federal, state or local governmental entities and all judicial officers presiding over this action.

3. In addition, the Court CERTIFIES the following state plaintiff classes (the "Individual State Classes") pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for monetary relief:

ARKANSAS:

All persons and entities residing in the United States who,

from June 28, 2001 through the present, purchased an x86 microprocessor in Arkansas, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Arkansas Indirect Purchaser Class").

ARIZONA

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Arizona, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Arizona Indirect Purchaser Class").

CALIFORNIA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in California, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "California Indirect Purchaser Class").

DISTRICT OF COLUMBIA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in the District of Columbia, other than for

resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "District of Columbia Indirect Purchaser Class").

FLORIDA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Florida, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Florida Indirect Purchaser Class").

IDAHO:

All persons and entities residing in the United States who, from June 28, 2003 through the present, purchased an x86 microprocessor in Idaho, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Idaho Indirect Purchaser Class").

IOWA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Iowa, other than for resale, indirectly

from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Iowa Indirect Purchaser Class").

KANSAS:

All persons and entities residing in the United States who, from June 28, 2002 through the present, purchased an x86 microprocessor in the United States, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Kansas Indirect Purchaser Class").

MAINE:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Maine, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Maine Indirect Purchaser Class").

MASSACHUSETTS:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Massachusetts, other than for resale, indirectly from the Defendant or any controlled subsidiary

or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Massachusetts Indirect Purchaser Class").

MICHIGAN:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Michigan, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Michigan Indirect Purchaser Class").

MINNESOTA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Minnesota, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Minnesota Indirect Purchaser Class").

MISSISSIPPI:

All persons and entities residing in the United States who, from June 28, 2002 through the present, purchased an x86 microprocessor in Mississippi, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile

personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Mississippi Indirect Purchaser Class").

NEBRASKA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Nebraska, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Nebraska Indirect Purchaser Class").

NEVADA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Nevada, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Nevada Indirect Purchaser Class").

NEW HAMPSHIRE:

All persons and entities residing in the United States who, from June 28, 2002 through the present, purchased an x86 microprocessor in New Hampshire, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant;

the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "New Hampshire Indirect Purchaser Class").

NEW MEXICO:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in New Mexico, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "New Mexico Indirect Purchaser Class").

NEW YORK:

All persons and entities residing in the United States who, from June 28, 2002 through the present, purchased an x86 microprocessor in New York, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "New York Indirect Purchaser Class").

NORTH CAROLINA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in North Carolina, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and

any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "North Carolina Indirect Purchaser Class").

NORTH DAKOTA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in North Dakota, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "North Dakota Indirect Purchaser Class").

RHODE ISLAND:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Rhode Island, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer for personal, family, or household purposes. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Rhode Island Indirect Purchaser Class").

SOUTH DAKOTA:

All persons and entities residing in United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in South Dakota, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and

any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "South Dakota Indirect Purchaser Class").

TENNESSEE:

All persons and entities residing in the United States who, from June 28, 2002 through the present, purchased an x86 microprocessor in Tennessee, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Tennessee Indirect Purchaser Class").

VERMONT:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Vermont, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Vermont Indirect Purchaser Class").

WEST VIRGINIA:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in West Virginia, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the

Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "West Virginia Indirect Purchaser Class").

WISCONSIN:

All persons and entities residing in the United States who, from June 28, 2001 through the present, purchased an x86 microprocessor in Wisconsin, other than for resale, indirectly from the Defendant or any controlled subsidiary or affiliate of the Defendant, as part of a desktop or mobile personal computer. The subclass excludes the Defendant; the officers, directors or employees of the Defendant; and any subsidiary, affiliate or other entity in which the Defendant has a controlling interest. The subclass also excludes all federal, state or local governmental entities and all judicial officers presiding over this action. (the "Wisconsin Indirect Purchaser Class").

5. The following plaintiffs are appointed as class representatives:

| State[1] | Proposed Representative(s) |
|---|---|
| Arizona | Napoly Salloum |
| | Dressed to Kill Custom Draperies, LLC |
| California | Michael Brauch |
| | Gabriella Herroeder-Perras |
| | David Lipton |
| | Andrew Meimes |
| | Stewart Munson |
| | Ian Walker |
| | Law Offices of Kwasi Aseidu |
| | Law Offices of Laurel Stanley |

---

[1] States not included in the proposed Individual State Classes are marked with an asterisk.

| State[1] | Proposed Representative(s) |
|---|---|
| | Trotter-Vogel Realty, Inc. |
| Delaware* | Matthew Kravitz |
| District of Columbia | Carrol Cowan |
| Florida | Maria Prohias |
| | Paul Ramos |
| | HP Consulting Services, Inc. |
| Idaho | Seiniger Law Offices, P.A. |
| Iowa | Jason Hoenshell |
| Illinois* | Patrick Hewson |
| Kansas | Marvin Chance, Jr. |
| Maine | Carl Cunningham |
| Massachusetts | Dana Thibedeau |
| Michigan | Michael Hetzel |
| Minnesota | Bergerson & Associates, Inc. |
| | Fairmont Orthopedics & Sports Medicine, P.A. |
| Mississippi | Judy Cowgill |
| Nebraska | Beth Fink |
| New Hampshire | Ron Hooper |
| New Jersey* | Phil Paul |
| | Francis Slattery |
| New Mexico | Mary Annabelle Candelaria |
| | United Food and Commercial Workers' Union, Local 1564 |

| State[1] | Proposed Representative(s) |
|---|---|
| New York | Raphael Allison |
| | Jay Salpeter |
| North Carolina | Joseph Samuel Cone |
| North Dakota | Melinda Harr, D.D.S., P.C. |
| Ohio* | Ronald Konieczka |
| Rhode Island | Raymond Pacia |
| South Carolina* | Kelly Cannon |
| South Dakota | Chad Ohlrogge |
| Tennessee | Nancy Herring |
| Texas* | William Cronin |
| Utah* | Mark Helm |
| Vermont | Russell Dennis |
| | FICRO Acquisition Co. |
| Washington* | Kevin Stoltz |
| West Virginia | Tracey Kinder |
| Wisconsin | Elizabeth Baran |
| | Peter Jon Naigow |
| | Robin Weeth |

6.   For purposes of this Order, the "Included States" are Arkansas, Arizona, California, the District of Columbia, Florida, Idaho, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Rhode Island, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin

7. The following claims, issues, or defenses will be treated on a class basis:

    a. The definition of the relevant market.

    b. Whether Intel has monopoly power in this market.

    c. Whether Intel unlawfully monopolized this market.

    d. Whether Intel acted in concert with other entities.

    e. Whether Intel's actions violated the federal antitrust laws.

    f. Whether Intel's actions violated the antitrust laws of the Included States.

    g. Whether Intel's actions violated the consumer protection laws of the Included States.

    h. The effect of Intel's conduct on the prices of microprocessors and personal computers.

    i. The appropriate measure of damages sustained by the members of the proposed Individual State Classes.

    j. The amount of those damages.

    k. Whether the members of the proposed classes are entitled to injunctive relief.

    l. The appropriate form of that relief.

8. Pursuant to Federal Rule of Civil Procedure 23(g), the Court APPOINTS Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; Hagens Berman Sobol & Shapiro LLP; Saveri & Saveri, Inc.; and Zelle Hofmann Voelbel Mason & Gette L.L.P. as Class Counsel and APPOINTS Prickett, Jones & Elliott, P.A. as Liaison Counsel.

IT IS SO ORDERED:

_____
Honorable Joseph J. Farnan, Jr., J.