IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>)<br>) | MDL Docket No. 05-1717 (JJF) |
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD.<br><br>               Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-441 (JJF) |
| PHIL PAUL, on behalf of himself and<br>all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**NOTICE OF SUBPOENA *AD TESTIFICANDUM***

      **PLEASE TAKE NOTICE** that, pursuant to Rule 45 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, a subpoena *ad testificandum* has been or will be served on Costco Wholesale Corporation. A true and correct copy of the subpoena is attached hereto.

Defendant Intel Corporation will take the deposition upon oral examination of Costco Wholesale Corporation regarding the subject matter set forth in the attached Exhibit A. The deposition will take place before an authorized court reporter, commencing at 9:00 A.M. on July 2, 2008 at Seattle Deposition Reporters, 600 University Street, One Union Square Building, Suite 320, Seattle, WA 98101, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed and shall be transcribed. You are invited to attend and cross-examine the witness.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| David M. Balabanian<br>Donn Pickett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>(415) 393-2000 | By: /s/ W. Harding Drane, Jr.<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000 |
| Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 373-6000 | rhorwitz@potteranderson.com<br>wdrane@potteranderson.com |
| Dated: June 18, 2008<br>870226/29282 | Attorneys for Defendant<br>INTEL CORPORATION |

### Exhibit A

### DEFINITIONS AND INSTRUCTIONS

1. The terms **YOU** and **YOUR** shall mean Costco Wholesale Corporation, and any past or present predecessor, successor, parent, subsidiary, division or affiliate, and all persons (as defined below) acting on its behalf including, without limitation, present and former officers, directors, employees, attorneys, agents, and representatives.

2. The term **COMPUTER PRODUCTS** includes without limitation desktop computers, laptop computers, workstations and servers containing an x86 microprocessor.

### DEPOSITION TOPICS

1. The data that **YOU** produced, including the definitions for all data fields, abbreviations or codes rejected as values in any data fields, and the interaction among the datasets produced, including but not limited to:

    a. How to link the "Sales" data and "Coupon Data", whether sales data reflects the discount reflected in the coupon, and if not, how one would make this adjustment.

    b. How the files "Receiving Rebates Program Listings" and "Receiving Vendor Rebate Transactions 2000-20006" relate to one another.

    c. The identification of the computer and processor manufacturer in Sales and Purchase Data.

    d. Whether the Purchase Data includes freight.

2. **YOUR** marketing and pricing strategies for **COMPUTER PRODUCTS** or X86 microprocessors in any of the following business segments: retail/consumer; small/medium business; corporate; ecommerce

3. The relationship, if any, between **YOUR** pricing decisions and the cost of goods sold.

4. A description, target and duration of any price promotion programs that **YOU** offered regarding the sale of **COMPUTER PRODUCTS** or X86 microprocessors.

5. **YOUR** strategic analyses or plans or competitive reviews regarding the retail market for **COMPUTER PRODUCTS**.

6. Any analyses or consideration that **YOU** gave to discriminatory pricing of **COMPUTER PRODUCTS**, whether geographical, platform or business segment-based.

7. The lag between the announcement of a change in the cost of the processor and a change in the price of **YOUR COMPUTER PRODUCTS**.

8. How frequently (daily, weekly, monthly) sales prices for **YOUR COMPUTER PRODUCTS** will change, whether sales prices vary from store to store and why, and whether store managers have the discretion to change the sales price.

≈AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### Western District of Washington

In re Intel Corporation Microprocessor Antitrust Litig.

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] MDL 05-1717 (JJF), D. Delaware

TO:  Costco Wholesale Corporation
999 Lake Drive
Issaquah, WA 98027

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Seattle Deposition Reporters, 600 University St., One Union Square, Suite 320, Seattle, WA 98101 | 7/2/2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant Intel Corporation | 6/17/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mit Winter, Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, CA 94111, (415) 393-2000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, Jr., hereby certify that on June 18, 2008 the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Jesse A. Finkelstein | James L. Holzman |
| Frederick L. Cottrell, III | J. Clayton Athey |
| Chad M. Shandler | Prickett, Jones & Elliott, P.A. |
| Steven J. Fineman | 1310 King Street |
| Richards, Layton & Finger | P.O. Box 1328 |
| One Rodney Square | Wilmington, DE 19899 |
| 920 North King Street | |
| Wilmington, DE 19801 | |

I hereby certify that on June 18, 2008, I have Electronically Mailed the documents to the following non-registered participants:

| | |
|---|---|
| Charles P. Diamond | Mark A. Samuels |
| Linda J. Smith | O'Melveny & Myers LLP |
| O'Melveny & Myers LLP | 400 South Hope Street |
| 1999 Avenue of the Stars, 7th Floor | Los Angeles, CA 90071 |
| Los Angeles, CA 90067 | msamuels@omm.com |
| cdiamond@omm.com | |
| lsmith@omm.com | |
| | |
| Salem M. Katsh | Michael D. Hausfeld |
| Laurin B. Grollman | Daniel A. Small |
| Kasowitz, Benson, Torres & Friedman LLP | Brent W. Landau |
| 1633 Broadway, 22nd Floor | Cohen, Milstein, Hausfeld & Toll, P.L.L.C. |
| New York, New York 10019 | 1100 New York Avenue, N.W. |
| skatsh@kasowitz.com | Suite 500, West Tower |
| lgrollman@kasowitz.com | Washington, D.C. 20005 |
| | mhausfeld@cmht.com |
| | dsmall@cmht.com |
| | blandau@cmht.com |

Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
tdove@furth.com
aturan@furth.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Michael P. Lehman
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA  94111
mlehmann@cmht.com

By: /s/ W. Harding Drane, Jr.
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kasiha*

Dated: June 18, 2008

738395 / 29282

2