# Morris James LLP

P. Clarkson Collins, Jr.
302.888.6990
pcollins@morrisjames.com

June 26, 2008

*Via Electronic Mail and*
*First Class Mail*

Special Master Vincent J. Poppiti
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

      Re: *In re Intel Corp. Microprocessor Litig. (MDL No. 1717-JJF) and Phil Paul v. Intel Corp. (C.A. No. 05-485-JJF)*

Dear Special Master Poppiti:

    I write on behalf of Sony Electronics, Inc. ("SEL") in opposition to the motion to intervene and modify the Protective Order ("Motion") filed by Union Federale Des Consommateurs–Que Choisir ("QC") (Docket No. 853; filed April 9, 2008).

    SEL agrees with the arguments made by various third-party companies opposing QC's Motion to Intervene. *See* Third-Parties' Opposition to Motion of Union Federale Des Consommateurs–Que Choisir to Intervene for the Purpose of Seeking Modifications to Protective Order and Application Pursuant to 28 U.S.C. § 1782 ("Opposition") (Docket No. 745; filed June 26, 2008). As discussed in that Opposition, QC's proposed modifications to the Protective Order would threaten the interests of third parties by potentially permitting widespread dissemination of the third parties' highly confidential documents to numerous individuals and entities (*i.e.* those affiliated with QC) in foreign jurisdictions, and by allowing their use before foreign courts and tribunals. The concerns of third parties, including SEL, regarding the protection of their confidential documents in other jurisdictions have already been validated by the Special Master and resulted in changes to the proposed Protective Order before it was entered. *See, e.g.*, Special Master's Report and Recommendations Regarding Proposed Protective Order (Docket No. 177; filed ) at 116 ("[T]his Court should not prematurely circumvent the defenses that Third Parties may wish to raise and/or actions they may wish to take to protect their confidential information from disclosure to persons not subject to the jurisdiction of this Court."); Objections of Fujitsu Limited, NEC Corporation, Sony Corporation, Sony Electronics Inc., and Toshiba Corporation to Stipulated Confidentiality Agreement (Docket No. 89; filed May 19, 2006). SEL relied on the terms and enforceability of the Protective Order

Morris James LLP

Special Master Vincent J. Poppiti
June 26, 2008
Page 2

when producing its confidential materials. It would be unfair to substantively change those very protections at this stage.

As also discussed in the Opposition, the modifications proposed by QC do not ensure that QC will be bound by certain provisions of the Protective Order such as confidentiality and notice. Moreover, third-parties would bear the burden of monitoring QC's compliance with the Protective Order if QC's motion were granted. That burden would fall on SEL, which is incorporated and principally located in the United States. SEL would be required to expend resources to ensure protection of its confidential information in at least one additional foreign jurisdiction. The Motion, if granted, could force SEL to litigate in Europe to protect its confidential information produced in the American case.

For these reasons, and the reasons stated in the oppositions filed by others, SEL requests QC's Motion should be denied.

Respectfully submitted,

P. Clarkson Collins, Jr. (Bar I.D. 739)

PCC/lsw
cc:   Frederick L. Cottrell, III, Esquire (by-e-filing)
      Richard L. Horwitz, Esquire (by e-filing)
      James L. Holzman, Esquire (by-e-filing)
      Vernon R. Proctor, Esquire (by e-filing)
      Clerk, District Court (by e-filing)

1827539