IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

### STIPULATION AND PROPOSED ORDER REGARDING 30(b)(6) DEPOSITIONS OF CERTAIN THIRD PARTIES

WHEREAS, the Court proposed and Class Plaintiffs and Intel have agreed to a September 30, 2008 deadline for Intel's opposition to the motion for class certification; and

WHEREAS, Intel seeks to take Rule 30(b)(6) testimony from multiple third parties previously subpoenaed in this case to produce transactional and other financial data (the "Rule 30(b)(6) deponents"), the scope to include the data they have produced as well as various aspects of their pricing, marketing and sales strategies for their computer business (hereafter the "Rule 30(b)(6) depositions"); and

WHEREAS, Intel has currently set these depositions during the seven-week period between July 1 and August 13, 2008; and

WHEREAS, a substantial number of the Rule 30(b)(6) deponents, including Dell, HP, Lenovo, Acer and Avnet, have not yet produced the transactional and other financial data the parties requested and completion of the production in unlikely to occur in advance of the 30(b)(6) depositions; and

WHEREAS, Case Management Order No. 6 entitles a party receiving notice of a proposed third-party deposition to object to the deposition on the ground that the state of the third-party's production makes the deposition premature (¶ 5 (c)); and imposes various notification and scheduling requirements established specifically for third parties (¶ 5 (a) and (b)); and

WHEREAS, because compliance with Case Management Order No. 6 might preclude Intel from taking all of the Rule 30(b)(6) depositions it believes it needs in connection with the class certification proceedings, prior to the September 30, 2008 deadline for Intel's opposition brief, the parties have agreed to waive certain provisions of Case Management Order No. 6 and to suspend application of the one-deposition rule to the Rule 30(b)(6) depositions;

2

NOW, THEREFORE, the parties through their respective counsel of record hereby stipulate that, subject to the approval of the Special Master, the following rules will govern the Rule 30(b)(6) depositions:

1. **Objection on the Ground of Prematurity.** AMD and Class Plaintiffs waive their right to object to the Rule 30(b)(6) depositions on that ground that the party being deposed has not yet completed its transactional and other financial data production. However, the one-deposition rule will not apply to any Rule 30(b)(6) deponent that has not produced all transactional and other financial data requested by any of the parties at least 14 days prior to its scheduled deposition. As to any such Rule 30(b)(6) deponent, AMD and the Class may re-notice the Rule 30(b)(6) deposition for the purpose of examining any matters fairly raised by any subsequently-produced transactional or other financial data. Intel shall be able to examine on those matters at that time.

2. **Advance Notice and Scheduling Requirements.** The requirements of Paragraph 1(a), (b), (c) and (e), and 5(a), (b), and (c) of the Case Management Order No. 6 shall not apply to the Rule 30(b)(6) depositions.

SO ORDERED this 30th day of June, 2008.

_____
Vincent J. Poppiti (#100614)
Special Master