# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201-1515
TELEPHONE: 214-220-3939 • FACSIMILE: 214-969-5100

Direct Number: (214) 969-2978
trjackson@jonesday.com

June 30, 2008

JP643804
953739-050005

**VIA OVERNIGHT DELIVERY**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 4209
Wilmington, DE 19801

Re:   In re Intel Corporation, C.A. No. 05-441-JJF - Case Management Order No. 6

Dear Judge Farnan:

  Pursuant to the Court's June 16, 2008 Case Management Order No. 6 in the consolidated *In re Intel Corp. Microprocessor Antitrust Litigation* actions, Dell Inc. ("Dell") hereby submits the following comments with respect to the Third Party Document Production Cut-Off. In doing so, Dell is not admitting that it is subject to the jurisdiction of this Court with respect to any issues that may arise nor is it waiving its right to have all subpoenas that are served on it be issued out of the Western District of Texas.

  At this point, Dell does not know whether it will complete its discovery responses by the date set forth in the Court's Order. In January 2007, Dell entered into a Document Production Agreement ("Agreement") with Intel, AMD, and the Class Plaintiffs (collectively "the Parties"). The Agreement foresaw two rounds of production of "inspection sets" based on agreed search terms. The Parties agreed to reimburse Dell a set amount to cover the costs associated with collecting, processing, hosting and producing data and documents. Dell has completed the requirements for that payment but has yet to be paid.

  Based on the over 1,000 unique search terms in the first round of production, Dell produced over 86 gigabytes of data, consisting of hundreds of thousands of documents, to AMD and Intel. The costs to do so have far surpassed the original estimates by more than double, due in part to the complications associated with producing in native format as requested by the parties.

  AMD and Intel recently provided Dell with a second set of search terms, though Intel has since informed Dell that it was content with the terms not being run. This second set of search

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Joseph J. Farnan, Jr.
June 30, 2008
Page 2

terms results in an additional 85,000 documents to be reviewed and potentially produced. Dell does not believe that any further searching is necessary given the massive production made to date. Dell has informed the parties that if any further searches occur Dell will need to be reimbursed for the costs of performing them.

   The Agreement also stated that the Parties would prepare a consolidated list of transactional data that they seek, and that Dell and the Parties would then negotiate the scope and protocols for production of that data. Negotiations have been ongoing on this issue over the course of the past year and have not yet been resolved. The Parties initially requested detailed data regarding every individual transaction for a seven-year period. Dell's sales volume on any given day can produce millions of separate transactions. If Dell were to attempt to collect all such data, it would be very expensive, take weeks, if not months, to run, and would cripple the normal operation of Dell's systems. Since such a widespread production was not possible, the Parties have made various piecemeal requests to Dell for samples and other collections of data. Dell has largely complied with these requests but has asked that the Parties, having been informed of Dell's systems, come back to Dell with a single, final request. It is unclear whether or when the parties will do so, or whether that request will be acceptable to Dell.

   In sum, Dell cannot commit at this time that it will complete its document production by the August 29, 2008 deadline. Further negotiations with the Parties will determine Dell's ability to meet the deadline. Dell has no interest in delaying the discovery process and will continue to cooperate with the Parties in an effort to meet the Court's deadline.

Sincerely,

Thomas R. Jackson

cc:   The Honorable Vincent J. Poppiti (by electronic mail)
      Richard L. Horwitz, Esq. (by electronic mail)
      Frederick L. Cottrell, III, Esq. (by electronic mail)
      James L. Holzman, Esq. (by electronic mail)