

**SHUTTS & BOWEN LLP**

ERIC S. ADAMS
Member Florida Bar
(813) 227-8122 Direct Telephone
(813) 227-8222 Direct Facsimile

E-MAIL ADDRESS:
eadams@shutts.com

July 1, 2008

Special Master Vincent J. Poppiti
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801

    RE:  *In Re Intel Corporation Microprocessor Antitrust Litigation*, MDL No. 1717-JJF; *Advanced Micro Devices, Inc., et al v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; and *Phil Paul, et al. v. Intel Corporation*, C.A. No. 05-485-JJF

Dear Special Master Poppiti:

    My firm represents Tech Data Corporation ("Tech Data"). The purpose of this correspondence is to raise concerns that Tech Data has about complying with the August 29, 2008 deadline to complete third-party discovery, as expressed in the Case Management Order No. 6, dated June 16, 2008.

    Tech Data is a large broad line distributor of technology products from leading IT hardware and software manufacturers. Tech Data sells to more than 100,000 IT solution providers in over 100 countries. As a third-party, Tech Data has received subpoenas for information in the Intel-AMD litigation. Over the past 24 months, Tech Data has been working with counsel for Intel, AMD and the putative class to compile documents and information responsive to the subpoenas. Despite efforts by all parties to reduce the burden upon Tech Data, the process of complying with the subpoenas has become overly burdensome upon Tech Data.

    Subject to limited additional production, Tech Data believes it has satisfied its obligations to produce information responsive to the subpoenas. That production included: paper production, electronic production (e.g., e-mails), and transaction data production.

    **Paper Production.** Tech Data has produced more than 60,000 pages of paper documents for inspection. Tech Data has completed its production of documents in response to the paper production portion of third-party discovery directed to Tech Data.

Vincent J. Poppiti, Esq.
July 1, 2008
Page 2

**Electronic Data.** Tech Data has also produced a significant amount (26 gigabytes) of electronic information in the form of e-mails, electronic documents, and imaged hard drives. Tech Data has completed its production of electronic information in response to the electronic data portion of third-party discovery directed to Tech Data.

**Transactional Data.** Tech Data has produced detailed transactional information related to its purchase and sales of microprocessors manufactured by Intel and AMD in an Access database. Tech Data also produced a systems key to the transactional data, in order that the requesting parties could decipher the data. To further assist the requesting parties in understanding the transactional data, its scope, and its limitations, Tech Data provided at a day-long deposition, a systems analyst and database architect with extensive experience with the relevant databases.

In spite of this production by Tech Data, certain parties have continued to demand additional transactional data. It is Tech Data's position that it has complied with the subpoenas and that any requests for additional information are unduly burdensome and more readily available from other sources, such as the manufacturers or industry-related third-party data compilers. For example, Tech Data has been requested to produce information regarding all Tech Data sales involving any product containing a component part manufactured by Intel or AMD. Frankly, Tech Data's database is structured to assist in carrying out its business purpose of buying and selling products, not to serve as a mass reporting tool for this information. Upon learning that Tech Data could not provide the focused transactional data, the requesting parties sought information of all transactions involving technology <u>which might possibly</u> contain component parts manufactured by Intel or AMD. The requesting parties contemplated Tech Data culling through the data dump to locate potentially responsive information.

In order to produce this information, Tech Data would have to run multiple and rudimentary searches on weekends and after hours on its existing, operating systems; thereby incurring substantial additional labor expense in the form of employee overtime. To comply with these additional transactional data runs, Tech Data estimates that this process would take additional employee hours and could extend beyond the August 29, 2008 deadline.

There are more reasonable alternatives. Tech Data has encouraged the requesting parties to seek information from the NPD Group (www.npd.com), which is an industry-related data compiler that takes real-time data from Tech Data and other distributors and compiles that data into digestible reports. The NPD Group is in the business of doing what Tech Data cannot (compiling, culling, sorting, and searching transactional data). Alternatively, the requesting parties should seek component part sales data from the manufacturers of the products sold to Tech Data and other distributors. The manufacturers clearly will have more direct sales data.

By way of summary, Tech Data feels that it has already complied with the subpoenas in this litigation by producing tens of thousands of paper documents, 26 gigabytes of electronic data, and 12 megabytes of transactional data. However, should Tech Data be obligated to extract

Vincent J. Poppiti, Esq.
July 1, 2008
Page 3

additional transactional data, as described above, it will not be able to complete the production of any additional transactional data before August 29, 2008. While it is attempting to resolve its differences with the requesting parties, if the requesting parties persist with their requests, Tech Data will seek a protective order from this tribunal addressing the scope, burden and expense of these requests.

Should you require additional information, please do not hesitate to contact the undersigned.

Sincerely,

SHUTTS & BOWEN LLP

Eric S. Adams

ESA/sag

cc:   Kevin Teismann, Esquire
      Teresa Kennedy

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2008, I caused the foregoing to be filed electronically with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Frederick L. Cottrell, III, Esquire
Chad M. Shandler, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Richard L. Horwitz, Esquire
W. Harding Drane, Jr, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

James L. Holzman, Esquire
J. Clayton Athley, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

_____
Thomas G. Macauley (ID No. 3411)

1867487.1