# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF MICROSOFT<br>CORPORATION | )<br>)<br>)<br>)  Civil Action 06-MBD-10061 (MLW)<br>)<br>)<br>) |

MEMORANDUM OF THE COMMISSION OF THE EUROPEAN COMMUNITIES
IN SUPPORT OF NOVELL, INC.'S MOTION TO QUASH

The Commission of the European Communities (hereinafter "European Commission" or "Commission") respectfully submits this Memorandum in support of Novell, Inc.'s ("Novell") motion to quash the subpoena served by Microsoft Corporation ("Microsoft"). The European Commission respectfully submits that denying Novell's motion to quash and permitting the discovery requested by Microsoft would contravene principles of international comity since, in this case, the Commission is *not* receptive to the judicial assistance sought by Microsoft pursuant to 28 U.S.C. §1782 and, indeed, believes that enforcement of Microsoft's subpoena would pose a serious risk that the Commission's rules and procedures concerning competition law enforcement would be circumvented.

I.  INTRODUCTION

   A.  Background On the Institutional Structure of the Commission And its Decision-Making Process.

The European Commission will first provide a brief explanation of the institutional structure put in place by the relevant international treaties and agreements that established the European Union. For purposes of the present proceedings, the relevant treaty is the Treaty

USIDOCS 5597699v1

establishing the European Community (see consolidated version in OJ C 325, 24.12.2002, p. 33.) The main institutional provisions of this Treaty may be summarized as follows.

The Member States have agreed to transfer a large part of their sovereign powers in many areas to the European Community. The competences transferred are exercised by the European Parliament and the Council of Ministers acting as co-legislator on the basis of proposals submitted by the European Commission. The European Commission, which is one of the institutions of the European Community, is its basic executive and administrative organ. Among its functions is to ensure the effective enforcement of and compliance with the provisions of the Treaty, a role which is referred to as the "guardian of the Treaty" (see Article 211 of the EC Treaty). The Commission's responsibilities within the organizational structure of the European Community extend to a wide range of subject areas. Functionally, the Commission's powers include proposing legislation, managing and implementing European Union policies, budget and law enforcement. In a number of areas, the Commission has been granted powers to enforce directly the Treaty regulations and decisions promulgated pursuant to it.

Although it has no legal personality itself, which is vested with the European Community, the Commission is also entrusted with the task of representing the European Community on the international stage, including in contexts of litigation like in this case where the European Community's interests are at stake or likely to be affected.

With regard in particular to competition law and policy, the Treaty conferred on the Commission substantial decision-making powers. Through the Directorate-General for Competition (hereinafter "DG Competition"), which is one the of the Commission's internal

USIDOCS 5597699v1

departments[1], the Commission enforces the Treaty's provisions relating to competition law. These provisions include, in particular, Article 81 (relating to anti-competitive agreements, including cartels), Article 82 (relating to abuse of dominant position), Article 87 (relating to market-distorting state aid), and specific legislation regulating concentrations of undertakings with Community dimension (i.e. mergers).

### B.    Microsoft's Application For Discovery Before The District Court.

The European Commission has been informed that on March 3, 2006, Microsoft filed an ex parte application pursuant to 28 U.S.C § 1782 in this Court requesting the Court to endorse a subpoena to Novell to produce documents. The Commission has also been informed that the Court issued an order on March 7, 2006, authorizing Microsoft to serve the subpoena and authorizing Novell to file a motion to quash. The Commission has further learned that the Court held a hearing on March 28, 2006 and provisionally ordered Novell to produce certain of the documents requested in Microsoft's subpoena. On March 30, 2006, pursuant to the Court's instruction, Novell and Microsoft agreed that the scope of Microsoft's subpoena to Novell would be modified to request the following:

> "Novell shall produce all non-privileged documents in its possession, custody or control as of the date of service of the original subpoena on Novell, that constitute or summarize communications between Novell, the Commission, the Monitoring Trustee, OTR or any other third party known or believed by Novell to have been retained by the Commission, relating specifically to or referencing the subject matter of the SO, namely Microsoft's compliance or alleged failure to comply with its obligations under Articles 5(a) and (c) of the 2004 Decision to provide complete and accurate technical documentation embodying the Interoperability Information."

---

[1] DG Competition, as an internal department of the European Commission, has no power to act autonomously. The actions and law enforcement activities it undertakes are carried out under the prior authorization and on behalf of the European Commission, the Commission being the decision making organ of the European Community in areas of competition law.

- 3 -

The Commission also has been informed that the Court suspended issuing its provisional order of March 28, 2006 until April 6, 2006 to offer *inter alia* the Commission an opportunity to authoritatively present its position on Microsoft's (revised) discovery request.

The European Commission is grateful for this opportunity and, by the present Memorandum, would like to state its position authoritatively on Microsoft's discovery request and Novell's motion to quash.[2] The Commission believes that Microsoft's request raises very important issues and problems of law and policy, in particular as regards the enforcement of the rules on access to material in the Commission's file and rights of a defendant in the Commission's antitrust investigations.

## II. FACTUAL AND LEGAL BACKGROUND

### A. The Framework Within Which The European Commission Carries Out Its Antitrust Investigations.

The Commission's powers of enforcement in competition law are set out in Council Regulation 1/2003 (OJ No L 1, 4.1.2003, p. 1, a copy of which is attached as Exhibit B).[3] Regulation 1/2003 provides specific means for investigating suspected infringements of competition law, notably by issuing formal requests for information, taking oral statements, conducting on-site inspections, etc. Regulation 1/2003 is further implemented by Commission Regulation No. 773/2004, which sets out more precise rules governing certain procedural issues in competition law enforcement before the Commission.

It is well established in European Community law, in general, and competition law, in particular, that the rights of defense and the right to be heard of potentially affected entities and individuals are properly respected. As the European Court of Justice has held in its judgment in connection with Hoffman-La Roche Co. AG v. Commission, [1979] ECR 461: *"observance of*

---

[2] A copy of the Authority issued by the Commission in this matter is attached hereto as Exhibit A.
[3] Council Regulation 1/200 replaced Counsil Regulation No. 17/62.

- 4 -

USIDOCS 5597699v1

*the right to be heard is in all proceedings in which sanctions, in particular fines or penalty payments, may be imposed a fundamental principle of Community law which must be respected. [...]"*[4]

In line with this judgment and established case law of the European Court of Justice and the Court of First Instance, the Commission has put in place a number of procedural rules which guarantee the application of the principle of equality of arms, the protection of the rights of defense and due process in proceedings before the Commission. In particular, the rules on access to material in the Commission's file were adopted for the purpose of enabling potentially any affected party to effectively exercise their rights of defense in Commission competition proceedings.

The "Commission's file" in a competition law investigation (hereinafter also referred to as "the file") consists of all documents, which have been obtained, produced and/or otherwise assembled by the Commission, during the investigation phase.[5] Access to the file is granted to adversely affected parties in proceedings before the Commission. The access is granted to all documents making up the Commission's file, with the exception of internal documents, business secrets of other entities or other confidential information.[6] This access is granted after a Statement of Objections has been addressed to the party concerned setting out the Commission's provisional findings from the investigation concerning a potential violation of the competition

---

[4] Judgment of the Court of February 13, 1979 in Case 85/76, Hoffmann-La Roche & Co. AG v. Commission [1979] ECR 461, a copy of which is attached as Exhibit C.
[5] See Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, and Articles 53, 54 and 57 of the EEA Agreement and Regulation (EC) No 139/2004, OJ 2005/C 325, 22.12.2005, p. 7 ("Notice on access to file"), at paragraph 7, a copy of which is attached as Exhibit D. This notice replaces an earlier but similar Commission Notice of 1997 on access to file; see OJ C 23 of 23.01.1997.
[6] "Internal documents" can be neither incriminating nor exculpatory. They do not constitute part of the evidence on which the Commission can rely in its assessment of a case. Thus, the parties will not be granted access to internal documents in the Commission file. Given their lack of evidential value, this restriction on access to internal documents does not prejudice the proper exercise of the parties' right of defense. See Commission Notice on access to file, at paragraph 3.1.

- 5 -

USIDOCS 5597699v1

rules.[7] Obviously there are certain limitations to access. The European Court of Justice has confirmed that *"the Commission is allowed to preclude from the administrative procedure evidence which has no relation to the allegations of fact and of law in the Statement of Objections and which therefore has no relevance to the investigation."*[8]

Where an adversely affected party believes that the Commission's Services (i.e. in this case DG Competition) have erroneously or unlawfully withheld documents which are necessary for its defense, it may make a request to the Hearing Officer for a decision to enable it to have access to such documents. The Hearing Officer is responsible for safeguarding the rights of defense of the parties concerned in Commission proceedings.[9] The Hearing Officer, from administrative and functional points of view, is <u>not</u> an official of DG Competition. He or she is independent and directly attached to the office of the Commissioner in charge of competition policy.[10] The Hearing Officer reports to the competition Commissioner and ultimately the Commission.

The Hearing Officer, once properly seized of a request by an interested party, has the power to decide *inter alia* whether to grant or refuse access to the documents sought. A decision by the Hearing Officer to authorize or not to authorize the disclosure of certain documents to a party concerned is ultimately susceptible to judicial review by the Court of First Instance and the European Court of Justice. Similarly, an entity which considers that certain of the documents in the Commission's file contain its business secrets that should not be disclosed to the defendant seeking access, can appeal directly a decision by the Hearing Officer authorizing access to the

---

[7] See Notice on access to file, supra, at paragraph 10.
[8] See Judgment of the Court of Justice of January 7, 2004, in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland, [2004] ECR, not yet reported, at paragraph 126, a copy of which is attached as Exhibit E.
[9] See Articles 1 and 8 of the Commission Decision of May 23, 2001 on the terms of reference of hearing officers in certain competition proceedings, OJ 2001 L 162, 19.6.2001, p. 21 (hereinafter "the Hearing Officer Decision"). Currently, there are two persons serving as Hearing Officers.
[10] See Article 2 of the Hearing Officer Decision, supra.

- 6 -

Court of First Instance and the European Court of Justice.[11]

Documents obtained through access to the file cannot be used for any purpose other than the proceedings applying competition law before the Commission or in proceedings before the European courts. This safeguard is contained in Article 15 of Regulation 773/2004, which stipulates that documents obtained through access to file may only be used *"[...] for the purposes of judicial and administrative procedures for the application of Articles 81 and 82 of the Treaty."* Furthermore, the European Commission Notice on access to file states that:

> "Should the information be used for a different purpose, at any point in time, with the involvement of an outside counsel, the Commission may report the incident to the bar of that counsel, with a view to disciplinary action."[12]

It is important to note that the Commission makes that obligation and the attending sanctions clear in a standard letter to all concerned and their counsel, when addressing to them a Statement of Objections and providing access to file.

    **B.    The Proceedings Against Microsoft Pursuant To Article 24 of Regulation 1/2003.**

On March 24, 2004, the Commission adopted a decision in Case COMP/C-3/37.792 – Microsoft ("the Decision"), in which it concluded that Microsoft had abused its dominant position in PC operating systems by:

- (i) refusing to provide interoperability information necessary for competitors to be able to effectively compete in the work group server operating system market, and
- (ii) tying its Windows Media Player with the Windows PC operating system.

The Commission imposed a fine of €497,196,304 on Microsoft and ordered it to bring the above-mentioned infringements of Article 82 EC to an end (Article 4 of the Decision). In particular, the Decision ordered Microsoft to supply interoperability information to interested

---

[11] See Article 9 of the Hearing Officer Decision, *supra*.
[12] Commission Notice on access to file, p. 7.

- 7 -

undertakings on reasonable and non-discriminatory terms and conditions ("the interoperability remedy", Article 5 of the Decision), and to offer a full-functioning version of its Windows PC operating system which does not incorporate Windows Media Player ("the tying remedy," Article 6 of the Decision).

The Decision also provided for the establishment of a mechanism to monitor proper and accurate implementation, including the appointment of a Monitoring Trustee, whose role is to provide expert advice to the Commission on Microsoft's compliance with the Decision. Microsoft was granted a deadline of 120 days to implement the interoperability remedy, and a deadline of 90 days to implement the tying remedy.

The obligations imposed by the Decision on Microsoft were suspended, pending the Court of First Instance's consideration of Microsoft's request for interim measures. Microsoft's application for interim measures was, however, dismissed by the President of the Court of First Instance on December 22, 2004.[13] Consequently, Microsoft is under an obligation to comply with the Decision without delay.

On July 28, 2005, the Commission adopted another decision concerning the monitoring mechanism contained in Article 7 of the Decision.[14] The July 2005 decision sets out, in particular, the framework under which the Monitoring Trustee, mentioned earlier, will work. Subsequent to this July 2005 decision, the Commission invited Microsoft to put forward candidates for appointment as Monitoring Trustee. On October 4, 2005, on the basis of a short list of candidates submitted by Microsoft itself, the Commission appointed as Monitoring Trustee by common agreement with Microsoft, Professor Neil Barrett, a British computer science expert.

---

[13] Order of the President of the Court of First Instance of December 22, 2004 in Case T-201/04 R, Microsoft v Commission, [2004] ECR, not yet reported.
[14] See doc. C (2005) 2988 final.

- 8 -

It is important to clarify at this stage that Article 24 of Council Regulation 1/2003 grants the Commission the power to impose on parties daily penalty payments, not exceeding 5% of the average daily turnover of the parties concerned in the preceding business year. The purpose is to compel parties to put an end to infringement of Article 81 or 82 EC Treaty following a prohibition decision taken against them by the Commission pursuant to Article 7 of Regulation 1/2003 (see Article 24(1)(a)).

In this context, the Commission, on the basis of an opinion on the Technical Documentation from the firm, OTR ("Organization and Technology Research"), which is an outside technical expert firm retained by the Commission to assist it on technical issues, decided to open proceedings against Microsoft in order to compel it to comply with its obligations stemming from the Decision. Consequently, on November 10, 2005, the Commission issued another decision against Microsoft, pursuant to Article 24(1) of Regulation 1/2003 ("the Art 24(1) Decision"), for failure to comply with the interoperability provisions of its March 2004 Decision. This November 2005 decision is the first step in a procedure leading to the imposition of daily penalty payments pursuant to Article 24 of Regulation 1/2003. By means of this November 2005 decision, a penalty payment of up to €2 million per day was imposed on Microsoft, from December 15, 2005, in the event that it is established that Microsoft did not to comply with Article 5(a) and (c) of the Decision, i.e. its obligations to: (i) supply complete and accurate interoperability information, and (ii) to make that information available on reasonable terms, as explained earlier.

In the meantime, the Monitoring Trustee had been appointed and assumed his advisory functions. In light of his reports on the state of the Technical Documentation provided to the Commission by Microsoft in response to the Art 24(1) Decision, the Commission, on December

21, 2005, adopted a Statement of Objections against Microsoft. This December 2005 Statement of Objections took the preliminary view that Microsoft had not yet complied with its obligation to supply complete and accurate interoperability information. A hearing was held at the request of Microsoft on March 30-31, 2006 on the objections raised in the December 2005 Statement concerning compliance with the interoperability remedy.

### III. ARGUMENT

In Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), the United States Supreme Court articulated the factors that a Court should consider when it rules on an application pursuant to 28 U.S.C. § 1782(a). According to the Supreme Court, a District Court may *inter alia* take into account: *"the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance,"* and also *"whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."* (Id. at 264) (emphases added).

The Commission respectfully submits that, in this case, it is not receptive to U.S. federal-court assistance for essentially two reasons: (1) the Commission does not require assistance from the United States federal courts under 28 U.S.C. § 1782(a) because the Commission has the power to lawfully obtain from Novell all documents relevant to its investigation; and (2) Microsoft's discovery request under 28 U.S.C. § 1782(a) is seen rather as an attempt to circumvent established rules on access to file in proceedings before the Commission.

### A. There Is No Need Here For United States Federal Court Assistance.

It should first be noted that, contrary to what is suggested in the Court's preliminary order of March 28, 2006, the Commission has the legal power, under Article 18 of Council Regulation No 1/2003, to *"require undertakings and associations of undertakings to provide all necessary information"* whether or not they are the target of an investigation or suspected of an

- 10 -

Case 1:06-mc-10061-MLW    Document 25    Filed 04/06/2006    Page 11 of 19

infringement of the competition rules. Indeed, the Commission has such powers and exercises them very frequently. If the parties or third parties do not provide the requested information, the Commission can order and has many times in the past ordered production and imposed heavy fines, under Article 23 of Regulation 1/2003 (and Article 15 of the preceding Regulation 17/62), in order to induce compliance.

The Commission has made use of its powers to gather information and obtained from Novell the information which it deemed relevant in the present proceedings. More precisely, Novell was one of the companies which evaluated the technical documentation provided by Microsoft in regard to the interoperability remedy. Following this first evaluation, the Commission addressed a request for information, pursuant to Article 18 of Regulation No. 1/2003, to Novell on October 4, 2005. Novell responded to this request on October 13, 2005. The information gathered by means of this request was relied upon in the December 21, 2005 Statement of Objections addressed to Microsoft.[15]

This information gathering power of the Commission, under Article 18 of Regulation No. 1/2003, does not and did not depend on Novell being a party to the Commission proceedings against Microsoft. Novell is in any event an "interested third party," pursuant to Article 13 of Regulation No 773/2004, in the proceedings against Microsoft. Moreover, Novell, as an "interested third party," was also heard at the oral hearing held at the request of Microsoft on March 30-31, 2006.

In sum, the Commission has all the power to request any information from Novell or any other third company at any time that is relevant to the proceedings in the Microsoft case. Therefore, the Commission authoritatively submits to the District Court that it does not need, in

---

[15] See paragraph 22 of the Statement of Objections. For the precise formulation of the questions raised, see footnote 23 of the Statement of Objections.

- 11 -

the present case, judicial assistance from the United States federal courts under Section 1782(a). Indeed, the Commission has already exercised these powers in the present case to gather from Novell all the information it deemed necessary in the context of the relevant proceedings in the Microsoft case concerning the interoperability remedy.

**B.    Ordering Discovery Would Circumvent The European Community Rules On Access To File.**

In the Commission's view, a discovery request under 28 U.S.C. §1782(a) relating to an ongoing investigation risks circumventing the established rules and procedures applicable to access to file in proceedings before the European Commission chiefly for the following reasons.

    1.    *Microsoft's rights of defense are adequately protected by the applicable European rules on access to file.*

The Commission submits that Microsoft's rights of defense, in relation to the objections raised in the December 2005 Statement of Objections for failure to comply with the interoperability remedy, are adequately protected by the existing rules on access to file that are routinely applicable to all parties subject to such competition law proceedings before the European Commission.

Indeed, once it received the above-mentioned Statement of Objections, Microsoft requested access to the file and to the documents identified in the annex to the Statement of Objections, including all the documents exchanged between the Commission services and the Monitoring Trustee and all the documents exchanged between the Commission's Services and the company OTR in relation to all matters covered by the Statement of Objections.[16] By letter of January 30, 2006, Microsoft requested further access to the Commission's file pertaining to the correspondence between the Commission, on the one hand, and third parties such as the companies Sun, Oracle, IBM and Novell, on the other hand. Furthermore, Microsoft requested

---

[16] E-mail from Jean-Yves Art, Microsoft's Director of Competition EMEA, of December 23, 2005.

access to file reflecting the discussions that have taken place between third parties, in particular Sun, IBM and OTR, and the Monitoring Trustee.[17]

Following Microsoft's request, the Hearing Officer took the position that the correspondence between the Commissions' services, on the one hand, and the Monitoring Trustee and OTR, on the other hand, constitute internal documents which, according to the applicable rules and provisions explained earlier, are in principle not accessible to Microsoft.[18] By contrast, after confidentiality waivers had been provided by those undertakings participating as third parties, Microsoft was given timely access to communications between the Commission and those third parties that related to the issues raised in the Statement of Objections of December 21, 2005.[19]

The Commission has, therefore, given to Microsoft access to all third party documentation in its possession, to which Microsoft is lawfully entitled. However, by letter of March 2, 2006, Microsoft specifically requested to have further access to *"any material submitted by its adversaries to the Trustee and OTR."*[20]

In order to verify whether this further request by Microsoft was well-founded, the Commission asked the company OTR and the Monitoring Trustee to disclose and transmit to the Commission any documents they had received directly, without the Commission's knowledge, from third parties or from Microsoft in carrying out their respective duties, as well as any minutes they may have taken as regards communications with third parties or with Microsoft.

---

[17] Letter from Microsoft's counsel Ian Forrester to the Hearing Officer of January 30, 2005.
[18] Correspondence between the Commission and the experts is only rendered accessible if it is necessary for understanding the methodology applied in the experts' reports or for testing their technical correctness. Accordingly, the Hearing Officer took the view that one piece of this correspondence was indispensable for Microsoft's defense and ensured that access was effectively granted to it.
[19] Letter from the Hearing Officer to Ian Forrester of February 8, 2006, a copy of which is attached as Exhibit F.
[20] Letter from Georg Berrisch, Microsoft's counsel, of March 2, 2006, a copy of which is attached as Exhibit G.

judicial review. Therefore, Microsoft's application under Section 1782(a) does not appear to be a genuine and reasonable request, but rather an attempt to circumvent the rules on access to file which are routinely applicable to all parties in proceedings of this nature before the Commission.

2. *There is a serious risk that granting the discovery requests to Microsoft under 28 U.S.C. §1782(a) relating to an ongoing antitrust investigation is affirmatively harmful to the Commission's sovereign interests.*

The Commission further submits that the discovery requests made by Microsoft under 28 U.S.C. §1782(a) from other participants in the Commission's proceedings, if granted, would seriously compromise the Commission's powers of investigation and competition law enforcement.

First, the Commission submits that there is a potential risk of subversion of the regulatory limits on an antitrust defendant's access to file containing information which the Commission gathers in its investigation. Those limits are lawfully imposed by the European Community, in the exercise of its sovereign regulatory powers in its territory and pursuant to the public interest. Indeed, as a general rule, the Commission is bound by an obligation of confidentiality which exists under the EC Treaty,[24] and which applies *inter alia* to protect confidential information and business secrets obtained from entities and individuals under its information-gathering powers. As a result, there are certain elements of the Commission's files (as explained, internal documents, commercial information and business secrets) to which a defendant is denied access, typically by way of appropriate redaction.[25] Should defendants in antitrust investigations before the Commission be granted discovery requests under 28 U.S.C. §1782(a), there would be a serious risk that the confidentiality limitations resulting from the rules on access to file would not be fully respected, for example where the relevant United States rules concerning confidential or

---

[24] See the Treaty Establishing the European Community, Article 287.
[25] See Sections IV.B. and C., paragraphs 39-49, of the Commission's Notice on access to file, supra.

- 15 -

otherwise privileged documents differ from those applicable in the European Community. The careful balance to be carried out on the basis of the facts of each individual proceeding between the defendant's right to access to file and the information provider's right to confidentiality could be seriously jeopardized. In the same vein, the protection space for internal Commission deliberations, contributing to the quality of the decision making, could be jeopardized should internal Commission documents be disclosed to parties through collateral proceedings in the United States courts.

Second, the rules governing the conduct of competition law proceedings before the Commission impose restrictions on the purposes for which the documents obtained through access to file can be used. As explained, Article 15 of Commission Regulation 773/2004 stipulates that documents obtained through access to file may only be used *"[...] for the purposes of judicial and administrative procedures for the application of Articles 81 and 82 of the Treaty."* Furthermore, the Commission's Notice on access to file states that: *"Should the information be used for a different purpose, at any point in time, with the involvement of an outside counsel, the Commission may report the incident to the bar of that counsel, with a view to disciplinary action."*[26] As already explained, the objective of these provisions is to sanction unlawful use of the information obtained, in view of the public interest (efficient law enforcement) and the substantial economic interests at stake. Therefore, the Commission submits that there is a serious risk that the documents, which are subject to a discovery request under 28 U.S.C. §1782(a), may not be protected at all or not protected to the same extent by the rules applicable in other jurisdictions. This is another likely scenario in which the specific rules on

---

[26] Commission Notice on the rules for access to the Commission file in cases pursuant to Articles 81 and 82 of the EC Treaty, Articles 53, 54 and 57 of the EEA Agreement and Council Regulation (EC) No 139/2004, in OJ 2005/C 325, 22.12.2005, p. 7.

- 16 -

access to file that the Commission has lawfully placed on defendants subject to competition law enforcement in the European Community could be circumvented.[27]

Third, a Commission decision granting or refusing access to file to a defendant in a competition law case is subject to judicial control by the Court of First Instance and the European Court of Justice. These courts have emphasized that the right to access to file is *"a corollary of the principle of respect for the rights of the defense."*[28] However, these courts have also emphasized that not every failure by the Commission to disclose a document to a defendant constitutes a breach of the rights of defense.[29] It is for the Community judiciary to finally establish whether a *"document which was not disclosed might have influenced the course of the proceedings and the content of the Commission's decision,"*[30] which could lead to the annulment of the Commission's decision. Therefore, a discovery order by a United States federal court granting access to documents to which the Commission has not granted access would risk interfering seriously with the above-mentioned review by the European Courts concerning the rights of defense and, thus, is likely to circumvent well-established domestic rules on judicial review in the European Community.

C. Conclusion

In conclusion, the European Commission submits that if the Court were to deny Novell's Motion to Quash and permit the discovery requested by Microsoft, there would be a serious risk

---

[27] The list of examples contained in this intervention is not exhaustive as to the potential areas where differences between the European Community's and the United States' legal systems are likely to occur. Another example is that the Commission and companies established in the European Community are under obligations as to the treatment of so-called "personal data" contained in documents and information exchanged. See, respectively, Regulation (EC) No. 45/2001 of 18 December 2000 on the protection of individuals with regard to the processing of personal data by the Community institutions and bodies and on the free movement of such data (OJ L 8, 12.1.2001, p. 1), and Directive 95/46 on the Protection of Individuals with regard to the Processing of Personal Data (OJ L 281, 23.11.95, p.31).
[28] See Judgment of the Court of January 7, 2004 in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland A/S, [2004] ECR, not yet reported, at paragraph 68.
[29] See Judgment of the Court of January 7, 2004 in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland A/S, [2004] ECR, not yet reported, at paragraphs 72 and 74, a copy of which is attached as Exhibit E.
[30] See Judgment of the Court of January 7, 2004 in Joined Cases C-204/00 P, C-205/00 P, C-211/00 P, C-213/00 P, C-217/00 P and C-219/00 P, Aalborg Portland A/S, [2004] ECR, not yet reported, at paragraph 76.

USIDOCS 5597695v1

of contravening principles of international comity by interfering with law enforcement and sovereign policy choices in the handling of competition law proceedings in the European Community. The European Commission considers that it already has all the necessary powers to obtain the information and documents relevant for its competition law enforcement and it has, in fact, exercised its powers in this case. The European Commission also considers that Microsoft's rights of defense are adequately protected by the rules applicable in the European Community.

The European Commission, therefore, respectfully submits that it is not receptive to the judicial assistance requested by Microsoft under 28 U.S.C. § 1782(a) because the discovery request in this case is unjustified, unduly intrusive and poses a serious risk of circumventing the applicable rules on access to file in competition law investigations in the European Community.

USIDOCS 5597699v1

|  |  |
|---|---|
| | Respectfully submitted, |
| | Commission of the European Communities |
| Of Counsel: | By its Attorneys, |
| | /s/ Michelle D. Miller |
| A. Douglas Melamed | Michelle D. Miller, BBO #60898 |
| Wilmer Cutler Pickering Hale and Dorr LLP | Wilmer Cutler Pickering Hale and Dorr LLP |
| 2445 M Street, N.W. | 60 State Street |
| Washington, District of Columbia 20037-1420 | Boston, MA 02109 |
| (202) 663-6090 | (617) 526 6116 |

Theofanis Christoforou
Legal Advisor of the Legal Service
of the Commission of the
European Communities

Per Hellstrom
Member of the Legal Service
of the Commission of the
European Communities

Dated: April 5, 2006

### CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 6, 2006.

/s/ Michelle D. Miller

US1DOCS 5597699v1