IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                    Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION,<br><br>                    Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**STIPULATED ORDER OF APPOINTMENT OF
ERIC FRIEDBERG AND STROZ FRIEDBERG LLC AS CONSULTANTS
TO THE COURT REGARDING AMD DOCUMENT PRESERVATION (DM 4D)**

WHEREAS, pursuant to an Order dated April 27, 2006, I have been appointed as Special Master in the above-captioned actions;

WHEREAS, in that capacity, I am reviewing AMD's motion to quash Intel's Rule 30(b)(6) deposition notice and document request and for a protective order ("AMD's Motion") (MDL 1717, D.I. 964) and Intel's cross-motion to compel Rule 30(b)(6) discovery and document production by AMD ("Intel's Cross-Motion") (MDL 1717, D.I. 1048);

WHEREAS, AMD's Motion and Intel's Cross-Motion, collectively, have been designated as Discovery Matter 4d;

WHEREAS, I have been given the authority by Judge Joseph J. Farnan, Jr., pursuant to the Court's inherent authority, to appoint a technical advisor/consultant in the area of electronic discovery;[1]

WHEREAS, the Special Master has proposed and the Parties,[2] through their respective counsel, agree that Eric Friedberg and his company, Stroz Friedberg LLC, should receive the appointment with regard to Discovery matter 4d;

WHEREAS, the Parties through their respective counsel, stipulate to the terms of the instant Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.   Eric Friedberg, individually, and Stroz Friedberg LLC (collectively, the "Consultants") are hereby appointed to act as a technical advisor/consultant on these matters pursuant to the terms of this Order.

---

[1] *See* MCL 4th § 11.51 at 113.
[2] As used herein, the term "Parties" refers to plaintiffs Advanced Micro Devices and AMD International Sales & Services, Ltd., the individual consumer named plaintiffs in the consolidated action *Paul v. Intel Corp.*, and defendants Intel Corporation and Intel Kabushiki Kaisha.

2. In this capacity, the Consultants shall report directly to the Special Master and, if called upon to do so, to the Court. Further, the Consultants shall refrain from *ex parte* contacts with any Party or counsel for any Party concerning these matters.

3. By accepting this appointment, the Consultants certify that no conflict of interest exists between the Consultants and any of the Parties, and the Consultants agree that during the pendency of their retention, the Consultants shall not take on any new work or assignment involving any Party.

4. In the course of this matter, the Consultants shall have access to all confidential Discovery Material. The Consultants may attend depositions that occur and/or review deposition transcripts related to these matters. The Consultants shall be required to abide by the Confidentiality Agreement and Protective Order entered in these actions, a copy of which was previously executed by Consultants and is attached hereto as Exhibit A. During and after the Consultants' retention in this matter, the Consultants shall be prohibited from publicly disclosing any such confidential Discovery Material.

5. In the course of this matter, the Consultants shall serve as a technical advisor/consultant on eDiscovery issues to the Special Master and provide whatever assistance the Special Master deems necessary. All of the work in this matter performed by the Consultants must be authorized by the Special Master. Any communications or work product shared by and among the Consultants and the Special Master will be of a confidential nature and not subject to discovery. The Special Master is not required to make any record of communications with the Consultants but may choose to do so at the Special Master's discretion. The Special Master may, in the Special Master's sole discretion, direct that such communications and/or work product be disclosed to counsel for the Parties and/or be made publicly available. However, before any such

public disclosure would be made, the Parties would have advance notice to protect information that would be considered confidential under the Protective Order in this case. The Consultants shall not be subject to deposition or be required to testify at any hearing in this regard, unless in the sole discretion of the Special Master the Consultants are directed by the Special Master to do so.

      6.      The Consultants shall be paid at their respective hourly billing rates as follows: Eric Friedberg - $650/hour and Jennifer Martin - $525/hour, for all services authorized by the Special Master. The Consultants shall also be reimbursed for travel and other expenses related to their work in this matter. If the Consultants are in doubt about what tasks the Special Master has authorized the Consultants to perform at any time or whether any particular expenses are authorized, the Consultants shall contact the Special Master in advance. Bills for services rendered and incurred shall be submitted to Richard L. Horwitz, Potter Anderson & Corroon, LLP, 1313 North Market Street, Hercules Plaza, 6th Floor, P.O. Box 951, Wilmington, Delaware 19899-0951 and to Frederick L. Cottrell, III, Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19801 on a monthly basis, with copies to the Special Master, Vincent J. Poppiti, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801, and James L. Holzman, Prickett Jones & Elliott, P.A., 1310 King Street, P.O. Box 1328, Wilmington, Delaware 19899. Such bills shall be with the legend "For Services Rendered" without detail and "For Expenses Incurred" with detail. Intel Corporation and Advanced Micro Devices shall each pay 50% of the total amount due for each bill within thirty days of receipt. Any questions relating to the bills shall be directed first to the Special Master.

7.      The Consultants' signatures on the attached Confirmation of Appointment as Consultants to the Court shall constitute the retention of the Consultants.

Dated: July 25, 2008

**PRICKETT JONES & ELLIOTT, P.A.**

By: */s/ James J. Holzman*
    James L. Holzman (#663)
    1310 King Street
    P.O. Box 1328
    Wilmington, DE 19899
    (302) 888-6500
    jlholzman@prickett.com

Interim Liaison Counsel for Class Plaintiffs

**RICHARDS, LAYTON & FINGER, P.A.**

By: */s/ Frederick L. Cottrell, III*
    Frederick L. Cottrell, III (#2555)
    Chad M. Shandler (#3796)
    Steven J. Fineman (#4025)
    One Rodney Square
    920 North King Street
    Wilmington, DE 19899
    (302) 651-7836
    Cottrell@rlf.com
    Shandler@rlf.com
    Fineman@rlf.com

Attorneys for Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd.

**POTTER ANDERSON & CORROON LLP**

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Post Office Box 951
    Wilmington, D.E. 19890-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

Attorneys for Intel Corporation and Intel Kabushiki Kaisha

ENTERED this
29th day of July, 2008

                                                                                                         Vincent J. Poppiti (#100614)
                                                                                                         Special Master

SO ORDERED this ___ day of _____, 2008.

                                                                                                         United States District Court Judge

RLF1-3306153-1
062038.00615/40175867v.1