## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation,<br><br>Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## STIPULATION AND ORDER REGARDING
## PRIVILEGE REVIEW

WHEREAS, on September 19, 2007, the Court entered Case Management Order No. 3, establishing a deadline of February 15, 2008, for AMD and Intel to complete the production of Party Designated and Adverse Party Designated Custodian documents;

WHEREAS, the Court excepted from this document production deadline, among other things, documents requiring a detailed privilege review or documents requiring redactions based on privilege;

WHEREAS, AMD, Class Plaintiffs, and Intel want to establish a deadline for completing the review of Party Designated and Adverse Party Designated Custodian documents requiring a detailed privilege review or redactions based on privilege;

WHEREAS, AMD, Class Plaintiffs, and Intel desire and intend to use search term protocols to reduce the volume of materials required to be reviewed for privilege in connection with the document productions for Free Throw Custodians and Deposition Reharvests;

WHEREAS, AMD, Class Plaintiffs, and Intel have agreed, as set forth herein, that AMD and Intel may use designated search strings to cull and withhold potentially privileged documents from their respective Free Throw Custodian and Deposition Reharvest productions without undertaking a review of these documents;

WHEREAS, the parties have disclosed to one another the search strings that will be used to cull potentially privileged documents pursuant to the terms of this Order, and all parties, including Class Plaintiffs, have agreed and consented to the use of the disclosed search strings for that purpose; and

WHEREAS, on or about November 13, 2007, this Court entered an order titled "Order Regarding the Preparation of Privilege Logs No. 2," which reduced the obligations of the parties to produce privilege logs in connection with the document productions of Party Designated, Adverse Designated, and Free Throw custodians, and the parties now desire to further reduce such logging obligations with respect to document productions for Free Throw Custodians and for Deposition Reharvests.

2

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG AMD, CLASS PLAINTIFFS, AND INTEL, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.     On or before September 30, 2008, AMD and Intel shall complete the privilege review for their respective Party Designated and Adverse Party Designated Custodians through the date of these custodians' original production cut-off dates as established by Paragraph 3(a) of Case Management Order No. 3.

2.     On or before October 1, 2008, AMD, Class Plaintiffs, and Intel shall jointly report to the Special Master whether AMD and Intel have completed the privilege review required by Paragraph 1 of this Order, and whether AMD and Intel have produced all non-privileged and responsive documents identified during the course of that review.

3.     The following protocols shall be used to cull and withhold privileged or potentially privileged documents of Free Throw Custodians and Deposition Reharvests that have not yet been produced:

a.     Each party shall run its designated search string across the corpus of all documents subject to review for a given Free Throw Custodian or Deposition Reharvest. If a party's designated search string captures fifteen percent or less of the total documents for review for a given Free Throw Custodian or Deposition Reharvest, then all documents captured may be withheld as presumptively privileged without need for further review. If a party's designated search string captures more than fifteen percent of the total documents for review for a given Free Throw Custodian or Deposition Reharvest, then a party must remove search terms from its designated search string until the percentage of documents captured by the string, as narrowed, is fifteen percent or less. After achieving this limitation, all documents captured may be withheld as presumptively privileged. Each party shall have sole discretion to determine which terms will be removed from its designated search string, and the order of those terms'

3

removal, to reduce the percentage of documents captured to fifteen percent or less of the total corpus.

        b.     In addition to the foregoing, a party may withhold or redact, as appropriate, genuinely privileged documents from a given Free Throw Custodian or Deposition Reharvest production even if those documents are not presumptively privileged under Paragraph 3(a).  However, all such documents must be reviewed for privilege and determined in good faith by the party to be privileged before they can be withheld or redacted.

        c.     The responsive, non-privileged portion of any documents of Free Throw Custodians and Deposition Reharvests subject to Paragraph 3 of this Order that are (i) not deemed presumptively privileged under operation of Paragraph 3(a); and (ii) not determined in good faith to be privileged under Paragraph 3(b) shall be produced according to the deadlines set forth in Case Management Order No. 3.  Upon production of documents relating to a Free Throw Custodian or Deposition Reharvest subject to Paragraph 3 of this order, a party shall identify:  (i) the number of documents withheld pursuant to application of its designated search string under Paragraph 3(a); and (ii) the number of additional documents withheld or redacted as genuinely privileged pursuant to Paragraph 3(b).

        d.     Notwithstanding the foregoing, the identifications and corresponding privilege review required to be completed by  Paragraph 3(c) shall be due for the following AMD Free Throw Custodians and Deposition Reharvests on September 30, 2008:  Gustavo Arenas, Sara Brand, William Edwards, Gino Giannotti, Phil Hester, Doug Hooks, Emile Ianni, Rob Joyce, Nick Kepler, Kim Little, Tom McCoy, Scott McCutcheon, Rex Meek, Guiliano Meroni, Dirk Meyer, Jochen Polster, Steve Polzin, Mario Rivas, Vlad Rozanovich, Hector Ruiz, Michael Russo, Craig Sander, Daryl Sartain, Mark Warshawsky, and Richard Witek. For Intel, the identifications and

4

corresponding privilege review required to be completed by Paragraph 3(c) for the following Free Throw Custodians and Deposition Reharvests shall be due on September 30, 2008: John, Antone, Louis Burns, Jeff Clark, Richard Dracott, Rick Dwyer, Hany Fahmy, Tim Farrell, Jeorg Finger, Pat Gelsinger, Stefan Gillich, Lisa Graff, Gordon Graylish, Rick Herrman, Jonathan Khazam, Thomas Lacey, Donald McDonald, William Mentzer, Hiroki Ohinata, Greg Pearson, Jeanne Piper, Chase Powell, Babak Sabi, Kris Satterthwaite, William Siu, Abhi Talwalker, Paul Thomas, Jerry Tsang, Bhargavi Wadhwah, and Christie Webb.

       e.     For purposes of Paragraphs 3(a) and 3(c)(i), an email message and all its attachments, if any, shall be treated as a single document.

       4.     The following protocols shall be used to cull and withhold privileged or potentially privileged documents that were segregated from, and not included in, the productions of documents for Free Throw Custodians and Deposition Reharvests made prior to the date of this Order:

       a.     A party shall run its designated search string across all documents it has withheld for privilege review for each Free Throw Custodian and Deposition Reharvest.  If the total number of documents captured by the party's designated search string is fifteen percent or less of the total number of documents originally subject to review for the Free Throw Custodian or Deposition Reharvest, then the party may withhold all documents captured by the designated search string as presumptively privileged.  If the total number of documents captured by the party's designated search string is greater than fifteen percent, then the party must remove search terms from its designated search string until the percentage of documents captured is fifteen percent or less, at which point all documents captured by the narrowed search string may be withheld as a presumptively privileged.  Each party shall have sole discretion to determine which terms will be removed from its designated search string, and the order

5

of those terms' removal, to reduce the percentage of documents captured to fifteen percent or less of the total corpus.

        b.     Any documents that are not deemed presumptively privileged under operation of Paragraph 4(a) above must be reviewed for privilege, and the responsive, non-privileged portion thereof, if any, shall be produced within 45 days after the date of this Order.

        c.     Within 45 days after the date of this Order, a party shall identify for each Free Throw Custodian and Deposition Reharvest subject to Paragraph 4:  (i) the number of documents withheld pursuant to the application of its designated search string under Paragraph 4(a); and (ii) the number of additional documents withheld or redacted as genuinely privileged pursuant to Paragraph 4(b).

        d.     For purposes of Paragraphs 4(a) and 4(c)(i), an email message and all its attachments, if any, shall be treated as a single document.

    5.     AMD and Class may require by written request that Intel complete the privilege review of documents withheld as presumptively privileged pursuant to this Order for up to a combined total of twelve of Intel's Free Throw Custodians or Deposition Reharvests.

    6.     Intel may require by written request that AMD complete the privilege review of documents withheld as presumptively privileged pursuant to this Order for up to a combined total of six of AMD's Free Throw Custodians or Deposition Reharvests.

    7.     If a request to complete the privilege review of a Free Throw Custodian or Deposition Reharvest is made pursuant to Paragraph 5 or 6 of this Order, then the party responsible for completing the privilege review and production of non-privileged documents shall do so within 90 days after the date of the request.

    8.     Documents withheld as presumptively privileged under this Order pursuant to Paragraphs 3(a) or 4(a) need not be logged for privilege unless:  (a) the

privilege review of those documents has been requested to be completed pursuant to Paragraph 5 or 6; and (b) the custodian to whom the documents belong is requested to be logged for privilege pursuant to this Court's Order Regarding the Preparation of Privilege Logs No. 2.   Documents withheld as genuinely privileged under this Order need not be logged unless the custodian to whom the documents belong is requested to be logged for privilege pursuant to this Court's Order Regarding the Preparation of Privilege Logs No. 2.

9.   Except for Paragraph 8, nothing contained herein is intended to modify the agreements between the parties regarding privilege issues and entered by the Court on May 16, 2006 and November 13, 2007.

**RICHARDS, LAYTON & FINGER, P.A.**

By: /s/ Frederick L. Cottrell, III
    Frederick L. Cottrell, III (#2555)
    Chad M. Shandler (#3796)
    Steven J. Fineman (#4025)
    One Rodney Square
    920 North King Street
    Wilmington, DE  19899
    (302) 651-7836
    Cottrell@rlf.com
    Shandler@rlf.com
    Fineman@rlf.com

    Attorneys for Advance Micro Devices, Inc.
    and AMD International Sales & Service, Ltd.

7

**PRICKETT JONES & ELLIOTT, P.A.**

By: /s/ James L. Holzman
    James L. Holzman (#663)
    J. Clayton Athey (#4378)
    1310 King Street
    Post Office Box 1328
    Wilmington, DE 19899
    (302) 888-6509
    jlholzman@prickett.com
    jcathey@prickett.com

    Interim Liaison Counsel and Attorneys for
    Phil Paul, on behalf of himself and all others
    similarly situated

**POTTER ANDERSON & CORROON LLP**

By: /s/ W. Harding Drane, Jr.
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Post Office Box  951
    Wilmington, D.E.  19890-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

    Attorneys for Intel Corporation and Intel
    Kabushiki Kaisha

876017/29282

Having read and considered the foregoing Stipulation and Proposed Order Regarding Privilege Review, the Special Master **HEREBY RECOMMENDS THAT THE COURT ADOPT SAME**.

ENTERED this 29th day of July, 2008

_____
Vincent J. Poppiti (#100614)
Special Master

8

SO ORDERED this _29_ day of ___July_____, 2008.

_____
United States District Court Judge