IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>) MDL No. 05-1717-JJF<br>)<br>) |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>                    Defendant. | )<br>)<br>)<br>) C.A. No. 05-485-JJF<br>)<br>) CONSOLIDATED ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

**INTEL'S OPPOSITION TO JONATHAN LEE RICHES' MOTION FOR RECONSIDERATION
& CLARIFICATION, MOTION TO INTERVENE AS PLAINTIFF UNDER FED. R. CIV. P.
24(A)(2), 24(B), AND MOTION TO AMEND COMPLAINT**

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Joseph Kattan, PC
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. N.W.
Washington, D.C. 20036-5306
(202) 955-8500

Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Dated: August 18, 2008

Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

*Attorneys for Defendant
Intel Corporation and Intel Kabushiki Kaisha*

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND STATEMENT OF FACTS ..................................................................1

II. ARGUMENT.................................................................................................................................2

    A. Riches' Motion To Intervene Fails To Satisfy Rule 24.............................................2

    B. Riches' Motion For Reconsideration & Clarification, and Motion To Amend Complaint, Are Meritless. .......................................................................3

III. CONCLUSION.............................................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Flying J, Inc. v. TA Operating Corp.*,
    No. 1:06-CV-30-TC, 2008 U.S. Dist. LEXIS 50789 (D. Utah July 2, 2008) ..................... 2

*In re Jonathan Lee Riches*,
    No. 1:08-cv-0498-WBH, 2008 U.S. Dist. LEXIS 50922 (N.D. Ga. Mar. 27, 2008) .......... 1

*LeMond Cycling, Inc. v. Trek Bicycle Corp.*,
    Civ. No. 08-1010 (RHK/JSM), 2008 U.S. Dist. LEXIS 57291
    (D. Minn. July 29, 2008) ...................................................................................... 2

*Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*,
    72 F.3d 361 (3d Cir. 1995) .................................................................................... 2

*N. New England Tel. Operations, LLC v. Pub. Util. Comm'n of Maine*,
    No. 05-53-B-H, 2008 U.S. Dist. LEXIS 54694 (D. Me. July 17, 2008) ............... 2

*Putney, Inc. v. Pfizer, Inc.*,
    No. 07-108-P-H, 2008 U.S. Dist. LEXIS 54696 (D. Me. July 17, 2008) ............ 2

*Racing Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
    No. 02: 07cv1294, 2008 U.S. Dist. LEXIS 59907 (W.D. Pa. Aug. 5, 2008) ..................... 2

*Riches v. Aguilera*,
    No. 07-14469-BC, 2008 U.S. Dist. LEXIS 8605 (E.D. Mich. Feb. 5, 2008) ..................... 1

*Riches v. Danny Devito*,
    No. 08-0131, 2008 U.S. Dist. LEXIS 57539 (E.D. Pa. July 30, 2008) ............................. 1

*Riches v. Garese*,
    No. 0:09-CV-086-HRW, 2008 U.S. Dist. LEXIS 47387 (E.D. Ky. June 18, 2008) .......... 1

*Riches v. Karpinski*,
    No. 08-cv-347-BBC, 08-cv-346-BBC, 2008 U.S. Dist. LEXIS 48946
    (W.D. Wis. June 25, 2008) ................................................................................... 1

*Riches v. Khanani*,
    No. 1:08-CV-24, 2008 U.S. Dist. LEXIS 19566 (N.D.W.V. Mar. 12, 2008) ..................... 1

# Table of Authorities
## (Continued)

Page(s)

## RULES

Fed. R. Civ. P. 24(a)(2) .................................................................................................... 1, 2, 3

Fed. R. Civ. P. 24(b) ................................................................................................................ 1

Fed. R. Civ. P. 24(b)(1) ....................................................................................................... 2, 3

Fed. R. Civ. P. 24(c) ................................................................................................................ 3

Intel Corporation ("Intel") hereby opposes Jonathan Lee Riches' Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff Under Fed. R. Civ P. 24(a)(2), and 24(b), and Motion to Amend Complaint (D.I. 1094).

I.   **INTRODUCTION AND STATEMENT OF FACTS**

As this Court is well aware, Jonathan Lee Riches is an inmate at Williamsburg Federal Correctional Institution in Salters, South Carolina. *See Riches v. Meader*, Civ. A. No. 08-345-JJF (D. Del. July 9, 2008) (Farnan, J.); *Riches v. Seda*, Civ. A. No. 08-346-JJF (D. Del. July 1, 2008) (Farnan, J.) Riches is a notorious serial filer who has filed more than 2,000 actions in various federal district and appellate courts across the country. *See* U.S. Party-Case Index, http://pacer.psc.uscourts.gov (showing 2,582 cases filed as of August 15, 2008). Many of those cases have been summarily dismissed as frivolous or failure to state a claim; many others have been dismissed for failure to pay the filing fee.[1] Riches has clogged up the federal dockets with so many patently frivolous suits that some courts have deemed him a "vexatious and abusive litigant" and have enjoined him from filing any new lawsuit without first obtaining leave of court. *See, e.g., Riches v. Garese*, No. 0:09-CV-086-HRW, 2008 U.S. Dist. LEXIS 47387 (E.D. Ky. June 18, 2008); *In re Jonathan Lee Riches*, No. 1:08-cv-0498-WBH, 2008 U.S. Dist. LEXIS 50922 (N.D. Ga. Mar. 27, 2008) (dismissing 276 of Riches's pending cases); *Riches v. Aguilera*, No. 07-14469-BC, 2008 U.S. Dist. LEXIS 8605 (E.D. Mich. Feb. 5, 2008).

In the face of these injunctions and the filing fee, it appears that Riches has devised a new modus operandi, which he implements here – the "Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. 24(a)(2), 24(b), Motion to Amend

---

[1]   *See, e.g., Riches v. Danny Devito*, No. 08-0131, 2008 U.S. Dist. LEXIS 57539 (E.D. Pa. July 30, 2008) (returning 319 complaints that Riches had sent for filing since July 9, 2008); *Riches v. Karpinski*, No. 08-cv-347-BBC, 08-cv-346-BBC, 2008 U.S. Dist. LEXIS 48946 (W.D. Wis. June 25, 2008) (listing decisions that have dismissed Riches' complaints as legally frivolous); *Riches v. Khanani*, No. 1:08-CV-24, 2008 U.S. Dist. LEXIS 19566, at *28 (N.D.W.V. Mar. 12, 2008) (dismissing 90 cases for failure to prepay filing fee, and finding allegations "irrational and wholly incredible").

1

Complaint."[2] Here, Riches asserts that he is a "convicted computer hacker" and that "Intel chips are easy [sic] hackable, and management fails to reveal this at the shareholders meeting." (D.I. 1094 at 1.) Riches claims that he has "more information for this courts or lawyers dealing with the fundamentals of spyware, trojan horses, or Electronic eavesdropping." (*Id.*) As set forth below, his Motions should be denied in their entirety.

## II.    ARGUMENT

### A.    Riches' Motion To Intervene Fails To Satisfy Rule 24.

Under Rule 24(a)(2), the Court must permit a filer to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To satisfy this standard, the movant must establish "a significantly protectable" interest in the underlying action. *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). This means that the interest "must be a legal interest as distinguished from interests of a general and indefinite character." *Id.* In addition, the movant must demonstrate "a tangible threat to a legally cognizable interest" that will be impaired or affected by the disposition of the underlying action. *Id.*

Under Rule 24(b), the Court *may* allow intervention if the filer "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main

---

[2] *See, e.g., Racing Tires Am., Inc. v. Hoosier Racing Tire Corp.*, No. 02: 07-cv-1294, 2008 U.S. Dist. LEXIS 59907 (W.D. Pa. Aug. 5, 2008); *LeMond Cycling, Inc. v. Trek Bicycle Corp.*, Civ. No. 08-1010 (RHK/JSM), 2008 U.S. Dist. LEXIS 57291 (D. Minn. July 29, 2008); *N. New England Tel. Operations, LLC v. Pub. Util. Comm'n of Maine*, Civil No. 05-53-B-H, 2008 U.S. Dist. LEXIS 54694, at *3 (D. Me. July 17, 2008) (dismissing Riches' motions to intervene as frivolous, and enjoining him from "making any type of filing in this case or any pending case in the District Court of Maine without prior order of this Court"); *Putney, Inc. v. Pfizer, Inc.*, Civil No. 07-108-P-H, 2008 U.S. Dist. LEXIS 54696 (D. Me. July 17, 2008) (same); *Flying J, Inc. v. TA Operating Corp.*, No. 1:06-CV-30-TC, 2008 U.S. Dist. LEXIS 50789 (D. Utah July 2, 2008).

action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Any motion for intervention, whether as of right or permissive, *must* "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Riches' Motion to Intervene fails to satisfy any prong of Rule 24. First, the Motion is not accompanied by a pleading setting forth the claims or defenses for which Riches seeks intervention. For this reason alone, Riches' Motion must be denied. Second, the allegations that *are* contained in the Motion do not demonstrate that Riches has any *legally cognizable* interest, let alone a "significantly protectable" one, in the subject matter of the action, nor that the disposition of this action will impede his ability to protect such interest. *See* Fed. R. Civ. P. 24(a)(2). Third, the Motion neither identifies a statute that gives Riches a conditional right to intervene, nor articulates any claims or defenses that are tied to this action by a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1). Rather, Riches simply states that he has "new information about Intel" – apparently, information about hacking Intel chips and about "the fundamentals of spyware, trojan horses, or Electronic eavesdropping." These allegations have nothing to do with the claims, facts, or law at issue in AMD's private antitrust case, or in the class action. In any event, in deciding whether permission should be granted under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Allowing Riches to intervene in this action will not strengthen the adequacy of representation in the case and will certainly lead to undue delay. His Motion to Intervene should be denied.

B. **Riches' Motion For Reconsideration & Clarification, and Motion To Amend Complaint, Are Meritless.**

As to the Motion for Reconsideration & Clarification, Riches has failed to identify any previous orders to be reconsidered or clarified. The Motion is without merit and has no basis in the Federal Rules of Civil Procedure. It should be denied.

3

Riches' Motion to Amend Complaint is equally meritless and fails to cite, much less satisfy, the requirements of Federal Rule of Civil Procedure 15. Riches' proposal "to amend the complaint" appears to be an offer of evidence rather than a request to add new claims. In any event, as a non-party who has not filed a pleading in this action, this form of relief would become available to Riches, if at all, only upon his joining the case as an intervening plaintiff. And as discussed above, Riches' attempt at intervention, whether as of right or permissive, is devoid of legal basis.

### III.  CONCLUSION

Based on the foregoing, Intel respectfully requests that the Court deny Jonathan Lee Riches' Motions in their entirety.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Robert E. Cooper<br>Daniel S. Floyd<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 900071<br>(213) 229-7000 | By: /s/ W. Harding Drane, Jr.<br>Richard L. Horwitz (#2246)<br>W. Harding Drane, Jr. (#1023)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951 |
| Joseph Kattan, PC<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Ave. N.W.<br>Washington, D.C. 20036-5306<br>(202) 955-8500 | Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>wdrane@potteranderson.com<br><br>Attorneys for Defendants<br>Intel Corporation and Intel Kabushiki Kaisha |
| Darren B. Bernhard<br>Howrey LLP<br>1299 Pennsylvania Avenue<br>N.W. Washington, DC 20004<br>(202) 783-0800 | |

Dated:  August 18, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on August 18, 2008 the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on August 18, 2008, the attached document was sent, U. S. First Class Mail, to the following non-registered participants:

Jonathan Lee Riches
#40948-018
FCI Williamsburg
P.O. Box 340
Salters, South Carolina  29590

I hereby certify that on August 18, 2008, I have Electronically Mailed the documents to the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071
msamuels@omm.com

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau

1633 Broadway, 22nd Floor
New York, New York 10019
skatsh@kasowitz.com
lgrollman@kasowitz.com

Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
tdove@furth.com
aturan@furth.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Michael P. Lehman
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA 94111
mlehmann@cmht.com

By: /s/ W. Harding Drane, Jr
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Attorneys for Defendants
Intel Corporation and Intel Kabushiki Kasiha*

Dated: August 18, 2008

738395 / 29282

2