**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                    Defendants. | C.A. No. 05-441-JJF |
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself<br>And all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>INTEL CORPORATION,<br><br>                    Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**MOTION (1) TO INTERVENE FOR PURPOSE OF
UNSEALING JUDICIAL RECORDS AND (2) FOR PARTIAL REASSIGNMENT**

The New York Times Company, Situation Publishing Ltd., Dow Jones & Co.,

Inc., The Washington Post, the Reporters Committee for Freedom of the Press, and the

Computer & Communications Industry Association ("CCIA") (collectively, "Movants")

1

hereby move to intervene for the limited purpose of obtaining access to non-confidential public records which have been sealed unnecessarily and unjustly withheld from the public. Specifically, Movants request that the Court direct that all non-confidential information reported in (i) the Parties' preliminary case statements (D.I. 625, 627, 628, 629, 634, 635, 645, 646, 648), and (ii) transcripts of teleconferences and hearings (currently sealed) (D.I. 633, 647 and 683) be made available to the public, and that the parties establish to the Court's satisfaction that any remaining redacted portions are entitled to secrecy.

To facilitate prompt resolution of this issue, and in light of the Court's heavy schedule, Movants further request that the Court reassign this action to another judge for the limited purpose of deciding this motion.

## I. **DESCRIPTION OF INTERVENORS.**

The New York Times Company is the publisher of *The New York Times*. Situation Publishing Ltd. is the publisher of *The Register*, a technology news and opinion website (www.theregister.co.uk). Dow Jones & Co., Inc. is the publisher of *The Wall Street Journal*. *The Washington Post* is a national newspaper. The Reporters Committee for Freedom of the Press is a voluntary non-profit association of reporters and editors that works to defend the First Amendment interests of the news media. CCIA is an international, nonprofit association of computer, information, and communications technology firms. CCIA is dedicated to preserving full, fair and open competition

throughout its industry. CCIA members employ more than 600,000 workers and generate annual revenues in excess of $200 billion.[1]

This case has significant importance to the general public, to the information and technology industry, for consumers, and also for the development of antitrust law with respect to the interpretation of Section 2 of the Sherman Act. Movants are therefore monitoring this proceeding closely with the intention of reporting on newsworthy events and/or providing commentary to policymakers and the general public as the case progresses.

## II.    ARGUMENT.

### A.    MOTION TO INTERVENE.

Intervention by Movants is proper because (i) they have suffered "injury in fact" as members of the public as the result of the denial of access to judicial records, (ii) the fact of the denial of public access without establishing entitlement thereto under the standards set by the Third Circuit pursuant to the common law and First Amendment right of access demonstrates that the challenged sealing harms Movants (and the public at large), and that Movants would personally benefit in a tangible way from the Court's intervention, and (iii) as members of the public, Movants are proper proponents of the particular rights upon which they base their motion to intervene. *U.S. v. Cianfrani*, 573 F.2d 835, 645 (3rd Cir. 1978). *See also Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("because it is the rights of the public, an absent third party, that are at stake, any member of the public has standing...to move the court to unseal the court file in the event the record has been improperly sealed").

---

[1] A complete list of CCIA members is available at http://www.ccianet.org/members.html.

Courts in this circuit routinely permit intervention to challenge sealing of judicial records. *E.g., U.S. v. Smith*, 123 F.3d 140, 145 (3rd Cir. 1997); *U.S. v. Antar*, 38 F.3d 1348, 1353 (3rd Cir. 1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777-79 (3rd Cir. 1994); *In re Grand Jury Proceedings*, 806 F.Supp. 1173 (D. Del. 1992).

**B.    THE JUDICIAL RECORDS SHOULD BE UNSEALED.**

It is established beyond dispute in this Circuit that the public has the right, under both the common law and the First Amendment, to observe judicial proceedings and review court records in civil cases. *In re Cendant Corp.*, 260 F.3d 183, 192-93 (3rd Cir. 2001); *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3rd Cir. 1994); *Leucadia, Inc. v. Applied Extrusion Technology*, 998 F.2d 157, 158 & 161 & n.6 (3rd Cir. 1993); *Republic of the Philippines v. Westinghouse Electric Co.*, 949 F.2d 653, 659-60 (3rd Cir. 1991); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3rd Cir. 1988); *Bank of America National Trust and Savings Ass'n v. Hotel Rittenhouse Assocs.,* 800 F.2d 339, 343-44 (3rd Cir. 1986); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066-71 (3rd Cir. 1984); *In re Grand Jury Proceedings*, 806 F. Supp. at 1174-75.

A party seeking to maintain under seal documents filed with a court has the burden of demonstrating (i) that there is a compelling interest warranting sealing, (ii) that unsealing will result in a clearly defined and serious injury, and (iii) the private interest in secrecy outweighs the strong presumption of public access. *In re Cendant Corp.*, 260 F.32d at 193-94; *Littlejohn*, 851 F.2d at 678; *Miller*, 16 F.3d at 551; *Publicker Indus., Inc.*, 733 F.2d at 1066-71.

The fact that the sealed documents may contain information obtained pursuant to a protective order does not weaken the presumption of public access. Protective orders,

4

which govern the exchange of information outside of a public docket, are obtained

pursuant to a "good cause" standard.  When such information is filed with a court,

however, it becomes part of a public document subject to the right of public access,

absent showing a compelling justification and a clearly defined and serious injury, which

is a much higher standard.  *See Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792, 801 (9th

Cir. 2007).

>   As one court has stated:
>
>   The fact that the parties may agree that a particular document is
>   confidential is irrelevant.  As participants in what is a presumptively
>   public form of dispute resolution, the parties are not free merely to agree
>   among themselves to shield certain material from public review.  To hold
>   otherwise would permit parties, by agreement, to routinely subvert the
>   public nature of the judicial system.  Moreover, the fact that the parties
>   may have entered into and obtained approval of a general protective order
>   governing disclosure of information during discovery is not dispositive.
>   Parties may freely agree to restrict their behavior via a protective order as
>   it relates to the conduct of discovery, as such discovery is not generally
>   filed with the Court and this, is not otherwise available for public review.
>   However, once the parties filed documents with the Court – presumably,
>   because the contents of such documents bear on whether relief should be
>   granted or not – the parties' agreements as to privacy will often be
>   required to yield to the public's interest in reviewing the correctness and
>   fairness of the Court's decisions.  Only in circumstances where the parties'
>   need for secrecy is so compelling, relative to the public's interest in access
>   to the factual underpinning of the Court's decisions, that sealing will be
>   permitted.

*Crandall v. City and County of Denver, Colorado*, C.A. No. 05-cv-00242-MSK-MEH,

2007 WL 1548968, WL Op. at *1, Krieger, J. (D. Colo. May 24, 2007).  *Accord*

*Gumowitz v. First Federal Savings and Loan Ass'n of Roanoke*, C.A. No. 90 Civ. 8083,

1994 WL 683431, WL Op. at *2 n.3, Dolinger, M.J. (S.D.N.Y. Dec. 6, 1994) ("if a

protective order would require the sealing, in whole or in part, of documents filed with

the court – as would be the case here – the court must exercise still more rigorous

scrutiny before public access is denied"); *Shaw v. Management & Training Corp.*, C.A. No. 04-2394-KHV-DJW, 2004 WL 2823229, WL Op. at *1, Waxse, M.J. (D. Kan. 2004) ("[t]he fact that the parties may agree to a protective order which provides for the filing of confidential materials under seal does not dispense with the requirement that the parties establish a harm sufficient to overcome the public's right of access to judicial records").

Presently, sealing has been overly-liberal. For example, in the public version of Intel's response to the Plaintiffs' statement filed on May 15, most parts which allege Intel's individual behaviors toward the computer manufacturers (D.I. 645 & 646 in C.A. No. 05-441 at pages 17 to 34), were redacted, even though the events took place so long ago that there is no likely reason that their disclosure could cause competitive damage. Similarly, some redactions clearly contain nothing more than lists of third party employees. Identifying personnel in companies not party to this litigation cannot reasonably be construed to cause competitive injury, nor does such information implicate personal privacy interests, yet this information has also been redacted from public view. Of course, litigants may not seal information merely because public disclosure will be embarrassing or will otherwise reflect poorly on them. *Joint Stock Soc. v. UDV North America, Inc.*, 104 F.Supp.2d 390, 403 (D. Del. 2000).

Additionally, the Court has sealed transcripts of several judicial proceedings. (D.I. 633, 647, 683, 676 in C.A. No. 05-441). There is nothing in the public record explaining why sealing (in whole or in part) is necessary as to these transcripts. As such, the Court should make such findings and, to the extent that portions of those transcripts must be sealed, the Court should make available redacted versions in the public docket.

**C.    IN LIGHT OF THE COURT'S HEAVY DOCKET AND THE RIGHT OF IMMEDIATE ACCESS, THE COURT SHOULD RE-ASSIGN THIS CASE TEMPORARILY, FOR THE LIMITED PURPOSE OF ALLOWING THE MOTION TO BE DECIDED EXPEDITIOUSLY.**

The right of access being asserted by Movants herein has been deemed to be a right of contemporaneous access. *E.g., Republic of Philippines*, 949 F.2d at 664. Consequently, delays in resolving access issues are themselves recognized as improper. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 118 & 126-27 (2nd Cir. 2006) (holding in abeyance motion for access to judicial records is appealable, as denial of prompt disclosure would result in irreparable damage, citing additional authority).

As this Court is aware, the fact of a lingering judicial vacancy has placed a tremendous burden on the Court. Consequently, the Third Circuit has recently authorized the use of visiting judges from neighboring judicial districts to help relieve the stress. Assigning this case to one of the visiting judges, for the limited purpose of deciding the motion to intervene and unseal would promote prompt resolution of this collateral issue, while allowing this Court to retain control of the underlying controversy.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Movants respectfully request that the Court grant their motion to intervene and direct that all non-confidential information reported in the parties' preliminary case statements be unsealed and made available to the public, and further order that the parties establish to the Court's satisfaction that the remaining redacted portions do in fact qualify for confidential treatment.

Dated: August 21, 2008

Respectfully submitted,

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1155
Attorney for Movants The New York Times Company, Situation Publishing Ltd., Dow Jones & Co., Inc., The Washington Post, the Reporters Committee for Freedom of the Press, and the Computer & Communications Industry Association

8

## STATEMENT PURSUANT TO D. DEL. L. R. 7.1.1

I, David L. Finger, counsel for movants, hereby certify that I have made a reasonable effort to reach agreement with the other parties on the matters set forth on the foregoing motion.

/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
Attorney for Movants The New York Times Company, Situation Publishing Ltd., Dow Jones & Co., Inc., The Washington Post, the Reporters Committee for Freedom of the Press, and the Computer & Communications Industry Association