

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 683431 (S.D.N.Y.)

Page 1

Gumowitz v. First Federal Savings and Loan Ass'n of Roanoke  
S.D.N.Y.,1994.  
Only the Westlaw citation is currently available.  
United States District Court, S.D. New York.  
Arnold GUMOWITZ and Anne Gumowitz, Plaintiffs,  
v.  
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROANOKE et al., Defendants.  
**No. 90 Civ. 8083 (MBM).**

Dec. 6, 1994.

Rodney A. Brown, Brown & Fox, P.C., New York City.

James A. Moss, John R. Goldman, Herrick, Feinstein, New York City.

Bonnie Kayatta-Steingart, Jay Harris Rabin, Fried, Frank, Harris, Shriver & Jacobson, New York City.

Steve R. Tanenbaum, Corwin, Solomon & Tanenbaum, P.C., New York City.

Barry E. Lichtenberg, Nutovic & Lichtenberg, New York City.

Peter B. Foster, New York City.

Jonathan Honig, Lowenthal, Landau, Fisher & Bring, P.C., New York City.

*MEMORANDUM & ORDER*

DOLINGER United States Magistrate Judge:

**\*1** A non-party witness has applied for a protective order to preclude public disclosure of the fact that, when subpoenaed for a deposition, he invoked his Fifth Amendment privilege and declined to answer any questions material to this lawsuit.[FN1] The proposed order would not prevent the parties from using the invocation for purposes of this litigation but would apparently prevent any public disclosure of the fact.

The motion is denied. As the District Court observed on an earlier such application by one of the defendants in this case, Rule 26(c) requires a showing "that disclosure of the information in question will work an identifiable and serious injury to the movant's business." (June 28, 1994 Memorandum & Order at 2 (citing cases)). No such showing has been made or even attempted here.

In seeking to distinguish the prior ruling, the witness argues that he is not a party and should therefore be treated with greater deference in this matter, and that in any case the public disclosure of his refusal to testify on the ground of Fifth Amendment immunity will self-evidently entail some embarrassment, as that term is meant by Rule 26(c). These arguments, which are unaccompanied by any showing of special circumstances,[FN2] are unpersuasive.

The logic of movant's "embarrassment" argument suggests that anyone invoking the Fifth Amendment to preclude discovery should be entitled to a protective order. There is no authority for such a proposition, and with good reason. The provisions of Rule 26(c) authorize sealing as a means of accommodating the interest of litigants in obtaining pretrial discovery with the interest of witnesses in avoiding unfair prejudice by virtue of public disclosure of sensitive information that is being given to the parties. In this case, however, the witness is refusing to provide information, and is seeking to keep that fact a secret. As was the case with the defendant's prior effort to accomplish the same result, there is no evident policy that commands adherence to a rule of confidentiality in all such cases.

There may, of course, be specific circumstances in which "justice requires" (Fed.R.Civ.P. 26(c)) that even recalcitrant witness be afforded such protection, but the movant here makes no effort to demonstrate any basis for distinguishing his situation from that of any other witness. In the absence of such a showing, we infer that the ordinary policy of public access to discovery and to pretrial court proceedings should be honored in this instance.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 683431 (S.D.N.Y.)

Page 2

FN3

As for the movant's status as a non-party, he is correct in suggesting that the courts generally show greater solicitude for the interests of those not a party to the litigation, although this sensitivity to their interests generally concerns such matters as assessing the appropriate scope and location of discovery in the face of a claim of burden. *See, e.g., Pollitt v. Mobay Chemical Corp.,* 95 F.R.D. 101, 105 (S.D.Ohio 1982). In this case I conclude that the fact that movant is not a party, while entitled to some weight, does not make up for the complete absence of any showing by him of good cause, particularly when the sealing order is sought, not to limit dissemination of material produced in discovery, but to limit public knowledge that the witness declined to provide such information.

*CONCLUSION*

**\*2** For the reasons stated, the motion for a protective order is denied.

> FN1. The witness initially agreed to provide an affidavit reciting his invocation of the privilege and sought to have this affidavit sealed and its contents not publicly disclosed. Upon being advised of the court's intentions with regard to the current motion, he has indicated that he will instead choose to appear at a deposition to invoke the privilege.
>
> FN2. The witness's application is made solely by letters from his counsel.
>
> FN3. The Second Circuit has recognized a general policy in favor of public access to discovery materials. *In re Agent Orange Product Liability Litig.,* 821 F.2d 139, 146 (2d Cir.), *cert. denied,* 484 U.S. 953 (1987). Although the Supreme Court has rejected the notion of a First Amendment right of access to such materials, *see Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32-33 (1984), the courts still require a showing of "good cause" under Rule 26(c) to seal discovery. Moreover, if a protective order would require the sealing, in whole or in part, of documents filed with the court-as would be the case here-the court must exercise still more rigorous scrutiny before public access is denied. *See, e.g., Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 252 (4th Cir.1988); *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.,* 800 F.2d 339, 343 (3d Cir.1986); *Joy v. North,* 692 F.2d 880, 893 (2d Cir.1982), *cert. denied,* 460 U.S. 1051 (1983).

S.D.N.Y.,1994.  
Gumowitz v. First Federal Savings and Loan Ass'n of Roanoke  
Not Reported in F.Supp., 1994 WL 683431 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.