

**ZELLE HOFMANN VOELBEL MASON & GETTE**
A LIMITED LIABILITY PARTNERSHIP

***TFT-LCD (Flat Panel) Antitrust Litigation (U.S. District Court, N.D. Cal.).*** Zelle Hofmann serves as the court-appointed Co-Lead Counsel representing a nationwide class of indirect purchasers of LCD products, such as flat panel televisions and computer monitors, in this multi-district antitrust class action filed against the world's leading manufacturers of thin-film transistor liquid crystal display (TFT-LCD), and alleging that these companies engaged in a conspiracy to artificially inflate the prices of their LCD products. These cases are consolidated before Judge Susan Illston in the U.S. District Court for the Northern District of California.

**Examples of Significant Historical Antitrust Cases**

Below are summaries of significant historical antitrust cases on which Zelle Hofmann attorneys have worked. These cases demonstrate the breadth of Zelle Hofmann attorneys' experience in prosecuting and defending antitrust matters.

***American Basketball Ass'n v. National Basketball Ass'n (U.S. District Court, N.D. Cal.).*** An antitrust suit was filed in 1969 on behalf of the ABA, then only two years old, against the NBA, accusing the latter of attempting to eliminate competition and restrain trade through the control or monopolization of superstars and other players, facilities and television coverage. A settlement was reached in 1971, whereby both leagues promised to petition Congress for antitrust exemption legislation. The ABA contended that the NBA was not honoring this agreement and was continuing to restrain trade. Zelle Hofmann and other attorneys represented the ABA in a second action filed in 1974. In 1976, the ABA and NBA settled a few weeks before trial, with the Denver Nuggets, Indiana Pacers, San Antonio Spurs and New York Nets joining the NBA. *Published opinions:* 404 F.Supp. 832 (S.D.N.Y. 1975); 389 F.Supp. 867 (S.D.N.Y. 1975).

***Asphalt Antitrust Litigation (U.S. District Court, N.D. Cal., D. New Mex., D. Idaho, D. Colo.).*** A price-fixing case brought on behalf of various public bodies. *See State of New Mexico v. American Petrofina, et al.*, 501 F.2d 363 (9th Cir. 1974).

***Brand Name Prescription Drugs Antitrust Litigation (U.S. District Court, N.D. Ill.).*** A federal antitrust action by plaintiff classes of retail pharmacists alleging price fixing of brand name prescription drugs by two dozen of the world's largest pharmaceutical manufacturers and wholesalers. The class obtained over $700 million in settlements, plus commitments with respect to future pricing practices.

***B.W.I. Custom Kitchens v. Owens Illinois, et al. (California Superior Court, San Francisco.) 191 Cal.App.3d 1341, 235 Cal.Rptr. 228 (1987).*** An antitrust action on behalf of a class of California indirect purchasers of glass containers.

ZELLE
HOFMANN
VOELBEL
MASON &
GETTE
A LIMITED LIABILITY
PARTNERSHIP

*California Indirect-Purchaser Infant Formula Antitrust Litigation, (California Superior Court, Los Angeles.) 1998 WL 1031494, 1998-2 Trade Cases ¶72,336.* An antitrust action under the California Cartwright Act on behalf of a class of consumers who purchased infant formula.

*Carbon Black Antitrust Litigation (U.S. District Court, C.D. Cal., California Superior Court, San Francisco).* A class action brought against producers of carbon black, an engineered carbon compound, alleging violations of the California Cartwright Act and the Unfair Competition Act. The action was brought on behalf of persons and entities in California who indirectly purchased carbon black from June 19, 1999 through the present. The action alleges that, among other things, the defendants and their co-conspirators conspired and engaged in price-fixing, market allocation and other anticompetitive practices which raised carbon black prices in California. The complaint seeks injunctive relief, restitution, and damages arising from defendants' alleged unlawful activities. Zelle Hofmann was the court-appointed Co-Liaison counsel for the state court plaintiff class and a member of the plaintiffs' executive committee.

*Espirit de Corp. v. Alton Box Board Co., et al. (California Superior Court, San Francisco; U.S. District Court, N.D. Cal., 9th Cir.).* An antitrust class action on behalf of California indirect purchasers of corrugated boxes, and involving a related federal court action addressing preemption, jurisdictional and other issues. *See Alton Box Board Co. v. Esprit De Corp.*, 682 F.2d 1267 (9th Cir. 1982).

*ETSI Pipeline Project v. Burlington Northern, Inc. (U.S. District Court, E.D. Tex.).* This litigation was one of the largest cases ever tried in federal court. The case involved allegations that a group of railroads, including the Atchison, Topeka & Santa Fe Railway Co., conspired over a ten-year period to prevent a pipeline from being built that would transport slurried coal from South Dakota to Texas. The plaintiffs included Bechtel Corp., Texas Eastern Pipeline Co., Houston Lighting & Power Co. and the Lower Colorado River Authority/City of Austin. Zelle Hofmann attorneys and other attorneys commenced representation of defendant Santa Fe in October of 1987. Over the next two years, Zelle Hofmann attorneys were involved in many depositions, preparation of briefs on nearly every conceivable aspect of antitrust law and trial procedure, and the preparation for a lengthy trial. Trial commenced in Beaumont, Texas in January of 1989 and lasted two months. Santa Fe by then was the only remaining defendant. After the jury found for ETSI but against HL&P, Zelle Hofmann attorneys participated in a vigorous appeal, and the case was eventually settled during the pendency of the appeal when the client moved forward with its restructuring program.

<2008>



ZELLE
HOFMANN
VOELBEL
MASON &
GETTE
A LIMITED LIABILITY
PARTNERSHIP

***Gypsum Wallboard Antitrust Litigation (U.S. District Court, N.D. Cal.)*** A price fixing case brought on behalf of a national class of governmental bodies. *See In re Gypsum Cases*, 386 F. Supp. 959 (N.D.Cal. 1974), 1974-2 Trade Cases ¶74,272 (N.D. Cal. 1974).

***In re Concrete Antitrust Litigation (U.S. District Court, D. Ariz.) 1980 WL 1994 (D.Ariz.), 1980-81 Trade Cases P 63,798***. An antitrust class action on behalf of Arizona ready mix concrete purchasers.

***In re Folding Cartons Antitrust Litigation (U.S. District Court, N.D. Ill., 7th Cir.) 567 F.2d 392 (7th Cir. 1977)***. An antitrust price fixing action brought on behalf of a nationwide class of direct purchasers of folding cartons.

***In re Sugar Industry Antitrust Litigation (U.S. District Court, N.D. Cal) 1976 WL 1374***. An antitrust price fixing action brought on behalf of three private classes of sugar purchasers in the Western United States.

***In re Toys' R Us Antitrust Litigation (U.S. District Court, E.D.N.Y.) 191 F.R.D. 347 (E.D.N.Y. 2000)***. A nationwide class action alleging anticompetitive activities in the children's toy market.

***Issuer Public Offering Fee Antitrust Litigation (U.S. District Court, S.D.N.Y.)***. A class action on behalf of issuing companies against underwriters of initial public offerings, alleging price fixing of IPO underwriting fees. Zelle Hofmann was the court-appointed Co-Lead Counsel for the plaintiff class.

***Kellogg Company – Shared Monopoly Case (Federal Trade Commission)***. Zelle Hofmann attorneys and other attorneys represented Kellogg Company in this case which literally threatened the company's existence. An activist Federal Trade Commission hoped to establish the power to regulate highly concentrated industries under Section 5 of the FTC Act even where no violation of the antitrust laws was shown. The FTC sought to break Kellogg into four companies based on the claim that it had shared a cereal monopoly with three other major cereal manufacturers through parallel, non-collusive activity. The FTC also sought to compel Kellogg to license its trademarks on a royalty-free basis. The case involved industrial organization issues of parallel corporate conduct, creation of barriers to entry and excess profitability. Zelle Hofmann attorneys participated in the development of creative defense strategies and presented and rebutted highly sophisticated economic testimony. The FTC ultimately dismissed the case, after the administrative law judge ruled in Kellogg's favor on nearly every disputed issue of fact.

</2008>



***Kellogg Company of Great Britain Ltd. -- UK Cartonboard Matter (High Court of Justice, London).*** A private antitrust action in the United Kingdom on behalf of an international food manufacturer alleging price fixing by suppliers of packaging materials. Kellogg of Great Britain's claims related to the defendants' participation from mid-1986 until at least April 1991 in a European Community-wide price-fixing conspiracy, as a result of which Kellogg alleged that it was charged excessive prices for cartonboard. Zelle Hofmann negotiated a favorable settlement on its client's behalf.

***Pharmaceutical Cases I, II and III (California Superior Court, San Francisco).*** An indirect-purchaser, consumer class action alleging that prescription drug manufacturers and wholesalers kept prices unreasonably high to retail pharmacies that passed on the overcharges to consumers.

***Plumbing Fixtures Antitrust Litigation (E.D. Pa.).*** A price-fixing case brought on behalf of classes of public bodies and various private clients. *See Lindy Bros. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973).

***Plywood Antitrust Litigation (U.S. District Court, E.D. La.).*** The Fifth Circuit upheld a jury verdict finding that three plywood manufacturers – Georgia Pacific Corp., Weyerhaeuser Co. and Willamette Industries – had conspired to fix delivered prices, with possible damages estimated to be as high as $2 billion. Zelle Hofmann attorneys and other attorneys, representing defendants, won important rulings on the damage phase of the case at the trial level and led a successful effort to have the Supreme Court grant certiorari to review the verdict of liability. The case was eventually settled for a sum far less than projected damage exposure. Published opinions: 655 F.2d 627 (5th Cir. 1981); 663 F.2d 101 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983).

***Presidio Golf Club of San Francisco, Inc., et al. v. National Service Industries, Inc. (U.S. District Court, N.D. Cal.)*** 1972 WL 606, 1972 Trade Cases ¶74,129. A price fixing action brought on behalf of class of linen service users against linen suppliers.

***Sprint (Southern Pacific Comm. Co. v. AT&T (U.S. District Court, N.D.Cal., D.C.Cir.).*** In December of 1982, Southern Pacific Co. had lost an antitrust action in the federal district court for the District of Columbia against AT&T for attempting to monopolize the market for private line telecommunications services (SPI). Also, the time was running out for filing a second action against AT&T for attempting to monopolize the market for switched telephone services (SP II). Zelle Hofmann attorneys and other attorneys represented Southern Pacific on appeal. Although the District of Columbia

ZELLE
HOFMANN
VOELBEL
MASON &
GETTE
A LIMITED LIABILITY
PARTNERSHIP

Circuit upheld the judgment below, Zelle Hofmann attorneys represented Southern Pacific in SP II in federal district court in San Francisco, where it was consolidated for discovery purposes with similar actions by MCI and U.S. Transmission Systems. AT&T's summary judgment motion based on res judicata was defeated in mid-1985. While additional summary judgment motions were pending, the case settled favorably for Southern Pacific. Published opinions: 740 F.2d 980 (D.C.Cir.), cert. denied, 470 U.S. 1005 (1984); 740 F.2d 1011 (D.C.Cir. 1984).

***Vitamins Antitrust Litigation (U.S. District Court, D.D.C.).*** Zelle Hofmann represented a major international food manufacturer in a federal antitrust action against domestic and foreign manufacturers of bulk vitamins, vitamin premixes and other vitamin products used in the manufacture of food products. The complaint alleged that the manufacturers violated U.S. antitrust laws by, among other things, conspiring to fix prices, allocate sales and allocate customers. The matter was settled on a highly favorable basis to our client, for significantly more money than could have been achieved through the class action.