## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**STIPULATION AND PROPOSED ORDER REGARDING PREPARATION
<u>AND USE OF NATIVE DOCUMENTS</u>**

WHEREAS, on or about February 20, 2007 the Court approved the parties' SECOND AMENDED STIPULATION REGARDING ELECTRONIC DISCOVERY AND FORMAT OF DOCUMENT PRODUCTION (hereafter, the "Native Format Stipulation");

WHEREAS, the Native Format Stipulation generally prohibits a party from using in the litigation a native file produced to it for inspection unless that native file has been converted to TIFF or specially produced in native file format pursuant to Paragraph 30 of the Native Format Stipulation; and

WHEREAS, the parties wish to streamline the current process for producing a file in native format for use in the litigation and also wish to allow each other's Service Providers (as that term is defined in Paragraph 30 of the Native Format Stipulation) to make limited copies of the native documents produced for inspection for use at depositions, trial or motion practice;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG AMD, CLASS PLAINTIFFS, AND INTEL, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. Notwithstanding Paragraph 30 of the Native Format Stipulation, a party's Service Provider(s) may create a production version of a native file produced to the party for inspection subject to the following limitations:

    a. This procedure is to be used only where use of the TIFF format of the document would result in the omission of relevant information that the party offering the document intends to use or rely on in connection with the deposition, motion or trial, or where the TIFF format of the document is otherwise insufficient for use in deposition, trial or motion practice. Notwithstanding the foregoing, spreadsheets and PowerPoint presentations shall be deemed appropriate for use of this procedure, subject to the objection process noted in sub-paragraph d. below.

    b. The Service Provider for a party wishing to self-copy native documents produced by another party for inspection shall deliver to the Producing Party on CD, DVD, or a portable hard drive a copy of any native document copied from the native pre-production set produced by the Producing Party. Each piece of media will be identified by a unique media control number. The native documents contained on the media will be in an identical format to that received from the Producing Party in the initial native pre-production set, and will include a reference file containing the file's Native Bates Number and confidentiality designation.

RLF1-3317154-1

c.  No native document copied pursuant to this procedure shall be used at a deposition, or in a motion or trial unless a copy of the native document has been provided to the other side at least five (5) calendar days in advance of the date of its use, and no native document copied pursuant to this procedure shall be used at a deposition unless a TIFF of the document has been provided to the other side at least fourteen (14) calendar days in advance of the date of its use.

d.  If the Producing Party objects to the use of a document in native format, that party shall notify all other parties of such objection in writing within seven (7) days of receipt of a copy of the native document. If the parties are unable to agree as to the production of the file in native format, the parties will submit the matter to the Special Master. The Receiving Party shall bear the burden of establishing good cause for using the file in native format in connection with the deposition, motion or trial. Notwithstanding such an objection, and pending resolution of the matter, the native document shall remain usable in deposition, motion practice or trial.

2.  All other terms of the Native Format Stipulation are not modified by this agreement.

      /s/ Steven J. Fineman
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19899
(302) 651-7836
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd.

        /s/ J. Clayton Athey
_____
James L. Holzman (#663)
J. Clayton Athey (#4378)
Prickett Jones & Elliott, P.A.
1310 King Street
Post Office Box 1328
Wilmington, DE 19899
(302) 888-6509
jlholzman@prickett.com
jcathey@prickett.com
Interim Liaison Counsel and Attorneys for Phil Paul, on behalf of himself and all others similarly situated

        /s/ Richard L. Horwitz
_____
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Post Office Box 951
Wilmington, D.E. 19890-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
Attorneys for Intel Corporation and Intel Kabushiki Kaisha

Having read and considered the foregoing Stipulation and Proposed Order Regarding Preparation and Use of Native Documents, the Special Master **HEREBY RECOMMENDS THAT THE COURT ADOPT SAME**.

ENTERED this ____ day of September, 2008.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

SO ORDERED this ____ day of September, 2008.

_____
United States District Court Judge

4