**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | MDL Docket No. 05-1717 (JJF) |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) | |

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD. | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-441 (JJF) |
| v. | ) ) | |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) | C.A. No. 05-485-JJF |
| | ) | CONSOLIDATED ACTION |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) | |

**<u>DECLARATION OF RICHARD L. HORWITZ</u>**

Richard L. Horwitz declares as follows:

1.  I serve as counsel for Intel Corporation and Intel Kabushiki Kaisha ("Intel") in

the above captioned matters, and submit this Declaration in support of Intel's opposition to the

motion ("Motion") filed by The New York Times Company, Situation Publishing Ltd., Dow

Jones & Co., Inc., The Washington Post, the Reporters Committee for the Freedom of the Press,

and the Computer & Communications Industry Association (collectively, "Movants") to

intervene for the purpose of unsealing certain briefs and transcripts, and for partial reassignment

of this action to another judge.

       2.  On July 7, 2008, Movants first notified Intel of their intent to file the Motion in

an email message to me from their counsel, David. L. Finger.  (Exhibit A hereto).

       3.  On July 10, 2008,  I spoke by telephone with Mr. Finger.  Because his clients'

effort to challenge the sealing of certain documents filed under seal pursuant to this Court's

orders would affect not only the parties in this action, but also numerous third parties that have

produced confidential documents in this action, I asked for thirty days to consider his clients'

concerns.  I further advised him that Intel would agree to unseal the June 5, 2008 (D.I. 683)

transcript if AMD and the Class would also agree.

       4. On July 14, 2008, Mr. Finger sent me an email in which he agreed to a thirty

day extension, but stated that he would file the motion if the matter was not entirely resolved

within 30 days.  (Exhibit B hereto).

       5. Intel then began a careful review of the Preliminary Pretrial Briefs and

transcripts to determine whether any parts could be unsealed and to determine the specific

portions that would require the concurrence of third parties or AMD.  This was a time-

consuming process.

       6. On August 4, 2008, Mr. Finger sent me an email asking about the status of

Intel's  review, and inquiring whether Intel "intend[ed] to make any proposal within the next few

days."  (Exhibit C hereto).  I immediately responded that Intel was "continuing to work on these

issues, both internally and in discussions with the other parties," that it was "a complicated

process to try to deal with everyone's concerns,"  and that Intel expected to get back to him the

following week.  *Id.*

7.  On August 14, 2008, following Intel's review of pertinent documents, I wrote a letter to Mr. Finger.  (Exhibit D hereto).  While making clear Intel's position that Movants had no right of access to the requested documents, I told him that Intel was willing to meet and confer with Movants, Plaintiffs, and Third Parties to reach a mutually acceptable result.  I suggested that we arrange a telephone conference the following week, and depending on the outcome of that conference, "the parties can further discuss the specifics, and reach out to third parties as necessary."

8.  Intel received no response to my August 14, 2008 letter, except Movants filed the Motion on August 21, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of September, 2008.


*/s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)


881288/29282