# EXHIBIT A

**From:** David L. Finger [mailto:dfinger@delawgroup.com]
**Sent:** Monday, July 07, 2008 10:01 AM
**To:** jcathey@prickett.com; Horwitz, Richard L.; Drane, Jr. W. Harding; dgattuso@proctorheyman.com; jgoddess@rmgglaw.com; Rob Goldberg; pcollins@morrisjames.com; thanson@morrisjames.com; rjones@ashby-geddes.com; Adam Balick; cottrell@rlf.com; Fineman, Steven; shandler@rlf.com; mkelly@mccarter.com; bankserve@bayardlaw.com; david.primack@dbr.com; seaman@abramslaster.com
**Subject:** AMD v. Intel

Dear Counsel:

I have been retained by The New York Times Company, Situation Publishing Ltd., Dow Jones & Co., Inc., The Washington Post, The Reporters Committee for Freedom of the Press, and the Computer & Communications Industry Association, for the purpose of gaining access to documents filed in the above-referenced litigation.

My clients take the position that the amount of sealing in this litigation has been excessive, and I am contacting you in advance of (and hopefully instead of) filing a motion with the Court to see if we can resolve this issue without the need for litigation. Specifically, my clients are interested in the parties' preliminary case statements/pretrial memoranda (Docket Items 625, 627, 628, 629, 634, 635, 645, 646, 648) and certain hearing transcripts (Docket Items 633, 647 and 683).

Therefore, I ask whether you are willing to review these docket items and advise whether you are willing to provide further disclosure, limiting sealing to only that which is truly entitled to sealing (such as valid current trade secrets and confidential commercial information, and excluding stale information).

Please advise by this Friday, July 11, 2008, whether you are amenable to further disclosure as requested. If you are not so willing, or you elect not to respond, my clients have instructed me to file a motion to intervene and to unseal on Monday, July 14.

Thank you for your kind attention to this matter.

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE  19801-1155
(302) 884-6766
dfinger@delawgroup.com
www.delawgroup.com

# EXHIBIT B

**From:** David L. Finger [mailto:dfinger@delawgroup.com]
**Sent:** Monday, July 14, 2008 10:53 AM
**To:** Horwitz, Richard L.
**Cc:** Drane, Jr. W. Harding; dgattuso@proctorheyman.com; jgoddess@rmgglaw.com; Rob Goldberg; pcollins@morrisjames.com; thanson@morrisjames.com; rjones@ashby-geddes.com; Adam Balick; cottrell@rlf.com; Fineman, Steven; shandler@rlf.com; mkelly@mccarter.com; bankserve@bayardlaw.com; david.primack@dbr.com; seaman@abramslaster.com; peter@msllp.com; john.schultz@morganlewis.com
**Subject:** AMD v. Intel

Dear Rich:

I have spoken with my clients regarding your proposal, and they have agreed to defer filing the motion to unseal for thirty (30) days to allow you to coordinate with all of the parties to determine what sealed information should be unsealed.

As I indicated on the phone, we are concerned about thirty days stretching out further, and so I am only authorized to grant this one delay. Should the matter not be resolved to everyone's satisfaction within that time frame I am instructed to file the motion. Hopefully, with everyone working cooperatively, such will not be necessary.

As always, please do not hesitate to contact me if you have any questions.

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
dfinger@delawgroup.com
www.delawgroup.com

# EXHIBIT C

**From:** Horwitz, Richard L.
**Sent:** Monday, August 04, 2008 10:36 AM
**To:** 'David L. Finger'
**Subject:** RE: Intel Antitrust Litigation

David - We are continuing to work on these issues, both internally and in discussions with the other parties. As you might imagine, it is a complicated process to try to deal with everyone's concerns. We hope to get back to you very soon, although it might be early next week instead of in the next few days.

---

**From:** David L. Finger [mailto:dfinger@delawgroup.com]
**Sent:** Monday, August 04, 2008 10:17 AM
**To:** Horwitz, Richard L.
**Subject:** Intel Antitrust Litigation

Rich:

Several weeks have past since you requested a delay in my filing a motion to unseal documents, for the purpose of your attempting to organize a collective effort to determine what documents to (further) unseal.

I have not heard anything from you on that score. Do you intend to make any proposal within the next few days?

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
dfinger@delawgroup.com
www.delawgroup.com

# EXHIBIT D



**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

August 14, 2008

VIA EMAIL & U.S. MAIL

David L. Finger
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

    Re:   Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,
           C. A. No. 05-441-JJF; In re Intel Corp., C.A. No. 05-1717-JJF; and
           Phil Paul v. Intel Corporation (C.A. No. 05-485)

Dear David:

      I write to update you on the steps that we have taken in response to your clients' request for access to the parties' preliminary pretrial statements and responses (C.A. No. 05-441 - D.I. 625, 627, 634, 635, 645), as well as certain hearing transcripts (D.I. 633, 647, 683). First, as we have previously discussed, Intel has no objection to the unsealing of the transcript of the June 5, 2008 proceedings (D.I. 683), which dealt primarily with the parties' dispute over the deposition discovery plan. Intel does not agree, however, to the unsealing of the transcripts of the two telephone conferences (D.I. 633, 647), which were held *in camera* and during which issues of attorney work product were discussed.

      As for the preliminary pretrial statements and responses, it is our position that your clients have no right of access, under either the First Amendment or common law, to those memoranda in their unredacted form. Those briefs were filed in connection with a discovery dispute, and were considered by the Special Master for that limited purpose. As such, they constitute "discovery motions and their supporting documents," to which the presumption of public access does not apply. *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). And although we do not understand your clients to be seeking access to the underlying discovery documents, it is clear that the presumption of access does not reach those materials, which are covered by the Protective Order and which were never filed with the Court. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 782 (3d Cir. 1994); *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1339 (D.C. Cir. 1985) (Scalia, J.).

As you may know, the Protective Order was the product of lengthy negotiations between the parties, extensive commentary by third parties, and careful consideration by both Special Master Poppiti and Judge Farnan. In accordance with that Protective Order, the parties redacted any portions of the preliminary pretrial memoranda that would disclose the content of discovery materials designated as confidential by the producing party or third party.

That being said, we are willing to negotiate to find the best balance between the private and public interests here. To that end, we have carefully reviewed Intel's preliminary pretrial briefs, and those of AMD, to evaluate whether any portions can be unredacted. We believe there is room for a principled compromise that would allow additional meaningful public disclosure. As you might appreciate, however, it is essential that any negotiation be conducted in a coordinated fashion with AMD, as well with the third parties whose materials are implicated.

At this time, while we have reached out to AMD's counsel, we have not heard back on AMD's position as to its confidential material. If AMD's attorneys have indicated to you that AMD is also willing to negotiate a compromise, perhaps we can arrange a telephone conference next week to discuss the matter more generally. Depending on the outcome of that conference, the parties can further discuss the specifics, and reach out to third parties as necessary.

We appreciate your patience in this matter. As I hope you can appreciate, the materials are voluminous, and the number of parties and issues involved are large.

Very truly yours,

*/s/ Richard L. Horwitz*

Richard L. Horwitz
(I.D. No. 2246 #)

RLH/rb
878516/29282

cc:   Frederick L. Cottrell, III, Esq.
      Charles P. Diamond, Esq.
      Linda J. Smith, Esq.
      James L. Holzman, Esq.
      Daniel A. Small, Esq.