Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JCATHEY@prickett.com

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302)888-6500
FAX: (302)658-8111
http://www.prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302)674-3841
FAX: (302)674-5864

March 9, 2010

**BY ELECTRONIC FILING,**
**E-MAIL AND HAND DELIVERY**

The Honorable Vincent J. Poppiti, Special Master
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

Re:   *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF;
       *Phil Paul v. Intel Corp.*, Cons. C.A. No. 05-485-JJF
       **Related to DM No. 26;**

Dear Judge Poppiti:

Class Plaintiffs submit this reply to Defendant Intel's letter of March 4, 2010. Intel's attempted distinction of Magistrate Judge Orenstein's order in *In re Payment Card Interchange Fee And Merchant Discount Antitrust Litigation*, MDL. No. 05-1720-JG-JO (E.D.N.Y.) ("*Interchange Fee*") compelling production of documents relating to investigations conducted by the European Commission lacks merit.

First, Intel's attempted distinction of *Interchange Fee* on the ground that the decision "related solely to the issue of international comity" makes little sense. Intel Letter of March, 4, 2010, p.1. (D.I. 2344 in MDL No. 05-1717-JJF). Intel's primary objection to production of the unredacted version of the EC's final decision ("EC Decision") is almost entirely based on international comity. Intel Letter Brief of October 20, 2009 (D.I. 2206) pp. 1-5. Indeed, as explained in AMD's initial brief in support of the motion to compel (in which Class Plaintiffs joined), preliminary materials like those at issue in *Interchange Fee* present significantly more difficult questions of comity than does the final adjudication at issue here. *Id.* at 4. Moreover, contrary to Intel's assertion, the briefing in *Interchange Fee* demonstrates that the defendants there also argued, as here, that the materials sought were irrelevant and/or of little value because 1) the plaintiffs had already obtained substantial discovery; and 2) the EU investigation focused on defendants' purported activities in Europe whereas the plaintiffs' case was restricted to the U.S. market. *See, e.g.,* Class Plaintiffs' Letter of March 2, 2010 (D.I. 2338), ex. C, p. 1 ("MasterCard's objections on relevance and other grounds, . . ."); p. 3 (plaintiffs "already have a voluminous, comprehensive record of both MasterCard's and the Commissions' positions"; therefore, material sought of "marginal value."); ex. D, p. 3 ("This case involves U.S. commerce and alleged conduct by Visa, whereas [the EC material sought] concerns European commerce and conduct by Visa Europe, a separate entity.").

The Honorable Vincent J. Poppiti
March 9, 2010
Page 2

Second, the EC Decision is plainly relevant. Intel does not deny that it addresses the same conduct at issue here, namely, a global pattern of anticompetitive, exclusionary conduct by Intel designed to suppress competition. Intel's assertion that the Court's ruling under the FTAIA renders some of the redacted materials irrelevant is incorrect. Not only does this assertion mirror the distinction rejected by Magistrate Judge Orenstein in *Interchange Fee*, it also ignores this Court's ruling that Intel's foreign conduct was relevant to important issues in this case, including, *inter alia,* Intel's market power and the materiality, in the context of the overall relevant market, of its exclusionary conduct. *See, e.g.,* Class Plaintiffs' Letter Brief of February 8, 2010 (D.I. 2308), p. 2, citing Special Master's Report and Recommendation on Plaintiffs' Motions to Compel, Dec. 15, 2006 (D.I. 365, at 14, 16-17, 20), adopted by the Court on Jan. 12, 2007 (D.I. 380).

Furthermore, as noted in earlier submissions, findings of governmental agencies, including foreign agencies, are generally admissible at trial. AMD Letter Brief of October 6, 2009 (D.I. 2160), p. 5. It follows that Class Plaintiffs are entitled to the entire document in order to properly understand and evaluate it, as well as to answer Intel's objections to its admission at trial. Indeed, if the Court denies Class Plaintiffs' instant motion, Intel will assuredly object to the admission of the EC Decision on the grounds that it is incomplete.

Third, Class Plaintiffs do not concede, and Intel has not shown, that all of the redacted materials have already been produced in discovery, apart from certain third party documents. As previously noted, it cannot be determined from the redacted EC Decision precisely what documents, or versions of documents, the EC relied on. Moreover, the fact that many of the documents may already have been produced means that the sources of those documents – including primarily Intel – have no legitimate confidentiality interest in preventing Class Plaintiffs from viewing them in the context of the EC Decision. *See* AMD Letter Brief of October 23, 2009 (D.I. 2224), p. 2 (redactions made as a result of Intel's request). In any event, any confidentiality concerns are adequately protected by the protective order herein, and do not distinguish this case from *Interchange Fee*.

Finally, Class Plaintiffs respectfully submit that this matter is ripe for decision. It is fully briefed, involves an unquestionably important piece of evidence, and, if the Court grants Class Plaintiffs' motion, Intel can produce the unredacted EC Decision without significant effort, and without impeding its preparation for the class certification hearing which is still over one month away. There is no reason to delay this matter until after class certification.

Respectfully submitted,

J. Clayton Athey
(DE Bar ID # 4378)

cc:  Richard L. Horwitz, Esquire (*by electronic filing, e-mail and hand delivery*)
     James L. Holzman, Esquire (*office*)

19684.1\422098v2