IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-1717 (JJF) |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**SPECIAL MASTER'S REPORT AND RECOMMENDATIONS GRANTING,
IN PART, INTEL CORPORATION'S OBJECTIONS TO
CLASS PLAINTIFFS' [PROPOSED] PRE-HEARING ORDER (D.I. 2324)**

The matter is presently before the Special Master on defendant Intel Corporation's ("Intel") Objections to the [Proposed] Pre-Hearing Order submitted by Phil Paul, on half of himself and all others similarly situated ("Class Plaintiffs") (D.I. 2330) (the "Objections").

Intel objects to Class Plaintiffs' reservation of the right to call Professor Roger Noll, Professor of Economics (Emeritus) at Stanford University and Co-Director of Stanford Institute of Economic Policy Research ("Prof. Noll"), as a rebuttal witness at the hearing on Class Plaintiffs' Motion for Class Certification and Defendant's Motion to Exclude (the "Hearing"). (D.I. 2324 at ¶ 24(a)(ii)).

Having read and considered the papers submitted by the parties and having heard and considered the parties' limited oral argument on February 26, 2010, the Special Master

recommends that Intel's Objections be GRANTED, in part.[1]

## BACKGROUND

On February 22, 2010, Class Plaintiffs filed their [Proposed] Pre-Hearing Order and for the first time identified Prof. Noll as rebuttal witness. (D.I. 2330 at ¶ 24(a)(i)). On February 25, 2010, Intel objected to "plaintiffs' twelfth hour reservation of 'the right' to call a new expert, Professor Roger Noll 'during their rebuttal presentation.'" (D.I. 2330 at 1). Pursuant to the Special Master's Amended Order Requiring Pre-Hearing Order and Scheduling Pre-Hearing Teleconference (D.I. 2274) (the "Special Master's Pre-Hearing Order"), on February 26, 2010, the Special Master conducted a Pre-Hearing teleconference regarding the Pre-Hearing Orders submitted by the parties and to discuss pre-Hearing and Hearing procedures. Counsel for Intel provided brief comments regarding their Objections. Class Plaintiffs declined to provide comments at the Pre-Hearing teleconference but instead chose to file an answering brief to Intel's Objections. On March 1, 2010, Class Plaintiffs filed their answering brief (D.I. 2333). On March 2, 2010, Intel filed a reply brief setting forth further reasons why Dr. Noll should not be permitted to testify at the Hearing (D.I. 2339).

## DISCUSSION AND CONCLUSIONS

After review of the parties' submittals, the Special Master concludes that Class Plaintiffs' reservation of the right to call Prof. Noll is untimely under Fed. R. Civ. P. 26(a)(2)(C)(ii). The Special Master also concludes that applicable caselaw favors exclusion of Prof. Noll's rebuttal testimony.

---

[1] The Special Master does not address Intel's other objections to Plaintiffs' [Proposed] Pre-Hearing Order herein. (D.I. 2330 at 4). Rather, the parties objections to one another's respective proposed Pre-Hearing Orders were considered in drafting the Pre-Hearing Order Governing Hearing On Class Plaintiffs' Motion For Class Certification and Defendant Intel Corporation's Motion to Exclude Testimony of Dr. Keith Leffler, to be docketed on March 23, 2010.

I.  **Class Plaintiffs' Disclosure Of Prof. Noll's Testimony Is Untimely Under Fed. R. Civ. P. 26(a)(2)(C)(ii).**

A.  **Class Plaintiffs Failed To Disclose Prof. Noll's Rebuttal Expert Testimony Within The 30-Day Period Provided For In The Rules.**

Pursuant to Fed. R. Civ. P. 26(a)(2)(C)(ii), Class Plaintiffs were required to disclose Prof. Noll as a potential rebuttal witness, absent a stipulation or court order, within 30 days after Intel's disclosure of its expert witness, David P. Kaplan ("Dr. Kaplan"). (*See* Fed. R. Civ. P. 26(a)(2)(C)(ii)). Intel first disclosed Dr. Kaplan as an expert witness on October 30, 2008 (*see* Declaration of David P. Kaplan In Support of Answering Brief In Opposition to Class Plaintiffs' Motion For Class Certification (D.I. 1251)). Thus, Class Plaintiffs were required to disclose any rebuttal expert within thirty (30) days, or by November 30, 2008. Class Plaintiffs failed to do so.

B.  **Class Plaintiffs Did Not Request The Right To Disclose Rebuttal Expert Testimony When the Briefing Schedule On Class Plaintiffs' Motion For Class Certification Was Amended.**

Following the United States Court of Appeals' decision in *In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305 (3d Cir. 2008) on December 30, 2008, the Special Master convened a teleconference on January 27, 2009 (the "January 2009 Hearing") regarding the briefing and ultimate hearing schedule on Class Plaintiffs' Motion for Class Certification (D.I. 1521 at 4). At the January 2009 Hearing, Class Plaintiffs' counsel explained that subsequent to *In re Hydrogen Peroxide Antitrust Litigation*, Class Plaintiffs "would be better off doing additional analysis," which they would present in Class Plaintiffs' Reply Brief In Further Support of Class Plaintiffs' Motion for Class Certification ("Reply Brief") (*Id*. at 5).

In exchange for the opportunity to present additional evidence in their Reply Brief, Class Plaintiffs agreed to Intel's request to re-depose Class Plaintiffs' expert and respond with a Sur-Reply In Further Opposition to Class Plaintiffs' Motion for Class Certification ("Sur-Reply") (*Id*.

3

at 5-7). By stipulation of the parties, an Amended Stipulation and Order Regarding Class Certification Briefing Schedule ("Amended Briefing Schedule") was entered by the Special Master and approved by the Court on February 19, 2009 (*see* D.I. 1595 and D.I. 1598).

The Special Master notes that during the January 2009 Hearing, Class Plaintiffs did not request additional time to designate a rebuttal expert. Class Plaintiffs also failed to do so when the Amended Briefing Schedule was entered into on February 19, 2009 (D.I. 1595 and D.I. 1598), or when the Stipulation was amended on four separate occasions. (On April 16, 2009 (D.I. 1707 and D.I. 1708); on June 30, 2009 (D.I. 1965); on November 9, 2009 (D.I. 2245); and on December 7, 2009 (D.I. 2263)).

Thus, the Special Master concludes that Class Plaintiffs waived any claimed right they may have had to identify a new rebuttal expert by failing to raise it at the January 2009 Hearing or anytime before filing of Class Plaintiffs' [Proposed] Pre-Hearing Order on February 22, 2010. (D.I. 2330).

### C. Class Plaintiffs' Disclosure of A "Supporting Expert Report" On January 26, 2010 Was Not A Rebuttal Expert Disclosure Pursuant To Fed. R. Civ. P. 26(a)(2)(C)(ii).

On January 11, 2010, Intel filed Dr. Kaplan's Declaration in Support of Intel's Sur-Reply in Opposition to Class Plaintiffs' Motion for Class Certification. (D.I. 2273). Even if the Special Master were to use January 11, 2010 as the date that Dr. Kaplan was disclosed as an expert, Class Plaintiffs still failed to meet the thirty-day period to disclose rebuttal experts under Fed. R. Civ. P. 26(a)(2)(C)(ii). Under such a scenario, Class Plaintiffs were required to disclose any rebuttal expert testimony within thirty (30) days after Intel's disclosure, or by *February 11, 2010*.

4

On January 26, 2010, Class Plaintiffs requested "leave to file a final brief and *supporting expert report* in response to Intel's January 11, 2010 sur-reply." (D.I. 2285) (emphasis added). On February 2, 2010, the Special Master denied Class Plaintiffs' request (D.I. 2302 at 3).

The Special Master concludes that Class Plaintiffs' January 26, 2010 request to file a reply to sur-reply and supporting expert report does not meet the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) due to Class Plaintiffs' failure to identify Prof. Noll as a rebuttal expert. *See* WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL QUICK REFERENCE at 541 (emphasis added) ("Rule 26(a)(2) requires automatic disclosure of the *identity* of persons who 'may' testify as expert witnesses and production of a report for each such witness"). Class Plaintiffs did not disclose the identity of Prof. Noll on January 26, 2010.

Class Plaintiffs argue that disclosure of Prof. Noll's testimony was timely under ¶ 1(b)(iv) of the Special Master's Pre-Hearing Order, which required each party to file and serve a Pre-Hearing Order, including "the witness each party intends to call during the Hearing, specifying those who will provide live testimony." (D.I. 2333 *citing* D.I. 2274). The Special Master concludes that, by simply requesting that the parties set forth the witnesses that would provide testimony at the Hearing, the Special Master's Pre-Hearing Order was not meant to and did not pre-empt the Federal Rules of Civil Procedure. (*See* Fed. R. Civ. P. 26(a)(2)(C): A party must make these disclosures at the time and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence . . . within 30 days after the other party's disclosure.").

## II. Caselaw Favors Exclusion of the Rebuttal Testimony of Prof. Noll.

The U.S. Court of Appeals for the Third Circuit takes into consideration the following factors in determining whether testimony should be excluded:

5

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Coalition to Save Our Children v. Bd. Of Educ. of the State of Delaware*, 90 F.3d 752, 789-90 (3d Cir. 1996) (quotations omitted).

The Special Master concludes that each of the *Coalition* factors favors exclusion of the rebuttal testimony of Prof. Noll.

The parties agreed that briefing on Class Plaintiffs' Motion for Class Certification would conclude on January 11, 2010. (*See* Amended Briefing Schedule, D.I. 1595 and D.I. 1598, as last amended on December 7, 2010 (D.I. 2263)). Pursuant to the Amended Stipulation, Intel filed its Sur-Reply in Opposition to Class Plaintiffs' Motion for Class Certification on January 11, 2010. (D.I. 2267). As of January 11, 2010, Intel was unaware of Prof. Noll's existence. On February 22, 2010, Class Plaintiffs disclosed Prof. Noll as a rebuttal witness in their Pre-Hearing Order. (D.I. 2330). Briefing on Class Plaintiffs' Motion for Class Certification began on May 16, 2008, almost two years ago. (D.I. 916). The Hearing is scheduled to commence on April 16, 2010.

Based on the timeline of events as set forth above, the Special Master concludes that Class Plaintiffs' last-minute disclosure of Prof. Noll is not only a surprise, but will prejudice Intel, where Intel has operated under the premise that Dr. Leffler would serve as Class Plaintiffs' rebuttal witness at the Hearing (D.I. 2330), where Intel has not had the opportunity to depose Prof. Noll, and where Intel has not been provided with his rebuttal expert report. *See* Fed. R. Civ. P. 26(a)(2)(B) (unless otherwise stipulated or ordered by the court, parties' disclosure of the identities of any witnesses it may use at trial must be accompanied by a written report).

The Special Master further concludes that Intel does not have the ability to cure any prejudice before the Hearing. Rather, the Special Master concludes that if Prof. Noll were allowed to testify it would unfairly disrupt the pre-Hearing preparation, requiring Class Plaintiffs to provide Intel with his rebuttal expert report and an opportunity for Intel to depose Prof. Noll.

In light of the Special Master's Order Denying Class Plaintiffs' Request, the Special Master further concludes that Class Plaintiffs' conduct in failing to comply with a Court Order was willful. The Special Master denied Class Plaintiffs' request to file an additional expert report on February 2, 2010 for the reasons stated therein. (D.I. 2302). The Special Master concludes that Class Plaintiffs' subsequent disclosure of Prof. Noll as a rebuttal expert appears to be an attempt to circumvent the Special Master's Order Denying Class Plaintiffs' Request.

The Special Master also concludes that Class Plaintiffs' reliance on *Murphy v. Magnolia Electric Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981) for the proposition that "in similar circumstances it was reversible error for a district court to refuse to allow rebuttal expert testimony" is inapposite to this case. (D.I. 2333).[2] In *Murphy*, the trial court refused to allow appellants to present their expert as a rebuttal witness because Appellants had failed to supplement their interrogatory answers. *Id.* at 234. The U.S. Court of Appeals for the Fifth Circuit held that it was reversible error on the facts of that case to refuse to allow appellants' expert witness to testify. *Id.* at 235. The Special Master concludes that *Murphy* differs from this case in one important respect. Class Plaintiffs have and can present proper rebuttal testimony in response to Dr. Kaplan, through the testimony of Dr. Leffler.[3]

---

[2] Intel also argues that Murphy was decided before the 1993 amendments to the Federal Rules of Civil Procedure, which added both the Rule 26(a)(2) mandatory expert report requirement as well as Rule 37(c)(1), which requires exclusion of improperly disclosed testimony, unless the failure was justified or harmless. (D.I. 2339 at 2).

[3] The Special Master declines to address in detail Intel's arguments regarding the proper scope of rebuttal testimony where Plaintiffs' disclosure of Prof. Noll's testimony is untimely. (D.I. 2330 at 2) However, to the extent that Plaintiffs offer Prof. Noll to strengthen Dr. Leffler's analysis, this is not the proper scope of rebuttal testimony. *See Merilyn Cook v. Rockwell Int'l Corp.*, 580 F.Supp. 1071, 1169 (D. Colo. 2006) (a supplemental expert report that

7

Pursuant to Fed. R. Civ. P. 37(c)(1), "if a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that evidence . . . at trial, unless the failure was substantially justified or harmless." Class Plaintiffs have not set forth any reason for their designation of Prof. Noll as a rebuttal witness at this late juncture. The Special Master concludes, for the reasons set forth herein, that Class Plaintiffs failure was neither substantially justified nor harmless. Class Plaintiffs had several opportunities to request leave to disclose Prof. Noll's rebuttal expert testimony although the 30-day period set forth in Fed. R. Civ. P. 26(a)(2)(C)(ii) had expired. However, Class Plaintiffs failed to do so. Thus, the Special Master concludes that exclusion of Prof. Noll's rebuttal testimony is appropriate. *See, e.g., Wegner v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) ("[t]he district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless."); *Stallings v. Werner Enter.*, 2009 WL 1176387 (D. Kan. April 28, 2009) (excluding rebuttal evidence due to party's failure to meet 30-day requirement under Fed. R. Civ. P. 26(a(2)(C)(ii) where party failed to show that failure was harmless).

Even though Class Plaintiffs have not requested that Dr. Leffler serve as an alternate rebuttal expert witness at the Hearing, the Special Master concludes that Dr. Leffler may offer rebuttal testimony. Consistent with the analysis in *Coalition*, the Special Master concludes that Intel will not be prejudiced or surprised by Dr. Leffler's rebuttal expert testimony (D.I. 2330) and that the Hearing would not be disrupted. 90 F.3d at 789-90; *see also Magnolia Electric Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981) (absence of prejudice should be taken into account in determining whether rebuttal expert testimony should be excluded by the court).

---

states additional opinions or rationales or attempts to strengthen opinions expressed in original expert reports exceeds permissible supplementation and is subject to exclusion pursuant to Fed. R. Civ. P. 37(c)).

## CONCLUSION

For the reasons set forth above, the Special Master concludes that Intel's Objections should be GRANTED, IN PART.

IT IS THEREFORE RECOMMENDED THAT:

1. Prof. Noll not be permitted to testify as a rebuttal witness on Class Plaintiffs' behalf at the Hearing.

2. Dr. Leffler be permitted to testify as a rebuttal expert witness on Class Plaintiffs' behalf at the Hearing.

THE SPECIAL MASTER'S OPINION AND ORDER WILL BECOME A FINAL ORDER OF THE COURT UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER OF THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FED. R. CIV. P. 53(f)(2).

**ENTERED** this 22nd day of March, 2010.

Vincent J. Poppiti (DSBA No. 100614)
Special Master