IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) MDL No. 05-1717-JJF ) ) |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 05-485-JJF ) |
| v. | ) CONSOLIDATED ACTION ) |
| INTEL CORPORATION, | ) ) |
| Defendant. | ) |

**PRE-HEARING ORDER GOVERNING HEARING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFENDANT INTEL CORPORATION'S MOTION TO EXCLUDE TESTIMONY OF DR. KEITH LEFFLER**

WHEREAS, the Motion for Class Certification filed by Plaintiffs, Phil Paul, on behalf of himself and all others similarly situated ("Plaintiffs"), and the Motion to Exclude Testimony of Dr. Keith Leffler ("Motion to Exclude") filed by Defendant Intel Corporation ("Intel") will be heard by the Special Master on April 15 and 16, 2010 from 9:00 a.m. until 5:00 p.m. with appropriate breaks, and, to the extent necessary on Monday, April 19, 2010 from 9:00 a.m. until 3 p.m. with appropriate breaks (the "Hearing");

WHEREAS, on February 22, 2010, Plaintiffs and Intel each submitted a proposed pre-Hearing Order that included pre-Hearing and Hearing procedures (D.I. 2323 and 2324 in 05-MD-1717);

WHEREAS, on February 25, 2010, Intel objected to certain aspects of Plaintiffs' [Proposed] Pre-Hearing Order (D.I. 2330);

WHEREAS, on March 1, 2010, Plaintiffs responded to Intel's objections and requested that the Special Master narrow the issues to be addressed at the Hearing (D.I. 2333);

WHEREAS, on March 2, 2010, Intel filed a reply brief, limited to addressing Plaintiffs' reservation of the right to call Professor Roger Noll as a rebuttal expert witness at the Hearing D.I. 2339);

WHEREAS, the Special Master held a pre-Hearing teleconference with the parties on February 26, 2010, during which the parties agreed upon the following pre-Hearing and Hearing procedures, subject to the approval of the Special Master:

## PRE-HEARING AND HEARING PROCEDURES

### A. Dates for Pre-Hearing Exchange of Exhibits and Objections Thereto

1. Each party shall exchange a list of previously unidentified exhibits, including summary exhibits but excluding demonstrative exhibits, no later than April 8, 2010. All documents attached to an attorney declaration filed with any class certification pleading (including supporting and responsive filings relating to Plaintiffs' Motion for Class Certification, Plaintiffs' Preliminary Trial Plan, each party's Proposed Findings of Fact and Conclusions of Law, and Intel's Motion to Exclude, ("Class Certification Pleadings")), or cited in any class certification expert report shall be deemed to be on the parties' exhibit lists, and shall be admissible. By April 13, 2010, the parties shall file any objections to previously unidentified exhibits. All exhibits not subject to objection shall be admissible. Any such objections will be resolved by the Special Master at the start of the Hearing as provided in paragraph 24 below. By April 12, 2010, the parties shall identify and mark any common exhibits to the pleadings in order to avoid duplication.

2. Subject to proper rebuttal or impeachment, absent good cause, no party may seek to introduce into evidence at the Hearing any document not set forth on its exhibit list or deemed included thereon.

3. The parties shall exchange color copies of their demonstrative exhibits labeled as provided below, and furnish three (3) copies to the Special Master, no later than thirty-six (36) hours in advance of their use at the Hearing. However, demonstrative exhibits used solely for oral argument (and not with a witness) shall be exchanged, as a color copy, no later than 5:00 p.m. of the day before their use at the Hearing, and three (3) color copies of such exhibits shall be furnished to the Special Master at the same time. In addition, each party will provide the Clerk of the Court one (1) copy of demonstrative exhibits on the day of their use at the Hearing.

4. By April 15, 2010 at 9:00 a.m., each party will provide the Special Master with three (3) copies of tabbed binders, the Clerk of the Court with one (1) copy of tabbed binders, and opposing counsel with three (3) copies of tabbed binders of all exhibits on which it intends to rely for direct testimony.

**B.     Method of Marking Exhibits**

5. **Plaintiffs.** Each exhibit (including summary exhibits but excluding demonstrative exhibits) Plaintiffs seek to introduce at the Hearing shall be marked as "Class Hearing – Plaintiff Exhibit [x]".

6. **Defendant.** Each exhibit (including summary exhibits but excluding demonstrative exhibits) Defendant Intel seeks to introduce at the Hearing shall be marked as "Class Hearing – Defendant Exhibit [x]".

7. Once a party has introduced or sought to introduce a document, its exhibit number shall control through the remainder of the Hearing.

8. Demonstrative exhibits used with a witness shall be labeled as "Class Hearing – [witness last name] Exhibit [x]". Demonstrative exhibits used solely for oral argument shall be labeled "Class Hearing – Plaintiff Demonstrative [x]".

9. Either party may rely on evidence introduced by the other party.

10. Evidence offered and admitted at the Hearing is done so solely for the purpose of determining the motions at issue, and not for purposes of trial in the matter.

### C. Deposition Designations

11. All deposition testimony cited by page number in a Class Certification pleading or a class certification expert report shall be deemed part of the Hearing record. All other deposition testimony that a party seeks to make part of the Hearing record shall be designated or counter-designated by deponent and page and line number. When designating portions of videotape deposition testimony, a party shall designate by the page and line number of the corresponding deposition transcripts. The transcript of all designated and counter-designated deposition testimony shall be provided to the Special Master in a binder by April 13, 2010. All designated and counter-designated deposition testimony shall be a part of the Hearing record unless objected to as provided in paragraphs 13-15 below. Any such objections will be resolved by the Special Master at the start of the Hearing as provided in paragraph 24 below.

12. Each party shall file and serve deposition designations no later than April 2, 2010.

13. The parties shall serve and file objections and counter-designations of deposition excerpts by April 9, 2010.

14. The parties shall serve and file objections to counter-designations of deposition excerpts by April 13, 2010.

15. By April 13, 2010, each party shall present its objections to the Special Master in a chart that includes: (a) the deponent's name, (b) the page and line number of the testimony objected to, (c) a succinct statement of the objection, (d) the page and line number of any counter-designated testimony, and (e) a succinct statement of any objection by the other side to the counter-designated testimony.

16. Subject to paragraph 17 below, absent good cause, no written or videotape deposition testimony may be part of the Hearing record unless the offering party timely designates the testimony as set forth in paragraphs 11 through 13 above.

17. Paragraph 16 above shall not prohibit a party from using any deposition testimony to cross examine a witness, nor shall it bar either party from seeking to introduce any deposition testimony for rebuttal.

D.  **Witnesses to Be Called**

18. Each party may call the following experts to testify at the Hearing:

    a.  **On Behalf of Plaintiffs:**

        i.  Prof. Keith Leffler ("Dr. Leffler"), Associate Professor of Economics at the University of Washington

        ii. Subject to the Special Master's resolution of the objections raised by Defendant in its letter brief dated February 25, 2010 (D.I. 2333), Plaintiffs reserve the right to call Prof. Roger Noll, Professor of Economics (Emeritus) at Stanford University and Co-Director of the Stanford Institute for

Economic Policy Research, during their rebuttal presentation.[1]

  **b.** **On Behalf of Defendant Intel:**

    i. David Kaplan, Executive Director of LECG.

19. Subject to paragraph 20 below, absent extraordinary circumstances, no witness shall be permitted to testify at the Hearing unless identified in this Order.

20. Plaintiffs reserve the right to call additional witnesses as part of their rebuttal presentation. Intel reserves the right to object that any such witness is not a proper rebuttal witness.

**E.** **Aggregate Time Allotted Per Side**

21. Plaintiffs shall have a total of up to eight (8) hours allotted to the presentation of their arguments, witness(es), cross-examination, and rebuttal. Defendant shall have a total of up to seven (7) hours to present its arguments, witness, cross-examination, and rebuttal.

22. Time spent by witnesses responding to questions and requests from the Special Master shall not count against the parties' allotted time.

23. The courtroom deputy or such other person designated by the Special Master will keep a running total of Hearing time used by each side.

**F.** **Miscellaneous Procedures for the Hearing**

24. A reasonable amount of time shall be reserved at the start of the Hearing to resolve any evidentiary issues raised by the parties at that time, subject to the Court's discretion to defer the issue until the evidence is sought to be introduced at the Hearing. Priority will be

---

[1] The Special Master separately addresses the issue of whether Prof. Noll will be allowed to testify during Plaintiffs' rebuttal presentation. (See Special Master's Report and Recommendations Granting, In Part, Intel's Objections To Class Plaintiffs' [Proposed] Prehearing Order) (D.I. 2382).

6

given to resolving objections at the outset of the hearing to evidence that will be used in an opening statement.

25. Plaintiffs shall then make an opening statement, after which Defendant will present its opening statement.

26. Plaintiffs shall then present their witness in support of their Motion for Class Certification, followed by Defendant's presentation of its witness both in opposition to the Motion for Class Certification and in support of its Motion to Exclude.

27. After Defendant's presentation, Plaintiffs may present their rebuttal witness(es) in support of class certification and in opposition to Defendant's Motion to Exclude.

28. Defendant may then present its rebuttal witness in support of its Motion to Exclude, but his testimony shall be limited to rebutting Plaintiffs' opposition to Defendant's Motion to Exclude.

29. Each party will then provide the Court with a closing argument. Plaintiffs may reserve a portion of their allotted time to rebut Defendant's closing argument.

## ISSUES TO BE CONSIDERED AT THE HEARING

WHEREAS, after review of the parties' submittals,[2] the Special Master sets forth the following framework regarding the issues of fact and the issues of law to be considered at the Hearing:[3]

---

[2] Intel's Pre-Hearing Order (D.I. 2323) and comments thereto (D.I. 2333), Class Plaintiffs' [Proposed] Prehearing Order (D.I. 2324) and comments thereto (D.I. 2330, D.I. 2339), Intel's Proposed Findings of Fact and Conclusions of Law Relating to Plaintiffs' Motion For Class Certification ("Intel's Proposed Findings of Fact and Conclusions of Law") (D.I. 2296), Class Plaintiffs' Proposed Conclusions of Law for Certification of a Nationwide Injunctive Class and 26 Statewide Classes (D.I. 2299), Plaintiffs' Proposed Conclusions of Law With Respect To Certifying a Nationwide Class (D.I. 2300), Class Plaintiffs' Proposed Findings of Fact (D.I. 2298), Intel Corporation's Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law (D.I. 2321) and Class Plaintiffs' Response to Intel Corporation's Proposed Findings of Fact and Conclusions of Law (D.I. 2325).

### A. Stipulated Facts That Are Admitted And Thus Require No Proof

On February 1, 2010, the parties filed Stipulated Facts relating to Plaintiffs' Motion for Class Certification (D.I. 2295). Any fact to which the parties have stipulated is deemed admitted as true and correct, without any need for the introduction of any independent evidence thereon.

### B. Issues of Fact That Remain To Be Litigated

On February 1, 2010 Plaintiffs submitted Proposed Findings of Fact (D.I. 2298), and Intel submitted Intel's Proposed Findings of Fact and Conclusions of Law Relating to Plaintiffs' Motion For Class Certification (D.I. 2296). Any alleged fact stated in either party's proposed findings of fact will be found to be true and correct only upon a preponderance of the evidence introduced in support of that fact.

### C. Issues of Law That Remain To Be Litigated[4]

Plaintiffs have the burden of demonstrating that certification of the class(es) they seek are warranted under Fed. R. Civ. P. 23(a) and (b). Based on the parties' submissions, the Special Master believes that a substantial amount of the argument and evidence at the Hearing should be focused on whether Plaintiffs have carried their burden under Fed. R. Civ. P. 23 by proving the following contested factors:

---

[3] Although Intel raised a number of questions in its Pre-Hearing Order that it believes Class Plaintiffs are required to address at the Hearing, the Special Master does not set forth Intel's characterization of those questions herein. (D.I. 2323). Intel, however, may argue these issues at the Hearing.

[4] Plaintiffs originally moved under Fed. R. Civ. P. 23(b)(3) for certification of a nationwide class for monetary relief under California law ("Nationwide Damages Class"). As their first alternative, they sought certification of a single, 26-state class for monetary relief under the antitrust and consumer protection laws of those states. As their second alternative, they sought certification of 26 separate statewide classes ("26 Statewide Classes"), with each such class asserting claims for monetary relief under the antitrust and consumer protection laws of the respective state. However, with respect to certification of a class under Fed. R. Civ. P. 23(b)(3) for monetary relief, Plaintiffs now no longer pursue their first alternative. See Class Plaintiffs' [Proposed] Pre-Hearing Order (D.I. 2324). Plaintiffs have also moved under Fed. R. Civ. P. 26(b)(2) for certification of a nationwide injunctive relief class under the federal antitrust laws ("Nationwide Injunctive Relief Class"). Id.

1. **Commonality:** whether "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).[5]

2. **Typicality:** whether "the claims or defense of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a).

3. **Adequacy:** whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

4. **Ascertainability:** whether Plaintiffs meet the implicit requirement under Fed. R. Civ. P. 23 that the proposed class be ascertainable, that is, "sufficiently identifiable without being overly broad." Sanneman v. Chrysler Corp., 191 F.R.D. 441, 445 (E.D. Pa. 2000).

5. **Predominance:** whether "the court finds that questions of law or fact common to class members predominate over any questions only affecting individual members." Fed. R. Civ. P. 23(b)(3). "A plaintiff seeking certification of an antitrust class action must show that common or class-wide proof will predominate with respect to the three essential elements of its claims: (1) violation of the applicable antitrust law . . . (2) fact of injury or impact; and (3) the amount of damages." See In re K-Dur Antitrust Litig., 2008 WL 2699390, *11 (D.N.J. April 14, 2008); see also In re Hydrogen Peroxide, 552 F.3d 305, 311-312 (3d Cir. Dec. 30, 2008) ("the task for plaintiffs at class certification is to demonstrate that the element of antitrust impact is capable of proof at trial through evidence that is common to the class rather than individual to its members.").

---

[5] In response to Intel's objections to Plaintiffs' [Proposed] Pre-Hearing Order (D.I. 2333), Plaintiffs state that Intel has not contested seven issues set forth in Plaintiffs' [Proposed] Pre-Hearing Order, and thus the Special Master should prohibit Intel from offering evidence regarding these issues at the Hearing. (D.I. 2339). The Special Master concludes that Intel disputes paragraphs 4(b), (c), (d), (f), (h) and (i) irrespective of whether Intel's Proposed Pre-Hearing Order addresses these issues. Intel, has, through its voluminous filings opposing Plaintiffs' Motion for Class Certification addressed these issues. See, e.g., Intel's Proposed Findings of Fact and Conclusions of Law at ¶¶ 241-248 (addressing ¶ 4(b)).

**6. Superiority:** whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" with respect to the Nationwide Damages Class and 26 Statewide Classes. See Fed. R. Civ. P. 23(b)(3).

**7. Manageability:** consideration of "the likely difficulties in managing a class action" with respect to the Nationwide Damages Class and 26 Statewide Classes. Fed. R. Civ. P. 23(b)(3)(D).

**8. Application of California Law:** in the event a Nationwide Damages Class is certified, whether California's antitrust and consumer protection laws should be applied to the claims of the proposed Nationwide Damages Class.

> 1. Is it constitutional? See Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985);
>
> 2. If constitutional, can California's antitrust and consumer protection statutes be applied under any of the relevant choice of law rules?

Plaintiffs must also demonstrate the presence of the following factors, although as they appear to be the subject of comparatively little or no contention, the Special Master expects time dedicated to each will be brief:

**1. The Adequacy of Interim Class Counsel and Liaison Counsel under Fed. R. Civ. P. R. 23(g):** based on the qualifications of Interim Class Counsel and Liaison Counsel, their professional reputations, and the Special Master's evaluation of Interim Class Counsel's and Liaison Counsel's conduct and skill during these proceedings, the Special Master concludes that Interim Class Counsel and Liaison Counsel are "adequate" as defined by Fed. R. Civ. P. 23(g),

which will be reflected in the Special Master's Report and Recommendation on Plaintiffs' Motion for Class Certification and Defendant's Motion to Exclude.[6]

   **2. Numerosity:** whether "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

   **3. Injunctive Relief:** provided Plaintiffs demonstrate an ongoing violation of the antitrust laws, whether final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

   i. Whether seeking injunctive relief under the Clayton Act is appropriate where Plaintiffs also seek monetary relief under state consumer protection and antitrust laws.

ENTERED, this 23rd day of March, 2010.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

SO ORDERED this 26 day of March, 2010.

_____
United States District Court Judge

---

[6] See also Stipulated Facts Regarding Plaintiffs' Motion For Class Certification at ¶ 9 (D.I. 2295).

11