**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302)888-6500
FAX: (302)658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6509
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
JLHolzman@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302)674-3841
FAX: (302)674-5864

April 6, 2010

<u>VIA ELECTRIC FILING,</u>
<u>E-MAIL & HAND DELIVERY</u>

The Honorable Vincent J. Poppiti, Special Master
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

**REDACTED**
**PUBLIC INSPECTION VERSION**

Re:   *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF;
*Phil Paul v. Intel Corp.*, Cons. C.A. No. 05-485-JJF

Dear Judge Poppiti:

Class Plaintiffs respectfully respond to Intel's motion to preclude plaintiffs and their expert, Dr. Keith Leffler, from introducing or relying on analyses prepared specifically to respond to the latest analyses of Intel's expert, Mr. David Kaplan ("Intel Br.", D.I. 2391 in MDL No. 05-1717-JJF). To date, plaintiffs have been precluded from responding to Mr. Kaplan's reply declaration (D.I. 2273), which contains numerous empirical analyses aimed at showing purported flaws in Dr. Leffler's opinions. If plaintiffs cannot respond at the upcoming class certification hearing through Dr. Leffler's rebuttal analyses, which they voluntarily produced to Intel weeks before the due date for exchanging demonstrative exhibits, they will be denied a full and fair opportunity to make the critical showing that Mr. Kaplan's latest attacks on Dr. Leffler's opinions are just plain wrong.

Class Plaintiffs cannot overemphasize that the analyses *directly respond* to Mr. Kaplan's latest work. They emphatically are *not* revisions to Dr. Leffler's prior work. Dr. Leffler will testify at the hearing to the opinions stated in his expert reports. The rebuttal analyses will *defend* — not change or replace — those opinions by showing that Mr. Kaplan's attacks on them are not well taken. Class Plaintiffs attach hereto as Exhibit 1 a chart describing each new Leffler analysis and the specific Kaplan analysis to which it directly responds.

Importantly, plaintiffs are merely following the very course that Intel proposed and the Court adopted – that plaintiffs respond to Intel's surrebuttal, including Mr. Kaplan's reply declaration, at the hearing. Having made that argument to get what it wanted – denial of plaintiffs' request to respond to Intel's latest submission in writing – Intel should not be allowed to then eviscerate plaintiffs' ability to meaningfully respond at the hearing.

Let there be no doubt: by far the *most effective* response to Mr. Kaplan's latest work, which includes a series of empirical analyses, is the new empirical work of Dr. Leffler. Not surprisingly, Intel would like the Court to require plaintiffs to respond at the hearing with one

19684.1\427651v2

The Honorable Vincent J. Poppiti
April 6, 2010
Page 2

hand tied behind their back, by limiting plaintiffs to a non-empirical response. Class Plaintiffs respectfully submit that the best and only fair record on which the Court can make the critical determination of whether a class should be certified is one that includes the new Leffler analyses.

## I.   The Court Has Already Ruled That Dr. Leffler May Offer Rebuttal Testimony To Defend His Earlier Opinions Against Mr. Kaplan's Attacks

Intel concedes that plaintiffs are entitled to offer appropriate rebuttal testimony from Dr. Leffler "to defend the analyses in his Reply Declaration against the critiques made by Intel's expert, David Kaplan." Intel Br. at 1. Thus, Intel acknowledges both plaintiffs' right to present rebuttal testimony from Dr. Leffler, and that appropriate rebuttal includes testimony that defends Dr. Leffler's opinions against Mr. Kaplan's attacks. That, in fact, is all plaintiffs seek to do.

There is no doubt that Class Plaintiffs are entitled to present rebuttal testimony responsive to Mr. Kaplan's criticisms of Dr. Leffler's earlier work, as this Court has twice made clear. When plaintiffs requested leave to respond in writing to Intel's surreply, Intel objected on the ground, among others, that "plaintiffs may present *any* rebuttal they choose at the evidentiary hearing in April." *See* Intel Letter, January 28, 2010 (D.I. 2289) (emphasis added). The Court adopted Intel's argument in denying plaintiffs' motion, finding that "Class Plaintiffs will have adequate opportunity to present *any* rebuttal evidence/arguments at the Hearing for Class Certification to commence on April 15, 2010." *See* Order Regarding Class Plaintiffs' Request for Leave to File Additional Brief and Supporting Expert Report Regarding Class Certification, Feb. 2, 2010 (D.I. 2302) (emphasis added). The Special Master reiterated this view in his March 22, 2010 Report and Recommendation barring Prof. Roger Noll from testifying at the hearing in rebuttal (D.I. 2382). The Special Master concluded that Dr. Leffler could offer rebuttal testimony instead and that "Intel will *not be prejudiced or surprised* by Dr. Leffler's rebuttal expert testimony . . . ." *Id.* at 8 (emphasis added). The question on this motion, therefore, is not whether Dr. Leffler may rebut Mr. Kaplan's latest empirical analyses – the Court has ruled that he may. Rather, the issue is whether he can respond to Mr. Kaplan's empirical work with his own empirical analyses – clearly, the most effective way to respond – or whether he must be limited to the truly poor substitute of a non-empirical response. On this issue, Intel advances two arguments: (1) that Dr. Leffler's new analyses are not in the nature of rebuttal, that is, they are not responsive to Mr. Kaplan's work, but rather are attempts to revise Dr. Leffler's earlier opinions, and (2) that even if they do respond to the Kaplan analyses, they were disclosed to Intel too late to avoid unfair prejudice. Neither argument has any merit.

## II.   Dr. Leffler's Rebuttal Analyses Directly Respond to Mr. Kaplan's Latest Empirical Attacks

Intel claims that Dr. Leffler's analyses should be excluded because some are "completely new" and some are the "re-working of prior analyses." Intel Br. at 2, 3. The first characterization is misdirected and the second is incorrect.

Of course the rebuttal analyses are new; there would be no reason to present them if they were not. They are new because they respond to new analyses presented by Mr. Kaplan in his

The Honorable Vincent J. Poppiti
April 6, 2010
Page 3

reply declaration. What matters on this motion is that the rebuttal analyses are responsive to Mr. Kaplan's critique, and they are.[1]



Intel specifically complains that,

As an example of a rebuttal Leffler analysis that supposedly reworks an earlier one, Intel points to

Intel also specifically complains that one of Dr. Leffler's rebuttal analyses

The new Leffler analysis corrects the Kaplan analysis by

The rebuttal Leffler analyses that Intel focuses on in its brief are not the only ones that are directly responsive to Mr. Kaplan. As shown in Exhibit 1 hereto, they all are. Thus, the "extreme sanction" of excluding part of Prof. Leffler's expert testimony is not justified here, where the rebuttal testimony will be responding to issues Intel raised in its own expert's declaration. *See Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745 (E.D. Pa. 2007).

---

[1]    Thus, *In re Graphics Processing Units Antitrust Litigation*, 253 F.R.D. 478, 501 (N.D. Cal. 2008), where the court struck new regression analyses in the plaintiffs' expert's rebuttal declaration because the plaintiffs failed to explain why the new regressions could not have been included in the expert's initial report, is inapposite. Dr. Leffler's rebuttal analyses could not have been presented in either of his declarations because the analyses respond directly to Kaplan analyses that first appeared in Mr. Kaplan's subsequently-filed reply declaration.

The Honorable Vincent J. Poppiti
April 6, 2010
Page 4

### III.   Intel Will Not Suffer Unfair Prejudice if Dr. Leffler Presents His Rebuttal Analyses at the Hearing

Intel claims that it will be unfairly prejudiced if plaintiffs are permitted to present Dr. Leffler's rebuttal analyses at the hearing. Intel bases its claim of prejudice on its asserted ignorance of "why Leffler decided to conduct these new data analyses, or what opinions he reached from them." Intel Br. at 4. Intel's professed ignorance is not credible.

Class Plaintiffs went out of their way to present Dr. Leffler's rebuttal analyses in an organized, understandable way, and even accompanied most of the results with explanatory text. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were produced to Intel with a table that explains ▮▮▮▮▮▮▮▮▮▮ why it was inappropriate for Mr. Kaplan to have included ▮▮▮▮▮▮▮▮▮▮▮ So that the Court can see this for itself, plaintiffs attach as Exhibit 2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as produced to Intel. Moreover, the nature and purpose of the rebuttal analyses should be readily apparent to Intel for the additional reason that they directly respond to specific analyses of its own expert.

In fact, Intel understands much more than it lets on. Its March 30 letter suggests that it was able to replicate all of Dr. Leffler's new work save two analyses. *See* Intel Br. at 2, n.2. On April 2, plaintiffs explained to Intel how it can replicate these last two analyses. *See* April 2, 2010 email from D. Small to G. Wells, Exh. 3 hereto.

Further, Intel has now had Dr. Leffler's new analyses for about two weeks and has another week and a half before the hearing. Intel has devoted immense resources to this litigation, and certainly has the ability to fully prepare to address the rebuttal work at the hearing.[2]

Finally, Intel argues that the rebuttal analyses should be excluded because they could have been included in Dr. Leffler's reply declaration. Not so. As explained above, the rebuttal analyses were prepared to respond to Mr. Kaplan's reply declaration. That declaration, of course, was prepared after, and in response to, Dr. Leffler's reply declaration. Obviously, neither plaintiffs nor Dr. Leffler could have anticipated the opinions and analyses that Mr. Kaplan was going to include in his reply declaration.

In short, Intel by now almost certainly has replicated all of Dr. Leffler's new analyses and can and does understand how that work responds to specific analyses in its own expert's reply declaration. Thus, as the Special Master has found, "Intel will not be prejudiced or surprised by Dr. Leffler's rebuttal expert testimony . . . ." March 22, 2010 Report and Recommendation at 8. Rather, Class Plaintiffs would be the ones prejudiced if they were not allowed to respond to Mr. Kaplan's misleading and erroneous empirical analyses in the only truly effective way – with their own responsive empirical work.

---

[2]     Intel complains that Dr. Leffler's new analyses were not presented in an expert report and that Intel has not had a chance to depose Dr. Leffler on his new work. Having opposed plaintiffs' request for leave to submit a reply report from Dr. Leffler and having spurned plaintiffs' offer to make Dr. Leffler available for another deposition, Intel's complaint rings hollow.

The Honorable Vincent J. Poppiti
April 6, 2010
Page 5

Respectfully,

*/s/ James L. Holzman*

James L. Holzman
(DE Bar ID # 663)

cc:    Richard L. Horwitz, Esquire
       W. Harding Drane, Jr., Esquire
       J. Clayton Athey, Esquire (*office*)

19684.1\427651v2

# EXHIBIT 1

# REDACTED

# REDACTED

# REDACTED

# REDACTED

**REDACTED**

# REDACTED

# EXHIBIT 2

# REDACTED

# REDACTED

# REDACTED

# EXHIBIT 3

# REDACTED

# REDACTED