

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

April 14, 2010

**BY HAND DELIVERY AND
ELECTRONIC FILING**

**April 27, 2010
PUBLIC VERSION**

The Honorable Vincent J. Poppiti
Fox Rothschild LLP
Citizens Bank Center, Suite 800
919 N. Market Street
Wilmington, DE 19899-2323

Re: **In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF**

Dear Judge Poppiti,

As raised at this morning's telephonic hearing, Intel objects to several exhibits plaintiffs propose to introduce during Professor Leffler's testimony.[1] Yesterday, at approximately 8 p.m., consistent with the Pre-Hearing Order in this matter, plaintiffs delivered Class Hearing – Leffler Exhibits 1 through 57. Among those, plaintiffs include several exhibits containing new analysis – some summarizing prior new analyses rejected by the Court last Friday and others containing additional brand new analyses.

On Friday, April 9, 2010, this Court excluded 15 new analyses[2] class plaintiffs introduced following completion of class certification briefing. The Court ruled, "a supplemental expert report that states additional opinions or rationales or seeks to strengthen or deepen opinions expressed in the original expert report exceed the bounds of permissible supplementation and is subject to exclusion." Rough Hearing Transcript ("RHT"), 6:4-8. In addition, "experts are not permitted to include, in rebuttal reports, supplemental reports, or, in this context, rebuttal testimony, information they could have included in their prior reports." *Id.* at 7:7-11. The same ruling applies to the new analyses here: they are improper supplemental expert testimony and the Court should exclude them from the hearing.

As identified in Intel's letter to plaintiffs (Ex. A hereto), the first category of improper analyses includes new testimony identical or nearly identical to testimony the Court excluded just five days ago as set forth below:

---

[1] At plaintiffs' request, Intel sent a letter to plaintiffs this afternoon identifying the improper new analyses. *See* Exhibit A hereto.
[2] The Court reserved judgment regarding one exhibit.

Page 2
The Honorable Vincent J. Poppiti
April 14, 2010



Similarly, [redacted]. While another change to his prior reports, this is closely related to the already excluded analysis.

[redacted]. This is more of the same.

Likewise, [redacted] While these are different alterations, they are similarly improper.

The second category of exhibits includes analyses presented for the first time yesterday. Although the Court has not previously addressed these analyses, they are improper for the same reasons as those the Court excluded on April 9. Each is either brand new or a re-working of analysis in Leffler's previous opinions that either materially change the analysis, and in at least one case directly contradict it (*see* Ex. 12), or use entirely different data sets to generate different results. Just as with the analyses this Court already excluded, these last second changes to Leffler's opinions are improper supplemental testimony. A brief overview of the new testimony follows:





Consistent with the Court's April 9, 2010 ruling, Intel respectfully moves that the Court strike

Respectfully submitted,

/s/ W. Harding Drane, Jr.

W. Harding Drane, Jr. (I.D. No. 1023)

WHD:cet
cc: Clerk of the Court (By Electronic Filing and Hand Delivery)
    Counsel of Record (By Electronic Filing and E-Mail)

962026/29282
Public Version: April 27, 2010
963847

# EXHIBIT A



Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

April 14, 2010

**BY ELECTRONIC MAIL**

J. Clayton Athey, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

**PUBLIC VERSION**
**April 27, 2010**

Re: In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF

Dear Clay:

As discussed on the call with Judge Poppiti this morning Intel contends several Class Hearing – Leffler Exhibits represent new analyses and opinions not properly before the Court. Intel contends the Court already excluded, or effectively excluded, the first category of exhibits at the hearing last Friday; the second category includes other new analysis, not previously disclosed, but objectionable for the same reason as the prior, excluded analyses. In sum, these are new opinions that Intel has not had the opportunity to investigate, test, or attempt to replicate, nor has Intel had the opportunity to examine Professor Leffler regarding these new opinions.

Category 1:



James L. Holzman, Esquire
April 14, 2010

███████████████████████████

Sincerely,

/s/ W. Harding Drane, Jr.

W. Harding Drane, Jr.

WHD:cet
cc: James L. Holzman, Esquire (By Electronic Mail)
    Daniel A. Small, Esquire (By Electronic Mail)
961014/29282

Public Version: April 27, 2010

963848/29282