

**Potter
Anderson
Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

May 5, 2010

**BY HAND DELIVERY AND
ELECTRONIC FILING**

Public Version:  May 10, 2010

The Honorable Vincent J. Poppiti
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

   Re: <u>In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
     Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF</u>

Dear Judge Poppiti:

  Intel respectfully requests a status conference at Your Honor's earliest convenience to discuss the appropriate schedule and sequencing of events related to the pending motions.[1]

  By email dated May 3, the parties jointly proposed the week of June 21 for an in-person hearing on Plaintiffs' sanctions motion (DM44) and Intel's related motion to strike (DM44a). Shortly thereafter, we were surprised to see that Plaintiffs submitted declarations from three brand new experts, all impermissible attempts to add new opinions to, or otherwise bolster, the record *on reply*. It is far too late for that; Plaintiffs should have thought of it when they recycled AMD's motion as their own, complete with their reliance on its counsel's lay opinion declaration. The new opinions raise a host of problems (some of which will not be new to Your Honor) that will clearly impact the schedule for resolving the pending motions. In light of these developments, Intel requests a status conference to discuss the most efficient path forward in this matter, as follows:

- *First*, Intel will request that Your Honor make a narrow finding in the context of the class certification decision that Plaintiffs' sanctions motion does not impact or relate to class certification. Your Honor may then defer resolution of the remainder of the sanctions issues until after class certification is addressed, as that determination may potentially moot the issue of sanctions altogether and, as discussed below, avoid substantial unnecessary effort and expense. *See, e.g.,* Plaintiffs 5/3/10 Reply, D.I. 2433, at 25 (acknowledging that denial of certification "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"). This narrow issue has been fully briefed by the parties and there is no need for further delay.

---

[1] Intel conferred with Plaintiffs on May 4 and identified the specific bases for this request. Plaintiffs agreed to one aspect of Intel's request (described below) but not the remainder.

- *Second*, in the alternative, Intel will ask for a briefing schedule to move to strike the three new expert declarations. As addressed below, Plaintiffs have continued their trend of filing tardy, improper expert reports, which has again prejudiced Intel and unduly complicated the case schedule.

- *Third*, again in the alternative, if Intel is required to file the motions identified in #2 above and those motions are denied (in full or part), Intel will request depositions of any non-stricken expert and an opportunity to file a sur-reply brief on the sanctions motion limited to new arguments raised on reply. Plaintiffs have acknowledged during a meet and confer that, at a minimum, Intel is entitled to depositions of these newly disclosed experts (which only underscores that their analyses are new).[2]

As reflected in the parties' joint message to Your Honor on May 3, Intel was prepared to move forward with a hearing on the sanctions motion during the week of June 21. However, Intel is now forced to respond – yet again – to Plaintiffs' refusal to follow basic procedural rules. Plaintiffs have set up the need – yet again – for additional motion practice, expert depositions, and scheduling delays. In light of these unexpected developments, Intel seeks a status conference to help resolve the issues promptly and efficiently – namely, by decoupling class certification and the sanctions motions and sequencing them to avoid a potential waste of the parties' and Your Honor's time and resources.

## I. Background

To provide context for Intel's request for a status conference, we provide background on two issues. First, we summarize the state of the record on Plaintiffs' argument that class certification and evidence sanctions should be linked. Second, we outline Plaintiffs' improper submission of three declarations from brand new experts.

### A. Plaintiffs' Claimed Link Between Class Certification and Sanctions

Plaintiffs' incorrect suggestion that class certification and alleged evidence spoliation should be linked has been fully briefed and is ripe for resolution.

Plaintiffs filed their sanctions motion on January 28. D.I. 2292. Plaintiffs, without legal or factual support, requested an "adverse inference" on class certification. *Id.* at 41. Intel responded on March 5 and argued that Plaintiffs' attempt to link class certification and the sanctions motion was procedurally improper and substantively without merit, indeed illogical and that Your Honor should, in the first instance, de-link them. D.I. 2346 at 6-11. Procedurally, among other things, Plaintiffs tacitly acknowledged the lack of any connection by their decision not to participate in AMD's sanctions motion even with a hearing on their class certification motion then pending. *Id.* at 7-8.

---

[2] Intel is due to reply in support of its motion to strike on May 17, but will request additional time to the extent additional motion practice or expert discovery is required.

Substantively, Plaintiffs' claimed link between class certification and evidence sanctions did not hold up to scrutiny when Plaintiffs first raised the issue on the eve of the certification hearing, and has weakened even further since. Plaintiffs' arguments were conclusory and contrary to their claims in other filings to have "huge" and "███" amounts" of evidence to advance their case. Tr. Pl. Rep., D.I. 2297, at 5-7. Indeed, during the class certification hearing itself, Plaintiffs, in response to Your Honor's question about whether the record is ███ ███" acknowledged they had an opportunity for "███" claimed there is a "███" and that they are "███ ███" 4/19/10 Hrg. Tr. at 829:12-831:19. Plaintiffs said this case has "███" Id. at 914:17-19.

Plaintiffs' reply brief does not help them. They argue that supposedly missing evidence would have "███" because "███ ███" Reply at 19 & n.37. That is factually incorrect and, in any event, unpersuasive. First, Intel produced all of the cited documents in 2007 or 2008 – *not in 2009* - and *before* the identified custodians' depositions.[3] Second, for class certification purposes, Intel did not dispute Leffler's 2006 competitive benchmark period, so those "███" documents were effectively beside the point anyway. Third, Leffler never claimed his analysis was handicapped in any way. Plaintiffs' only other argument is that ███ ███ ███" Reply at 25. That too is devoid of content or logic. The central issue before the Court is whether Plaintiffs can prove impact on all class members with common proof. Intel submits the answer is resoundingly no, for reasons Your Honor is well familiar with. Plaintiffs do not even try to explain how some additional hypothesized emails could possibly bear on that question, much less how their (assumed) loss could support an inference that they would have. *See* Intel Opp. at 9-11 & n.15. To the contrary, Plaintiffs claimed they had "███" in fact a "███" on both "███" and "███" 4/19/10 Hrg. Tr. at 831:1-19. Besides, it is beyond dispute that some "███" were passed through and that plaintiffs challenge "███." *See, e.g.,* 4/19/10 Hrg. Tr. at 864:12-867:5; 788:1-789:23.

### B. Plaintiffs' Submission of Three New Expert Opinions

We need not revisit Plaintiffs' track record of attempting to submit tardy and improper "rebuttal" expert opinions in connection with class certification. The practice continues.

Plaintiffs offered no supporting expert testimony with their sanctions motion. Instead, they relied on the Declaration of Shaun Simmons (D.I. 2193), previously filed by AMD, which constitutes improper lay opinion testimony. With its opposition, Intel submitted a declaration by

---

[3] Attached as Exhibit A is a chart identifying the actual production dates of the documents in question, and the production letters confirming them. The supposed "███" dates refer to TIFFing, not production. Anyway plaintiffs have a strange concept of "███," since the documents were TIFFed in March, April and May.

Page 4
The Honorable Vincent J. Poppiti
May 5, 2010

John Jessen (a recognized e-discovery expert) (D.I. 2350), a motion to strike Mr. Simmons' testimony (D.I. 2354), and a supporting declaration from Dr. Arnold Barnett (an MIT statistician) (D.I. 2358).

Plaintiffs now appear to regret their failure to submit expert materials with their motion. Three months after their opening brief and years into the retention dispute, Plaintiffs submitted to Your Honor, with their reply brief, two so-called "rebuttal" declarations by George J. Socha, Jr. (D.I. 2431) and Barry J. Murphy (D.I. 2429) related to electronic discovery issues. In response to Intel's motion to strike Mr. Simmons' declaration, Plaintiffs also submitted a declaration by James R. Thompson, a statistics professor (D.I. 2430). The issues raised by Plaintiffs new expert submissions fall into three main categories.

- *First*, all three experts offer new opinions related to arguments raised in Plaintiffs' original motion – opinions that *should have been submitted*, if at all, with Plaintiffs' opening brief. The fact that Mr. Jessen's expert declaration – properly and timely filed with Intel's opposition brief – rebutted arguments raised by Plaintiffs' motion does not somehow reopen the door that Plaintiffs closed and locked behind them when they chose not to support their arguments with expert testimony in the first place.

- *Second*, all three experts offer new opinions related to brand new arguments that Intel has had no opportunity to address. Adding new analyses on reply is, as plaintiffs should know by now, improper and impermissible.

- *Third*, in the case of Dr. Thompson, Plaintiffs attempt to, in some areas, bolster Mr. Simmons' lay opinion testimony and, in others, substitute it with proper expert opinion. Both attempts are improper.

## II.   Intel's Proposal Is Efficient And Fair

Plaintiffs' continued mishandling of expert testimony is inefficient, to say the least. Just a few days ago, Intel believed the parties were nearing the end of briefing on the sanctions issue and a hearing date was on the horizon. Now, the parties and Your Honor are again faced with the prospect of additional motion practice, further delays and, perhaps, additional expert discovery. Intel's request for a status conference and its proposal on sequencing is intended to avoid or mitigate the inefficiencies created by Plaintiffs' tactics.

The prejudice to Intel is clear. Plaintiffs' new expert opinions have not been subjected to analysis, discovery or responsive briefing. If the Court decides to move forward with a full hearing on the sanctions motion, to level the playing field, Intel will have no choice but to file a motion to strike and, if necessary, seek additional expert discovery and an exception to standard briefing practice. These extra, costly steps are entirely unnecessary at this time and should be averted by moving forward with a decision on the fully briefed and submitted class certification motion.

We look forward to discussing these issues at Your Honor's earliest convenience.

Page 5
The Honorable Vincent J. Poppiti
May 5, 2010

                              Sincerely,

                              */s/ W. Harding Drane, Jr.*

                              W. Harding Drane, Jr.

WHD:cet
cc: Clerk of the Court (By CM/ECF)
     Counsel of Record

965084v.1/29282

**EXHIBIT A REDACTED IN ITS ENTIRETY**