

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

May 19, 2010

REDACTED PUBLIC
INSPECTION VERSION
May 25, 2010

**BY HAND DELIVERY AND
ELECTRONIC FILING**

The Honorable Vincent J. Poppiti
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

   Re: In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
      <u>Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF</u>

Dear Judge Poppiti:

  Intel hereby moves to strike plaintiffs' latest attempt to submit improper expert testimony in the guise of "rebuttal." Plaintiffs have once again violated federal and local rules governing motion practice and expert submissions by offering brand new expert testimony on reply.

  **Background**. On January 28, plaintiffs filed a sanctions motion against Intel with no supporting expert testimony. D.I. 2291, 2292 (DM44). Plaintiffs chose to rely solely on the previously-filed Declaration of Shaun M. Simmons, an O'Melveny attorney who purported to design and proffer a "discounted email loss model." D.I. 2193. In support of its opposition brief, Intel submitted a declaration by John H. Jessen, a recognized electronic discovery expert. D.I. 2350. As part of its opposition, Intel also moved to strike the Simmons declaration as improper lay opinion testimony, and supported its motion with a declaration from Dr. Arnold Barnett, an MIT statistician. D.I. 2354, 2356 and 2358.

  Plaintiffs now appear to regret their decision not to submit expert materials with their opening brief. Three months after filing their motion and in violation of federal and local rules, plaintiffs submitted with their reply brief two so-called "rebuttal" declarations related to electronic discovery. D.I. 2429 (Barry J. Murphy); D.I. 2431 (George J. Socha, Jr.). In addition, in response to Intel's motion to strike the Simmons declaration, plaintiffs submitted a declaration by a statistics professor seeking, in substantial part, to bolster or replace Simmons' testimony. D.I. 2430 (Dr. James R. Thompson); *see also* Reply Brief (D.I. 2433) at 18-19 (citing to Thompson declaration). These three declarations are tardy and improper, and should be stricken.

  Plaintiffs' new expert opinions fall into four main categories: (1) new opinions related to arguments raised in plaintiffs' original motion which *should have been submitted*, if at all, with the opening brief; (2) new opinions related to brand new arguments that Intel has had no opportunity to address and cannot be added now; (3) improper legal conclusions that are not the proper subject of expert testimony; and (4) in the case of the Thompson declaration,

Page 2
The Honorable Vincent J. Poppiti
May 19, 2010

inappropriate attempts to both bolster Simmons' lay opinion testimony and substitute expert opinion for it. All four categories of testimony are improper subjects for so-called "rebuttal" reports.

**Relevant Law.** "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Moreover, "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. R. 7.1.3(c)(2); *see, e.g., In re Intel Corp. Microprocessor Antitrust Litigation*, No. 05-1717, 2008 WL 4861544, *14 (D. Del. Nov. 7, 2008) (Poppiti, J.) (striking material pursuant to Local Rule 7.1.3 as "beyond the proper scope of a reply brief" because "[a] reply brief is no place for a new plan"). Plaintiffs have violated both rules.

Plaintiffs should be familiar with this law. In the context of class certification, Your Honor denied plaintiffs' attempts to include new or revised opinions under the pretext of offering "rebuttal" testimony. *See* 4/9/10 Hrg. Tr. at 6:2-8 ("A supplemental expert report that states additional opinions or rationales or seeks to strengthen or deepen opinions expressed in the original expert report exceed[s] the bounds of permissible supplementation and is subject to exclusion. . . . [E]xperts are not permitted to include, in rebuttal reports . . . information they could have included in their prior reports."). The situation here – where plaintiffs filed three new expert declarations after failing to submit *any* prior expert testimony – is even more objectionable and prejudicial. The law does not permit parties to hold back expert testimony for reply. Such "sandbagging" (in the words of case law) prejudices the other party, unduly complicates motion and discovery schedules, and leads to unnecessary sur-reply briefing.

We apply these principles to the plaintiffs' three new expert declarations.

**Murphy Declaration.** The Murphy "rebuttal" declaration concerns the claimed viability and effectiveness of email archiving and journaling software. D.I. 2429. The declaration violates Federal Rule of Civil Procedure 6(c)(2) and Local Rule 7.1.3(c)(2) and should be stricken. A central premise of plaintiffs' opening brief was that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. *See, e.g.,* D.I. 2292 at 4 (■■■■■■■■■■■■■■■■■■■■■■■■■■"); *id.* at 9 (■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■"); *id.* ("■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■"). Plaintiffs now seek to support these arguments on reply with *brand new* expert testimony that they plainly could and should have submitted, if at all, with the opening brief. For that reason alone, the declaration, and any references to it in plaintiffs' sanctions reply brief, should be stricken.[1]

The Murphy declaration also contains new opinions that do not even purport to "rebut" anything in the Jessen declaration. *See, e.g.,* Murphy Decl. ¶¶ 9-11 (discussing hosted off-site email archiving), ¶¶ 12-14 (discussing Murphy's evaluation of the 2007 version of EMC's EmailXtender), ¶¶ 15-17 (comparing the capabilities of EMC EmailXtender and EMC Centera storage devices with ■■■■■■■■■■■■■■■■■■■■■■■■). This new material does not respond to anything in the Jessen declaration and is therefore doubly impermissible. It should be

---

[1] Attached as Exhibit A is a redline version of plaintiffs' reply brief with the objectionable references to all three declarations stricken.

stricken on this ground as well. *See, e.g., IBM Corp. v. Fasco Indus., Inc.*, No. 93-20326, 1995 WL 115421, *3 (N.D. Cal. March 15, 1995) (rebuttal expert "must restrict his testimony to attacking theories offered by the adversary's experts.").

**Socha Declaration**. The Socha declaration is likewise improper on several grounds. Similar to the Murphy declaration, it impermissibly opines on arguments and subjects raised in plaintiffs' opening brief. *See, e.g.*, Socha Decl. ¶¶ 4-6, 51-52, 61-66 and plaintiffs' sanctions motion (D.I. 2292) at 15-16 (both criticizing Intel's hold notice and monitoring activities); Socha Decl. ¶¶ 7-8, 104-113, 122 and D.I. 2292 at 8, 10-11, 24-26, 38-39 (both criticizing Intel's backup tape system and decision not to initially suspend auto-delete); Socha Decl. ¶¶ 67-72, 77 and D.I. 2292 at 32 (criticizing Intel's mailbox size limitations). It is too late for such opinions now. Fed. R. Civ. P. 6(c)(2); Local Rule 7.1.3(c)(2).

Moreover, like Murphy, the Socha declaration also contains new opinions and analyses that do not respond to Jessen's opinions. *See, e.g.*, Socha Decl. ¶¶ 26-31 (discussing Intel's counsel's familiarity with electronic discovery); ¶ 59 (■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■), ¶ 103 (suggesting Intel did not harvest all appropriate types of ESI). These new opinions and analyses are not rebuttal on their face and should also be stricken on this independent ground.

Finally, the Socha declaration includes improper legal opinion about whether Intel met its legal obligation to preserve evidence. *See, e.g.*, Socha Decl. ¶ 3 ("Intel's use of the preservation system it designed and implemented did not result in a degree of preservation sufficient for Intel to meet its preservation obligations."); *id.* ¶ 122 ("The system as designed and implemented by Intel to preserve ESI for this matter was not sufficient for Intel to meet its preservation obligations."). "Expert witnesses are not permitted to render opinions or conclusions on issues of law" as these "issues are reserved for the Court's determination." *In re Intel Corp. Microprocessor Antitrust Litigation*, 526 F.Supp.2d 461, 466 (D. Del. 2007) (Farnan, J.).[2]

The entire Socha declaration, and any references to it in plaintiffs' sanctions reply brief, should be stricken. *See* Ex. A.

**Thompson Declaration**. In its motion to strike, Intel argued the Simmons statistical model crossed the line into subject areas that demand expert testimony. In support, Intel submitted a declaration from Dr. Barnett, an MIT statistician, opining that Simmons "attempted to perform a delicate and complex statistical analysis that required statistical expertise," and that "an individual with no experience in Statistics is not the appropriate person to perform an analysis that requires a subtle application of advanced statistical concepts." Barnett Decl. ¶ 4. Intel does not object to the Thompson declaration to the extent it attempts to rebut this opinion. We will leave it to the Court to determine whether Simmons was qualified to invent and proffer a statistical email loss model.

Dr. Thompson goes much further, however, by adding new opinions that are obviously designed to bolster or replace the Simmons testimony. *See, e.g.*, Thompson Decl. ¶ 12 (purporting to calculate a margin-of-error which he claims indicates a number range within which there is a 95% probability the number of purportedly "lost" emails falls); *id.* ¶ 24

---

[2] In contrast, the Jessen declaration submitted by Intel does not attempt to opine on legal standards, ■■■■■■■■■■■■■■■■■■■■. *See* D.I. 2292 at 16-17; Socha Decl. ¶ 122.

Page 4
The Honorable Vincent J. Poppiti
May 19, 2010

(purporting to calculate the median percentage jump of email retention for Intel custodians from pre- to post-automation). Dr. Thompson endorses Simmons' methodology as statistically sound and claims the results are statistically valid. *See, e.g.,* Thompson Decl. ¶¶ 10-15, 19-26, 29-30.[3] A supplemental expert report that seeks to "strengthen" or "deepen" opinions expressed in the original opinion exceeds the bounds of permissible supplementation and should be excluded. *Palmer v. Asarco Inc.*, No. 03-CV-0498, 2007 WL 2254343, at *3 (N.D. Okla. Aug. 3, 2007) (citation omitted). For the Court's reference, attached hereto as Exhibit B is a redline version of Dr. Thompson's declaration with the objectionable language stricken.

Intel also moves to strike any reference to the Thompson declaration in plaintiffs' sanctions reply brief. *See* Ex. A. Similar to the Murphy and Socha declarations, plaintiffs' use of a new statistical opinion on reply violates Federal Rule of Civil Procedure 6(c)(2) and Local Rule 7.1.3(c)(2).

\*   \*   \*

Your Honor has taken under submission the question of whether plaintiffs have demonstrated that an adverse inference is appropriate on the pending class certification motion. If Your Honor concludes there is no basis for an adverse inference on class certification – which Intel submits is the proper conclusion, particularly in light of the voluminous class certification record – then the instant motion to strike may be mooted. Depending on Your Honor's decision on the certification question and the resolution of the instant motion to strike, Intel reserves the right to seek additional expert discovery related to the three new expert opinions, and to request a sur-reply.

        Sincerely,

        */s/ W. Harding Drane, Jr.*

        W. Harding Drane, Jr. (#1023)

WHD:cet
cc: Clerk of the Court (By CM/ECF)
   Counsel of Record

966989v.1/29282

---

[3] Of course, the endorsement by Dr. Thompson, an actual statistician, based on his own analysis does not prove Simmons' statistical modeling was appropriate lay opinion testimony in the first instance – indeed, it proves exactly the opposite.

# EXHIBITS A & B
# REDACTED IN THEIR ENTIRETY