| | **PRICKETT, JONES & ELLIOTT** | |
| --- | --- | --- |
| Writer's Direct Dial: (302)888-6507 | A PROFESSIONAL ASSOCIATION | Dover Office: |
| Writer's Telecopy Number: (302)658-8111 | **1310 KING STREET, BOX 1328** | 11 NORTH STATE STREET |
| Writer's E-Mail Address: | **WILMINGTON, DELAWARE 19899** | DOVER, DELAWARE 19901 |
| JCAthey@prickett.com | TEL: (302)888-6500 | TEL: (302)674-3841 |
| | FAX: (302)658-8111 | FAX: (302)674-5864 |
| | http://www.prickett.com | |

May 26, 2010

**VIA EMAIL AND HAND DELIVERY**

The Honorable Vincent J. Poppiti, Special Master
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

**REDACTED
PUBLIC INSPECTION VERSION**

Re:   *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF;
       *Phil Paul v. Intel Corp.*, Cons. C.A. No. 05-485-JJF; D.M. 44B

Dear Judge Poppiti:

Intel's motion to strike Class Plaintiffs' rebuttal expert declarations ("Intel's May 19 Brief")[1] should be denied. Intel opened the door for Class Plaintiffs to submit rebuttal declarations in response to the expert declarations Intel filed in opposition to Class Plaintiffs' sanctions motion. Federal Rules of Civil Procedure Rule 26(a)(2)(C)(ii) expressly provides for rebuttal reports, and states that such reports are permitted when "the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)."[2] Class Plaintiffs' rebuttal declarations satisfy this rule.[3]

Contrary to Intel's central premise, Class Plaintiffs did not "reserve material for [their] reply brief" that could have been presented in their opening brief on sanctions.[4] Intel's May 19 Brief at 2. No expert analysis was required to support Plaintiffs' affirmative case. Plaintiffs could not have submitted rebuttal declarations with their opening brief because when that brief was filed there were no expert declarations to rebut. Rather, Class Plaintiffs' sanctions motion stood firmly on the evidence submitted with their opening brief, and their rebuttal declarations are intended <u>solely</u> to respond to the expert declarations Intel submitted with its opposition brief.[5]

---

[1] D.I. 2053. All references to "D.I. ___" are to the docket index in Consol. C.A. No. 05-485-JJF, unless otherwise noted.

[2] Implicitly recognizing this fact, Intel cites *IBM Corp. v. Fasco Industries, Inc.*, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995), for the proposition that a "rebuttal expert must restrict his testimony to attacking those theories offered by the adversaries experts." Intel's May 19 Brief at 3 (internal quotes omitted).

[3] Class Plaintiffs' reply brief and rebuttal declarations were filed in accordance with the Court's scheduling order, a schedule to which Intel stipulated. *See* Revised Briefing Schedule on Class Plaintiffs' Sanctions Motion (D.I. 2389), and Rule 26(a)(2)(C)(ii), which states that the 30-day requirement for filing rebuttal reports only applies in the absence of a stipulation or court order.

[4] Intel's "Redline Version of Plaintiffs' Reply Brief", attached as Exhibit A to its May 19 Brief, merely crosses out the portions of the Reply citing the challenged declarations, and fails to demonstrate that the cited opinions are not proper rebuttal testimony.

[5] Moreover, Class Plaintiffs did not offer Simmons as an expert, and therefore there was no reason for Class Plaintiffs to provide expert testimony with their moving papers.

19684.1\433204v2

The Honorable Vincent J. Poppiti
March 26, 2010
Page 2

**Relevant Law.** Intel's analysis ignores Federal Rule 26(2)(C)(ii), which explicitly permits the submission of rebuttal reports. Under this rule and the controlling case law, the central issue is not whether Class Plaintiffs' rebuttal declarations could have been submitted as "initial" declarations, but whether the declarations were intended to "contradict or rebut" declarations offered by Intel. Rebuttal evidence is proper to "explain, repel, counteract or disprove the evidence of the adverse party." *U.S. v. Chranowski*, 502 F.2d 573, 576 (3d Cir. 1974). The Third Circuit permits litigants to submit rebuttal reports and does not require them to anticipate in their opening briefs every argument an opponent might conceivably make:

> The Third Circuit's rule does not automatically exclude [from rebuttal reports] anything an expert could have included in [the] original report. Such a rule would lead to the inclusion of vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material. <u>All that is required is for the information to repel other expert testimony</u>....

*Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) (emphasis added).[6]

*Crowley* is instructive. The defendant, like Intel here, sought to preclude rebuttal expert testimony because the material was based upon evidence "in [the expert's] possession at the time she filed her [opening] report and [so she] could have included it [then]." 322 F. Supp. at 551. The court rejected this argument, holding that the relevant question was whether the testimony was proper rebuttal testimony, not whether the same testimony could have been submitted previously. *Id.*[7]

Similarly, in *U.S. Ex Rel Rodney Repko v. Guthrie Clinic*, 2010 WL 95101, at *5 (M.D. Pa. Jan. 7, 2010), the party moving to strike argued that the reports at issue "should have been presented as initial reports," and that they were "untimely, unjustified, and must be excluded." The court disagreed and denied the motion because "the rebuttal reports introduced by the defendants were intended solely to <u>contradict or rebut</u> evidence on the same subject matter identified by the plaintiff-relator." *Id.* at *5 (emphasis added and internal quotations omitted); *see also id.* (holding that "the rebuttals submitted by defendants under *Fed R. Civ. P. 26* and *37* were proper"); *Hurd v. Yaeger*, 2009 WL 2516934, at *2-4 (M.D. Pa. Aug. 13, 2009) (denying motion to strike rebuttal reports that included testing that could have been conducted previously).

Looking to escape the consequences of its spoliation, Intel seeks an unwarranted, draconian remedy. There is no prejudice here. Class Plaintiffs have offered to make the declarants available for deposition (Class Plaintiffs' May 7, 2010 letter to the Honorable Vincent J. Poppiti (D.I. 2043) at 1). *Cantor v. Perelman*, 2006 WL 3462596, at *10 (D. Del. Nov. 30,

---

[6] The single supporting case Intel cites is easily distinguished. In *In re Intel Corp. Microprocessor Antitrust Litig.*, 2008 WL 4861544, at *14 (D. Del. Nov. 7, 2008), the movant, who was seeking a modification of a protective order, pursued a completely new legal theory in its reply brief. This Court held that proffering a "new plan" in the reply brief deprived Intel and the third parties the opportunity to adequately respond. *Id.* Here, Class Plaintiffs raise no new theories regarding the appropriateness of sanctions for Intel's spoliation and only respond to issues raised in Intel's expert reports.

[7] Intel's reliance on Fed. R. Civ. P. Rule 6(c)(2) and D. Del. LR 7.1.3(c)(2) is misplaced. Neither rule discusses the use of rebuttal expert reports, nor does Intel cite a single case excluding rebuttal reports on the basis of these rules. In relying on these rules, Intel improperly conflates rebuttal reports with supplemental reports, which are analyzed quite differently. The case law supports Class Plaintiffs' position.

19684.1\433204v2

The Honorable Vincent J. Poppiti
March 26, 2010
Page 3

2006) (motion to exclude denied because there was no prejudice where defendants "had the chance" to depose plaintiffs' rebuttal experts); *see also In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (reversing district court's exclusion of expert rebuttal testimony because "[t]he exclusion of critical evidence is an extreme sanction" and there was little prejudice where the opposing party had "abundant time to depose" the rebuttal expert).

**Thompson Declaration.** Intel has retreated from its initial position that the Rebuttal Declaration of Dr. James R. Thompson in Opposition to Intel's Motion to Strike Simmons Declaration (D.I. 2032) ("Thompson Declaration") should be stricken in its entirety (*see* Intel's May 5, 2010 letter to the Honorable Vincent J. Poppiti (D.I. 2039) at 1 and 4), and now concedes that "the Thompson declaration [is not objectionable] to the extent it attempts to rebut [Dr. Barnett's] opinion." Intel's May 19 Brief at 3.

Nevertheless, Intel challenges Dr. Thompson's declaration on the ground that it allegedly "add[s] new opinions that are obviously designed to bolster or replace the Simmons testimony," while providing only two specific examples (*id.* at 3-4): Dr. Thompson's purported calculations of "a margin-of-error" and "the median percentage jump" (citing Thompson Decl. ¶¶12, 24). Intel's examples miss the mark. *See* Exhibit A (comments regarding the text Intel proposes to strike from the Thompson Declaration) attached hereto and incorporated by reference herein. First, Dr. Thompson's margin of error statement rebuts Dr. Barnett's statement that "the margin-of-error *might be* so great that [Simmons'] statistic is practically useless." Declaration of Arnold Barnett (DM 44) (D.I. 1961) ("Barnett Decl.") ¶37 (emphasis added). Second, as to the median, Dr. Thompson merely repeats what Dr. Barnett stated at his deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Declaration of Demetrius X. Lambrinos (D.I. 2034) ("Lambrinos Decl.") Tab 36 (Barnett Dep.) at 156:20-157:16.

Intel's claim that Dr. Thompson improperly "endorses Simmons' methodology as statistically sound" is wrong. Intel's May 19 Brief at 4. Dr. Thompson responds to Dr. Barnett's criticism that Simmons' methodology conflicts "with accepted statistical standards." Barnett Decl. ¶2; *see also id.* at ¶¶3, 4, 19, 25, 34-38; Class Plaintiffs' Memorandum in Support of Their Motion for Sanctions for Intel's Failure to Preserve Evidence ("Cl. Pltfs.' Sanctions Mem.") (D.I. 1898) at 12. It is proper rebuttal for Dr. Thompson to comment on these criticisms.

**Murphy Declaration.** Intel argues that the Rebuttal Declaration of Barry J. Murphy (D.I. 2031) ("Murphy Declaration") makes "brand new" arguments related to email journaling that should have been made in Class Plaintiffs' opening brief. Intel's May 19 Brief at 2. This is false. *See* Exhibit B (comments regarding the Murphy Declaration) attached hereto and incorporated by reference herein. Class Plaintiffs argued in their opening brief that Intel could have implemented ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Cl. Pltfs' Sanctions Mem. at 4, n.14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Intel disavowed its prior admissions in its opposition, asserting that archiving was not "sufficiently reliable" at the onset of the case and that "it would have been unusual in 2005 for anyone to have relied upon archiving as the basis for a retention plan." *See* Declaration of John H. Jessen (D.I. 1953 - 1954) ("Jessen Decl.") ¶78 and Intel Corporation's Opposition to Plaintiffs' Motion for Sanctions for Intel's Failure to Preserve Evidence (DM 44) (D.I. 1949) at 25, n.97 (citing Jessen Decl. ¶78) and 38, n.139 (same). The Murphy Declaration directly rebuts Intel's new arguments, *raised for the first time in the Jessen Declaration*, as to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19684.1\433204v2

The Honorable Vincent J. Poppiti
March 26, 2010
Page 4

  Intel also attacks the Murphy Declaration with respect to the viability of EMC EmailXtender in 2005. Intel's May 19 Brief at 2. ███████████████████
████████████████████████████████████████████████████████████████████
Lambrinos Decl. Tab 16 (Jessen Dep.) at 156:14-18. Not only is Jessen's position new, it is completely inconsistent with Intel's prior statement that ███████████████████
████████████████████████████████████ Proposed Remediation Plan at 31; cf. Murphy Decl. ¶13 (the 2007 version of EmailXtender was not "materially changed" from the 2005 version). Class Plaintiffs cannot reasonably have been expected to account for such wild swings in Intel's position and the representations it has made to this Court. The Murphy Declaration rebuts and contradicts Intel's brand new, contradictory, and incorrect position.

  **Socha Declaration.** Intel incorrectly asserts that the Rebuttal Declaration of George J. Socha, Jr. (D.I. 2033) ("Socha Declaration") should be stricken because it "impermissibly opines on arguments and subjects raised in plaintiffs' opening brief," and contains "new opinions and analysis [that] are not rebuttal on their face." Intel's May 19 Brief at 3. Both arguments fail. First, whether the subjects raised in Socha's declaration appeared in Class Plaintiffs' opening brief is irrelevant. The operative rule is whether these opinions "contradict or rebut" the opinions offered by Intel's expert. Fed. R. Civ. P. 26(a)(2)(C)(ii). Second, Intel asserts that eight paragraphs (Socha Decl. ¶¶26-31, 59, and 103) are "not rebuttal on their face" and should be stricken. Intel is wrong. Each of these paragraphs responds to specific claims Jessen made in his declaration and at his deposition. *See* Exhibit C (comments regarding the Socha Declaration) attached hereto and incorporated by reference herein.

  Finally, Intel claims that Socha's declaration includes improper legal opinion regarding whether Intel met its preservation obligations. Intel's May 19 Brief at 3. The paragraphs Intel cites (Socha Decl. ¶¶3 and 122) directly rebut claims made by Jessen: (1) Intel's document production "met reasonable electronic discovery standards" (Jessen Decl. ¶3, Bullet 6); (2) Intel's conduct was ████████████████████████████████████████████
████████████████████████ (*id.* at ¶89); (3) ████████████████████
████████████ (*id.* at ¶¶28, 43). *See also id.* at ¶20 ("[a]lmost immediately, courts began citing the Sedona Principles when dealing with electronic discovery") and *id.* at ¶23 ("[t]he Sedona Principles were the only available comprehensive set of standards on electronic discovery issues"). Plaintiffs are permitted to rebut these arguments.[8]

---

[8] In any case, experts may testify on "business customs and practices" that illustrate "how a company would operate under the law." *See Cantor*, 2006 WL 3462596, at *5 (citing *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006)). Further, in bench trials, "there is no risk of jury confusion" so that this ultimately raises an issue of weight, not admissibility. *Cantor*, 2006 WL 3462596, at *6; *compare In re Intel Corp. Microprocessor Antitrust Litigation*, 526 F. Supp. 2d 461, 466 (D. Del. 2007) (Farnan, J.) ("expert witnesses may interpret and analyze factual evidence and apply that factual evidence to a legal framework to render an opinion," and "the legal prohibition against allowing expert witnesses to opine on legal issues is most significant in the context of a jury trial where such opinions may confuse a jury").

19684.1\433204v2

The Honorable Vincent J. Poppiti
March 26, 2010
Page 5

                                      Respectfully,

                                      */s/ J. Clayton Athey*

                                      J. Clayton Athey
                                      (DE Bar #4378)

Enclosures

cc:    W. Harding Drane, Esquire (w/encls.)
       James L. Holzman, Esquire (office)

The Honorable Vincent J. Poppiti
March 26, 2010
Page 5