

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**W. Harding Drane, Jr.**
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

June 1, 2010

**BY HAND & ELECTRONIC FILING**
The Honorable Vincent J. Poppiti
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

**REDACTED - PUBLIC VERSION**

Re:   In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
      Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF

Dear Judge Poppiti:

Simply put, plaintiffs' opposition brief is off-point. The question before Your Honor is *not* whether plaintiffs' experts attempted to "rebut" Intel's experts – of course they did. Rather, the question is whether, during motion practice, a party can submit brand new expert testimony on reply that relates to the *same* arguments raised in its opening brief, but failed to support with experts in the first instance. Under Rule 6(c)(2) and Local Rule 7.1.3(c)(2), which govern motion practice in this Court, the plain answer is no. Rule 6(c)(2) ("affidavit supporting a motion must be served with the motion"); D. Del. R. 7.1.3(c)(2) (moving party "shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

Plaintiffs rely exclusively on a legal non-sequitur – Rule 26's disclosure requirements related to designated *trial* experts. Rule 26 has no bearing on the appropriateness of expert declarations submitted for the first time on reply in support of a motion. The use of experts at trial presents entirely different issues than the use (or non-use) of experts on filing a motion. If Rule 26 somehow trumped Rule 6(c)(2) and Local Rule 7.1.3 and permitted such "sandbagging" during motion practice, parties would have no incentive to submit expert declarations with the motion. Instead, moving parties could (and most certainly would) take a "wait-and-see" approach, declining to reveal experts until the opposing party shows its cards. That is not the law, nor should it be.[1] Plaintiffs' case law interpreting the Rule 26 trial expert issue does not address the instant situation and only underscores plaintiffs' misapplication of the rules.[2]

Plaintiffs' main excuse is that "[n]o expert analysis was required to support [their] affirmative case." D.I. 2455 at 1. Again, that is beside the point. "Required" or not, if plaintiffs want to use experts to address arguments in their opening brief, those declarations needed to be

---

[1] Plaintiffs also suggest the parties' stipulated briefing schedule (D.I. 2389) authorizes their tardy "rebuttal" filings. Not so. The briefing schedule simply sets the date for plaintiffs' "reply" in support of their sanctions motion, and their "response" to the Simmons motion to strike.

[2] *See U.S. v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974) (addressing non-expert *trial* witnesses); *Crowley v. Chait*, 322 F. Supp. 2d 530, 550-51 (D.N.J. 2004) (rebuttal evidence properly admissible *at trial*, but that "is not an opportunity for the correction of any oversights in the plaintiff's case in chief"); *Hurd v. Yaeger*, 2009 WL 2516934, *1-2 (M.D. Pa. 2009) (addressing Rule 26 *trial* expert reports); *U.S. ex rel Repko v. Guthrie Clinic*, 2010 WL 95101, *4-5 (M.D. Pa. 2010) (same).

Page 2
The Honorable Vincent J. Poppiti
June 1, 2010

filed with the motion. For this reason, plaintiffs' laborious efforts (*see id.*, Exs. A-C) to demonstrate a connection between the expert opinions proffered by Intel and those plaintiffs proffer on reply, is irrelevant. Plaintiffs' new opinions relate squarely to matters raised by their original motion and thus should have been included "in a full and fair opening brief."

Murphy. Plaintiffs argued in their opening brief that Intel could and should have implemented email journaling in 2005. *See* D.I. 2292 at 2. In opposition to this argument, Intel's expert, John Jessen, opined that implementing journaling in 2005 would not have been "common practice" and was a "sub-optimal method of document preservation in the litigation context." D.I. 2350 at ¶¶ 65, 59, 78. Plaintiffs now feign surprise that Intel would take a contrary position and claim the right to "rebut" this opposition with brand new expert testimony on reply. If plaintiffs wanted to support their original position (that Intel should have implemented journaling) with expert testimony, they needed to do so when they filed their opening brief, *not* after Intel expressed its disagreement with the assertion.[2]

Socha. Plaintiffs' arguments on the Socha declaration fail for the same reasons. In their opening brief, plaintiffs raised myriad arguments related to Intel's preservation practices (hold notices, backup tapes, auto delete, etc.). For all of them, plaintiffs chose against supporting the arguments with an expert. Intel responded, in part, with the Jessen declaration. Rather than rebutting "new" arguments from Jessen, plaintiffs in fact seek to bolster their *original* arguments with expert testimony they should have submitted in the first instance.

Moreover, Socha proffers improper legal opinions as to whether Intel "met its preservation obligations." *See* Socha Decl. ¶¶ 3, 122. By contrast, Jessen opined on Intel's adherence to standard industry practice and the Sedona Principles. We agree that timely expert declarations may opine on "business customs and practices" (like Jessen) – however, this rule does not extend to allow experts to render legal opinions on the ultimate issue (like Socha). *See In re Intel Corp. Microprocessor Antitrust Litigation*, 526 F.Supp.2d 461, 466 (D. Del. 2007).

Thompson. In their opening brief, plaintiffs relied solely on Simmons to accuse Intel of email loss and predict the extent of that purported loss. By relying on this lay opinion, plaintiffs implicitly represented it was accurate. After Intel questioned Simmons' qualifications to draw such a conclusion, plaintiffs proffered Thompson to demonstrate Simmons' amateur "calculations are accurate," and cited to Thompson in their sanctions reply brief for that purpose. D.I. 2433 at 19. As Your Honor has already held in connection with class certification, it is improper to use brand new expert testimony on reply to bolster an earlier opinion. *See, e.g.*, Transcript of 4/9/10 Teleconference (D.I. 2457), 6:2-8.

Plaintiffs' attempt to characterize Thompson's *new* statistical calculations as "rebuttal" should also be rejected. Barnett did not submit statistical calculations regarding purported email loss. Rather, he merely questioned Simmons' methods and concluded such complex modeling should have been performed by an expert. Since plaintiffs responded by having an expert perform new calculations, they presumably agree. Nevertheless, plaintiffs submitted Simmons' lay opinion with their opening brief and cannot now bolster it with new expert opinion.

---

[2] Plaintiffs incorrectly claim Jessen testified at deposition ■■■■■■■■■■■■■■■■■■■ D.I. 2455 at 4. Jessen testified that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Jessen Dep. 156:14-18. This was not a "new" argument raised by Intel, but rather a response to plaintiffs' depo questioning – a response plaintiffs now mischaracterize.

Page 3
The Honorable Vincent J. Poppiti
June 1, 2010

                                            Sincerely,

                                            W. Harding Drane, Jr.

WHD:cet
cc: Clerk of the Court (By CM/ECF)
     Counsel of Record
29282/968628v1

Public Version:   June 7, 2010