

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 658-1192 Facsimile

June 21, 2010

**BY ELECTRONIC FILING, HAND DELIVERY & EMAIL**

The Honorable Vincent J. Poppiti
Fox Rothschild LLP
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

    Re:  In re Intel Corporation, C.A. No. 05-MD-1717-JJF;
        Phil Paul v. Intel Corp., Cons. C.A. No. 05-485-JJF (DM No. 13)

Dear Judge Poppiti:

This letter responds to plaintiffs' letter of June 16, 2010, regarding supplemental authority for the class certification motion. Plaintiffs mischaracterize the decisions in *Dukes v. Wal-Mart Stores, Inc.*, and *Pella Corp. v. Saltzman*. Both are consistent with *Hydrogen Peroxide* – the governing law here in any event – as well as *In re Flash Memory*. Those cases unanimously support, indeed require, a rigorous assessment of the facts as they relate to the elements of Rule 23, including weighing expert opinion as necessary to determine whether plaintiffs have met their burden to show predominance.

*Dukes*, an employment discrimination case and not, of course, the law here, adds nothing to the discussion. The Ninth Circuit went out of its way to state that its opinion "is not a new standard at all." *Dukes*, 603 F.3d 571, 590 (9th Cir. 2010). The Ninth Circuit held that "district courts are not only at liberty to, but must perform a rigorous analysis to ensure that the prerequisites of Rule 23 have been satisfied, and this analysis will often, though not always, require looking behind the pleadings to issues overlapping with the merits of the underlying claims." *Id.* at 594. *Dukes* is fully consistent with *Hydrogen Peroxide*, and cites it with approval no less than five times. *See, e.g., id.* at 584, 593, 594, 603.

Plaintiffs also fail to mention that the entire *Dukes* analysis was under Rule 23(a)(2), important in discrimination cases like *Dukes* but beside the point here. The Ninth Circuit observed that it "should not be surprised that a district court will have to make more precise factual determinations under Rule 23(b)(3) than under Rule 23(a)(2)." *Id.* at 593. The Court distinguished *Dukes*, where the expert dispute related directly to the merits, (*id.* at 591-92),[1] from a case such as this one, where expert opinion must be weighed to test the predominance factor under Rule 23(b)(3). *Id.* at 593-94. Indeed, the Ninth Circuit cites *Hydrogen Peroxide* as just such a case that required more detailed findings to meet the

---

[1]  Moreover, although the Ninth Circuit found that the district court did not abuse its discretion in accepting plaintiffs' expert's statistical analyses, it did so only after finding that the district court had rigorously analyzed both experts' statistical claims and made the "determination to credit Plaintiffs' statistics." *See id.* at 608.

Page 2
The Honorable Vincent J. Poppiti
June 21, 2010

predominance requirement. *Id.* at 593 ("many of the circuit courts discussed above were concerned with Rule 23(b)'s predominance test and, thus, required the district court to make more detailed determinations as to how the facts at issue would play out—whether they would predominate—in the merits of the litigation. *See, e.g., Hydrogen Peroxide* ...").

*Pella Corp. v. Saltzman*, 2010 WL 1994653 (7th Cir.), also adds nothing relevant. In *Pella*, the defendant argued class certification was never appropriate for consumer fraud claims. *Id.* at *2. The Seventh Circuit disagreed. It stated that while such claims present significant challenges to class certification, after "the district court properly weighed the facts before it and exercised its discretion," it properly, and narrowly, defined a workable class. *Id.* Like *Hydrogen Peroxide* and *Dukes*, *Pella* holds that the district court must conduct a thorough inquiry into the facts as they relate to class certification.

In *Pella*, the district court also found a six-state subclass appropriate under those states' consumer protection acts. The Seventh Circuit affirmed that decision, finding that the district court "carefully considered how the case would proceed, explicitly finding that the consumer protection acts of these six states have nearly identical elements and declining to certify a seventh state subclass that would have required a subjective analysis." *Id.* at *5. This is consistent with Intel's argument here. The Court should carefully consider the various elements of the 26 state subclasses plaintiffs propose. Upon doing so it will find they are not suitable for a single trial.

While neither *Dukes* nor *Pella*, nor indeed *Flash*, is binding authority, each is fully consistent with *Hydrogen Peroxide* and thus supports Intel's position regarding the proper standard for class certification, and the denial of it here.

Sincerely,

/s/ W. Harding Drane, Jr.

W. Harding Drane, Jr. (#1023)


WHD:cet
Enclosures
cc: Clerk of the Court (CM/ECF)
    Counsel of Record

971407v.1/29282